**FILED**

SEP 2 3 2020

CLERK. U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**SA20MC1134**
**DAE**

| | |
|---|---|
| **WAPP TECH LIMITED PARTNERSHIP**<br>**and WAPP TECH CORP.** | § <br> § <br> § |
| **v.** | § **W.D. Texas No.:**_____ <br> § <br> § **Original Number:  4:18-cv-00501-ALM** |
| **WELLS FARGO, N.A.** | § |

<u>**USAA'S MOTION TO QUASH, MEMORANDUM IN SUPPORT, AND OBJECTIONS**</u>

On September 10, 2020, United Services Automobile Association ("USAA") received a subpoena ("Subpoena") from WAPP Tech Limited Partnership ("WAPP") in WAPP's patent suit against Wells Fargo. The Subpoena demands that Texas-based USAA produce in California expert reports, related expert documents, transcripts of expert testimony, copies of motions to exclude experts, and transcripts of jury instructions from *USAA v. Wells Fargo*, 2:18-CV-0366-JRG and *USAA v. Wells Fargo*, 2:18-CV-00245-JRG (the "Prior Lawsuits"), both before Judge Rodney Gilstrap of the Eastern District of Texas.  The Subpoena gives 14 days to comply.

The Subpoena wrongly seeks to compel production more than 100 miles from USAA's headquarters in San Antonio. More critically, it subjects USAA to undue burden -- the overbroad subpoena demands USAA produce USAA own documents unrelated to WAPP's claims, and makes USAA pay for production equally available from Wells Fargo or on PACER. The Subpoena also improperly requires USAA to produce documents (a) placed under seal by Judge Gilstrap, (b) restricted from use by Judge Gilstrap's protective order, or (c) otherwise privileged. The Subpoena also improperly orders USAA to disclose trade secrets.

On this record, the Court must quash. In addition, USAA has filed objections to all the Subpoena's Requests, and, unless and until WAPP obtains an order compelling production, such objections obviate the need for further response by USAA.

## FACTUAL BACKGROUND

United Services Automobile Association ("USAA") has its office at 9800 Fredericksburg Road, San Antonio, Texas and uses Corporation Service Company of Austin, Texas as its agent. *Ex. 1, Corporate Agent Information.* On September 10, 2020, USAA's agent received from WAPP a Subpoena, commanding USAA to provide the following documents:

- Request for Production 1: Any and all expert reports filed and/or served by and/or on behalf of Plaintiff and Defendant in the cases *United Services Automobile Association v. Wells Fargo Bank, N.A.,* 2:18-cv-00366-JRG and/or *United Services Automobile Association v. Wells Fargo Bank, N.A.,* 2:18-cv-00245-JRG filed in the Eastern District of Texas (Marshall) [hereinafter, the "Prior Lawsuits"].

- Request for Production 2: Any and all documents relied upon and/or referenced in or otherwise related to expert reports filed and/or served by and/or on behalf of Plaintiff and Defendant in the Prior Lawsuits.

- Request for Production 3: All transcripts and documents, including demonstrative exhibits, used or referred to by any expert witness in any deposition and/or trial testimony or used during the cross-examination of any expert witness in the Prior Lawsuits.

- Request for Production 4: All transcripts of the court's jury instructions and the verdict forms filled out and returned by the jury in the Prior Lawsuits.

- Request for Production 5: Any and all motions to exclude or limit any expert's testimony in whole or in part, including supporting briefs, documents, and opposition and responsive pleadings filed in the Prior Lawsuits.

*Id.* The Subpoena demands USAA produce the documents to an address in California, more than 100 miles from San Antonio. *Id.* The Subpoena gives USAA 14 days to comply. *Id.*

In WAPP's suit against Wells Fargo, WAPP alleges Wells Fargo built a testing system and thereby infringed WAPP's network simulation patents. *Ex. 3, Complaint.* In the Prior Lawsuits mentioned by the Subpoena, USAA had sued Wells Fargo for infringing on USAA's patents for remote deposit technology. *Ex. 4, Suit 0245 Complaint*; *Ex. 5, Suit 0366 Complaint.* Judge Gilstrap sealed or placed under protective order most of the information now sought by WAPP's. *Id.*; *see Ex. 7, Protective Orders.*

## STANDARDS

The federal rules limit discovery to "any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1); *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470–71 (N.D. Tex. 2005). However, Rule 26(b)(2)(C) imposes limitations on discovery if the Court finds, on motion or on its own, that:

> The discovery is cumulative or duplicative, or can be gained from another more convenient, less burdensome, or less expensive source;

> The party seeking discovery has had an extensive opportunity to retrieve the information; or

> The burden or expense of the proposed discovery outweighs any likely benefit, taking into account the circumstances of the case.

*Maint. Engineers, Inc. v. G 2-V Enterprises*, 2015 WL 13063568 at *6 (W.D. Tex. 2015).

A party may obtain discovery from a non-party by serving a subpoena pursuant to Federal Rule 45. Courts apply the same relevance and proportionality limitations encompassed by Rule 26 to motions for protective order in the context of Rule 45 to avoid imposing any undue burden or expense on the person or entity subject to the subpoena. *See MetroPCS v. Thomas*, 327 F.R.D. 600, 609–11 (N.D. Tex. 2018). Simply put, discovery beyond relevant matters creates an undue burden. *Id.*

A subpoena can compel production at a place within 100 miles of where the person resides, works, or regularly transacts business. FED. R. CIV. PRO. 45(c)(2)(A). A person commanded to produce documents may serve a written objection to the production, which stays the objected-to production until a court for the district court where the subpoena requires compliance enters an order compelling production. FED. R. CIV. PRO. 45(d)(2)(B). On timely motion, the district court where compliance is required ***must quash*** or modify a subpoena that:

> (i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

FED. R. CIV. P. 45(d)(3)(A) (emphasis added). "Unreasonable" or "oppressive" subpoenas qualify as unduly burdensome, particularly considering the expense and inconvenience to the non-party. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

Additionally, "[t]o protect a person subject to or affected by a subpoena," the court for the district where the subpoena requires compliance may, on motion, quash or modify the subpoena if it compels "disclosing a trade secret or other confidential research, development, or commercial information...." FED. R. CIV. P. 45(d)(3)(B)(1). The court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party shows substantial need and ensures reasonable compensation to the party making disclosure. *Id.* However, the court should not permit discovery, even when relevant, if the party seeking discovery fails to show need or if the potential harm caused by production outweighs the benefit. See *Orchestrate HR, Inc. v. Trombetta*, 2014 WL 772859 at *4 (N.D. Tex. 2014).

## ANALYSIS

## I.   THE SUBPOENA NAMES AN IMPROPER PLACE FOR PRODUCTION.

A federal court must quash or modify a subpoena requiring production more than 100 miles from the location where the person served resides, has employment, or regularly conducts business. FED. R. CIV. PRO. 45(c)(2)(A). Here, the Subpoena improperly compels USAA to produce documents in California, which is more than 100 miles from USAA's headquarters in San Antonio. *See Ex. 2, Subpoena.* The Court accordingly must quash.

4

## II.  THE COURT MUST QUASH. THE SUBPOENA CAUSES USAA UNDUE BURDEN.

The Court has no option but to quash or modify the Subpoena because (A) The overbroad Subpoena lacks particularization, (B) the Subpoena demands information from USAA not relevant to WAPP's claims or defenses, (C) the Subpoena forces USAA, a non-party, to the unnecessary expense of producing Wells Fargo documents, when WAPP could obtain them from Wells Fargo itself, and (D) it compels USAA produce publically available documents. The Subpoena epitomizes undue burden, violating the obligation of Rule 45(d)(1).

### A.  USAA suffers undue burden by responding to an overbroad subpoena. (RFP 1-3, 5).

A Court "may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Wiwa,* 392 F.3d at 818 (emphasis added).

Courts have found that a non-party subpoena for documents facially overbroad where the subpoena "seek[s] all documents concerning the parties to [the underlying] action, regardless of whether those documents relate to that action and regardless of date" or "[t]he requests are not particularized." *In re O'Hare, Misc.* 2012 WL 1377891 at *2 (S.D.Tex. 2012); *Andra Group, LP v. JDA Software Group, Inc.,* 312 F.R.D. 444, 450 (N.D. Tex. 2015).  In evaluating undue burden and facial overbreadth, the Court must consider (1) relevance, (2) the need for the requested documents, (3) the breadth of the document requests, (4) the time period, (5) the particularity with which the party describes its the request, and (6) the burden imposed, including the expense and inconvenience to the parties. *Wiwa* at 818 (different order in original).

Here, WAPP requests all expert witnesses' reports, supporting documents, expert testimony, and limine motions testimony in two different lawsuits. *Ex. 2, Subpoena.* WAPP has access to the names of the experts used by USAA and Wells Fargo, but it does not attempt to particularize its requests. *See Ex. 6, Prior Suit Docket Sheets.* The Subpoena constitutes a fishing

expedition -- WAPP wants to peruse the experts of the Prior Lawsuits to see what it might find, without bothering to tailor its requests in any way.  The Court should not allow such broad and unstructured discovery. *MetroPCS*, 327 F.R.D. at 609–11 (discovery must be limited to relevant documents; it cannot be used to "develop new claims or defenses that are not already identified in the pleadings.") As the unparticularized subpoena is unduly burden, the Court should quash.

**B. It is unduly burdensome to make USAA produce USAA-specific information unrelated to WAPP's claims in this lawsuit. (RFP 1-5).**

The lawsuit in which WAPP served its Subpoena alleges WAPP holds three patents that allow simulation of networks to test and evaluate mobile applications -- U.S. Patent No. 9,971,678 (the "'678 Patent"), U.S. Patent No. 9,298,864 (the "'864 Patent"), and U.S. Patent No. 8,924,192 (the "'192 Patent"). *Ex. 3, Complaint ¶ 35 - ¶ 38.* WAPP further alleges Wells Fargo violated these patents by creating a system to test Wells Fargo's phone banking applications. *Id. ¶ 26.* In other words, WAPP alleges Wells Fargo built a testing system in violation of WAPP's network simulation patents. *Id. ¶ 26 - ¶ 30.*

The Subpoena WAPP sent USAA demands USAA produce expert reports, documents related to expert reports, expert testimony, and motions to exclude experts and its responses to those motions from the Prior Lawsuits. Conversely, the Prior Lawsuits by USAA alleged Wells Fargo violated USAA's patents by creating a remote deposit application for use on mobile phones. *See Exhibit 4, Complaint '0245; See Exhibit 5, Complaint '0366.*

None of the information sought from USAA has any relevance to WAPP's claim that Wells Fargo built a test system infringing WAPP's network simulation patents. *See* FED. R. EVID. 401 - 402.  The reports of USAA's experts concerning Wells Fargo's infringement of remote deposit patents do not provide any insight into whether Wells Fargo infringed WAPP's network testing patents.  Likewise, USAA's experts' testimony, or the motions or responses filed

by USAA regarding its own experts, have no bearing on WAPP's claim against Wells Fargo. Simply put, USAA expert materials or USAA filings have no connection to WAPP's lawsuit against Wells Fargo -- the things WAPP seeks to discover from USAA through a subpoena do not make WAPP's claims of infringement more likely or less likely. *Id.*

Forcing non-party USAA to respond to a subpoena seeking information that has no bearing on the claims or defenses in the present suit creates an undue burden and constitutes an impermissible fishing expedition. *Wiwa*, 392 F.3d at 818; *Merrill*, 227 F.R.D. at 470–71; *MetroPCS*, 327 F.R.D. 600, 609–11. The Court accordingly should quash the Subpoena, to the extent Requests for Production 1- 5 seek information regarding USAA's own experts or filings performed by USAA in the Prior Lawsuits.

### C. It is unduly burdensome to make USAA produce Wells Fargo information when WAPP could obtain the information from Wells Fargo. (RFP 1-5).

It is also unduly burdensome to make non-party USAA produce information equally available to WAPP from Wells Fargo, the defendant in this case. FED. R. CIV. PRO. 26(b)(2) (Court may enter protective order when discovery available from a less burdensome source); *Wiwa*, 392 F.3d at 818 (Court may consider burden to non-party in determining validity).

Here, Requests for Production 1 - 5 also seek information about Wells Fargo's witnesses and filings in the Prior Lawsuits. *Ex. 2, Subpoena.* Serving the Subpoena on USAA, a non-party, to obtain information available from defendant Wells Fargo creates undue burden. *Wiwa*, 392 F.3d at 818. The burden is particularly keen here, because the items WAPP seeks are subject to a protective order from Judge Gilstrap. *See Ex. 7, Protective Orders.*

A subpoena can only compel production of documents within a person's "possession, custody, or control" -- and control means "the legal right to obtain the documents on demand." *Power Integrations, Inc. v. Fairchild Semiconductor Intern., Inc.*, 233 F.R.D. 143, 145 (D. Del.

2005)(emphasis added); *accord Gerling International Ins. Co. v. Commissioner of Internal Revenue*, 839 F.2d 131, 140 (3rd Cir. 1988); *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir.1984). Here, USAA has no control over the Wells Fargo documents, which lie under the shield of Judge Gilstrap's Protective Order, unless Wells Fargo releases them. *Ex. 7, Protective Order*. If WAPP truly wants Wells Fargo documents, it should seek them from Wells Fargo -- not USAA, a non-party.

**D. Requiring production of public documents is unduly burdensome. (RFP 3-5).**

Additionally, the Subpoena creates undue burden, in that Requests for Production 3 through 5 seek to compel USAA to produce what appear to be publically available documents.

The PACER system makes the information sought in Requests for Production 3 - 5 publically available, to the extent Judge Gilstrap records from the Prior Lawsuits under seal. *See, Ex. 6, Docket Sheets from Prior Suits*. So, for example, if WAPP wanted the verdict form and the transcript of jury instructions in Prior Lawsuit *USAA v. Wells Fargo Bank*, 2:18-CV-0366-JRG, it could go to PACER, look up that case, and then download document 263 (the verdict form) and document 275 (Transcript). *Id*.

Making USAA produce public records available to WAPP causes undue burden. *Mendoza v. PGT Trucking Inc.*, 2019 WL 6048006 at *4 (W.D. Tex. 2019) (no reason to produce publically-available information). If WAPP wants publically available information requested, it can have its team of over a dozen lawyers obtain the records on its behalf for virtually no cost, rather than making USAA pay undersigned counsel to undertake the task.  *See id*. The Court must quash, to the extent the Subpoena seeks the production of public records.  *Id*.

## IV. THE SUBPOENA IMPROPERLY REQUIRES DISCLOSURE OF PRIVILEGED OR PROTECTED MATTERS, AND THEREFORE, THE COURT MUST QUASH.

### A. The Subpoena improperly seeks disclosure of documents under seal. (RFP 3 - 5).

To the extent the PACER system does not provide the information sought in Requests for Production 3 - 5 publically, the lack of access reflects that Judge Gilstrap chose to place certain matters under seal. *See* FED. R. CIV. PRO. 5.2. It is utterly unfair for WAPP to demand that USAA risk sanctions from Judge Gilstrap to produce sealed documents.

The proper procedure for WAPP to obtain documents that Judge Gilstrap placed under seal would be to petition Judge Gilstrap, in the Prior Lawsuits, to modify his sealing order. *See In re U.S Motion to Modify Sealing Orders*, 2004 WL 5584146, at *3 (E.D. Tex. 2004). Principles of comity set out by the Fifth Circuit mandate this result:

> When a court is confronted with an action that would involve it in a serious interference with or usurpation of the continuing power of a court [to supervise and modify its injunctions], considerations of comity and orderly administration of justice demand that the non-rendering court should decline jurisdiction and remand the parties for their relief to the rendering court, so long as it is apparent that remedy is available there.

*Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403 (5th Cir. 1971). Accordingly, the Court must quash Requests 3 - 5 of the Subpoena, to the extent that these Requests seeks items under seal and protected from disclosure. FED. R. CIV. PRO. 45(d)(3)(A)(iii).

### B. The Subpoena improperly seeks disclosures of Wells Fargo documents in violation of Judge Gilstrap's confidentiality order (RFP 1-3).

In addition, the Subpoena improperly seeks Wells Fargo documents subject to confidentiality orders entered by Judge Gilstrap. The Protective Orders state:

> 1.(a) Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever.

> 6.(a) Basic Principles. All Protected Material shall be used solely for this
> case or any related appellate proceeding, and not for any other purpose
> whatsoever, including without limitation any other litigation, patent
> prosecution or acquisition, patent reexamination or reissue proceedings, or
> any business or competitive purpose or function. Protected Material shall
> not be distributed, disclosed or made available to anyone except as
> expressly provided in this Order

*Ex. 7, Protective Order.* If WAPP wants this information, it should request it from Wells Fargo.

### C. The Subpoena seeks improper disclosure of privileged documents (RFP 1-3, 5)

The Court should also quash the portion of the Subpoena requiring USAA to produce privileged documents in response to Request for Production 2.

Request for Production 2 requires USAA to produce documents "related to" expert reports created by USAA's experts and filed in the Prior Lawsuit. The Request apparently includes prior drafts of the final reports (to the extent such exist) and attorney-expert communications (to the extent such exist). *See Ex 2, Subpoena.* Draft reports and attorney-expert communications constitute trial preparation documents that qualify as work product. *See* FED. R. CIV. PRO. 26(b)(4)(B). It would be utterly unfair to require USAA to acknowledge the existence of privileged trial preparation documents or force disclosure of such documents. *See* FED. R. CIV. PRO. 26(b)(4)(B). The Court accordingly must quash, per Rule 45(d)(3)(A).[1]

## V. THE SUBPOENA SEEKS UNNECESSARY DISCLOSURE OF USAA TRADE SECRETS AND CONFIDENTIAL INFORMATION (RFP 1-3, 5).

In addition to the reasons set forth above which compel the Court to quash the Subpoena, the Court also should quash because the Subpoena requires USAA to disclose trade secrets and

---

[1] Likewise, it should be noted that some expert reports refer to hearings before the Patent Trial and Appeal Board ("PTAB"). *See, e.g., Ex. 8 (Redacted) Response by USAA to Strike USAA Expert Weinstein.* The PTAB has the power to seal documents and its proceedings, allowing only narrow usage. The expert reports used for litigation between USAA and Wells Fargo may have matters that were ordered sealed by PTAB; these items may be responsive to Requests 1, 2, 3 and 5, but nevertheless would be confidential, and The Court should quash.

other confidential research, development, or commercial information. FED. R. CIV. PRO. 45(d)(3)(B)(i). .

When seeking to quash a subpoena for disclosure of trade secret or other confidential information, the subpoenaed party bears the initial burden to show the information qualifies as a trade secret and that disclosure might cause harm. *Exxon Chem. Patents, Inc. v. Lubrizol Corp.*, 131 F.R.D. 668, 671 (S.D.Tex.1990). If the moving party meets its burden of proof, the party seeking discovery then to show the relevance and necessity of the requested information. *Id.* The Court then balances the need for the trade secrets against the claim of injury resulting from disclosure. *See id.* Even if relevant, courts will not permit discovery if the subpoenaing party fails to show need or if the potential harm caused by production outweighs the benefit. *Trombetta*, 2014 WL 772859 at *4.

Here, Judge Gilstrap has already found that USAA's expert witness reports, the documents supporting USAA's expert witness reports, the deposition testimony of USAA's expert witnesses, and the filings made by USAA to contain trade secrets. *See Ex. 7, Protective Order*. Moreover, the expert reports, supporting documents, testimony of USAA's experts and motion to exclude and responses concern items such as:

- What it would cost to create a system replacing USAA FSB's technology without using mobile phones, as well as business efforts of USAA to license its mobile deposit products. *Ex. 8, USAA's Redacted Response to Motion to Strike Weinstein.*

- The potential methods of fraud involving multiple deposits under the USAA Remote Deposit technology and the damages associated with that fraud. *See Ex. 9, USAA Redacted Response to Motion to Strike Calman.*

- Source code for USAA's implementation of its patents. *See Ex. 10, USAA's Redacted Response to Strike Thomas Conte.*

This information plainly constitutes confidential trade secrets. Forcing USAA to disclose this information causes USAA immeasurable harm, as Judge Gilstrap recognized. *See Ex. 7, Protective Orders.* The Court accordingly should quash. FED. R. CIV. PRO. 45(d)(3)(C).

## VI. USAA OBJECTS TO THE SUBPOENA PER RULE 45(d)(2)(B).

In addition to the foregoing, USAA files along with its motion objections to the Subpoena and all of its Requests for Production. *See Ex. 11, Objections.* USAA specifically states it is withholding the following documents per its objection:

- The expert reports of any expert listed on the docket sheets set out in Exhibit 6 of this Motion, and any documents replied upon by the experts in creating their reports, to the extent such are in USAA's possession, as well as any draft report of USAA's experts or communications by counsel with USAA's experts.

- Any deposition (and exhibits or demonstratives thereto) of any expert listed on the docket sheets set out in Exhibit 6 of this Motion.

- Trial testimony of any expert listed on the docket sheets set out in Exhibit 6 of this Motion (though such could be obtained, to the extent not under seal, through PACER).

- Motions to Strike or in limine, and responses, replies, and sur-replies thereto, concerning any expert listed on the docket sheets set out in Exhibit 6 of this Motion (though such could be obtained, to the extent not under seal, through PACER).

- The verdict form and the jury instructions given in the trials as described by Exhibit 6 of this Motion (though such could be obtained, if not under seal, through PACER).

Pursuant to the Federal Rules, the filing of these objections terminates the need for USAA to respond unless and until WAPP moves to compel and obtains, after notice to USAA, an order compelling production on terms as the Court may set. FED. R. CIV. PRO. 45(d)(2)(B) - (C).

## **PRAYER**

For the foregoing reasons, USAA requests that the Court quash the Subpoena in its entirely, and order that WAPP seek relief from Judge Rodney Gilstrap if it wishes to set aside any of his orders that sealed any portion of the record in the Prior Lawsuits.

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ TREAT LLP

By: _____
Theodore C. Schultz
State Bar No. 00797393
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
Telephone: (210) 227-2200
Facsimile: (210) 227-4602
tschultz@lstlaw.com

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was served on the following counsel by electronic mail on September 23, 2020.


Robert Harkins
1936 University Avenue, Suite 350,
Berkeley, CA 94704,
bobh@ruyakcherian.com

Travis Underwood
Associate Attorney
Winston & Strawn LLP
2121 North Pearl Street, Suite 900
Dallas, TX 75201
TUnderwood@winston.com


_____
THEODORE SCHULTZ

# EXHIBIT 1

# TDI Reports Application

Agents for service of process Report run: 09/23/2020 10:55:51

| Organization | Status | Company Type | Agent | Address Line 1 | Address Line 2 | City | State | ZIP |
|---|---|---|---|---|---|---|---|---|
| United Services Automobile Association | Active | Reciprocal | | CORPORATION SERVICE COMPANY | 211 E 7TH ST STE 620 | AUSTIN | TX | 78701-3218 |

# Company Consumer Inquiry for the State of Texas

Displaying 1 - 1 (of 1 matching records)                                Page 1 of 1

| |
|---|
| **United Services Automobile Association**<br>*9800 FREDERICKSBURG RD*<br>*SAN ANTONIO, TX 78288-0001*<br>**Domicile State** :  Texas       **NAIC ID** :  25941 **Status Date** :  06-19-1922<br>**Active Company Type(s)** :  Reciprocal |

Displaying 1 - 1 (of 1 matching records)                                Page 1 of 1

[ Revise Inquiry ]

Home ┃ News ┃ State Information ┃ NAIC Information ┃ Privacy ┃ Terms of Use ┃ Help ┃ FAQ

Copyright © 1998-2020 Sircon Corp. | Email Support | 877-876-4430 | 1500 Abbot Rd Ste.100 | East Lansing, MI 48823

# EXHIBIT 2

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
### Eastern District of Texas

| | |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP, ET AL. | ) |
| *Plaintiff* | ) |
| v. | ) |
| WELLS FARGO, N.A. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   4:18-cv-00501-ALM

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
United Services Automobile Association through Corporation Service Company at
211 East 7th Street, Suite 620, Austin, Texas 78701

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment, including Requests identified in Schedule A

| Place: RuyakCherian LLP, 1936 University Ave, Suite 350<br>Berkeley, CA 94704<br>OR mutually agreed-upon location | Date and Time:<br><br>09/24/2020 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   09/10/2020

| | | |
|---|---|---|
| *CLERK OF COURT* | OR | |
| | | /s/ Robert Harkins |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Wapp Tech Limited Partnership and Wapp Tech Corp. , who issues or requests this subpoena, are:

Robert Harkins, 1936 University Avenue, Suite 350, Berkeley, CA 94704, bobh@ruyakcherian.com (510) 944-0187

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  4:18-cv-00501-ALM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT**

**SCHEDULE A**

<u>**DEFINITIONS**</u>

The following terms shall have the meanings set forth below unless otherwise indicated:

A. The terms "You" or "Your" refer to United Services Automobile Association, and its related entities, parents, subsidiaries, affiliates, divisions, predecessors, successors or assignees, and their respective officers, directors, employees and agents (collectively "USAA"). The terms "You" or "Your" also refer to any representative of each such person or entity, or to any person acting on each such person or entity's behalf.

B. The terms "case", "cases", "action", "actions", and "litigation" refer to *United Services Automobile Association v. Wells Fargo Bank, N.A.*, 2:18-cv-00366-JRG and/or *United Services Automobile Association v. Wells Fargo Bank, N.A.*, 2:18-cv-00245-JRG filed in the Eastern District of Texas (Marshall).

C. "Defendant" refers to Wells Fargo Bank, N.A. and its predecessors, successors, assigns, parents, subsidiaries and divisions, affiliates, partners, and all past and present directors, officers, employees, agents, and representatives (including consultants and attorneys) of any of the foregoing, and all persons acting or purporting to act on each of their behalf.

D. "USAA" and "Plaintiff" refers to United Services Automobile Association and its predecessors, successors, assigns, parents, subsidiaries

and divisions, affiliates, partners, and all past and present directors, officers, employees, agents, and representatives (including consultants and attorneys) of any of the foregoing, and all persons acting or purporting to act on their behalf.

     E.    "All Documents" or "all documents" means any and all documents that might reasonably be located through a search of all locations reasonably likely to contain documents called for by these Requests for Production.

     F.    "Any" means "any and all."

     G.    The term "document" or "documents" is to be given meaning in the broadest sense, as contemplated by Fed. R. Civ. P. 34(a)(1)(A), and shall include any kind of written, recorded, printed, or graphic matter, whether produced, reproduced or stored on paper, cards, film, audio or video tapes, electronic facsimile, computer storage device, or any other media, or any kind or description, whether sent or received or neither, including without limitation: originals, copies (with or without notes or changes therein) and drafts including without limitation: papers, books, letters, electronic mail messages, electronic files or data, photographs, objects, tangible things, correspondence, telegrams, cables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports and recordings of telephone or other conversations, or of interviews, conferences, or other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, journals, newspaper accounts, statistical records, desk calendars, appointment books, diaries, lists, tabulations, summaries, sound recordings, computer printouts, data processing input and output, microfilms, all other records kept by electronic, photographic or mechanical means, and things similar to the

foregoing however denominated by you, in the possession, custody or control of you, of any officer, agent, employee, representative, counsel, or other person acting or purporting to act for or on behalf of you or in concert with you. For purposes of the foregoing, "drafts" means any earlier, preliminary, preparatory, or tentative version of all or part of a document, whether or not such draft was superseded by a later draft and whether or not the terms of the draft are the same as or different from the terms of the final document; and the term "copies" means all copies of any documents that are not identical in every respect to the documents being produced.

H.      The term "including" means "including but not limited to."

I.      The terms "person" means the plural as well as the singular and shall include any natural person (alive or deceased), any firm, corporation, proprietorship, joint venture, trust or estate, business, association, partnership, or other form of legal entity, unless the context indicates otherwise.

J.      The term "possession" means all information or documents actually within your knowledge, possession, custody or control, including any employee, consultant, aide or other representative (including without limitation attorneys and accountants) and any other person acting or purporting to act on your behalf or in concert with you, and includes any temporary placing of possession, custody or control in any third party by any of the foregoing persons.

K.      The terms "related to" and "relating to" means constitute, contain, embody, comprise, reflect, identify, state, refer to, deal with, comment on, respond to, describe, analyze, or in any way pertain to.

L.      The terms "and" and "or" are to be construed either disjunctively or conjunctively, whichever is appropriate in each instance so

as to bring within the scope of each of the Deposition Topics any information that might otherwise be considered beyond that scope.

M.     The singular form of a word is to be interpreted as plural and the plural form of a word shall be interpreted as singular, whichever is appropriate, so as to bring within the scope of the Deposition Topics any information or documents that might otherwise be considered beyond their scope.

N.     Wherever possible or necessary to render a given Deposition Topic more inclusive than it otherwise might be, any verb tense should be construed to include other tenses; and any reference to one gender should be construed to include the other.

O.     Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender as in each case is most appropriate and inclusive.

## INSTRUCTIONS

1.     These requests shall apply to all documents in your possession, custody, or control at the present time, or coming into your possession, custody, or control prior to the date of the production and/or in the possession of any person who is within your control.

2.     Electronically stored information shall be produced in the form or forms in which it is ordinarily maintained or in a form or forms that are reasonably usable.

3.     If you withhold any document or any portion thereof on a claim of privilege, provide a privilege log pursuant to Fed. R. Civ. P. 26.

4.     If you contend that a portion of a Document contains information that is immune from discovery, then produce the Document with the allegedly immune portion redacted therefrom and describe the redacted portion in a privilege log pursuant to the instructions in paragraph 3 above.

5.     The words "any," "all," or "each" shall be construed as "any, all, and each" inclusively.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Any and all expert reports filed and/or served by and/or on behalf of Plaintiff and Defendant in the cases *United Services Automobile Association v. Wells Fargo Bank, N.A.*, 2:18-cv-00366-JRG and/or *United Services Automobile Association v. Wells Fargo Bank, N.A.*, 2:18-cv-00245-JRG filed in the Eastern District of Texas (Marshall).

### REQUEST FOR PRODUCTION NO. 2:

Any and all documents relied upon and/or referenced in or otherwise related to expert reports filed and/or served by and/or on behalf of Plaintiff and Defendant in the cases *United Services Automobile Association v. Wells Fargo Bank, N.A.*, 2:18-cv-00366-JRG and/or *United Services Automobile Association v. Wells Fargo Bank, N.A.*, 2:18-cv-00245-JRG.

### REQUEST FOR PRODUCTION NO. 3:

All transcripts and documents,  including demonstrative exhibits, used and/or referred to by any expert witness in any deposition and/or trial testimony or used during the cross-examination of any expert witness in the cases *United Services Automobile Association v. Wells Fargo Bank, N.A.*, 2:18-cv-00366-JRG and/or *United Services Automobile Association v. Wells Fargo Bank, N.A.*, 2:18-cv-00245-JRG.

### REQUEST FOR PRODUCTION NO. 4:

All transcripts of the court's jury instructions and the verdict forms filled out and returned by the jury in *the cases United Services Automobile Association v. Wells Fargo Bank, N.A.*, 2:18-cv-00366-JRG and/or *United Services Automobile Association v. Wells Fargo Bank, N.A.*, 2:18-cv-00245-JRG.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all motions to exclude or limit any expert's testimony in whole or in part, including supporting briefs, documents, and opposition and responsive pleadings filed in the cases *United Services Automobile Association v. Wells Fargo Bank, N.A.*, 2:18-cv-00366-JRG and/or *United Services Automobile Association v. Wells Fargo Bank, N.A.*, 2:18-cv-00245-JRG.

Dated: September 10, 2020

By: */s/ Robert Harkins*

Robert Harkins
**RUYAKCHERIAN LLP**
1936 University Ave, Suite 350
Berkeley, CA 94702
Telephone: (510) 944-0187
bobh@ruyakcherian.com

*Attorney for Plaintiffs*
*Wapp Tech Limited*
*Partnership and Wapp Tech*
*Corp.*

# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., <br><br> Plaintiffs <br><br> v. <br><br> WELLS FARGO & CO., <br><br> Defendant | Civil Action No.: 4:18-cv-501 <br><br> JURY TRIAL DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Wapp Tech Limited Partnership and Wapp Tech Corp. ("Plaintiffs") file this Complaint against Defendant Wells Fargo & Co. ("Defendant" or "Wells Fargo") seeking damages and other relief for patent infringement, and allege with knowledge of their own acts, and on information and belief as to all other matters, as follows:

### NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, et seq.

2.      Plaintiffs seek damages for Defendant's infringement of the Patents-in-Suit, as defined below.

3.      The Patents-in-Suit and their underlying patent applications have been cited by over 30 issued United States patents and published patent applications. Moreover, the World Intellectual Property Association (hereafter "WIPO") has also cited Plaintiffs' Patent Portfolio,

see details below, giving it the highest prior art designation, in rejecting Hewlett-Packard Company's ("HPE" or "HP") patent application filing related to mobile application development.

## PARTIES

4.      Plaintiff Wapp Tech Limited Partnership is a Delaware limited partnership organized and existing under the laws of the State of Delaware, and its registered agent for service of process in Delaware is Corporations & Companies, Inc. (CorpCo), 910 Foulk Road, Suite 201 Wilmington, Delaware 19803.

5.      Plaintiff Wapp Tech Corp. ("WTC") is a body corporate organized and existing under the laws of the Province of Alberta, Canada, and its registered agent for service of process in Delaware is Corporations & Companies, Inc. (CorpCo), 910 Foulk Road, Suite 201 Wilmington, Delaware 19803.

6.      Defendant Wells Fargo & Co. is a corporation organized under the laws of the state of Delaware and maintains its principal place of business in San Francisco, California.

7.      Defendant does business in Texas, directly or through intermediaries, and offers products or services to customers and potential customers located in Texas, including in the Eastern District of Texas.

## JURISDICTION AND VENUE

8.      On information and belief, Defendant is registered to do business in the State of Texas, with a Texas Taxpayer Number of 23040778238.

9.      On information and belief, Defendant conducts business operations throughout the State of Texas, and within the Eastern District of Texas.  Defendant has multiple locations through the State of Texas, and within the Eastern District of Texas, including banking facilities located at:

- 4000 Legacy Drive, Plano, TX  75024

- 2912 Legacy Drive, Plano, TX  75024

- 1421 N. Central Expressway, Plano, TX  75094

- 2400 E. Plano Parkway, Plano, TX  75074

- 3300 Preston Road, Plano, TX  75093

- 5968 Preston Park Boulevard, Plano, TX  75093

- 5936 W. Park Boulevard, Plano, TX  75093

- 212 Coit Road, Plano, TX  75075

- 1500 Custer Road, Plano, TX  75075

10.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Venue is proper under 28 U.S.C. §§ 1391(a) & (c), and 1400(b).

## INTRODUCTION

11.    The inspiration for the pioneering patented innovations described herein originates from application development work associated with the 2006 FIFA World Cup sponsored by Adobe and Nokia.  The FIFA World Cup is the largest single-event sporting competition in the world with fans simultaneously accessing the World Cup app from millions of mobile devices around the globe.  Through its development work associated with this international sporting event, the principal inventor of the Patents-in-Suit developed and created its patented performance engineering platform.  Application performance engineering enables software design and testing before it is published to a consumer by simulating real-world conditions for app developers while in the development phase, including device and network virtualization, virtual user modeling and the ability to virtually perform stress and load tests based on modeling human interaction (hereafter "Performance Engineering Innovations").

3

12.     Licensed products incorporating the Performance Engineering Innovations have won numerous industry awards for mobile application development, including multiple JOLT Awards and other industry leading awards for market breakout products.

13.     Patents related to the Performance Engineering Innovations have been licensed by a Fortune 500 leader in enterprise software in a multi-million-dollar license.

14.     In addition, patents in the Plaintiffs' Patent Portfolio, defined below, have been cited against a number of industry-leading companies as prior art by the United States Patent and Trademark Office (hereafter "USPTO") and WIPO.  These companies include:

- Hewlett-Packard
- Apple
- Samsung
- Microsoft
- Google
- Vodafone
- Intuit
- Avaya
- Intel
- Amazon
- HTC
- Nextbit Systems
- CA
- Facebook
- Barco
- Razor
- Adobe

## MICRO FOCUS & HPE

15.     Certain Micro Focus software products that are used by Defendant are alleged herein to infringe the Patents-in-Suit.

16.     On information and belief, Micro Focus and HPE completed a spin-out merger of a software group on September 1, 2017.  Following the spin-out merger, the term "Micro Focus" replaced the term "HPE" in the names of various software products.  For example, HPE

LoadRunner became Micro Focus LoadRunner, HPE Performance Center became Micro Focus Performance Center, etc.

17.     On information and belief, functionality of relevant software products remained consistent following the spin-out merger.  Consequently, where HPE documentation is cited below, it is to be understood that, on information and belief, the referenced functionality also exists in the corresponding Micro Focus software products.

18.     HPE filed Patent Application Ser. No. PCT/US2012/024087 with WIPO on February 7, 2012.

19.     HPE filed Patent Application Ser. No. PCT/US2012/024087 with WIPO in an apparent attempt to protect its soon to be released HP 2012 Software Suite.

20.     On October 31, 2012, WIPO rejected all of the claims in HPE's Patent Application Ser. No. PCT/US2012/024087 as being anticipated solely by U.S. Patent No. 7,813,910 ("the '910 Patent," which is a part of Plaintiffs' Patent Portfolio and a parent of the Patents-in-Suit) after conducting a patent search, and in the process awarded the '910 Patent the highest prior art designation (hereafter "WIPO Patent Rejection").  *See* Exhibit H (Written Opinion of the International Searching Authority for International Patent Application Ser. No. PCT/US2012/024087, rejecting all claims over the '910 Patent (which WIPO designated as reference "D1.")).

21.     On June 12, 2014, WIPO sent an additional supplementary notice to HPE under Rule 47.1(c)) stating that under Article 22(1) that the communication of the international application will be affected across all 185 member states, including the United States Patent and Trademark Office.[1]

---

[1]https://patentscope.wipo.int/search/docservicepdf_pct/id00000025143112/IB308/WO2013119205.pdf?psAuth=mM niZixkvHdFvRyOgxrg3IdDA3uV2jaWveIbtORTsgg (accessed June 27, 2018).

22.     Based on the global WIPO Patent Rejection of HPE's patent application filing in October of 2012, and the repeated and supplemental notices from WIPO under Article 22(1) regarding HPE's rejected WIPO patent application, HPE has had actual notice of Plaintiffs' Patent Portfolio and continued to make, use, sell, and offer to sell the Mobile Product Offerings.

23.     Notwithstanding the aforementioned WIPO Patent Rejection of HPE's patent application based on the '910 Patent, the initial and supplemental WIPO notices and its actual knowledge of Plaintiffs' prior patent rights in the mobile performance engineering space, HPE proceeded with commercialization and sales of the HP LoadRunner and HP Performance Center 11.50 offerings in 2012, and with the follow up launch of HP LoadRunner and HP Performance Center 12.0 offerings for "Mobile and Cloud-based Application Testing" in March of 2014, including the subsequent release of HP StormRunner Load in September of 2014 as part of the HP Performance Testing Suite[2] and the follow up release of HP Mobile Center in October of 2014[3], among other additional mobile product offerings (hereafter "Micro Focus Software Suite").[4]

24.     On information and belief, Defendant has been and continues to be a customer of HPE and/or Micro Focus.

25.     Defendant has been and continues to use LoadRunner. B2B Signals, "HPE LoadRunner Product Install Base," available at http://www.b2bsignals.com/customer-list/hpe-loadrunner/ (last accessed July 16, 2018), attached hereto as Exhibit I.

---

[2] PALO ALTO, Calif. In a Press Release dated September 15, 2014 the Defendant stated the following: "HP today expanded the HP Performance Testing Suite with a new software solution focused on helping Agile development teams accelerate application quality and delivery via a simple, intuitive and scalable cloud-based platform.
HP StormRunner Load joins HP's existing performance testing solutions, which include HP LoadRunner and HP Performance Center. The modern enterprise faces a perfect storm of changes that are driving the need for a completely new approach to application delivery and testing. Businesses must develop applications that can instantly operate across a wide variety of platforms including thousands, or millions, of mobile devices." Source: http://www8.hp.com/us/en/hp-news/press-release.html?id=1791344#.WyqigFVKguU (accessed June 27, 2018)
[3] http://www8.hp.com/ca/en/hp-news/press-release.html?id=1825600#.Wy0Um1VKguU (accessed June 27, 2018)
[4]       https://web.archive.org/web/20141205174207/http://www8.hp.com/us/en/software-solutions/mobile-testing/ (accessed June 27, 2018)

26.     Defendant has been making and/or using (including for testing purposes) and continues to make and/or use (including for testing purposes) systems for testing an application for a mobile device, the system for testing ("Accused System") including and not limited to the Micro Focus Software Suite and LoadRunner.  *See* attached Claim Chart for the '678 Patent at Exhibit 4, citing Exhibits A–G; attached Claim Chart for the '864 Patent at Exhibit 5, citing Exhibits A–G; attached Claim Chart for the '192 Patent at Exhibit 6, citing Exhibits A–G.

## TECHNOLOGY BACKGROUND

### NETWORK VIRTUALIZATION

27.     On information and belief, to simulate mobile networks from any geographic location worldwide for mobile application testing (hereafter "Network Virtualization"), Defendant's use of the Accused System enables performance engineers "to virtualize real-world network conditions, analyze test results to detect and remediate performance bottlenecks before deployment and gain custom performance optimization recommendations."[5]   Regarding predecessor versions of Micro Focus software product(s), HPE stated that "integrating [Network Virtualization] with your continuous integration testing process takes your automated CI [continuous integration] tests way beyond traditional functional testing and load testing, delivering to your developers timely actionable analytics and optimization recommendations."[6] Additionally, HPE stated that "[Network Virtualization] is a vital tool for performance engineers…[and] is fully integrated with HPE LoadRunner, HPE Performance Center and HPE StormRunner Load…[and] HPE Mobile Center."[7]

---

[5] https://www.youtube.com/watch?v=lUznCBjocYw (accessed June 25, 2018).
[6] *Id.*
[7] *Id.*

## NETWORK PROFILES

28.     On information and belief, as part of the Micro Focus Software Suite, Micro Focus provides a library of real-world mobile and broadband network conditions (hereafter "Network Profiles"), enabling its customers (including Defendant) to have access to a library of real-world data points of point-to-point network conditions recorded around the world.     Micro Focus "provides a library of real-world mobile and broadband network conditions."[8]   Further, "Network Virtualization for Mobile allows tests to be managed and results analyzed from any laptop or Wi-Fi-connected mobile device. The software can import real-world mobile network profiles captured by Micro Focus Network Capture or provided by the Micro Focus Network Virtualization Library of mobile and broadband network conditions."[9]   Network Profiles and cloud-enabled technology has been described as bridging "the gap between development and deployment by enabling your mobile application development team to fully and accurately assess the behavior and impact of the network on mobile apps before they are introduced to end users. By virtualizing real-world mobile network conditions within testing environments, your test results are more reliably predictive of how an application will behave for end users."[10]

## VuGEN AND THE VIRTUAL EVENT GENERATOR

29.     On information and belief, to simulate virtual users to load test mobile applications (hereafter "Virtual Users" or "Vuser") within the Micro Focus Software Suite, Micro Focus has offered and continues to offer a virtual event generator (hereafter "Virtual Event Generator").   The Virtual Event Generator is the "primary tool for creating testing scripts that emulate the behavior

---

[8] Micro Focus Network Virtualization for Mobile Data Sheet, Page 1 https://www.microfocus.com/media/data-sheet/network_virtualization_for_mobile_ds.pdf (accessed June 27, 2018).
[9] *Id.*
[10] *Id.*

of real users on your system."[11]  A Virtual User is defined as scripts that replace "real users with virtual users…to emulate the actions of a human user"[12] for load testing.  On information and belief, from a single workstation, Micro Focus has offered and continues to offer a controller to distribute "each Vuser in the scenario to a load generator. The load generator is the machine that executes the Vuser script, enabling the Vuser to emulate the actions of a human user."[13] The Vuser operates as a single thread process, enabling a single server or computer to emulate the actions of several 100 users to create load against a mobile application.

30.     In March of 2014, HPE migrated its long-standing license model from a standard license to a cloud-based monetization model[14] wherein customers (including Defendant) of an HPE Software Suite (and, subsequently, the Micro Focus Software Suite) would be charged on a per Virtual User basis over a 24-hour time period.[15]  The Micro Focus Software Suite has been offered for sale and is offered for sale based on a cloud-based monetization model.

<u>TRUCLIENT AND SCRIPTED USER EVENT MODELING</u>

31.     On information and belief, to create Virtual Users to interact with scripted events to model human interaction with a native mobile application (hereafter "Scripted User Event Modeling") within the Micro Focus Software Suite, Micro Focus has offered and continues to offer TruClient as a native mobile protocol that provided a way "to record and replay native mobile applications on both Android and iOS devices" to enable "the developer or DevOps engineer to

---

[11] Micro Focus LoadRunner Help Center, https://admhelp.microfocus.com/lr/en/12.56-12.57/help/WebHelp/Content/VuGen/tocs/toc_MainVuGen.htm (accessed June 27, 2018)
[12] Micro Focus LoadRunner Help Center, https://admhelp.microfocus.com/lr/en/12.56-12.57/help/WebHelp/Content/Controller/c_terms_lr.htm (accessed June 27, 2018)
[13] Micro Focus LoadRunner Help Center, *Id.*
[14] http://www8.hp.com/us/en/hp-news/press-release.html?id=1601722#.WzQUBdVKguV (accessed June 27, 2018)
[15] https://software.microfocus.com/en-us/products/loadrunner-load-testing/pricing; https://software.microfocus.com/en-us/products/performance-center/pricing; https://software.microfocus.com/en-us/products/stormrunner-load-agile-cloud-testing/pricing (accessed June 27, 2018)

record user interactions on the mobile application and create a TruClient script"[16] (hereafter "Scripted User Event Modeling") to simulate "multiple virtual users (Vusers)" during the load test's execution.[17]   Additionally, "the script can be enhanced using standard TruClient functionality including parameterization, transactions and JavaScript coding."[18] Together with the [Micro Focus] Virtual User Suite of Products, this "protocol is meant for end-user performance testing…[and] completes the LoadRunner mobile performance testing suite."[19]

<div align="center">STORMRUNNER LOAD</div>

32.     On information and belief, Micro Focus's StormRunner product provides the ability to create a "real-world scenario by generating load from global cloud regions to emulate real networks during load tests."[20]  "StormRunner Load initializes on demand load generation machines in the private or public cloud"[21] to dynamically "Scale from 1 tester to 2,000,000 or more geographically distributed"[22] Virtual Users (hereafter "Cloud-based Load Server Modeling"). StormRunner provides a cloud-based performance testing solution that enables Agile development teams to ensure app scalability up to millions of distributed mobile users.[23]

<div align="center">MICRO FOCUS MOBILE CENTER AND DEVELOPMENT SERVER</div>

33.     On information and belief, Defendant has used and continues to use Micro Focus Mobile Center, "a standalone server that provides mobile device access to different test applications. [Micro Focus] Mobile Center supports a distributed architecture where different test

---

[16] https://community.softwaregrp.com/t5/LoadRunner-and-Performance/Introduction-to-LoadRunner-s-new-TruClient-Native-Mobile/ba-p/269441#Wyg06FVKguV
[17] *Id.*
[18] *Id.*
[19] *Id.*
[20] https://software.microfocus.com/en-us/products/stormrunner-load-agile-cloud-testing/overview (accessed June 27, 2018)
[21] *Id.*
[22] *Id.*
[23] *Id.*

<div align="center">10</div>

clients can all interact with the same Mobile Center server instance."[24] On information and belief, Defendant has used and continues to use Micro Focus Mobile Center to gain an "accurate picture of the end-to-end mobile performance" by combining "virtual users and real devices" to run "elastic, and realistic tests from multiple geographies across various real-world network conditions"[25] and "mediates between the testing-tool client calls to mobile devices" by providing "a user interface within the testing tool for recording and running tests on real mobile devices"[26] (hereafter "Cloud-based Mobile Center").

34.     On information and belief, "Mobile Center is a core component of [the] mobile app development lifecycle" and is integrated with "Application Lifecycle Management (ALM), AppPulse Mobile, Business Process Monitoring, Business Process Testing, Fortify On Demand, LoadRunner, Network Virtualization (NV), Performance Center, Sprinter, StormRunner Load, UFT and UFT Pro"[27] (hereafter "Micro Focus Mobile Center Suite of Products").[28]

## **FACTUAL ALLEGATIONS**

### PATENTS-IN-SUIT

35.     Plaintiffs are the owner of all right, title and interest in and to U.S. Patent No. 9,971,678 (the "'678 Patent", attached as Exhibit 1), entitled "Systems including device and network simulation for mobile application development," issued on May 15, 2018.

---

[24] http://mobilecenterhelp.saas.hpe.com/docs/en/2.20/mobilecenter_help/Content/HPMC_architecture.htm (accessed June 27, 2018)
[25] https://software.microfocus.com/en-us/products/mobile-testing/overview (accessed June 27, 2018)
[26] http://mobilecenterhelp.saas.hpe.com/docs/en/2.20/mobilecenter_help/Content/HPMC_architecture.htm (accessed June 27, 2018)
[27] https://community.softwaregrp.com/t5/Quality-and-Testing-Blog/Introducing-Mobile-Center-2-5-improve-your-mobile-testing/ba-p/1593254#.Wyg_71VKguU (accessed June 27, 2018)
[28] https://www.youtube.com/watch?v=6QyrWGSGq-c (accessed June 27, 2018) and https://www.youtube.com/watch?v=FkJkIe1H_rM (accessed June 27, 2018)

36.    Plaintiffs are the owner of all right, title and interest in and to U.S. Patent No. 9,298,864 (the "'864 Patent", attached as Exhibit 2), entitled "System Including Network Simulation for Mobile Application Development," issued on March 29, 2016.

37.    Plaintiffs are the owner of all right, title and interest in and to U.S. Patent No. 8,924,192 (the "'192 Patent", attached as Exhibit 3), entitled "Systems including network simulation for mobile application development and online marketplaces for mobile application distribution, revenue sharing, content distribution, or combinations thereof," issued on December 30, 2014.

38.    Together, the foregoing patents are referred to as the "Patents-in-Suit". Plaintiffs are the assignee of the Patents-in-Suit and have all substantial rights to sue for infringement and collect past and future damages for the infringement thereof.

39.    The foregoing patents, and any related patents in the family, are herein referred to collectively and individually as the "Plaintiffs' Patent Portfolio" respectively.

## DAMAGES, PLAINTIFFS' PORTFOLIO, AND THE APP ECONOMY

40.    Mobile apps and the tools to develop and test mobile apps have become paramount to the U.S. economy. According to a 2012 white paper released by renowned Dr. Michael Mandel titled the 'App Economy', the App Developer community represented the second largest IT segment in the United States in 2012 with over 466,000 jobs created in the U.S. economy alone, up from nearly zero in 2008 when the App Store was initially launched (hereafter "App Economy").[29]

41.    Plaintiffs' goal has been to democratize app development for a new generation of developers by mitigating performance risks and reducing application development cycles from

---

[29] http://business.time.com/2012/02/08/the-app-economy-estimated-to-contribute-nearly-half-a-million-jobs-to-the-u-s/ (accessed June 27, 2018)

months down to minutes by virtue of new performance engineering modeling. At the time of Plaintiffs' provisional patent filing in June of 2005, Apple had not launched the iPhone (June of 2007), there was no App Store (July of 2008), Google's Android platform had not been released (September of 2008), the Samsung Galaxy family of devices had not been released (June of 2009) and the mobile app ecosystem that we know today was still in its infancy.

42.     In Dr. Mandel's App Economy white paper, the renowned economist contributes two driving innovations behind the App Economy: (a) the ease of app development; and (b) the ease of app delivery. With respect to the former, Plaintiffs' Patent Portfolio describes many of the core innovations in modern application development that accelerate the development of applications and enhances the mobile device consumer experience on the client side.

43.     In alignment with Dr. Mandel's thesis concerning the importance of facilitating application development, the Plaintiffs' patented technologies, with a focus on accelerating application development for performance engineers, helped to enable a new generation of app developers to lay the foundation for the emerging App Economy (hereafter "App Developers").

44.     App Developers play an integral role in the app ecosystem, and Plaintiffs' patented innovations, with a focus on accelerating application development for performance engineers, have ushered in a new generation of smart developer tools and contributed significantly to the growth of the App Economy.

45.     Application performance and access to data in the cloud are paramount to the user experience for a new generation of data hungry applications. Supporting this premise is a quote from HPE's Paul Whiten, Applications Business Unit Lead, stating that "We now live in a mobile and app-centric world, and the ability to deliver a consistent and enjoyable app experience has

never been more important."[30]  If a mobile application fails, 48% of users are less likely to ever use the app again. 34% of users will simply switch to a competitor's application and 31% of users will tell friends about their poor experience, which eliminates future customers.[31]  A change in latency from 2ms (broadband) to 400ms (3G network) can cause a mobile page load to go from 1 second to 30 seconds.[32]  Google reported that a mere 0.5 to 1.0-second increase in page load time resulted in a 20% decrease in traffic and revenue.  The average U.S. retail mobile site loaded in 6.9 seconds in July of 2016, and according to the most recent data presented by Google, 40% of consumers will leave a page that takes longer than three seconds to load.[33]

46.     According to HPE's studies, "over 70% of the performance of a mobile app is dependent on the network,"[34] and in another study HPE further stated that "80% of the costs associated with application development occur in remediating failed or underperforming applications after deployment, when the ineffective application has already had a negative impact on the end user or customer experience."[35]

47.     In 2018, 52.2 percent of all website traffic worldwide was generated through a mobile device.[36]  In the United States, not even Black Friday was immune from the influence of mobile as nearly 40% of sales on the traditional brick and mortar shopping day came from a mobile device. With 30% of all online shopping happening on mobile phones and with 89% of executives

---

[30] http://www8.hp.com/ca/en/hp-news/press-release.html?id=1825600#.W0z1-tVKguV (accessed July 16, 2018)
[31] https://www.marketingcharts.com/digital-27846 (accessed June 27, 2018)
[32] https://www.slideshare.net/xbosoft/mobile-network-performance-testing (accessed June 27, 2018)
[33] https://www.thinkwithgoogle.com/marketing-resources/experience-design/mobile-page-speed-load-time/ (accessed June 27, 2018)
[34] Exhibit A
[35] http://media.shunra.com/datasheets/Shunra-NetworkCatcher.pdf (accessed June 27, 2018)
[36] https://www.statista.com/statistics/241462/global-mobile-phone-website-traffic-share/ (accessed June 27, 2018)

believing that customer experience will be their primary mode of competition, the consumer experience via a company's mobile app has never been so prevalent.[37]

48.     In a recent study released by Micro Focus, over 50 percent of respondents indicated the need to remediate at least four application production incidents per month and the average days required to resolve a production incident was six.[38] Micro Focus further stated that the average remediation cost per incident was $88,000 USD and the highest reported cost was $500,000 USD per incident.[39] Micro Focus stated that "it is important to note that this is the remediation cost alone; it is not an accounting of the total impact on the business."[40] A single security breach of a customer's financial banking information via a mobile app can cause a massive client exodus.

49.     Millennials, in particular, are much less forgiving concerning their application experience and will unapologetically delete an app just because the logo is not appealing.[41] It is safe to assume that a customer's bank finances are much more important to them then a logo. These facts suggests a shrinking margin of error for performance issues especially when it is considered that 67% of Millennials now use mobile banking as their primary engagement with their bank compared to 18% for those consumers aged 60 or over.[42] In a recent study in the UK, Millennials now trust their App more than a teller at a brick and mortar bank, and 27% of Millennials are now completely reliant on a mobile Banking App.[43] In the next 3-4 years, 33% of Millennials may choose to completely abandon traditional brick and mortar Banking in lieu of a

---

[37] https://www.outerboxdesign.com/web-design-articles/mobile-ecommerce-statistics (accessed June 27, 2018)
[38] Micro Focus The Value of Proactive Application Performance, http://files.asset.microfocus.com/4aa6-6409/en/4aa6-6409.pdf (accessed June 27, 2018)
[39] Id.
[40] Id.
[41] https://www.comscore.com/Insights/Blog/5-Interesting-Facts-About-Millennials-Mobile-App-Usage-from-The-2017-US-Mobile-App-Report (accessed June 27, 2018)
[42] https://www.federalreserve.gov/consumerscommunities/mobile_finance.htm
[43] https://www.salesforce.com/blog/2016/03/stats-about-millennials-mobile-banking.html (accessed June 27, 2018)

mobile app.[44] With over 50% of the United States workforce projected to be made up of 'App First Millennials' by 2020,[45] it is clear why Micro Focus entered into the spin-out merger with HPE to move into the Mobile-first product model. The vast majority of Micro Focus's downstream clients (including Defendant) have also initiated a 'Mobile-First' strategy to 'mobilize' their customer base to engage a new era of app users and as a result, have relied on the mobile testing products offered by Micro Focus.

      50.     Defendant reported more than 22 million mobile active users in its most recent quarterly earnings statement attached hereto as Exhibit J.[46] Mobile banking users, therefore represent close to a third of its 70 million customers globally.[47] With this many users and with up to 90 percent of financial transactions now taking place online or through mobile banking, it is safe to assume that many users access the Defendant's bank app simultaneously (i.e., to check balances, make deposits or use a digital wallet) making stress testing crucial to application performance and to maintain user trust.[48] For banks, maintenance of trust is especially critical since a recent UK study determined that millennials now trust their banking application more than a teller at a brick and mortar bank, and 27% of Millennials are now completely reliant on a mobile banking App.[49]

---

[44] https://www.temenos.com/en/market-insight/universal-insight/33-of-millennials-believe-they-wont-need-a-bank-at-all-in-5-years-we-think-different/ (accessed June 27, 2018)

[45] https://www.forbes.com/workforce-2020/ (accessed June 27, 2018)

[46] Wells Fargo Quarterly Earnings Statement (2nd Qtr, 2018), https://www08.wellsfargomedia.com/assets/pdf/about/investor-relations/earnings/second-quarter-2018-earnings.pdf (accessed July 16, 2018)

[47] https://en.wikipedia.org/wiki/Wells_Fargo, (accessed July 16, 2018)

[48] Millennials Help Accelerate Banking Evolution, https://www.businessnhmagazine.com/article/millennials-help-accelerate-bankingamp39s-evolution, (accessed July 16, 2018), see also https://www.forbes.com/sites/forbestechcouncil/2017/05/16/mobile-banking-exploring-trends-for-market-leadership/#23643afe6962 (accessed July 16, 2018)

[49] https://www.salesforce.com/blog/2016/03/stats-about-millennials-mobile-banking.html, (accessed July 16, 2018)

## ROYALTY DEMAND BY PLAINTIFFS

51.     Banks, by the sheer volume and number of active daily users, would appear to have a significant need for virtual user and network virtualization testing now and in the future.   With 72% of millennials now active users of mobile banking,[50] bringing with them their particular sensitivity around application performance, ensuring proper performance through testing to maintain trust is critical.

52.     Further, with mobile phone sales expected to reach 2.1 billion units by 2019, or approximately one-third of the world's population,[51] the pace of the growth in the number of mobile banking users driving this already unprecedented mobile demand will likely continue.

53.     In light of the collective facts herein, specifically the network virtualization testing, the large number of simultaneous active daily users necessitating the virtual user testing that we believe Defendant is executing in violation of Plaintiff's Patent Portfolio, the high growth of overall financial transactions on mobile applications, the high percentage of millennials using mobile applications, and the steady growth of mobile phone sales, using a reasonable royalty rate, the patent royalties owed by Defendant to Plaintiffs are significant.

## COUNT I

(Infringement of United States Patent No. 9,971,678)

54.     Plaintiffs incorporate the paragraphs above herein by reference.

55.     On May 15, 2018, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 9,971,678 (the "'678 Patent") entitled "Systems Including Device and Network Simulation for Mobile Application Development" on an

---

[50] https://www.temenos.com/en/market-insight/universal-insight/33-of-millennials-believe-they-wont-need-a-bank-at-all-in-5-years-we-think-different/ (accessed July 16, 2018)
[51] *Id.*

application filed Dec. 23, 2014, United States Patent Application Ser. No. 14/581,475. The '678 Patent is a continuation of United States Patent Application Ser. No. 13/673,692, filed Nov. 9, 2012 and issued as United States Pat. No. 8,924,192, on Dec. 30, 2014, which is a continuation of United States Patent Application Ser. No. 12/759,543, filed April 13, 2010 and issued as United States Pat. No. 8,332,203, on Dec. 11, 2012, which is a continuation of United States Patent Application Ser. No. 11/449,958, filed Jun. 9, 2006 and issued as United States Pat. No. 7,813,910, on Oct. 12, 2010, which application claims priority to United States Patent Application Ser. No. 60/689,101 filed Jun. 10, 2005.

56.    The '678 Patent is presumed valid and enforceable.

57.    Plaintiffs are the sole owner of the '678 Patent.

58.    Defendant without authorization has been and is directly infringing at least Claim 1 of the '678 Patent, including making and/or using (including for testing purposes) and continues to make and/or use (including for testing purposes) the Accused System. *See* attached Claim Chart for the '678 Patent at Exhibit 4, citing Exhibits A–G.

59.    The '678 Patent describes systems that address technical problems related to simulating network systems to determine performance of the mobile device. *See, e.g.,* '678 Patent at col. 10, lines 34-44 [simulated network environment] to col. 13, line 47 [includes Figures 8 through 13].

60.    The '678 Patent describes systems that enable a performance engineer to view application performance data to mitigate performance risks. *See, e.g.,* '678 Patent at col. 7, lines 29-40 and col. 8, lines 45-56 [profile data 110 is stored or displayed to identify performance of the application].

61.     The '678 Patent describes systems that include providing a network model library of real-world mobile network characteristics, *see, e.g.,* '678 Patent at col. 2, lines 5-9 [geographical markets], col. 11, lines 49-59 and col. 12, lines 3-25 [Figure 9 and geographical map] to enable a user to import the network profiles, *see, e.g.,* '678 Patent at col. 12, lines 50-53 [import network profiles] into the testing environment, *see, e.g.,* '678 Patent at col. 10, lines 59-66 to col. 11, lines 1-14 [download network profiles].

62.     Technological improvements described and claimed in the '678 Patent were not conventional, well-known, or routine at the time of their respective inventions but involved novel and non-obvious approaches to problems and shortcomings prevalent in the art at the time. *See, e.g.,* '678 Patent at col. 2, lines 5-9, col. 11, lines 60-67 and col. 12, line 2.

63.     The written description of the '678 Patent supports each of the elements of the claims, allowing a person of ordinary skill in the technical art ("POSITA") to understand what the elements cover and how the non-conventional and non-routine combination of claim elements differ markedly from and improved upon what may have been considered conventional, generic, or routine. *See, e.g.,* '678 Patent at col. 10, lines 34-44 [simulated network environment] to col. 13, line 47 [includes Figures 8 through 13].

64.     The '678 Patent represents a substantial technical improvement in the area of simulating network systems to determine performance of the mobile device. As demonstrated by its frequent citation, Plaintiff's Performance Engineering Innovations have been cited over thirty times against a number of industry-leading companies as prior art by the United States Patent and Trademark Office and the World Intellectual Property Organization, including citations against Apple, Intel, Google, Adobe and Amazon. *See* https://patents.google.com/patent/US9971678/en

(last accessed June 28, 2018).  A larger listing of companies whose patents have cited Plaintiffs' Patent Portfolio is provided above in ¶ 15.

65.    Viewed in light of the specification of the '678 Patent, the claims are **not directed** to basic tools of scientific and technological work, nor are they directed to a fundamental economic practice.

66.    The '678 Patent claims are **not directed** to the use of an abstract mathematical formula on any general-purpose computer, or a purely conventional computer implementation of a mathematical formula, or generalized steps to be performed on a computer using conventional activity.

67.    The '678 Patent claims are **not directed** to a method of organizing human activity or to a fundamental economic practice long prevalent in our system of commerce.

68.    The '678 Patent **does not** take a well-known or established business method or process and apply it to a general-purpose computer.

69.    As noted by United States Patents, foreign patent documents, and other publications cited by the '678 Patent, the '678 Patent **does not** preempt the field of its invention or preclude use of other methods and systems of simulating network systems to determine performance of the mobile device.

70.    As a result of Defendant's infringement of the '678 Patent, Plaintiffs have suffered and will continue to suffer damages.

71.    Defendant will continue to infringe unless this Court enjoins Defendant and its agents, servants, employees, representatives, and all others acting in active concert with Defendant from infringing the '678 Patent.

## **COUNT II**

(Infringement of United States Patent No. 9,298,864)

72.    Plaintiffs incorporate the paragraphs above herein by reference.

73.    On March 29, 2016, the United States Patent and Trademark Office ("USPTO")
duly and legally issued United States Patent No. 9,298,864 (the "'864 Patent") entitled "System
Including Network Simulation for Mobile Application Development" on an application filed Nov.
19, 2013, United States Patent Application Ser. No. 14/084,321. The '864 Patent is a divisional
of United States Application Ser. No. 12/705,913, filed Feb. 15, 2010 (now United States Pat. No.
8,589,140), which claims priority to United States Application Ser. No. 61/152,934, filed Feb. 16,
2009, and is a continuation-in-part of United States Application Ser. No. 11/449,958, filed Jun. 9,
2006 (now U.S. Pat. No. 7,813,910), which claims priority to United States Application Ser. No.
60/689,101, filed Jun. 10, 2005.

74.    The '864 Patent is presumed valid and enforceable.

75.    Plaintiffs are the sole owner of the '864 Patent.

76.    Defendant without authorization has been and is directly infringing at least Claim
1 of the '864 Patent, including making and/or using (including for testing purposes) and continues
to make and/or use (including for testing purposes) the Accused System. *See* attached Claim Chart
for the '864 Patent at Exhibit 5, citing Exhibits A–G.

77.    The '864 Patent describes systems that address technical problems related to
simulating network systems to determine performance of the mobile device. *See, e.g.,* '864 Patent
at col. 9, line 60 through col. 10, line 3 [simulated network environment] to col. 13, line 4 [includes
Figures 8 through 13].

78.    The '864 Patent describes systems that simulate virtual users to load test mobile
applications by using an event generator to create scripts to emulate and model human behavior to

21

determine performance of either the network or the mobile application. *See, e.g.,* '864 Patent at col. 10, lines 57-65 [event generator + scripted effects], col 11, lines 7-17 [event generator + bandwidth], col. 11, lines 51-67 [scripted events + human interaction]. The '864 Patent further describes systems that enable the performance engineer to simulate real-world scenarios by generating load from multiple geographies to emulate real networks during load tests. *See, e.g.,* '864 Patent at col. 11, lines 51-67 [scripted events + consumer events + performance], Figures 9, 10, 11, 12 and 13, col. 12, lines 8-11 [storage 134] and col. 12, lines 18-22 [geographic locations].

79.     The '864 Patent describes systems that enable the performance engineer to interact with the virtual users by providing scripts to record and replay user interactions on the mobile device to emulate real networks during load tests. *See, e.g.,* '864 Patent at col. 11, lines 51-67 [scripted events + consumer events + performance], Figures 12 [Load Server] and 13, col. 12, lines 8-11 [storage 134] and col. 12, lines 18-22 [geographic locations].

80.     The '864 Patent describes systems that include a developer server that provides a library of mobile devices to enable the performance engineer to combine virtual users and real devices to run tests from multiple geographies across real-world network conditions. *See, e.g.,* '864 Patent at col. 2, lines 3-7 [mobile devices in geographical markets], col. 3, lines 4-7 [development server + Internet], col. 9, line 60 to col. 10, line 3 [developer server + mobile device, figures 8-13], col. 11, lines 18-27 [developer server + networks worldwide], and col. 12, lines 8-11 [storage 134].

81.     The '864 Patent describes systems that enable a performance engineer to view application performance data to mitigate performance risks. *See, e.g.,* '864 Patent at col. 6, lines 46-57 [profile data 110 is stored or displayed to identify performance of the application].

82.     Technological improvements described and claimed in the '864 Patent were not conventional, well-known, or routine at the time of their respective inventions but involved novel and non-obvious approaches to problems and shortcomings prevalent in the art at the time. *See, e.g.,* '864 Patent at col. 2, lines 3-7 and col. 11, lines 18-27.

83.     The written description of the '864 Patent supports each of the elements of the claims, allowing a person of ordinary skill in the technical art ("POSITA") to understand what the elements cover and how the non-conventional and non-routine combination of claim elements differ markedly from and improved upon what may have been considered conventional, generic, or routine. *See, e.g.,* '864 Patent at col. col. 9, line 60 to col. 10, line 3 [simulated network environment] to col. 13, line 3 [includes Figures 8 through 13].

84.     The '864 Patent represents a substantial technical improvement in the area of mobile performance engineering. As demonstrated by its frequent citation, Plaintiff's Performance Engineering Innovations have been cited over thirty times against a number of industry-leading companies as prior art by the United States Patent and Trademark Office and the World Intellectual Property Organization, including citations against Apple, Intel, Adobe, Facebook, Ca, Amazon, Vodafone and Telecom Italia S.p.A. *See* https://patents.google.com/patent/US9298864B2/en (last accessed June 26, 2018). A larger listing of companies whose patents have cited Plaintiffs' Patent Portfolio is provided above in ¶ 15.

85.     Viewed in light of the specification of the '864 Patent, the claims are ***not directed*** to basic tools of scientific and technological work, nor are they directed to a fundamental economic practice.

86.     The '864 Patent claims are ***not directed*** to the use of an abstract mathematical formula on any general-purpose computer, or a purely conventional computer implementation of

a mathematical formula, or generalized steps to be performed on a computer using conventional activity.

87.     The '864 Patent claims are **not directed** to a method of organizing human activity or to a fundamental economic practice long prevalent in our system of commerce.

88.     The '864 Patent **does not** take a well-known or established business method or process and apply it to a general-purpose computer.

89.     As noted by United States Patents, foreign patent documents, and other publications cited by the '864 Patent, the '864 Patent **does not** preempt the field of its invention or preclude use of other methods and systems of simulating network systems in the area of mobile performance engineering.

90.     As a result of Defendant's infringement of the '864 Patent, Plaintiffs have suffered and will continue to suffer damages.

91.     Defendant will continue to infringe unless this Court enjoins Defendant and its agents, servants, employees, representatives, and all others acting in active concert with Defendant from infringing the '864 Patent.

## COUNT III

(Infringement of United States Patent No. 8,924,192)

92.     Plaintiffs incorporate the paragraphs above herein by reference.

93.     On Dec. 30, 2014 the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 8,924,192 ("the'192 Patent") entitled "Systems Including Network Simulation for Mobile Application Development and Online Marketplaces for Mobile Application Distribution, Revenue Sharing, Content Distribution, or Combinations thereof" on an application filed Nov. 9, 2012, United States Patent Application Ser. No.

13/673,692. The '192 Patent is a continuation of United States Patent Application Ser. No. 12/759,543, filed Apr. 13, 2010, which is a continuation of United States Patent Application Ser. No. 11/449,958, filed Jun. 9, 2006, and issued as United States Pat. No. 7,813,910, on Oct. 12, 2012, which application claims priority to United States Patent Application Ser. No. 60/689,101 filed Jun. 10, 2005.

94.     The '192 Patent is presumed valid and enforceable.

95.     Plaintiffs are the sole owner of the '192 Patent.

96.     Defendant Defendant without authorization has been and is directly infringing at least Claim 1 of the '192 Patent, including making and/or using (including for testing purposes) and continues to make and/or use (including for testing purposes) the Accused System. *See* attached Claim Chart for the '192 Patent at Exhibit 6, citing Exhibits A–G.

97.     The '192 Patent describes systems that address technical problems related to simulating network systems to determine performance of the mobile device. *See, e.g.,* '192 Patent at col. 10, lines 15-25 [simulated network environment] to col. 13, line 23 [includes Figures 8 through 13].

98.     The '192 Patent describes systems that enable a performance engineer to view application performance data to mitigate performance risks. *See, e.g.,* '192 Patent at col. 7, lines 14-25 and col. 8, lines 27-38 [profile data 110 is stored or displayed to identify performance of the application].

99.     The '192 Patent describes systems that include providing a network model library of real-world mobile network characteristics, *see, e.g.,* '192 Patent at col. 2, lines 4-8 [geographical markets], col. 11, lines 28-38 and col. 11, line 49 to col. 12, line 2 [Figure 9] to enable a user to import the network profiles, *see, e.g.,* '192 Patent at col. 12, lines 28-31 [import network profiles]

into the testing environment, *see, e.g.,* '192 Patent at col. 10, lines 40-47 to col. 10, lines 51-62 [download network profiles].

100.   Technological improvements described and claimed in the '192 Patent were not conventional, well-known, or routine at the time of their respective inventions but involved novel and non-obvious approaches to problems and shortcomings prevalent in the art at the time. *See, e.g.,* '192 Patent at col. 2, lines 4-8 and col. 11, lines 39-48.

101.   The written description of the '192 Patent supports each of the elements of the claims, allowing a person of ordinary skill in the technical art ("POSITA") to understand what the elements cover and how the non-conventional and non-routine combination of claim elements differ markedly from and improved upon what may have been considered conventional, generic, or routine. *See, e.g.,* '192 Patent at col. 10, lines 15-25 [simulated network environment] to col. 13, line 23 [includes Figures 8 through 13].

102.   The '192 Patent represents a substantial technical improvement in the area of simulating network systems to determine performance of the mobile device. As demonstrated by its frequent citation, Plaintiff's Performance Engineering Innovations have been cited over thirty times against a number of industry-leading companies as prior art by the United States Patent and Trademark Office and the World Intellectual Property Organization, including citations against Google, Apple, Adobe, Amazon, and Intel. *See* https://patents.google.com/patent/US8924192B1/en (last accessed June 26, 2018). A larger listing of companies whose patents have cited Plaintiffs' Patent Portfolio is provided above in ¶ 15.

103.   Viewed in light of the specification of the '192 Patent, the claims are ***not directed*** to basic tools of scientific and technological work, nor are they directed to a fundamental economic practice.

104.    The '192 Patent claims are **not directed** to the use of an abstract mathematical formula on any general-purpose computer, or a purely conventional computer implementation of a mathematical formula, or generalized steps to be performed on a computer using conventional activity.

105.    The '192 Patent claims are **not directed** to a method of organizing human activity or to a fundamental economic practice long prevalent in our system of commerce.

106.    The '192 Patent **does not** take a well-known or established business method or process and apply it to a general-purpose computer.

107.    As noted by United States Patents, foreign patent documents, and other publications cited by the '192 Patent, the '192 Patent **does not** preempt the field of its invention or preclude use of other methods and systems of simulating network systems to determine performance of the mobile device.

108.    As a result of Defendant's infringement of the '192 Patent, Plaintiffs have suffered and will continue to suffer damages.

109.    Defendant will continue to infringe unless this Court enjoins Defendant and its agents, servants, employees, representatives, and all others acting in active concert with Defendant from infringing the '192 Patent.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiffs respectfully request that the Court:

A.      Enter judgment that Defendant has infringed and continues to infringe one or more claims of the '678 Patent literally or under the doctrine of equivalents;

B.      Enter judgment that Defendant has infringed and continues to infringe one or more claims of the '864 Patent literally or under the doctrine of equivalents;

C.      Enter judgment that Defendant has infringed and continues to infringe one or more claims of the '192 Patent literally or under the doctrine of equivalents;

D.      Award Plaintiffs past damages, to be paid by Defendant, in an amount no less than a reasonable royalty and adequate to compensate Plaintiffs for such damages, together with pre-judgment and post-judgment interest for Defendant's infringement of the '678 Patent, the '864 Patent and the '192 Patent through the date that such judgment is entered in accordance with 35 U.S.C. §284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. §284;

E.      Enjoin Defendant from continuing to infringe the '678 Patent, the '864 Patent, and the '192 Patent;

F.      Declare this case exceptional under 35 U.S.C. §285; and

G.      Award Plaintiffs their costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated:  July 16, 2018

Respectfully Submitted,

*/s/ Jeffrey G. Toler*
Jeffrey G. Toler
Texas State Bar No. 24011201
jtoler@tlgiplaw.com
Aakash S. Parekh
Texas State Bar No. 24059133
aparekh@tlgiplaw.com
Benjamin R. Johnson
Texas State Bar No. 24065495
bjohnson@tlgiplaw.com


TOLER LAW GROUP, PC
8500 Bluffstone Cove, Suite A201
Austin, Texas 78759
Tel. (512) 327-5515
Fax (512) 327-5575

ATTORNEYS FOR PLAINTIFF
WAPP TECH LIMITED PARTNERSHIP AND
WAPP TECH CORP.

# EXHIBIT 4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED SERVICES AUTOMOBILE ASSOCIATION a Texas reciprocal inter-insurance exchange, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| WELLS FARGO BANK, N.A., a national banking association, | ) ) ) ) | Civil Action No. 2:16-CV-245 JURY TRIAL DEMANDED |
| Defendant. | ) ) ) ) ) ) ) | |

## COMPLAINT

Plaintiff United Services Automobile Association ("USAA"), by its undersigned counsel, for its Complaint against defendant Wells Fargo Bank, N.A. ("Wells Fargo"), states as follows, with knowledge as to its own acts, and on information and belief as to the acts of others:

1.  This lawsuit is brought to address Wells Fargo's large-scale use of USAA's patented technologies that relate to remote check deposit for mobile banking systems.  These patented technologies enable USAA to connect members of the military and their families across the globe to financial services.  USAA developed these technologies seeking to deliver on its mission to improve the financial security of its members.  In its decades of serving the military community, USAA has worked to innovate in serving the needs of its members, including a lifestyle that can make getting to a bank branch difficult, particularly if they are out to sea or deployed outside the United States.  USAA's innovations and investments are protected by multiple patents issued by the United States Patent & Trademark Office.  Wells Fargo has

nonetheless chosen to use USAA's patented technologies without permission and to use them for its own commercial gain. This lawsuit is designed to address Wells Fargo's misconduct. USAA intends to defend the significant investments it has made in these technologies for the benefit of its members.

## II.   **THE PARTIES**

2.     Plaintiff USAA is a reciprocal interinsurance exchange and unincorporated association organized under the laws of the State of Texas having its principal place of business at 9800 Fredericksburg Road, San Antonio, Texas 78288. The USAA family of companies is dedicated to the financial well-being of members of the military and their families through the provision of insurance, banking, investment, and retirement products and services. USAA does business in this judicial district, and through its website at www.usaa.com and USAA Mobile smartphone applications.

3.     On information and belief, Wells Fargo is a national banking association organized under the laws of the United States of America. Wells Fargo does business throughout the United States, including in this judicial district.

## III.   **JURISDICTION AND VENUE**

4.     Subject matter jurisdiction is based on 28 U.S.C. § 1338, in that this action arises under federal statute, the patent laws of the United States (35 U.S.C. §§ 1, *et seq.*).

5.     The Court has personal jurisdiction over Wells Fargo because it has substantial, systematic and continuous contacts with this judicial district. Wells Fargo has a regular and established place of business in the State of Texas and in the Eastern District of Texas, including operating hundreds of bank branches and ATMs in Texas and numerous bank branches and ATMs in this judicial district, and conducts business with customers residing in this judicial district both through its bank branches and ATMs and its online and mobile banking services. Wells Fargo has committed acts of patent infringement and, as detailed below, contributed to or induced acts of patent infringement by others in this judicial district and elsewhere in Texas. Wells Fargo is

registered to do business in Texas and maintains an agent authorized to receive service of process within Texas.

6.      Venue is proper under 28 U.S.C. § 1400(b) because Wells Fargo has committed acts of infringement and maintains a regular and established place of business in this judicial district.

**IV.     FACTUAL ALLEGATIONS**

**USAA's Pioneering Remote Check Deposit Innovations**

7.      This is an action for infringement of patents awarded to research and development teams at USAA for their years of work developing and improving technologies that, among other things, allow banking customers to easily and conveniently deposit paper checks into their accounts from their smartphones – wherever they might be in the world.

8.      USAA has been serving present and former members of the U.S. military and their families since 1922 and has become one of America's leading insurance and financial services companies.  USAA offers its members a wide range of insurance, banking and investment products and services designed to help them meet their financial security needs.  Headquartered in San Antonio, Texas, with offices in several states and Europe, USAA employs more than 33,000 people to provide for the financial wellbeing of over 12 million members.

9.      Unlike traditional banks, which typically maintain a network of brick-and-mortar bank branches or ATMs for customers to use, USAA typically interacts with its members remotely, either by mail, telephone, or with increasing frequency through its usaa.com website or USAA's mobile application.  USAA's online and mobile presence is critical to its members' well-being, as USAA's military members are often stationed in distant locations around the world with limited access to traditional banking services.

10.      This limited access resulted in USAA's members being unable to deposit checks and other financial instruments in a timely manner and compelled USAA employees to invent a new way to provide financial security to its members.  Driven by its mission, USAA began investing substantial research and development resources into developing and implementing

systems and methods that would provide USAA's members with a real-time capability to deposit a financial instrument from just about anywhere. These pioneering systems and methods resulted in the launch of a consumer remote deposit capture system under the name "Deposit@Home®. Deposit@Home® was the first system that allowed consumer banking customers to deposit individual checks immediately, in real-time and remotely using consumer imaging devices.

11.     After the successful launch of Deposit@Home®, USAA launched its Deposit@Mobile® system through the USAA Mobile application for mobile phones. For the first time, Deposit@Mobile® allowed customers to deposit checks anytime, anywhere by taking photographs with a mobile phone's digital camera.

12.     USAA has continued to innovate and improve its Deposit@Mobile® product, developing and implementing technological features that improve the user's mobile deposit experience, including features designed to help injured veterans and others with visual disabilities use the pioneering service. To date, USAA has invested many millions of dollars and thousands of employee-hours in the development and implementation of its mobile deposit technologies. USAA has not licensed its competitors such as Wells Fargo to use these patented technologies.

### The USAA Patents-in-Suit

13.     USAA is the assignee of all right, title, and interest in U.S. Patent Nos. 8,699,779 (the "'779 Patent"), 9,336,517 (the "'517 Patent"), 9,818,090 (the "'090 Patent"), and 8,977,571 (the "'571 Patent") (collectively referred to as the "USAA Patents" in this Complaint). The USAA Patents arose from years of research and development of remote check deposit technologies by engineers in USAA's Innovation Lab.

### The '779 and '517 Patents

14.     The '779 Patent and the '517 Patent, entitled "Systems and methods for alignment of check during mobile deposit," were invented by Bharat Prasad, Minya Liang, and Reynaldo Medina. The patents are, generally speaking, directed to improved computing systems that enable commercially-viable remote check deposit systems, including those used today by Wells Fargo, for example, by deploying an "alignment guide," a check monitoring system that monitors specific

features of the check, such as alignment, an automatic image capture system that works in concert with the alignment monitoring system, and a transmission system. The addition of these structures to remote check deposit systems dramatically increases the efficiency and performance of remote check deposit computing systems. Below is a figure from the patents.



**FIG. 3**

15.     The '779 Patent and '517 Patent describe systems and methods for providing an "alignment guide." The systems and methods taught by the '779 and '517 Patents solve discrete, technological problems associated with computing systems used as part of capturing images of checks for deposit on mobile devices, representing new, novel and useful improvements over the existing and/or patentably distinct means and methods. For example, an alignment guide may be "provided in the field of view of a camera associated with a mobile device used to capture an image of a check." The alignment guide may be "adjustable at the mobile device." As another example, "an image may be captured when the image of the check is detected to be within the alignment guide" and the "image capture may be performed automatically." The systems and methods taught by the '779 and '517 Patents provide improved functionality over conventional techniques used in prior art systems, resulting in an improved user interface for the customer's mobile device, including, for example, improving the quality of captured check images through the use of a displayed alignment guide, improving the efficiency of systems used for remote check depositing, and making remote check deposit systems commercially viable by reducing error rates

and improving security.  The patents' improvements to mobile check depositing systems are further described in their specifications.

<div align="center">The '090 and '571 Patents</div>

16.     The '090 Patent and the '571 Patent, entitled "Systems and methods for image and criterion monitoring during mobile deposit," were invented by Michael Patrick Bueche, Jr., Bharat Prasad, Minya Liang, Reynaldo Medina, and Charles Lee Oakes III.  The patents are, generally speaking, directed to improved computing systems that enable commercially-viable remote check deposit systems, including those used today by Wells Fargo, for example, by deploying a check monitoring system that monitors specific features of the check with respect to a monitoring criterion, a feedback system that instructs the user regarding how to satisfy the monitoring criterion, and an automatic capture system that works in concert with the monitoring system to automatically capture a check image when the monitoring criterion is satisfied.  The addition of these systems to remote check deposit systems dramatically increases the efficiency and performance of remote check deposit systems.  Below is a figure from the patents.



**FIG. 3**

17.     The '090 Patent and '571 Patent describe systems and methods for "monitor[ing], prior to the image of the check being captured" an "image of a check that is in the field of view of a camera."  The systems and methods taught by the '090 and '571 Patents solve discrete, technological problems associated with computer systems used as part of capturing images of

checks for deposit using mobile devices, representing new, novel and useful improvements over the existing and/or patentably distinct means and methods. For example, "when the image of the check in the field of view passes monitoring criteria, an image may be taken by the camera and provided from the mobile device to a financial institution." The image capture "may be performed automatically as soon as the image of the check is determined to pass the monitoring criteria." As another example, "feedback may be provided to the user of the camera regarding the image of the check in the field of view." The systems and methods taught by the '090 and '571 Patents provide improved functionality over conventional techniques used in prior art systems, resulting in an improved user interface for the customer's mobile device, including, for example, improving the quality of captured check images through the use of image monitoring and feedback indicators. The patents' improvements to mobile check depositing systems are further described in their specifications.

### Wells Fargo's Infringement

18.     Wells Fargo is one of the largest banks in the world with a substantial presence in mobile banking, including over 21 million active mobile banking users as of February 2018.

19.     Wells Fargo's remote deposit capture systems, including but not limited to *Wells Fargo Mobile*® Deposit, infringe the USAA Patents. In this Complaint, Wells Fargo's remote deposit capture systems, including but not limited to the *Wells Fargo Mobile*® Deposit system, and any other infringing instrumentalities that include similar functionality, are referred to generally as "Wells Fargo Mobile Deposit."

20.     Wells Fargo's use of the USAA Patents is not licensed or authorized by USAA in any way. USAA has not licensed any of the USAA patents to Wells Fargo.

21.     On information and belief, Wells Fargo released its Wells Fargo Mobile Deposit product to customers years after USAA had already implemented and released its Deposit@Mobile® service to widespread adoption. At the time, the head of Wells Fargo's retail

mobile channel in its Internet services group remarked that mobile deposit was "the service our mobile customers request most often" with "a lot of demand." Exhibit 5.

22.  Wells Fargo Mobile Deposit allows Wells Fargo customers to deposit checks using their mobile devices, such as smartphones.  Through its website, for example, Wells Fargo encourages its customers to avoid "a trip to the branch" by depositing checks using Wells Fargo Mobile Deposit, touting the system's convenience, simplicity, and ease of use:



23.  Wells Fargo also promotes Wells Fargo Mobile Deposit with video advertisements, including, for instance, to bank customers while they are waiting for service at bank branches. Wells Fargo further promotes Wells Fargo Mobile Deposit to customers using Wells Fargo ATMs.

24.  Wells Fargo Mobile Deposit is incorporated into the "Wells Fargo Mobile" iPhone and Android applications, where it is highlighted as a major feature in the applications' descriptions.  According to the Google Play Store, Wells Fargo Mobile has been downloaded over 10 million times on Android devices.  Exhibit 6.  Wells Fargo Mobile for iPhone is similarly popular, ranking #8 on the iTunes App Store's Finance category (and fourth among bank applications).  Exhibit 7.

25.  Wells Fargo Mobile Deposit allows customers to deposit checks remotely by identifying an account for deposit, entering the dollar amount of the deposit, and taking

photographs of the front and back sides of the check for deposit, all using the customer's mobile

device 'as instructed by Wells Fargo, as shown, for example, by the sequence of screenshots

below from Wells Fargo's website:





26.    Wells Fargo has taken advantage of USAA's pioneering efforts in mobile deposit technologies by incorporating – without permission – USAA's technological innovations into its Wells Fargo Mobile Deposit system.  For example, Wells Fargo Mobile Deposit includes features that were invented, developed, and released to customers years earlier by USAA, such as check alignment guides and feedback indicators to assist the customer in orienting the camera and taking high-quality, legible photographs, as illustrated, for example, by the images below comparing figures from USAA's patents with an image from the Wells Fargo Mobile Deposit system:



27.    As another example, while Well Fargo's customers are following the on-screen guides and instructions to position the camera correctly over the check, Wells Fargo Mobile Deposit will automatically capture a photo of the check when the image is adequate – a feature that USAA developed years before Wells Fargo began offering mobile deposit to its customers.

28.    USAA recognizes that the advent of mobile check deposit has revolutionized the consumer banking experience, with considerable benefits for both banks and customers.  But it is

improper for Wells Fargo to use, without permission, patented technologies that USAA has spent immense resources to invent, develop, implement, and perfect. In view of the foregoing, before involving this Court in this matter, USAA approached Wells Fargo, for example in August 2017, and engaged in good faith negotiations regarding "USAA's Remote Deposit Capture (RDC) patents." Wells Fargo, however, has not obtained a license to any of the USAA Patents and continues to profit by providing its infringing mobile deposit service to millions of Wells Fargo customers without USAA's permission and without any compensation to USAA.

## V.     FIRST CLAIM FOR RELIEF – '779 PATENT

29.     USAA re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

30.     The '779 Patent, entitled "Systems and methods for alignment of check during mobile deposit," was duly and legally issued on April 15, 2014. A true and correct copy of the '779 Patent is attached as Exhibit 1.

31.     The '779 Patent has been in full force and effect since its issuance. USAA owns by assignment the entire right, title and interest in and to the '779 Patent, including the exclusive right to seek damages for past, current and future infringement thereof. USAA is informed and believes, and on this basis alleges, that Wells Fargo, agents of Wells Fargo, and/or third parties acting under Wells Fargo's direction and control, including Wells Fargo's customers and partners, have committed and continue to commit acts of direct infringement of one or more claims of the '779 Patent, including, for example, Claim 10, literally and/or under the doctrine of equivalents, by making, using, selling, offering to sell and/or importing into the United States, Wells Fargo Mobile Deposit. For example, on information and belief, Wells Fargo Mobile Deposit: is a system for depositing checks, comprising a software application installed on a mobile device, such as a customer's smartphone, having a camera, display, and processor configured to run the software application; projects an alignment guide in the display of the mobile device, which displays a field of view of the camera; monitors an image of a check that is within the camera's field of view; determines whether the image of the check aligns with the alignment guide; automatically captures

the image of the check when it is determined to align with the alignment guide; and transmits the captured image of the check from the camera to a depository via a communication pathway between the mobile device and the depository. As another example, on information and belief, Wells Fargo Mobile Deposit comprises a software application installed on a mobile device, such as a customer's smartphone, comprising instructions being executed by a processor of the mobile device to: deposit a check; project an alignment guide in the display of the mobile device, which displays a field of view of the camera; determine whether the image of the check aligns with the alignment guide; automatically capture the image of the check when the image of the check is determined to align with the alignment guide; and transmit the image of the check from the mobile device to a deposit system.

32. For example, Wells Fargo Mobile Deposit comprises a system accessible through Android or iPhone smartphones:





33.    The Wells Fargo Mobile Deposit system uses the capabilities of the customer's smartphone to provide remote check depositing functionality:



34.    Wells Fargo Mobile Deposit receives, from the user, an indication of the amount of the check and the account into which the check is to be deposited:



35.     Wells Fargo Mobile Deposit uses the smartphone's camera to capture images of the check for deposit:



36.     As illustrated in the above image, Wells Fargo Mobile Deposit projects an alignment guide in the field of view of the camera to assist the user in capturing images of the check.  Wells Fargo Mobile Deposit also provides instructions to users, including, for example, to "Center check and hold steady."

37.     Wells Fargo Mobile Deposit includes guidelines for taking photos that work best, including, for example, to "Place your check on a dark-colored, plain surface that's well lit," "Position your camera directly over the check (not at an angle)," and "Fit all 4 corners in the guides of your mobile device's camera screen."

38.     Wells Fargo Mobile Deposit automatically captures the image of the check when it is properly aligned, as described, for example, in the instructions on Wells Fargo's website (red underlining added for emphasis):



39.     Wells Fargo has had actual knowledge of its infringement of the '779 Patent since at least the time of service of this Complaint, and continues to infringe the '779 Patent notwithstanding that knowledge. USAA is further informed and believes that Wells Fargo has had actual knowledge of its infringement of the '779 Patent since before the time of service of this Complaint, including for the reasons that, for example: USAA put Wells Fargo on notice of the need to license its remote deposit capture (RDC) patents; USAA's Deposit@Home® and Deposit@Mobile® products were well-known and publicized; USAA has received acclaim for its pioneering technological developments in mobile deposit; USAA has marked its products with notices regarding the '779 Patent; USAA and Wells Fargo are competitors in the same industry and, in particular, offer competing mobile deposit products, giving Wells Fargo reason to investigate USAA's patents on the technologies; and USAA has approached Wells Fargo regarding licensing of USAA's mobile deposit patents. To the extent that Wells Fargo lacked knowledge of its infringement of the '779 Patent before the time of service of this Complaint, it remained willfully blind by affirmatively avoiding investigating USAA's patents or inspecting

USAA's mobile check deposit application, as evidenced by, for example, Wells Fargo's notice of a need to license USAA's remote deposit capture (RDC) patents of which the '779 Patent is an integral part, and, on information and belief, Wells Fargo's knowledge of USAA's Deposit@Home® and Deposit@Mobile® products.

40.     Wells Fargo actively encourages, directs, and controls third parties, including its customers and partners, to use Wells Fargo Mobile Deposit in an infringing manner, including through Wells Fargo's website, advertisements, documentation/instructional material, customer support, application and feature descriptions, and in-application instructions.  On information and belief, for example, Wells Fargo contracts with Google and Apple to distribute its Wells Fargo Mobile applications to Android and iPhone users, respectively.

41.     USAA is informed and believes, and on this basis alleges, that from at least the time of service of this Complaint, Wells Fargo is inducing infringement of the '779 Patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(b), by knowingly encouraging or aiding third parties to make, use, sell or offer to sell Wells Fargo Mobile Deposit in the United States, or to import Wells Fargo Mobile Deposit into the United States, and/or in violation of 35 U.S.C. § 271(f)(1), by supplying or causing to be supplied Wells Fargo Mobile Deposit in or from the United States, without license or authority from USAA, with knowledge of or willful blindness to the fact that Wells Fargo's actions will induce others, including but not limited to its customers, partners, and/or end users, to directly infringe the '779 Patent.  USAA is further informed and believes, and on this basis alleges, that Wells Fargo has intentionally aided and encouraged third parties (including Wells Fargo's customers, partners, and/or end users) to use Wells Fargo Mobile Deposit in the United States in a manner that it knows would infringe or have a high probability of infringing the '779 Patent, with the specific intent that those performing the acts infringe the '779 Patent.

42.     USAA is informed and believes, and on this basis alleges, that from at least the time of service of this Complaint, Wells Fargo is contributorily infringing the '779 Patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(c), by selling, offering to

sell, and/or importing into the United States, and/or in violation of 35 U.S.C. § 271(f)(2), by supplying or causing to be supplied in or from the United States, Wells Fargo Mobile Deposit for use in infringing the '779 Patent, constituting a material part of the invention, knowing Wells Fargo Mobile Deposit to be especially made or especially adapted for use in infringing the '779 Patent. USAA is further informed and believes, and on this basis alleges, that Wells Fargo Mobile Deposit is not a staple article or commodity of commerce suitable for substantial non-infringing use.

43.     USAA is informed and believes, and on this basis alleges, that these third parties have infringed and will infringe the '779 Patent by using Wells Fargo Mobile Deposit in violation of 35 U.S.C. § 271(a).

44.     As a result of Wells Fargo's infringement of the '779 Patent, USAA has been damaged. In addition, Wells Fargo's infringing acts and practices have caused and are causing immediate and irreparable harm to USAA. USAA is entitled to recover for damages sustained as a result of Wells Fargo's wrongful acts in an amount yet to be determined and to receive such other and further relief, including equitable relief, as this Court deems just and proper.

45.     USAA is further informed, and on this basis alleges, that Wells Fargo's infringement of the '779 Patent has been and continues to be deliberate and willful, and, therefore, this is an exceptional case warranting an award of enhanced damages for up to three times the actual damages awarded and attorney's fees to USAA pursuant to 35 U.S.C. §§ 284-285. As noted above, Wells Fargo has had knowledge of the '779 Patent and its infringement thereof, and yet has deliberately continued to infringe in a wanton, malicious, and egregious manner, with reckless disregard for USAA's patent rights. Thus, Wells Fargo's infringing actions have been and continue to be consciously wrongful.

To the extent 35 U.S.C. § 287 is determined to be applicable, USAA is informed and believes its requirements have been satisfied with respect to the '779 Patent.

## VI.    SECOND CLAIM FOR RELIEF – '517 PATENT

46.     USAA re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

47.     The '517 Patent, entitled "Systems and methods for alignment of check during mobile deposit," was duly and legally issued on May 10, 2016.  A true and correct copy of the '517 Patent is attached as Exhibit 2.

48.     The '517 Patent has been in full force and effect since its issuance.  USAA owns by assignment the entire right, title and interest in and to the '517 Patent, including the exclusive right to seek damages for past, current and future infringement thereof.

49.     USAA is informed and believes, and on this basis alleges, that Wells Fargo, agents of Wells Fargo, and/or third parties acting under Wells Fargo's direction and control, including Wells Fargo's customers and partners, have committed and continue to commit acts of direct infringement of one or more claims of the '517 Patent, including, for example, Claim 10, literally and/or under the doctrine of equivalents, by making, using, selling, offering to sell and/or importing into the United States, Wells Fargo Mobile Deposit.  For example, on information and belief, Wells Fargo Mobile Deposit: is a system for depositing checks, comprising a software application installed on a mobile device, such as a customer's smartphone having a processor and an information capture component, such as a camera; generates an alignment guide adapted to align with an instrument, such as a check, from which the mobile device is adapted to capture information; monitors at least one feature of the instrument detected by the information capture component and determines whether the at least one feature aligns with the alignment guide; automatically captures information of the instrument when the at least one feature aligns with the alignment guide; and transmits the captured information to a server via a communication pathway between the mobile device and the server.  As another example, on information and belief, Wells Fargo Mobile Deposit comprises a software application installed on a mobile device, such as a customer's smartphone, comprising instructions being executed by a processor of the mobile device to: monitor at least one feature of an instrument, such as a check, that is within a field of

view of the mobile device's camera and capture information of the instrument; determine whether the at least one feature aligns with an alignment guide adapted to align with the instrument; automatically capture the information of the instrument when the at least one feature is determined to align with the alignment guide; and transmit the captured information from the mobile device to a server.

50.     For example, Wells Fargo Mobile Deposit comprises a system accessible through Android or iPhone smartphones:





## Point, tap, deposit



**It's handy**
Deposit a check directly into your eligible checking or savings account using the *Wells Fargo Mobile* app.

**It's a snap**
Take photos of the front and back of your check using our app. You'll get immediate confirmation that the deposit was received.



**It's convenient**
There are no additional banking fees for mobile deposits, so get clicking with your next deposit. Make deposits 24/7, almost everywhere you and your phone happen to be.[1]



**It's simple**
Since mobile deposit is part of the *Wells Fargo Mobile* app, you already have it on your device. No additional downloads needed.

Download our app

Mobile Deposit FAQs



51.     As discussed previously, the Wells Fargo Mobile Deposit system uses the capabilities of the customer's smartphone to provide remote check depositing functionality:



52.     Wells Fargo Mobile Deposit receives, from the user, an indication of the amount of the check and the account into which the check is to be deposited:



53.    Wells Fargo Mobile Deposit uses the smartphone's camera to capture images of the check for deposit:



54.    As illustrated in the above image, Wells Fargo Mobile Deposit projects an alignment guide in the field of view of the camera to assist the user in capturing images of the check. Wells Fargo Mobile Deposit also provides instructions to users, including, for example, to "Center check and hold steady."

55.    Wells Fargo Mobile Deposit includes guidelines for taking photos that work best, including, for example, to "Place your check on a dark-colored, plain surface that's well lit,"

"Position your camera directly over the check (not at an angle)," and "Fit all 4 corners in the guides of your mobile device's camera screen."

56.     Wells Fargo Mobile Deposit automatically captures the image of the check when it is properly aligned, as described, for example, in the instructions on Wells Fargo's website (red underlining added for emphasis):



57.     Wells Fargo has had actual knowledge of its infringement of the '517 Patent since at least the time of service of this Complaint, and continues to infringe the '517 Patent notwithstanding that knowledge. USAA is further informed and believes that Wells Fargo has had actual knowledge of its infringement of the '517 Patent since before the time of service of this Complaint, including for the reasons that, for example: USAA put Wells Fargo on notice of the need to license its remote deposit capture (RDC) patents; USAA's Deposit@Home® and Deposit@Mobile® products were well-known and publicized; USAA has received acclaim for its pioneering technological developments in mobile deposit; USAA has marked its products with notices regarding the '517 Patent; USAA and Wells Fargo are competitors in the same industry and, in particular, offer competing mobile deposit products, giving Wells Fargo reason to investigate USAA's patents on the technologies; and USAA has approached Wells Fargo regarding licensing of USAA's mobile deposit patents. To the extent that Wells Fargo lacked knowledge of its infringement of the '517 Patent before the time of service of this Complaint, it remained willfully blind by affirmatively avoiding investigating USAA's patents or inspecting USAA's mobile check deposit application, as evidenced by, for example, Wells Fargo's notice of a need to license USAA's remote deposit capture (RDC) patents of which the '517 Patent is an

- 22 -

integral part, and, on information and belief, Wells Fargo's knowledge of USAA's Deposit@Home® and Deposit@Mobile® products.

58.     Wells Fargo actively encourages, directs, and controls third parties, including its customers and partners, to use Wells Fargo Mobile Deposit in an infringing manner, including through Wells Fargo's website, advertisements, documentation/instructional material, customer support, application and feature descriptions, and in-application instructions.  On information and belief, for example, Wells Fargo contracts with Google and Apple to distribute its Wells Fargo Mobile applications to Android and iPhone users, respectively.

59.     USAA is informed and believes, and on this basis alleges, that from at least the time of service of this Complaint Wells Fargo is inducing infringement of the '517 Patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(b), by knowingly encouraging or aiding third parties to make, use, sell or offer to sell Wells Fargo Mobile Deposit in the United States, or to import Wells Fargo Mobile Deposit into the United States, and/or in violation of 35 U.S.C. § 271(f)(1), by supplying or causing to be supplied Wells Fargo Mobile Deposit in or from the United States, without license or authority from USAA, with knowledge of or willful blindness to the fact that Wells Fargo's actions will induce others, including but not limited to its customers, partners, and/or end users, to directly infringe the '517 Patent.  USAA is further informed and believes, and on this basis alleges, that Wells Fargo has intentionally aided and encouraged third parties (including Wells Fargo's customers, partners, and/or end users) to use Wells Fargo Mobile Deposit in the United States in a manner that it knows would infringe or have a high probability of infringing the '517 Patent, with the specific intent that those performing the acts infringe the '517 Patent.

60.     USAA is informed and believes, and on this basis alleges, that from at least the time of service of this Complaint Wells Fargo is contributorily infringing the '517 Patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(c), by selling, offering to sell, and/or importing into the United States, and/or in violation of 35 U.S.C. § 271(f)(2), by supplying or causing to be supplied in or from the United States, Wells Fargo Mobile Deposit for

use in infringing the '517 Patent, constituting a material part of the invention, knowing Wells Fargo Mobile Deposit to be especially made or especially adapted for use in infringing the '517 Patent. USAA is further informed and believes, and on this basis alleges, that Wells Fargo Mobile Deposit is not a staple article or commodity of commerce suitable for substantial non-infringing use.

61.     USAA is informed and believes, and on this basis alleges, that these third parties have infringed and will infringe the '517 Patent by using Wells Fargo Mobile Deposit in violation of 35 U.S.C. § 271(a).

62.     As a result of Wells Fargo's infringement of the '517 Patent, USAA has been damaged. In addition, Wells Fargo's infringing acts and practices have caused and are causing immediate and irreparable harm to USAA. USAA is entitled to recover for damages sustained as a result of Wells Fargo's wrongful acts in an amount yet to be determined and to receive such other and further relief, including equitable relief, as this Court deems just and proper.

63.     USAA is further informed, and on this basis alleges, that Wells Fargo's infringement of the '517 Patent has been and continues to be deliberate and willful, and, therefore, this is an exceptional case warranting an award of enhanced damages for up to three times the actual damages awarded and attorney's fees to USAA pursuant to 35 U.S.C. §§ 284-285. As noted above, Wells Fargo has had knowledge of the '517 Patent and its infringement thereof, and yet has deliberately continued to infringe in a wanton, malicious, and egregious manner, with reckless disregard for USAA's patent rights. Thus, Wells Fargo's infringing actions have been and continue to be consciously wrongful.

64.     To the extent 35 U.S.C. § 287 is determined to be applicable, USAA is informed and believes its requirements have been satisfied with respect to the '517 Patent.

## VII.    THIRD CLAIM FOR RELIEF – '090 PATENT

65.     USAA re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

66. The '090 Patent, entitled "Systems and methods for image monitoring of check during mobile deposit," was duly and legally issued on November 14, 2017. A true and correct copy of the '090 Patent is attached as Exhibit 3.

67. The '090 Patent has been in full force and effect since its issuance. USAA owns by assignment the entire right, title and interest in and to the '090 Patent, including the exclusive right to seek damages for past, current and future infringement thereof. USAA is informed and believes, and on this basis alleges, that Wells Fargo, agents of Wells Fargo, and/or third parties acting under Wells Fargo's direction and control, including Wells Fargo's customers and partners, have committed and continue to commit acts of direct infringement of one or more claims of the '090 Patent, including, for example, Claim 11, literally and/or under the doctrine of equivalents, by making, using, selling, offering to sell and/or importing into the United States, Wells Fargo Mobile Deposit. For example, on information and belief, Wells Fargo Mobile Deposit: is a system comprising a software application installed on a mobile device, such as a customer's smartphone having a processor, an image capture device, such as a camera, and a presentation device, such as a display; monitors a target document, such as a check, in the field of view of the image capture device with respect to a monitoring criterion; controls the presentation device to present feedback information describing an instruction for satisfying the monitoring criterion; determines whether the monitoring criterion is satisfied based on the target document in the field of view of the image capture device; and controls the image capture device to capture an image depicting the target document when the monitoring criterion is determined to be satisfied. As another example, Wells Fargo Mobile Deposit comprises a software application installed on a mobile device, such as a customer's smartphone, comprising instructions that, when executed by a processor of the mobile device, cause the processor to perform certain steps for capturing an image of a check, including: monitoring a target document, such as a check, in the field of view of an image capture device, such as the device's camera, with respect to a monitoring criterion; controlling a presentation device, such as the device's display, to present feedback information describing an instruction for satisfying the monitoring criterion; determining whether the monitoring criterion is satisfied based

on the target document in the field of view of the image capture device; and, when the monitoring criterion is deemed to be satisfied, controlling the image capture device to capture an image depicting the target document in the field of view of the image capture device.

68.    For example, Wells Fargo Mobile Deposit comprises a system accessible through Android or iPhone smartphones:





## Point, tap, deposit

   

**It's handy**
Deposit a check directly into your eligible checking or savings account using the *Wells Fargo Mobile* app.

**It's a snap**
Take photos of the front and back of your check using our app. You'll get immediate confirmation that the deposit was received.

**It's convenient**
There are no additional banking fees for mobile deposits, so get clicking with your next deposit. Make deposits 24/7, almost everywhere you and your phone happen to be.[1]

**It's simple**
Since mobile deposit is part of the *Wells Fargo Mobile* app, you already have it on your device. No additional downloads needed.

Download our app

Mobile Deposit FAQs



69.    As discussed above, the Wells Fargo Mobile Deposit system uses the capabilities of the customer's smartphone to provide remote check depositing functionality:



70.    Wells Fargo Mobile Deposit receives, from the user, an indication of the amount of the check and the account into which the check is to be deposited:



71.     Wells Fargo Mobile Deposit uses the smartphone's camera to capture images of the check for deposit:



72.     As illustrated in the above image, Wells Fargo Mobile Deposit projects an alignment guide in the field of view of the camera to assist the user in capturing images of the check. Wells Fargo Mobile Deposit also provides instructions to users, including, for example, to "Center check and hold steady."

73.     Wells Fargo Mobile Deposit includes guidelines for taking photos that work best, including, for example, to "Place your check on a dark-colored, plain surface that's well lit," "Position your camera directly over the check (not at an angle)," and "Fit all 4 corners in the guides of your mobile device's camera screen."

74.     Wells Fargo Mobile Deposit monitors the image of the check in the field of view of the camera and provides visual feedback to the customer, including, for example, indicating whether the customer should "Get closer" (e.g., move the device closer to the check) or "Hold steady" (e.g., hold the device in position).

75.     Wells Fargo Mobile Deposit automatically captures the image of the check when the image is satisfactory, as described, for example, in the instructions on Wells Fargo's website (red underlining added for emphasis):



76.     Wells Fargo has had actual knowledge of its infringement of the '090 Patent since at least the time of service of this Complaint, and continues to infringe the '090 Patent notwithstanding that knowledge.  USAA is further informed and believes that Wells Fargo has had actual knowledge of its infringement of the '090 Patent since before the time of service of this Complaint, including for the reasons that, for example: USAA put Wells Fargo on notice of the need to license its remote deposit capture (RDC) patents; USAA's Deposit@Home® and Deposit@Mobile® products were well-known and publicized; USAA has received acclaim for its pioneering technological developments in mobile deposit; USAA has marked its products with notices regarding the '090 Patent; USAA and Wells Fargo are competitors in the same industry and, in particular, offer competing mobile deposit products, giving Wells Fargo reason to

investigate USAA's patents on the technologies; and USAA has approached Wells Fargo regarding licensing of USAA's mobile deposit patents. To the extent that Wells Fargo lacked knowledge of its infringement of the '090 Patent before the time of service of this Complaint, it remained willfully blind by affirmatively avoiding investigating USAA's patents or inspecting USAA's mobile check deposit application, as evidenced by, for example, Wells Fargo's notice of a need to license USAA's remote deposit capture (RDC) patents of which the '090 Patent is an integral part, and, on information and belief, Wells Fargo's knowledge of USAA's Deposit@Home® and Deposit@Mobile® products.

77.     Wells Fargo actively encourages, directs, and controls third parties, including its customers and partners, to use Wells Fargo Mobile Deposit in an infringing manner, including through Wells Fargo's website, advertisements, documentation/instructional material, customer support, application and feature descriptions, and in-application instructions. On information and belief, for example, Wells Fargo contracts with Google and Apple to distribute its Wells Fargo Mobile applications to Android and iPhone users, respectively.

78.     USAA is informed and believes, and on this basis alleges, that from at least the time of service of this complaint, Wells Fargo is inducing infringement of the '090 Patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(b), by knowingly encouraging or aiding third parties to make, use, sell or offer to sell Wells Fargo Mobile Deposit in the United States, or to import Wells Fargo Mobile Deposit into the United States, and/or in violation of 35 U.S.C. § 271(f)(1), by supplying or causing to be supplied Wells Fargo Mobile Deposit in or from the United States, without license or authority from USAA, with knowledge of or willful blindness to the fact that Wells Fargo's actions will induce others, including but not limited to its customers, partners, and/or end users, to directly infringe the '090 Patent. USAA is further informed and believes, and on this basis alleges, that Wells Fargo has intentionally aided and encouraged third parties (including Wells Fargo's customers, partners, and/or end users) to use Wells Fargo Mobile Deposit in the United States in a manner that it knows would infringe or

have a high probability of infringing the '090 Patent, with the specific intent that those performing the acts infringe the '090 Patent.

79.     USAA is informed and believes, and on this basis alleges, that from at least the time of service of this complaint, Wells Fargo is contributorily infringing the '090 Patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(c), by selling, offering to sell, and/or importing into the United States, and/or in violation of 35 U.S.C. § 271(f)(2), by supplying or causing to be supplied in or from the United States, Wells Fargo Mobile Deposit for use in infringing the '090 Patent, constituting a material part of the invention, knowing Wells Fargo Mobile Deposit to be especially made or especially adapted for use in infringing the '090 Patent. USAA is further informed and believes, and on this basis alleges, that Wells Fargo Mobile Deposit is not a staple article or commodity of commerce suitable for substantial non-infringing use.

80.     USAA is informed and believes, and on this basis alleges, that these third parties have infringed and will infringe the '090 Patent by using Wells Fargo Mobile Deposit in violation of 35 U.S.C. § 271(a).

81.     As a result of Wells Fargo's infringement of the '090 Patent, USAA has been damaged. In addition, Wells Fargo's infringing acts and practices have caused and are causing immediate and irreparable harm to USAA. USAA is entitled to recover for damages sustained as a result of Wells Fargo's wrongful acts in an amount yet to be determined and to receive such other and further relief, including equitable relief, as this Court deems just and proper.

82.     USAA is further informed, and on this basis alleges, that Wells Fargo's infringement of the '090 Patent has been and continues to be deliberate and willful, and, therefore, this is an exceptional case warranting an award of enhanced damages for up to three times the actual damages awarded and attorney's fees to USAA pursuant to 35 U.S.C. §§ 284-285. As noted above, Wells Fargo has had knowledge of the '090 Patent and its infringement thereof, and yet has deliberately continued to infringe in a wanton, malicious, and egregious manner, with

reckless disregard for USAA's patent rights. Thus, Wells Fargo's infringing actions have been and continue to be consciously wrongful.

83.     To the extent 35 U.S.C. § 287 is determined to be applicable, USAA is informed and believes its requirements have been satisfied with respect to the '090 Patent.

## VIII.   FOURTH CLAIM FOR RELIEF – '571 PATENT

84.     USAA re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

85.     The '571 Patent, entitled "Systems and methods for image monitoring of check during mobile deposit," was duly and legally issued on March 10, 2015. A true and correct copy of the '571 Patent is attached as Exhibit 4.

86.     The '571 Patent has been in full force and effect since its issuance. USAA owns by assignment the entire right, title and interest in and to the '571 Patent, including the exclusive right to seek damages for past, current and future infringement thereof. USAA is informed and believes, and on this basis alleges, that Wells Fargo, agents of Wells Fargo, and/or third parties acting under Wells Fargo's direction and control, including Wells Fargo's customers and partners, have committed and continue to commit acts of direct infringement of one or more claims of the '571 Patent, including, for example, Claim 1, literally and/or under the doctrine of equivalents, by making, using, selling, offering to sell and/or importing into the United States, Wells Fargo Mobile Deposit. For example, on information and belief, Wells Fargo Mobile Deposit comprises a software application installed on a mobile device, such as a customer's smartphone, comprising instructions that, when executed by a processor, cause the processor to: monitor an image of the check in a field of view of a camera of a mobile device with respect to a monitoring criterion using an image monitoring and capture module of the mobile device; capture the image of the check with the camera when the image of the check passes the monitoring criterion; and provide the image of the check from the camera to a depository via a communication pathway between the mobile device and the depository. As another example, Wells Fargo Mobile Deposit comprises a software application installed on a mobile device, such as a customer's smartphone, comprising

instructions that, when executed by a processor, cause the processor to: initialize a software object on a mobile device operated by a user, the software object configured to communicate with a camera; monitor an image of the check in a field of view of the camera with respect to a monitoring criterion using an image monitoring and capture module associated with the camera; capture the image of the check using the camera when the image of the check in the field of view passes the monitoring criterion; and transmit the image of the check from the mobile device to a deposit system configured to clear the check and deposit funds of the check into a deposit account of the user. As another example, Wells Fargo Mobile Deposit is part of a system comprising: a subsystem that receives at a server a request for access to a deposit system from a mobile device; a subsystem that receives, at the server from the mobile device, an image of the check in a field of view of a camera associated with the mobile device; a subsystem that monitors, at a computing device of the server, the image with respect to a monitoring criterion; a subsystem that provides instructions from the server to the mobile device to create a digital image of the check when the image passes the monitoring criterion; a subsystem that receives the digital image at the server from the mobile device; a subsystem that processes the digital image at a check processing module of the server; and a subsystem that deposits funds of the check into an account associated with the deposit system using the processed digital image and a check clearance module of the server.

87.    For example, Wells Fargo Mobile Deposit comprises a system accessible through Android or iPhone smartphones:



88.     As discussed above, the Wells Fargo Mobile Deposit system uses the capabilities of the customer's smartphone to provide remote check depositing functionality:



89.    Wells Fargo Mobile Deposit receives, from the user, an indication of the amount of the check and the account into which the check is to be deposited:



90.    Wells Fargo Mobile Deposit uses the smartphone's camera to capture images of the check for deposit:



91.     As illustrated in the above image, Wells Fargo Mobile Deposit projects an alignment guide in the field of view of the camera to assist the user in capturing images of the check.  Wells Fargo Mobile Deposit also provides instructions to users, including, for example, to "Center check and hold steady."

92.     Wells Fargo Mobile Deposit includes guidelines for taking photos that work best, including, for example, to "Place your check on a dark-colored, plain surface that's well lit," "Position your camera directly over the check (not at an angle)," and "Fit all 4 corners in the guides of your mobile device's camera screen."

93.     Wells Fargo Mobile Deposit monitors the image of the check in the field of view of the camera and provides visual feedback to the customer, including, for example, indicating whether the customer should "Get closer" (e.g., move the device closer to the check) or "Hold steady" (e.g., hold the device in position).

94.     Wells Fargo Mobile Deposit automatically captures the image of the check when the image is satisfactory, as described, for example, in the instructions on Wells Fargo's website (red underlining added for emphasis):



95.    Wells Fargo has had actual knowledge of its infringement of the '571 Patent since at least the time of service of this Complaint, and continues to infringe the '571 Patent notwithstanding that knowledge.  USAA is further informed and believes that Wells Fargo has had actual knowledge of its infringement of the '571 Patent since before the time of service of this Complaint, including for the reasons that, for example: USAA put Wells Fargo on notice of the need to license its remote deposit capture (RDC) patents; USAA's Deposit@Home® and Deposit@Mobile® products were well-known and publicized; USAA has received acclaim for its pioneering technological developments in mobile deposit; USAA has marked its products with notices regarding the '571 Patent; USAA and Wells Fargo are competitors in the same industry and, in particular, offer competing mobile deposit products, giving Wells Fargo reason to investigate USAA's patents on the technologies; and USAA has approached Wells Fargo regarding licensing of USAA's mobile deposit patents.  To the extent that Wells Fargo lacked knowledge of its infringement of the '571 Patent before the time of service of this Complaint, it remained willfully blind by affirmatively avoiding investigating USAA's patents or inspecting USAA's mobile check deposit application, as evidenced by, for example, Wells Fargo's notice of a need to license USAA's remote deposit capture (RDC) patents of which the '571 Patent is an integral part, and, on information and belief, Wells Fargo's knowledge of USAA's Deposit@Home® and Deposit@Mobile® products.

96.    Wells Fargo actively encourages, directs, and controls third parties, including its customers and partners, to use Wells Fargo Mobile Deposit in an infringing manner, including through Wells Fargo's website, advertisements, documentation/instructional material, customer

support, application and feature descriptions, and in-application instructions.  On information and belief, for example, Wells Fargo contracts with Google and Apple to distribute its Wells Fargo Mobile applications to Android and iPhone users, respectively.

97.    USAA is informed and believes, and on this basis alleges, that from at least the time of service of this complaint, Wells Fargo is inducing infringement of the '571 Patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(b), by knowingly encouraging or aiding third parties to make, use, sell or offer to sell Wells Fargo Mobile Deposit in the United States, or to import Wells Fargo Mobile Deposit into the United States, and/or in violation of 35 U.S.C. § 271(f)(1), by supplying or causing to be supplied Wells Fargo Mobile Deposit in or from the United States, without license or authority from USAA, with knowledge of or willful blindness to the fact that Wells Fargo's actions will induce others, including but not limited to its customers, partners, and/or end users, to directly infringe the '571 Patent.  USAA is further informed and believes, and on this basis alleges, that Wells Fargo has intentionally aided and encouraged third parties (including Wells Fargo's customers, partners, and/or end users) to use Wells Fargo Mobile Deposit in the United States in a manner that it knows would infringe or have a high probability of infringing the '571 Patent, with the specific intent that those performing the acts infringe the '571 Patent.

98.    USAA is informed and believes, and on this basis alleges, that from at least the time of service of this complaint, Wells Fargo is contributorily infringing the '571 Patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(c), by selling, offering to sell, and/or importing into the United States, and/or in violation of 35 U.S.C. § 271(f)(2), by supplying or causing to be supplied in or from the United States, Wells Fargo Mobile Deposit for use in infringing the '571 Patent, constituting a material part of the invention, knowing Wells Fargo Mobile Deposit to be especially made or especially adapted for use in infringing the '571 Patent.  USAA is further informed and believes, and on this basis alleges, that Wells Fargo Mobile Deposit is not a staple article or commodity of commerce suitable for substantial non-infringing use.

99.     USAA is informed and believes, and on this basis alleges, that these third parties have infringed and will infringe the '571 Patent by using Wells Fargo Mobile Deposit in violation of 35 U.S.C. § 271(a).

100.    As a result of Wells Fargo's infringement of the '571 Patent, USAA has been damaged.  In addition, Wells Fargo's infringing acts and practices have caused and are causing immediate and irreparable harm to USAA.  USAA is entitled to recover for damages sustained as a result of Wells Fargo's wrongful acts in an amount yet to be determined and to receive such other and further relief, including equitable relief, as this Court deems just and proper.

101.    USAA is further informed, and on this basis alleges, that Wells Fargo's infringement of the '571 Patent has been and continues to be deliberate and willful, and, therefore, this is an exceptional case warranting an award of enhanced damages for up to three times the actual damages awarded and attorney's fees to USAA pursuant to 35 U.S.C. §§ 284-285.  As noted above, Wells Fargo has had knowledge of the '571 Patent and its infringement thereof, and yet has deliberately continued to infringe in a wanton, malicious, and egregious manner, with reckless disregard for USAA's patent rights.  Thus, Wells Fargo's infringing actions have been and continue to be consciously wrongful.

102.    To the extent 35 U.S.C. § 287 is determined to be applicable, USAA is informed and believes its requirements have been satisfied with respect to the '571 Patent.

## IX.     **PRAYER FOR RELIEF**

**WHEREFORE**, USAA prays for judgment against Wells Fargo as follows:

A.      That Wells Fargo has infringed, and continues to infringe, each of the USAA Patents;

B.      That each claim of each of the USAA Patents is valid and enforceable;

C.      That Wells Fargo pay damages adequate to compensate USAA for Wells Fargo's infringement, together with interest and costs under 35 U.S.C. § 284;

D.      That Wells Fargo be ordered to pay pre-judgment and post-judgment interest on the damages assessed;

E.      That Wells Fargo be ordered to play supplemental damages to USAA, including interest, with an accounting, as needed;

F.      That Wells Fargo's infringement is willful and that the damages awarded to USAA should be enhanced up to three times the actual damages awarded;

G.      That USAA be awarded damages for its costs, disbursements, expert witness fees, and attorneys' fees and costs incurred in prosecution this action, with interest, including damages for an exceptional case pursuant to 35 U.S.C. § 285 and as otherwise provided by law; and

H.      That USAA be awarded such other and further relief, including equitable relief, as this Court deems just and proper.

## X.      DEMAND FOR JURY TRIAL

103.    Pursuant to Federal Rule of Civil Procedure 38(b), USAA hereby demands a trial by jury on all issues triable to a jury.

Dated: June 7, 2018                    Respectfully submitted,

                                       **PARKER, BUNT & AINSWORTH, P.C.**

                                       /s/ Robert Christopher Bunt

                                       Robert C. Bunt
                                       Lead Attorney
                                       Texas State Bar No. 00787165
                                       100 E. Ferguson, Suite 1114
                                       Tyler, Texas 75702
                                       Tel. (903) 531-3535
                                       Fax (903) 533-9687

                                       **Attorneys for Plaintiff United Services
                                       Automobile Association (USAA)**

Co-Counsel:

**IRELL & MANELLA LLP**

Jason Sheasby (CA #205455) to appear PHV
Ben Hattenbach (CA #186455) to appear PHV
Anthony Rowles (CA #301209) to appear PHV
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

# EXHIBIT 5

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| UNITED SERVICES AUTOMOBILE ASSOCIATION a Texas reciprocal inter-insurance exchange, ) ) )<br><br>Plaintiff, )<br>)<br>v. )<br>)<br>WELLS FARGO BANK, N.A., ) a national banking association, )<br>)<br>Defendant. )<br>)<br>)<br>)<br>)<br>) | Civil Action No. 2:18-cv-00366<br><br>JURY TRIAL DEMANDED |

---

## COMPLAINT

---

Plaintiff United Services Automobile Association ("USAA"), by its undersigned counsel, for its Complaint against defendant Wells Fargo Bank, N.A. ("Wells Fargo"), states as follows, with knowledge as to its own acts, and on information and belief as to the acts of others:

## I.    THE PARTIES

1.    Plaintiff USAA is a reciprocal interinsurance exchange and unincorporated association organized under the laws of the State of Texas having its principal place of business at 9800 Fredericksburg Road, San Antonio, Texas 78288.  The USAA family of companies is dedicated to the financial well-being of members of the military and their families through the provision of insurance, banking, investment, and retirement products and services.  USAA does business in this judicial district, and through its website at www.usaa.com and USAA Mobile smartphone applications.

2.      On information and belief, Wells Fargo is a national banking association organized under the laws of the United States of America.  Wells Fargo does business throughout the United States, including in this judicial district.

## II.     JURISDICTION AND VENUE

3.      Subject matter jurisdiction is based on 28 U.S.C. § 1338, in that this action arises under federal statute, the patent laws of the United States (35 U.S.C. §§ 1, *et seq.*).

4.      The Court has personal jurisdiction over Wells Fargo because it has substantial, systematic and continuous contacts with this judicial district.  Wells Fargo has a regular and established place of business in the State of Texas and in the Eastern District of Texas, including operating hundreds of bank branches and ATMs in Texas and numerous bank branches and ATMs in this judicial district, and conducts business with customers residing in this judicial district both through its bank branches and ATMs and its online and mobile banking services.  Wells Fargo has committed acts of patent infringement and, as detailed below, contributed to or induced acts of patent infringement by others in this judicial district and elsewhere in Texas.  Wells Fargo is registered to do business in Texas and maintains an agent authorized to receive service of process within Texas.

5.      Venue is proper under 28 U.S.C. § 1400(b) because Wells Fargo has committed acts of infringement and maintains a regular and established place of business in this judicial district.

## III.    ONGOING LITIGATION

6.      There another patent infringement case pending against Wells Fargo, Case No. 2:18-cv-00245-JRG, which was filed on June 7, 2018.  The two suits involve distinct patent families with distinct specifications and distinct priority dates.  Indeed, two of the patents asserted in the instant complaint did not even issue until after the earlier case was filed.

## IV.     FACTUAL ALLEGATIONS

### The USAA Patents-in-Suit

7.     USAA is the assignee of all right, title, and interest in U.S. Patent Nos. 9,224,136 (the "'136 Patent"), 8,392,332 (the "'332 Patent"), 10,013,681 (the "'681 Patent"), 8,708,227 (the "'227 Patent"), and 10,013,605 (the "'605 Patent") (collectively referred to as the "USAA Patents" in this Complaint). The USAA Patents arose from years of research and development of remote check deposit technologies by engineers in USAA's Innovation Lab.

### The '136, '332, and '681 Patents

8.     The '136 Patent, '332 Patent, and '681 Patent, entitled "Systems and methods for remote deposit of checks," were invented by Charles Lee Oakes III, Randy Ray Morlen, Bharat Prasad, and Troy Bartlette Huth. The patents are, generally speaking, directed to improved computing systems that enable commercially-viable remote check deposit systems, including those used today by Wells Fargo, for example, by determining and validating the routing number on a check, converting the file format of a check image, generating a log file containing useful information about the check or its image, and/or assisting the user in taking a high-quality check image, for example by instructing the user regarding the proper distance away from the check to hold the camera. The addition of these systems to remote check deposit systems dramatically increases the efficiency and performance of remote check deposit systems. Below is a figure from the patents.



9.     The '136, '332, and '681 Patents describe systems and methods for "remotely redeeming a negotiable instrument." The systems and methods taught by the '136, '332, and '681 Patents solve discrete, technological problems associated with computing systems used as part of capturing images of checks for deposit on mobile devices, representing new, novel and useful improvements over the existing and/or patentably distinct means and methods. For example, a "log file" may be generated comprising information such as the check image and information identifying the user's device and camera. As another example, information from the check, such as the routing number or check amount, may be determined using optical character recognition and validated. As another example, a "graphical illustration" may be displayed to assist the user in capturing high-quality check images, or the user may be provided with instructions, for example regarding the proper distance to hold the camera from the check. The systems and methods taught by the '136, '332, and '681 Patents provide improved functionality over conventional techniques used in prior art systems, resulting in an improved user interface for the customer's mobile device, including, for example, improving the quality of captured check images by using the mobile device's display and camera systems to provide instructions to the user while the user is

attempting to capture check images, including to help the user place the camera at the proper distance away from the check to capture valid check images for depositing, improving the efficiency of the banking computer systems and the mobile electronic devices used for remote check depositing, and helping to make remote check deposit systems commercially viable by reducing error rates and  improving security, for example through validation of check information and error detection prior to depositing, and logging of information related to the check, such as an image of the check in a particular file format, or identification information regarding the user or the mobile device.  The patents' improvements to mobile check depositing systems are further described in their specifications.

<div align="center">The '227 and '605 Patents</div>

10.     The '227 Patent, entitled "Systems and methods for remote deposit of checks," and the '605 Patent, entitled "Digital camera processing system," were invented by Charles Lee Oakes, III, Randy Ray Morlen, Michael Frank Morris, Reynaldo Medina, III, Greg Alan Harpel, Gabriel Glenn Gavia, Bharat Prasad, Frank Kyle Major, and Jeffrey Neal Pollack.  The patents are, generally speaking, directed to improved computing systems that enable commercially-viable remote check deposit systems, including those used today by Wells Fargo, for example, by determining and validating check information, including, for example, the written check amount or the routing number, converting the file format of a check image, generating a log file containing useful information about the check or its image, and/or assisting the user in taking a high-quality check image, for example by instructing the user regarding positioning or orientation of the check with respect to the camera.  The addition of these systems to remote check deposit systems dramatically increases the efficiency and performance of remote check deposit systems.  Below is a figure from the patents.



11.    The '227 Patent and '605 Patent describe systems and methods for "remote deposit of checks."  The systems and methods taught by the '227 and '605 Patents solve discrete, technological problems associated with computer systems used as part of capturing images of checks for deposit using mobile devices, representing new, novel and useful improvements over the existing and/or patentably distinct means and methods.  For example, a "log file" may be generated comprising information such as a bi-tonal image of the check.  As another example, information from the check, such as the routing number or check amount, may be determined using optical character recognition and validated.  As another example, instructions may be provided to the user in order to assist the user in capturing high-quality check images, or the user may be provided with instructions, for example regarding the proper positioning or orientation of the check with respect to the camera.  The systems and methods taught by the '227 and '605 Patents provide improved functionality over conventional techniques used in prior art systems,

resulting in an improved user interface for the customer's mobile device, including, for example, improving the quality of captured check images by using the mobile device's display and camera systems to assist the user in capturing check images with the proper orientation for processing, improving the efficiency of the banking computer systems and mobile electronic devices used for remote check depositing, and helping to make remote check deposit systems commercially viable by reducing error rates and rejected deposits, for example through confirmation of various check information, and by improving the customer experience, for example by providing a novel user interface for mobile check deposit that aids the user in taking check images and successfully depositing checks remotely. The patents' improvements to mobile check depositing systems are further described in their specifications.

### Wells Fargo's Infringement

12.     Wells Fargo is one of the largest banks in the world with a substantial presence in mobile banking, including over 21 million active mobile banking users as of February 2018.

13.     Wells Fargo's remote deposit capture systems, including but not limited to *Wells Fargo Mobile*® Deposit, infringe the USAA Patents. In this Complaint, Wells Fargo's remote deposit capture systems, including but not limited to the *Wells Fargo Mobile*® Deposit system, and any other infringing instrumentalities that include similar functionality, are referred to generally as "Wells Fargo Mobile Deposit."

14.     Wells Fargo's use of the USAA Patents is not licensed or authorized by USAA in any way. USAA has not licensed any of the USAA patents to Wells Fargo.

15.     On information and belief, Wells Fargo released its Wells Fargo Mobile Deposit product to customers years after USAA had already implemented and released its Deposit@Mobile® service to widespread adoption. At the time, the head of Wells Fargo's retail mobile channel in its Internet services group remarked that mobile deposit was "the service our mobile customers request most often" with "a lot of demand." Exhibit 6.

16.     Wells Fargo Mobile Deposit allows Wells Fargo customers to deposit checks using their mobile devices, such as smartphones.  Through its website, for example, Wells Fargo encourages its customers to avoid "a trip to the branch" by depositing checks using Wells Fargo Mobile Deposit, touting the system's convenience, simplicity, and ease of use:



17.     Wells Fargo also promotes Wells Fargo Mobile Deposit with video advertisements, including, for instance, to bank customers while they are waiting for service at bank branches. Wells Fargo further promotes Wells Fargo Mobile Deposit to customers using Wells Fargo ATMs.

18.     Wells Fargo Mobile Deposit is incorporated into the "Wells Fargo Mobile" iPhone and Android applications, where it is highlighted as a major feature in the applications' descriptions.  According to the Google Play Store, Wells Fargo Mobile has been downloaded over 10 million times on Android devices.  Exhibit 7.  Wells Fargo Mobile for iPhone is similarly popular, ranking #8 on the iTunes App Store's Finance category (and fourth among bank applications).  Exhibit 8.

19.     Wells Fargo Mobile Deposit allows customers to deposit checks remotely by identifying an account for deposit, entering the dollar amount of the deposit, and taking photographs of the front and back sides of the check for deposit, all using the customer's mobile

device as instructed by Wells Fargo, as shown, for example, by the sequence of screenshots below

from Wells Fargo's website:







20.     Wells Fargo has taken advantage of USAA's pioneering efforts in mobile deposit technologies by incorporating – without permission – USAA's technological innovations into its Wells Fargo Mobile Deposit system.  For example, Wells Fargo Mobile Deposit includes features that were invented, developed, and released to customers years earlier by USAA, such as graphical illustrations and instructions to assist the customer in orienting the camera and taking high-quality, legible photographs, as illustrated, for example, by the screenshot below from Wells Fargo's website:



21.     As another example, Wells Fargo Mobile Deposit will recognize the routing number from the check image and validate the number, including, for example, instructing the customer to retake the check image if the routing number is not visible.

22.     USAA recognizes that the advent of mobile check deposit has revolutionized the consumer banking experience, with considerable benefits for both banks and customers.  But it is improper for Wells Fargo to use, without permission, patented technologies that USAA has spent immense resources to invent, develop, implement, and perfect.  In view of the foregoing, before involving this Court in this matter, USAA approached Wells Fargo, for example in August 2017, and engaged in good faith negotiations regarding "USAA's Remote Deposit Capture (RDC) patents."  Wells Fargo, however, has not obtained a license to any of the USAA Patents and continues to profit by providing its infringing mobile deposit service to millions of Wells Fargo customers without USAA's permission and without any compensation to USAA.

## V.    FIRST CLAIM FOR RELIEF – '136 PATENT

23.    USAA re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

24.    The '136 Patent, entitled "Systems and methods for remote deposit of checks," was duly and legally issued on December 29, 2015. A true and correct copy of the '136 Patent is attached as Exhibit 1.

25.    The '136 Patent has been in full force and effect since its issuance. USAA owns by assignment the entire right, title and interest in and to the '136 Patent, including the exclusive right to seek damages for past, current and future infringement thereof. USAA is informed and believes, and on this basis alleges, that Wells Fargo, agents of Wells Fargo, and/or third parties acting under Wells Fargo's direction and control, including Wells Fargo's customers and partners, have committed and continue to commit acts of direct infringement of one or more claims of the '136 Patent, including, for example, Claim 1, literally and/or under the doctrine of equivalents, by making, using, selling, offering to sell and/or importing into the United States, Wells Fargo Mobile Deposit. For example, on information and belief, Wells Fargo Mobile Deposit: is a system comprising a software application installed on a mobile device, such as a customer's smartphone, having a memory and a processor configured to run the software application; receives an account identification number, check amount indication, and a check image captured by a camera; validates the routing number for the check image; and initiates a check deposit for the check image.

26.    For example, Wells Fargo Mobile Deposit comprises a system accessible through Android or iPhone smartphones:



27. The Wells Fargo Mobile Deposit system uses the capabilities of the customer's smartphone to provide remote check depositing functionality:



28.     Wells Fargo Mobile Deposit receives, from the user, an indication of the amount of the check and the account into which the check is to be deposited:



29.     Wells Fargo Mobile Deposit uses the smartphone's camera to capture images of the check for deposit:



30.     Wells Fargo Mobile Deposit determines a routing number for the check image using optical character recognition and initiates a check deposit for the check image after, among other things, validating the routing number:



31.     Wells Fargo has had actual knowledge of its infringement of the '136 Patent since at least the time of service of this Complaint, and continues to infringe the '136 Patent notwithstanding that knowledge.  USAA is further informed and believes that Wells Fargo has had actual knowledge of its infringement of the '136 Patent since before the time of service of this

Complaint, including for the reasons that, for example: USAA put Wells Fargo on notice of the need to license its remote deposit capture (RDC) patents; USAA's Deposit@Home® and Deposit@Mobile® products were well-known and publicized; USAA has received acclaim for its pioneering technological developments in mobile deposit; USAA has marked its products with notices regarding the '136 Patent; USAA and Wells Fargo are competitors in the same industry and, in particular, offer competing mobile deposit products, giving Wells Fargo reason to investigate USAA's patents on the technologies; and USAA has approached Wells Fargo regarding licensing of USAA's mobile deposit patents.  To the extent that Wells Fargo lacked knowledge of its infringement of the '136 Patent before the time of service of this Complaint, it remained willfully blind by affirmatively avoiding investigating USAA's patents or inspecting USAA's mobile check deposit application, as evidenced by, for example, Wells Fargo's notice of a need to license USAA's remote deposit capture (RDC) patents of which the '136 Patent is an integral part, and, on information and belief, Wells Fargo's knowledge of USAA's Deposit@Home® and Deposit@Mobile® products.

32.    Wells Fargo actively encourages, directs, and controls third parties, including its customers and partners, to use Wells Fargo Mobile Deposit in an infringing manner, including through Wells Fargo's website, advertisements, documentation/instructional material, customer support, application and feature descriptions, and in-application instructions.  On information and belief, for example, Wells Fargo contracts with Google and Apple to distribute its Wells Fargo Mobile applications to Android and iPhone users, respectively.

33.    USAA is informed and believes, and on this basis alleges, that from at least the time of service of this Complaint, Wells Fargo is inducing infringement of the '136 Patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(b), by knowingly encouraging or aiding third parties to make, use, sell or offer to sell Wells Fargo Mobile Deposit in the United States, or to import Wells Fargo Mobile Deposit into the United States, and/or in violation of 35 U.S.C. § 271(f)(1), by supplying or causing to be supplied Wells Fargo Mobile Deposit in or from the United States, without license or authority from USAA, with knowledge of

or willful blindness to the fact that Wells Fargo's actions will induce others, including but not limited to its customers, partners, and/or end users, to directly infringe the '136 Patent. USAA is further informed and believes, and on this basis alleges, that Wells Fargo has intentionally aided and encouraged third parties (including Wells Fargo's customers, partners, and/or end users) to use Wells Fargo Mobile Deposit in the United States in a manner that it knows would infringe or have a high probability of infringing the '136 Patent, with the specific intent that those performing the acts infringe the '136 Patent.

34.    USAA is informed and believes, and on this basis alleges, that from at least the time of service of this Complaint, Wells Fargo is contributorily infringing the '136 Patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(c), by selling, offering to sell, and/or importing into the United States, and/or in violation of 35 U.S.C. § 271(f)(2), by supplying or causing to be supplied in or from the United States, Wells Fargo Mobile Deposit for use in infringing the '136 Patent, constituting a material part of the invention, knowing Wells Fargo Mobile Deposit to be especially made or especially adapted for use in infringing the '136 Patent. USAA is further informed and believes, and on this basis alleges, that Wells Fargo Mobile Deposit is not a staple article or commodity of commerce suitable for substantial non-infringing use.

35.    USAA is informed and believes, and on this basis alleges, that these third parties have infringed and will infringe the '136 Patent by using Wells Fargo Mobile Deposit in violation of 35 U.S.C. § 271(a).

36.    As a result of Wells Fargo's infringement of the '136 Patent, USAA has been damaged. In addition, Wells Fargo's infringing acts and practices have caused and are causing immediate and irreparable harm to USAA. USAA is entitled to recover for damages sustained as a result of Wells Fargo's wrongful acts in an amount yet to be determined and to receive such other and further relief, including equitable relief, as this Court deems just and proper.

37.    USAA is further informed, and on this basis alleges, that Wells Fargo's infringement of the '136 Patent has been and continues to be deliberate and willful, and, therefore,

this is an exceptional case warranting an award of enhanced damages for up to three times the actual damages awarded and attorney's fees to USAA pursuant to 35 U.S.C. §§ 284-285. As noted above, Wells Fargo has had knowledge of the '136 Patent and its infringement thereof, and yet has deliberately continued to infringe in a wanton, malicious, and egregious manner, with reckless disregard for USAA's patent rights. Thus, Wells Fargo's infringing actions have been and continue to be consciously wrongful.

To the extent 35 U.S.C. § 287 is determined to be applicable, USAA is informed and believes its requirements have been satisfied with respect to the '136 Patent.

## VI.   SECOND CLAIM FOR RELIEF – '332 PATENT

38.   USAA re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

39.   The '332 Patent, entitled "Systems and methods for remote deposit of checks," was duly and legally issued on March 5, 2013. A true and correct copy of the '332 Patent is attached as Exhibit 2.

40.   The '332 Patent has been in full force and effect since its issuance. USAA owns by assignment the entire right, title and interest in and to the '332 Patent, including the exclusive right to seek damages for past, current and future infringement thereof.

41.   USAA is informed and believes, and on this basis alleges, that Wells Fargo, agents of Wells Fargo, and/or third parties acting under Wells Fargo's direction and control, including Wells Fargo's customers and partners, have committed and continue to commit acts of direct infringement of one or more claims of the '332 Patent, including, for example, Claim 1, literally and/or under the doctrine of equivalents, by making, using, selling, offering to sell and/or importing into the United States, Wells Fargo Mobile Deposit. For example, on information and belief, Wells Fargo Mobile Deposit: implements a method for processing a check deposit, comprising, through a processor: receiving a customer identification of an account for deposition; receiving a first image of a front side of a check in a first file format from a customer's mobile device; creating a second image of the front side of the check by converting the first image into a

second file format; and generating a log file comprising the second image and an identification of the customer's mobile device and its camera.  As another example, on information and belief, Wells Fargo Mobile Deposit is a system comprising a software application installed on a mobile device, such as a customer's smartphone, comprising instructions being executed by a processor of the mobile device to: receive a customer identification of an account for deposition; receive a first image of a front side of a check in a first file format from a customer's mobile device; create a second image of the front side of the check by converting the first image into a second file format; and generate a log file comprising the second image and an identification of the customer's mobile device and its camera.

42.     For example, Wells Fargo Mobile Deposit comprises a system accessible through Android or iPhone smartphones:



*Wells Fargo Mobile®* Deposit                    🖶 Print | Share 🇫 🇴 ◻

You already take pictures with your smartphone. Let your checks in on the action.

## Point, tap, deposit

      



**It's handy**
Deposit a check directly into your eligible checking or savings account using the *Wells Fargo Mobile* app.

**It's a snap**
Take photos of the front and back of your check using our app. You'll get immediate confirmation that the deposit was received.

**It's convenient**
There are no additional banking fees for mobile deposits, so get clicking with your next deposit. Make deposits 24/7, almost everywhere you and your phone happen to be.¹

**It's simple**
Since mobile deposit is part of the *Wells Fargo Mobile* app, you already have it on your device. No additional downloads needed.

Download our app

Mobile Deposit FAQs



43.     As discussed previously, the Wells Fargo Mobile Deposit system uses the capabilities of the customer's smartphone to provide remote check depositing functionality:



44.     Wells Fargo Mobile Deposit receives, from the user, an indication of the amount of the check and the account into which the check is to be deposited:

- 19 -



45.   Wells Fargo Mobile Deposit uses the smartphone's camera to capture images of the check for deposit:



46.    Wells Fargo Mobile Deposit initiates a check deposit for the check image:



47.    Wells Fargo Mobile Deposit, as part of the deposit process, creates a second image of the check images in a second file format, such as, for example, a bi-tonal Tag Image File Format (TIFF) format and generates a log file for the deposit comprising, among other things, the created second image and an identification of the customer's mobile device and its camera.

48.    Wells Fargo has had actual knowledge of its infringement of the '332 Patent since at least the time of service of this Complaint, and continues to infringe the '332 Patent notwithstanding that knowledge.  USAA is further informed and believes that Wells Fargo has had actual knowledge of its infringement of the '332 Patent since before the time of service of this Complaint, including for the reasons that, for example: USAA put Wells Fargo on notice of the need to license its remote deposit capture (RDC) patents; USAA's Deposit@Home® and Deposit@Mobile® products were well-known and publicized; USAA has received acclaim for its pioneering technological developments in mobile deposit; USAA has marked its products with notices regarding the '332 Patent; USAA and Wells Fargo are competitors in the same industry and, in particular, offer competing mobile deposit products, giving Wells Fargo reason to investigate USAA's patents on the technologies; and USAA has approached Wells Fargo

regarding licensing of USAA's mobile deposit patents.  To the extent that Wells Fargo lacked

knowledge of its infringement of the '332 Patent before the time of service of this Complaint, it

remained willfully blind by affirmatively avoiding investigating USAA's patents or inspecting

USAA's mobile check deposit application, as evidenced by, for example, Wells Fargo's notice of

a need to license USAA's remote deposit capture (RDC) patents of which the '332 Patent is an

integral part, and, on information and belief, Wells Fargo's knowledge of USAA's

Deposit@Home® and Deposit@Mobile® products.

      49.      Wells Fargo actively encourages, directs, and controls third parties, including its

customers and partners, to use Wells Fargo Mobile Deposit in an infringing manner, including

through Wells Fargo's website, advertisements, documentation/instructional material, customer

support, application and feature descriptions, and in-application instructions.  On information and

belief, for example, Wells Fargo contracts with Google and Apple to distribute its Wells Fargo

Mobile applications to Android and iPhone users, respectively.

      50.      USAA is informed and believes, and on this basis alleges, that from at least the

time of service of this Complaint Wells Fargo is inducing infringement of the '332 Patent, literally

and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(b), by knowingly

encouraging or aiding third parties to make, use, sell or offer to sell Wells Fargo Mobile Deposit

in the United States, or to import Wells Fargo Mobile Deposit into the United States, and/or in

violation of 35 U.S.C. § 271(f)(1), by supplying or causing to be supplied Wells Fargo Mobile

Deposit in or from the United States, without license or authority from USAA, with knowledge of

or willful blindness to the fact that Wells Fargo's actions will induce others, including but not

limited to its customers, partners, and/or end users, to directly infringe the '332 Patent.  USAA is

further informed and believes, and on this basis alleges, that Wells Fargo has intentionally aided

and encouraged third parties (including Wells Fargo's customers, partners, and/or end users) to

use Wells Fargo Mobile Deposit in the United States in a manner that it knows would infringe or

have a high probability of infringing the '332 Patent, with the specific intent that those performing

the acts infringe the '332 Patent.

51.     USAA is informed and believes, and on this basis alleges, that from at least the time of service of this Complaint Wells Fargo is contributorily infringing the '332 Patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(c), by selling, offering to sell, and/or importing into the United States, and/or in violation of 35 U.S.C. § 271(f)(2), by supplying or causing to be supplied in or from the United States, Wells Fargo Mobile Deposit for use in infringing the '332 Patent, constituting a material part of the invention, knowing Wells Fargo Mobile Deposit to be especially made or especially adapted for use in infringing the '332 Patent.  USAA is further informed and believes, and on this basis alleges, that Wells Fargo Mobile Deposit is not a staple article or commodity of commerce suitable for substantial non-infringing use.

52.     USAA is informed and believes, and on this basis alleges, that these third parties have infringed and will infringe the '332 Patent by using Wells Fargo Mobile Deposit in violation of 35 U.S.C. § 271(a).

53.     As a result of Wells Fargo's infringement of the '332 Patent, USAA has been damaged.  In addition, Wells Fargo's infringing acts and practices have caused and are causing immediate and irreparable harm to USAA.  USAA is entitled to recover for damages sustained as a result of Wells Fargo's wrongful acts in an amount yet to be determined and to receive such other and further relief, including equitable relief, as this Court deems just and proper.

54.     USAA is further informed, and on this basis alleges, that Wells Fargo's infringement of the '332 Patent has been and continues to be deliberate and willful, and, therefore, this is an exceptional case warranting an award of enhanced damages for up to three times the actual damages awarded and attorney's fees to USAA pursuant to 35 U.S.C. §§ 284-285.  As noted above, Wells Fargo has had knowledge of the '332 Patent and its infringement thereof, and yet has deliberately continued to infringe in a wanton, malicious, and egregious manner, with reckless disregard for USAA's patent rights.  Thus, Wells Fargo's infringing actions have been and continue to be consciously wrongful.

55.     To the extent 35 U.S.C. § 287 is determined to be applicable, USAA is informed and believes its requirements have been satisfied with respect to the '332 Patent.

## VII.    THIRD CLAIM FOR RELIEF – '681 PATENT

56.     USAA re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

57.     The '681 Patent, entitled "System and method for mobile check deposit," was duly and legally issued on July 3, 2018. A true and correct copy of the '681 Patent is attached as Exhibit 3.

58.     The '681 Patent has been in full force and effect since its issuance. USAA owns by assignment the entire right, title and interest in and to the '681 Patent, including the exclusive right to seek damages for past, current and future infringement thereof. USAA is informed and believes, and on this basis alleges, that Wells Fargo, agents of Wells Fargo, and/or third parties acting under Wells Fargo's direction and control, including Wells Fargo's customers and partners, have committed and continue to commit acts of direct infringement of one or more claims of the '681 Patent, including, for example, Claim 1, literally and/or under the doctrine of equivalents, by making, using, selling, offering to sell and/or importing into the United States, Wells Fargo Mobile Deposit. For example, on information and belief, Wells Fargo Mobile Deposit: is a system for allowing a customer to deposit a check using the customer's own mobile device with a digital camera, the system configured to ask the customer to log in using a user name and password and including: a software application downloaded and installed on a mobile device, such as a customer's smartphone having a digital camera and camera software, where the software application causes the customer's mobile device to: instruct the customer to have the digital camera take photos of front and back sides of a check; display a graphical illustration to assist the customer in doing so, with the illustration assisting the customer in placing the digital camera a proper distance away from the check for taking the photos; present the photos of the check to the customer; confirm that the mobile check deposit can go forward after determining an amount of the check and reading a Magnetic Image Character Recognition (MICR) line using optical

character recognition; and transmit a copy of the check photos using a network and submit the check for mobile deposit in the bank.

59.     For example, Wells Fargo Mobile Deposit comprises a system accessible through Android or iPhone smartphones:



60.    As discussed above, the Wells Fargo Mobile Deposit system uses the capabilities of the customer's smartphone to provide remote check depositing functionality:



61.    Wells Fargo Mobile Deposit receives, from the user, an indication of the amount of the check and the account into which the check is to be deposited:



62.     Wells Fargo Mobile Deposit uses the smartphone's camera to capture images of the check for deposit:



63.     As illustrated in the above image, Wells Fargo Mobile Deposit projects a graphical illustration in the field of view of the camera to assist the user in capturing images of the check, including, for example, with respect to the orientation and positioning of the check relative to the camera.  Wells Fargo Mobile Deposit also provides graphical feedback to the customer, including, for example, indicating whether the customer should "Get closer" (e.g., move the device closer to the check) or "Hold steady" (e.g., hold the device in position).

64.     Wells Fargo Mobile Deposit presents the photos of the check to the customer after the photos are taken:



65.     Wells Fargo Mobile Deposit includes guidelines for taking photos that work best, including, for example, to "Place your check on a dark-colored, plain surface that's well lit," "Position your camera directly over the check (not at an angle)," and "Fit all 4 corners in the guides of your mobile device's camera screen."

66.     Wells Fargo Mobile Deposit submits the check for deposit after presenting the photos of the check to the user, which includes transmitting a copy of the photos over a wireless network:



67.     Wells Fargo has had actual knowledge of its infringement of the '681 Patent since
at least the time of service of this Complaint, and continues to infringe the '681 Patent
notwithstanding that knowledge.  USAA is further informed and believes that Wells Fargo has had
actual knowledge of its infringement of the '681 Patent since before the time of service of this
Complaint, including for the reasons that, for example: USAA put Wells Fargo on notice of the
need to license its remote deposit capture (RDC) patents; USAA's Deposit@Home® and
Deposit@Mobile® products were well-known and publicized; USAA has received acclaim for its
pioneering technological developments in mobile deposit; USAA has marked its products with
notices regarding the '681 Patent; USAA and Wells Fargo are competitors in the same industry
and, in particular, offer competing mobile deposit products, giving Wells Fargo reason to
investigate USAA's patents on the technologies; and USAA has approached Wells Fargo
regarding licensing of USAA's mobile deposit patents.  To the extent that Wells Fargo lacked
knowledge of its infringement of the '681 Patent before the time of service of this Complaint, it
remained willfully blind by affirmatively avoiding investigating USAA's patents or inspecting
USAA's mobile check deposit application, as evidenced by, for example, Wells Fargo's notice of

a need to license USAA's remote deposit capture (RDC) patents of which the '681 Patent is an integral part, and, on information and belief, Wells Fargo's knowledge of USAA's Deposit@Home® and Deposit@Mobile® products.

68.     Wells Fargo actively encourages, directs, and controls third parties, including its customers and partners, to use Wells Fargo Mobile Deposit in an infringing manner, including through Wells Fargo's website, advertisements, documentation/instructional material, customer support, application and feature descriptions, and in-application instructions.  On information and belief, for example, Wells Fargo contracts with Google and Apple to distribute its Wells Fargo Mobile applications to Android and iPhone users, respectively.

69.     USAA is informed and believes, and on this basis alleges, that from at least the time of service of this complaint, Wells Fargo is inducing infringement of the '681 Patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(b), by knowingly encouraging or aiding third parties to make, use, sell or offer to sell Wells Fargo Mobile Deposit in the United States, or to import Wells Fargo Mobile Deposit into the United States, and/or in violation of 35 U.S.C. § 271(f)(1), by supplying or causing to be supplied Wells Fargo Mobile Deposit in or from the United States, without license or authority from USAA, with knowledge of or willful blindness to the fact that Wells Fargo's actions will induce others, including but not limited to its customers, partners, and/or end users, to directly infringe the '681 Patent.  USAA is further informed and believes, and on this basis alleges, that Wells Fargo has intentionally aided and encouraged third parties (including Wells Fargo's customers, partners, and/or end users) to use Wells Fargo Mobile Deposit in the United States in a manner that it knows would infringe or have a high probability of infringing the '681 Patent, with the specific intent that those performing the acts infringe the '681 Patent.

70.     USAA is informed and believes, and on this basis alleges, that from at least the time of service of this complaint, Wells Fargo is contributorily infringing the '681 Patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(c), by selling, offering to sell, and/or importing into the United States, and/or in violation of 35 U.S.C. § 271(f)(2), by

supplying or causing to be supplied in or from the United States, Wells Fargo Mobile Deposit for use in infringing the '681 Patent, constituting a material part of the invention, knowing Wells Fargo Mobile Deposit to be especially made or especially adapted for use in infringing the '681 Patent. USAA is further informed and believes, and on this basis alleges, that Wells Fargo Mobile Deposit is not a staple article or commodity of commerce suitable for substantial non-infringing use.

71. USAA is informed and believes, and on this basis alleges, that these third parties have infringed and will infringe the '681 Patent by using Wells Fargo Mobile Deposit in violation of 35 U.S.C. § 271(a).

72. As a result of Wells Fargo's infringement of the '681 Patent, USAA has been damaged. In addition, Wells Fargo's infringing acts and practices have caused and are causing immediate and irreparable harm to USAA. USAA is entitled to recover for damages sustained as a result of Wells Fargo's wrongful acts in an amount yet to be determined and to receive such other and further relief, including equitable relief, as this Court deems just and proper.

73. USAA is further informed, and on this basis alleges, that Wells Fargo's infringement of the '681 Patent has been and continues to be deliberate and willful, and, therefore, this is an exceptional case warranting an award of enhanced damages for up to three times the actual damages awarded and attorney's fees to USAA pursuant to 35 U.S.C. §§ 284-285. As noted above, Wells Fargo has had knowledge of the '681 Patent and its infringement thereof, and yet has deliberately continued to infringe in a wanton, malicious, and egregious manner, with reckless disregard for USAA's patent rights. Thus, Wells Fargo's infringing actions have been and continue to be consciously wrongful.

74. To the extent 35 U.S.C. § 287 is determined to be applicable, USAA is informed and believes its requirements have been satisfied with respect to the '681 Patent.

## VIII.  FOURTH CLAIM FOR RELIEF – '227 PATENT

75. USAA re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

76.     The '227 Patent, entitled "Systems and methods for remote deposit of checks," was duly and legally issued on April 24, 2014.  A true and correct copy of the '227 Patent is attached as Exhibit 4.

77.     The '227 Patent has been in full force and effect since its issuance.  USAA owns by assignment the entire right, title and interest in and to the '227 Patent, including the exclusive right to seek damages for past, current and future infringement thereof.  USAA is informed and believes, and on this basis alleges, that Wells Fargo, agents of Wells Fargo, and/or third parties acting under Wells Fargo's direction and control, including Wells Fargo's customers and partners, have committed and continue to commit acts of direct infringement of one or more claims of the '227 Patent, including, for example, Claim 5, literally and/or under the doctrine of equivalents, by making, using, selling, offering to sell and/or importing into the United States, Wells Fargo Mobile Deposit.  For example, on information and belief, Wells Fargo Mobile Deposit implements a method for facilitating deposit of a check, comprising a processor: providing a software application for installation on a mobile device, such as a customer's smartphone; receiving an identification of an account for deposit of a check and an amount of the check; providing instructions instructing the customer to position the check with respect to the mobile device camera to produce an initial image including an image of the front side of the check, identify selected points of the initial image to enable cropping of the image beyond a boundary of the front side of the check, and approve a cropped portion of the initial image, the cropped portion including the image of the front side of the check; receiving the image of the front side of the check from the customer's mobile device; performing optical character recognition on the check image; analyzing the image of the check to determine whether it meets at least one criterion; determining whether there is an error, comprising validating a routing number associated with the check, determining whether the check was previously deposited, and comparing the amount of the check to an amount determined by optical character recognition; and initiating the deposit of the check into the bank account.

78.     For example, Wells Fargo Mobile Deposit comprises a system accessible through

Android or iPhone smartphones:



79.     As discussed above, the Wells Fargo Mobile Deposit system uses the capabilities of

the customer's smartphone to provide remote check depositing functionality:



80.     Wells Fargo Mobile Deposit receives, from the user, an indication of the amount of the check and the account into which the check is to be deposited:



81.     Wells Fargo Mobile Deposit uses the smartphone's camera to capture images of the check for deposit:

- 34 -



82.     As illustrated in the above image, Wells Fargo Mobile Deposit projects a graphical illustration in the field of view of the camera to assist the user in capturing images of the check, including, for example, with respect to the orientation and positioning of the check relative to the camera. Wells Fargo Mobile Deposit also provides graphical feedback to the customer, including, for example, indicating whether the customer should "Get closer" (e.g., move the device closer to the check) or "Hold steady" (e.g., hold the device in position).

83.     Wells Fargo Mobile Deposit includes guidelines for taking photos that work best, including, for example, to "Place your check on a dark-colored, plain surface that's well lit," "Position your camera directly over the check (not at an angle)," and "Fit all 4 corners in the guides of your mobile device's camera screen."

84.     Wells Fargo Mobile Deposit automatically captures the image of the check when the image meets certain criteria, as described, for example, in the instructions on Wells Fargo's website (red underlining added for emphasis):



- 35 -

85.     Wells Fargo Mobile Deposit presents cropped portions of the check images to the customer for approval:



86.     Wells Fargo Mobile Deposit determines a routing number for the check image and an amount of the check using optical character recognition and initiates a check deposit for the check image after, among other things, validating the routing number and comparing the amount of the check to the amount indicated by the customer and determining whether there is an error:



87.     Wells Fargo has had actual knowledge of its infringement of the '227 Patent since at least the time of service of this Complaint, and continues to infringe the '227 Patent notwithstanding that knowledge.  USAA is further informed and believes that Wells Fargo has had actual knowledge of its infringement of the '227 Patent since before the time of service of this Complaint, including for the reasons that, for example: USAA put Wells Fargo on notice of the need to license its remote deposit capture (RDC) patents; USAA's Deposit@Home® and Deposit@Mobile® products were well-known and publicized; USAA has received acclaim for its pioneering technological developments in mobile deposit; USAA has marked its products with notices regarding the '227 Patent; USAA and Wells Fargo are competitors in the same industry and, in particular, offer competing mobile deposit products, giving Wells Fargo reason to investigate USAA's patents on the technologies; and USAA has approached Wells Fargo regarding licensing of USAA's mobile deposit patents.  To the extent that Wells Fargo lacked knowledge of its infringement of the '227 Patent before the time of service of this Complaint, it remained willfully blind by affirmatively avoiding investigating USAA's patents or inspecting USAA's mobile check deposit application, as evidenced by, for example, Wells Fargo's notice of

a need to license USAA's remote deposit capture (RDC) patents of which the '227 Patent is an integral part, and, on information and belief, Wells Fargo's knowledge of USAA's Deposit@Home® and Deposit@Mobile® products.

88.     Wells Fargo actively encourages, directs, and controls third parties, including its customers and partners, to use Wells Fargo Mobile Deposit in an infringing manner, including through Wells Fargo's website, advertisements, documentation/instructional material, customer support, application and feature descriptions, and in-application instructions.  On information and belief, for example, Wells Fargo contracts with Google and Apple to distribute its Wells Fargo Mobile applications to Android and iPhone users, respectively.

89.     USAA is informed and believes, and on this basis alleges, that from at least the time of service of this complaint, Wells Fargo is inducing infringement of the '227 Patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(b), by knowingly encouraging or aiding third parties to make, use, sell or offer to sell Wells Fargo Mobile Deposit in the United States, or to import Wells Fargo Mobile Deposit into the United States, and/or in violation of 35 U.S.C. § 271(f)(1), by supplying or causing to be supplied Wells Fargo Mobile Deposit in or from the United States, without license or authority from USAA, with knowledge of or willful blindness to the fact that Wells Fargo's actions will induce others, including but not limited to its customers, partners, and/or end users, to directly infringe the '227 Patent.  USAA is further informed and believes, and on this basis alleges, that Wells Fargo has intentionally aided and encouraged third parties (including Wells Fargo's customers, partners, and/or end users) to use Wells Fargo Mobile Deposit in the United States in a manner that it knows would infringe or have a high probability of infringing the '227 Patent, with the specific intent that those performing the acts infringe the '227 Patent.

90.     USAA is informed and believes, and on this basis alleges, that from at least the time of service of this complaint, Wells Fargo is contributorily infringing the '227 Patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(c), by selling, offering to sell, and/or importing into the United States, and/or in violation of 35 U.S.C. § 271(f)(2), by

supplying or causing to be supplied in or from the United States, Wells Fargo Mobile Deposit for use in infringing the '227 Patent, constituting a material part of the invention, knowing Wells Fargo Mobile Deposit to be especially made or especially adapted for use in infringing the '227 Patent. USAA is further informed and believes, and on this basis alleges, that Wells Fargo Mobile Deposit is not a staple article or commodity of commerce suitable for substantial non-infringing use.

91.     USAA is informed and believes, and on this basis alleges, that these third parties have infringed and will infringe the '227 Patent by using Wells Fargo Mobile Deposit in violation of 35 U.S.C. § 271(a).

92.     As a result of Wells Fargo's infringement of the '227 Patent, USAA has been damaged. In addition, Wells Fargo's infringing acts and practices have caused and are causing immediate and irreparable harm to USAA. USAA is entitled to recover for damages sustained as a result of Wells Fargo's wrongful acts in an amount yet to be determined and to receive such other and further relief, including equitable relief, as this Court deems just and proper.

93.     USAA is further informed, and on this basis alleges, that Wells Fargo's infringement of the '227 Patent has been and continues to be deliberate and willful, and, therefore, this is an exceptional case warranting an award of enhanced damages for up to three times the actual damages awarded and attorney's fees to USAA pursuant to 35 U.S.C. §§ 284-285. As noted above, Wells Fargo has had knowledge of the '227 Patent and its infringement thereof, and yet has deliberately continued to infringe in a wanton, malicious, and egregious manner, with reckless disregard for USAA's patent rights. Thus, Wells Fargo's infringing actions have been and continue to be consciously wrongful.

94.     To the extent 35 U.S.C. § 287 is determined to be applicable, USAA is informed and believes its requirements have been satisfied with respect to the '227 Patent.

## IX.     FIFTH CLAIM FOR RELIEF – '605 PATENT

95.     USAA re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

96.     The '605 Patent, entitled "Digital camera processing system," was duly and legally issued on July 3, 2018.  A true and correct copy of the '605 Patent is attached as Exhibit 5.

97.     The '605 Patent has been in full force and effect since its issuance.  USAA owns by assignment the entire right, title and interest in and to the '605 Patent, including the exclusive right to seek damages for past, current and future infringement thereof.  USAA is informed and believes, and on this basis alleges, that Wells Fargo, agents of Wells Fargo, and/or third parties acting under Wells Fargo's direction and control, including Wells Fargo's customers and partners, have committed and continue to commit acts of direct infringement of one or more claims of the '605 Patent, including, for example, Claim 12, literally and/or under the doctrine of equivalents, by making, using, selling, offering to sell and/or importing into the United States, Wells Fargo Mobile Deposit.  For example, on information and belief, Wells Fargo Mobile Deposit is a system for allowing a customer to deposit a check using a customer's own handheld mobile device with a digital camera, such as a smartphone, where the system is configured to authenticate the customer and includes: a customer's handheld mobile device, such as a smartphone; camera software that controls the digital camera; a downloaded software application associated with the bank configured to control the camera software and control submitting a check for deposit by causing the mobile device to: instruct the customer to have the digital camera take photos of front and back sides of the check; use the mobile device's display to assist the customer in taking the photos; present the photos of the check to the customer; and transmit a copy of the photos using a wireless network and submit the check for mobile deposit in the bank, after the photos are presented to the customer and the customer is authenticated; the system further including a bank computer programmed to update an account balance to reflect the mobile deposited check, and further configured to: confirm that the mobile check deposit can go forward after performing optical character recognition on the check to determine the check amount and read a MICR line and initiate the mobile check deposit after confirming; and generate a log file for the mobile check deposit, including an image of the check submitted for mobile check deposit.

98.     For example, Wells Fargo Mobile Deposit comprises a system accessible through Android or iPhone smartphones:



99.     As discussed above, the Wells Fargo Mobile Deposit system uses the capabilities of the customer's smartphone to provide remote check depositing functionality:



100.    Wells Fargo Mobile Deposit authenticates the customer, including, for example, when the customer signs on to the Wells Fargo Mobile Deposit application:



1. Sign on to the *Wells Fargo Mobile* app.

2. From the menu, select **Deposit Checks**.

3. Read and accept the Terms and Conditions.

101.    Wells Fargo Mobile Deposit receives, from the customer, an indication of the amount of the check and the account into which the check is to be deposited:



102.     Wells Fargo Mobile Deposit uses the smartphone's camera to capture images of the check for deposit:



1. Sign the back of your check and write "For Mobile Deposit at Wells Fargo Bank Only" below your signature (or if available, check the box that reads: "Check here if mobile deposit").

2. Take a picture of the front and back of your endorsed check with your mobile device. For photos that work best, follow these guidelines:

    a. Place your check on a dark-colored, plain surface that's well lit.

    b. Position your camera directly over the check (not at an angle).

    c. Fit all 4 corners in the guides of your mobile device's camera screen.

3. The app will take the photo automatically, or you can select the camera icon to take the picture manually at any time.

103.     As illustrated in the above image, Wells Fargo Mobile Deposit instructs the user to take photos of the front and back of the check and assists the user in doing so, for example, by projecting a graphical illustration in the field of view of the camera to assist the user in capturing images of the check, including, for example, with respect to the orientation and positioning of the check relative to the camera. Wells Fargo Mobile Deposit also provides graphical feedback to the customer, including, for example, indicating whether the customer should "Get closer" (e.g., move the device closer to the check) or "Hold steady" (e.g., hold the device in position).

- 43 -

104.    Wells Fargo Mobile Deposit includes guidelines for taking photos that work best, including, for example, to "Place your check on a dark-colored, plain surface that's well lit," "Position your camera directly over the check (not at an angle)," and "Fit all 4 corners in the guides of your mobile device's camera screen."

105.    Wells Fargo Mobile Deposit presents the check images to the customer before initiating the mobile check deposit:



106.    Wells Fargo Mobile Deposit determines a routing number for the check image, including, for example, by reading a MICR line of the check, and an amount of the check using optical character recognition and initiates a check deposit for the check image after, among other things, validating the routing number and comparing the amount of the check to the amount indicated by the customer and confirming that the mobile check deposit can go forward:



107.    Wells Fargo Mobile Deposit, as part of the deposit process, generates a log file for the deposit comprising, among other things, at least one image of the check submitted for deposit.

108.    Wells Fargo Mobile Deposit, using a bank computer, updates an account balance to reflect an amount of the check submitted for mobile deposit.  According to Wells Fargo, "funds are available on the next business day after the day of your deposit, unless a hold is applied."



1. You'll get a confirmation screen and email when your deposit has been received.

2. Write "Mobile Deposit" and the date on the check.

3. Hold on to it for at least 5 days, then destroy.

109.    Wells Fargo has had actual knowledge of its infringement of the '605 Patent since at least the time of service of this Complaint, and continues to infringe the '605 Patent notwithstanding that knowledge.  USAA is further informed and believes that Wells Fargo has had actual knowledge of its infringement of the '605 Patent since before the time of service of this Complaint, including for the reasons that, for example: USAA put Wells Fargo on notice of the need to license its remote deposit capture (RDC) patents; USAA's Deposit@Home® and Deposit@Mobile® products were well-known and publicized; USAA has received acclaim for its pioneering technological developments in mobile deposit; USAA has marked its products with notices regarding the '605 Patent; USAA and Wells Fargo are competitors in the same industry and, in particular, offer competing mobile deposit products, giving Wells Fargo reason to investigate USAA's patents on the technologies; and USAA has approached Wells Fargo regarding licensing of USAA's mobile deposit patents.  To the extent that Wells Fargo lacked knowledge of its infringement of the '605 Patent before the time of service of this Complaint, it remained willfully blind by affirmatively avoiding investigating USAA's patents or inspecting USAA's mobile check deposit application, as evidenced by, for example, Wells Fargo's notice of a need to license USAA's remote deposit capture (RDC) patents of which the '605 Patent is an

integral part, and, on information and belief, Wells Fargo's knowledge of USAA's Deposit@Home® and Deposit@Mobile® products.

110.    Wells Fargo actively encourages, directs, and controls third parties, including its customers and partners, to use Wells Fargo Mobile Deposit in an infringing manner, including through Wells Fargo's website, advertisements, documentation/instructional material, customer support, application and feature descriptions, and in-application instructions.  On information and belief, for example, Wells Fargo contracts with Google and Apple to distribute its Wells Fargo Mobile applications to Android and iPhone users, respectively.

111.    USAA is informed and believes, and on this basis alleges, that from at least the time of service of this complaint, Wells Fargo is inducing infringement of the '605 Patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(b), by knowingly encouraging or aiding third parties to make, use, sell or offer to sell Wells Fargo Mobile Deposit in the United States, or to import Wells Fargo Mobile Deposit into the United States, and/or in violation of 35 U.S.C. § 271(f)(1), by supplying or causing to be supplied Wells Fargo Mobile Deposit in or from the United States, without license or authority from USAA, with knowledge of or willful blindness to the fact that Wells Fargo's actions will induce others, including but not limited to its customers, partners, and/or end users, to directly infringe the '605 Patent.  USAA is further informed and believes, and on this basis alleges, that Wells Fargo has intentionally aided and encouraged third parties (including Wells Fargo's customers, partners, and/or end users) to use Wells Fargo Mobile Deposit in the United States in a manner that it knows would infringe or have a high probability of infringing the '605 Patent, with the specific intent that those performing the acts infringe the '605 Patent.

112.    USAA is informed and believes, and on this basis alleges, that from at least the time of service of this complaint, Wells Fargo is contributorily infringing the '605 Patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(c), by selling, offering to sell, and/or importing into the United States, and/or in violation of 35 U.S.C. § 271(f)(2), by supplying or causing to be supplied in or from the United States, Wells Fargo Mobile Deposit for

use in infringing the '605 Patent, constituting a material part of the invention, knowing Wells Fargo Mobile Deposit to be especially made or especially adapted for use in infringing the '605 Patent. USAA is further informed and believes, and on this basis alleges, that Wells Fargo Mobile Deposit is not a staple article or commodity of commerce suitable for substantial non-infringing use.

113. USAA is informed and believes, and on this basis alleges, that these third parties have infringed and will infringe the '605 Patent by using Wells Fargo Mobile Deposit in violation of 35 U.S.C. § 271(a).

114. As a result of Wells Fargo's infringement of the '605 Patent, USAA has been damaged. In addition, Wells Fargo's infringing acts and practices have caused and are causing immediate and irreparable harm to USAA. USAA is entitled to recover for damages sustained as a result of Wells Fargo's wrongful acts in an amount yet to be determined and to receive such other and further relief, including equitable relief, as this Court deems just and proper.

115. USAA is further informed, and on this basis alleges, that Wells Fargo's infringement of the '605 Patent has been and continues to be deliberate and willful, and, therefore, this is an exceptional case warranting an award of enhanced damages for up to three times the actual damages awarded and attorney's fees to USAA pursuant to 35 U.S.C. §§ 284-285. As noted above, Wells Fargo has had knowledge of the '605 Patent and its infringement thereof, and yet has deliberately continued to infringe in a wanton, malicious, and egregious manner, with reckless disregard for USAA's patent rights. Thus, Wells Fargo's infringing actions have been and continue to be consciously wrongful.

116. To the extent 35 U.S.C. § 287 is determined to be applicable, USAA is informed and believes its requirements have been satisfied with respect to the '605 Patent.

X.   **PRAYER FOR RELIEF**

**WHEREFORE**, USAA prays for judgment against Wells Fargo as follows:

A.   That Wells Fargo has infringed, and continues to infringe, each of the USAA Patents;

B.      That each claim of each of the USAA Patents is valid and enforceable;

C.      That Wells Fargo pay damages adequate to compensate USAA for Wells Fargo's infringement, together with interest and costs under 35 U.S.C. § 284;

D.      That Wells Fargo be ordered to pay pre-judgment and post-judgment interest on the damages assessed;

E.      That Wells Fargo be ordered to play supplemental damages to USAA, including interest, with an accounting, as needed;

F.      That Wells Fargo's infringement is willful and that the damages awarded to USAA should be enhanced up to three times the actual damages awarded;

G.      That USAA be awarded damages for its costs, disbursements, expert witness fees, and attorneys' fees and costs incurred in prosecution this action, with interest, including damages for an exceptional case pursuant to 35 U.S.C. § 285 and as otherwise provided by law; and

H.      That USAA be awarded such other and further relief, including equitable relief, as this Court deems just and proper.

## XI.     **DEMAND FOR JURY TRIAL**

117.    Pursuant to Federal Rule of Civil Procedure 38(b), USAA hereby demands a trial by jury on all issues triable to a jury.

Dated: August 17, 2018

Respectfully submitted,

**PARKER, BUNT & AINSWORTH, P.C.**

*/s/ Robert Christopher Bunt*

Robert C. Bunt
Lead Attorney
Texas State Bar No. 00787165
100 E. Ferguson Suite 1114
Tyler, Texas 75702
Tel. (903) 531-3535
Fax (903) 533-9687

Co-Counsel:

**IRELL & MANELLA LLP**

Jason Sheasby (CA #205455) to appear
PHV
Ben Hattenbach (CA #186455) to appear
PHV
Anthony Rowles (CA #301209) to
appear PHV
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

**Attorneys for Plaintiff United Services
Automobile Association (USAA)**

# EXHIBIT 6

CASREF,CLOSED,JRG3,JURY,PATENT/TRADEMARK,PROTECTIVE-ORDER,STAYED

# U.S. District Court
## Eastern District of TEXAS [LIVE] (Marshall)
## CIVIL DOCKET FOR CASE #: 2:18-cv-00366-JRG

United Services Automobile Association v. Wells Fargo
Bank, N.A.
Assigned to: District Judge Rodney Gilstrap
Cause: 15:1126 Patent Infringement

Date Filed: 08/17/2018
Date Terminated: 01/13/2020
Jury Demand: Both
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Mediator**

**David Folsom**
Jackson Walker, LLP
6002-B Summerfield Drive
Texarkana, TX 75503
*dfolsom@jw.com*

**Technical Advisor**

**Donald E Tiller**
D. Tiller Law PLLC
1525 Merrimac Circle
Suite 210
Fort Worth, TX 76107
*don.tiller@dtillerlawpllc.com*

**Plaintiff**

**United Services Automobile
Association**

represented by **Jason G Sheasby**
Irell & Manella LLP - Los Angeles
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276
310.203.7096
Fax: 310.203.7199
Email: jsheasby@irell.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew J. Strabone**
Irell & Manella LLP - Los Angeles
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276
310-277-1010

Fax: 310-203-7199
Email: astrabone@irell.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anthony Q Rowles**
Irell & Manella LLP - Los Angeles
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276
310-203-7635
Fax: 310-203-7199
Email: trowles@irell.com
*ATTORNEY TO BE NOTICED*

**Benjamin W Hattenbach**
Irell & Manella LLP - Los Angeles
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276
310.203.7937
Fax: 310.203.7199
Email: bhattenbach@irell.com
*TERMINATED: 07/29/2019*

**Benjamin Monnin**
Irell & Manella LLP - Los Angeles
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276
310-277-1010
Fax: 310-203-7199
Email: bmonnin@irell.com
*ATTORNEY TO BE NOTICED*

**Lisa Sharrock Glasser**
Irell & Manella LLP - Los Angeles
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276
310-203-7565
Fax: 310-203-7199
Email: lglasser@irell.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert Christopher Bunt**
Parker Bunt & Ainsworth

100 E Ferguson
Suite 418
Tyler, TX 75702
903/531-3535
Email: rcbunt@pbatyler.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Wells Fargo Bank, N.A.**      represented by    **Thomas M Melsheimer**
Winston & Strawn LLP - Dallas
2121 N Pearl Street
Suite 900
Dallas, TX 75201
214/453-6500
Fax: 214/453-6400
Email: tmelsheimer@winston.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth Danielle Thompson Williams**
Winston & Strawn LLP - Charlotte
100 N Tryon Street
Suite 2900
Charlotte, NC 28202
704-350-7790
Fax: 704-350-7800
Email: dwilliams@winston.com
*ATTORNEY TO BE NOTICED*

**Jack Wesley Hill**
Ward, Smith & Hill, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
903-757-6400
Fax: 903-757-2323
Email: wh@wsfirm.com
*ATTORNEY TO BE NOTICED*

**James Travis Underwood**
Winston & Strawn LLP - Dallas
2121 N Pearl Street
Suite 900
Dallas, TX 75201
214-453-6542

Fax: 214-453-6400
Email: tunderwood@winston.com
*ATTORNEY TO BE NOTICED*

**Katherine Anne Marcom**
Winston & Strawn LLP - Dallas
2121 N Pearl Street
Suite 900
Dallas, TX 75201
214-453-6565
Fax: 214-453-6500
Email: kmarcom@winston.com
*ATTORNEY TO BE NOTICED*

**Katherine K. Vidal**
Winston & Strawn LLP - Menlo
Park
275 Middlefield Road
Suite 205
Menlo Park, CA 94025
650/858-6425
Fax: 650/858-6550
Email: kvidal@winston.com
*ATTORNEY TO BE NOTICED*

**Matthew R McCullough**
Winston & Strawn LLP - Menlo
Park
275 Middlefield Road
Suite 205
Menlo Park, CA 94025
650.858.6453
Fax: 650.858.6550
Email: mrmccullough@winston.com
*ATTORNEY TO BE NOTICED*

**Michael Andrew Bittner**
Winston & Strawn LLP - Dallas
2121 N Pearl Street
Suite 900
Dallas, TX 75201
214-453-6500
Fax: 214-453-6400
Email: mbittner@winston.com
*ATTORNEY TO BE NOTICED*

**Michael Brett Johnson**
Winston & Strawn LLP - Dallas

2121 N Pearl Street
Suite 900
Dallas, TX 75201
214-453-6500
Fax: 214-453-6400
Email: mbjohnson@winston.com
*ATTORNEY TO BE NOTICED*

**Rex Andrew Mann**
Winston & Strawn LLP
2501 North Harwood Street, 17th
Floor
Dallas, TX 75201
214-453-6500
Fax: 214-453-6400
Email: rmann@winston.com
*ATTORNEY TO BE NOTICED*

**William Greg Fox , Jr**
Winston & Strawn LLP - Dallas
2121 N Pearl Street
Suite 900
Dallas, TX 75201
214-453-6417
Fax: 214-453-6400
Email: wfox@winston.com
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Wells Fargo Bank, N.A.**          represented by **Thomas M Melsheimer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth Danielle Thompson
Williams**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James Travis Underwood**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew R McCullough**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Andrew Bittner**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**United Services Automobile**          represented by   **Jason G Sheasby**
**Association**                                          (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Anthony Q Rowles**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Benjamin W Hattenbach**
                                                         (See above for address)
                                                         *TERMINATED: 07/29/2019*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Robert Christopher Bunt**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Wells Fargo Bank, N.A.**               represented by   **Thomas M Melsheimer**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Elizabeth Danielle Thompson**
                                                         **Williams**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **James Travis Underwood**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Matthew R McCullough**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Michael Andrew Bittner**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**William Greg Fox , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**United Services Automobile**     represented by   **Jason G Sheasby**
**Association**                                         (See above for address)
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Anthony Q Rowles**
                                                   (See above for address)
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Benjamin W Hattenbach**
                                                   (See above for address)
                                                   *TERMINATED: 07/29/2019*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Robert Christopher Bunt**
                                                   (See above for address)
                                                   *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/17/2018 | 1 | COMPLAINT against Wells Fargo Bank, N.A. ( Filing fee $ 400 receipt number 0540-6905271.), filed by United Services Automobile Association. (Attachments: # 1 Civil Cover Sheet Civil Cover Sheet, # 2 Exhibit Exhibit 1, # 3 Exhibit Exhibit 2, # 4 Exhibit Exhibit 3, # 5 Exhibit Exhibit 4, # 6 Exhibit Exhibit 5, # 7 Exhibit Exhibit 6, # 8 Exhibit Exhibit 7, # 9 Exhibit Exhibit 8)(Bunt, Robert) (Entered: 08/17/2018) |
| 08/17/2018 | 2 | Notice of Filing of Patent/Trademark Form (AO 120). AO 120 mailed to the Director of the U.S. Patent and Trademark Office. (Bunt, Robert) (Entered: 08/17/2018) |
| 08/20/2018 | | Case Assigned to District Judge Rodney Gilstrap. (nkl, ) (Entered: 08/20/2018) |
| 08/20/2018 | | In accordance with the provisions of 28 USC Section 636(c), you are hereby notified that a U.S. Magistrate Judge of this district court is available to conduct any or all proceedings in this case including a jury or non-jury trial and to order the entry of a final judgment. The form |

| | | Consent to Proceed Before Magistrate Judge is available on our website. All signed consent forms, excluding pro se parties, should be filed electronically using the event *Notice Regarding Consent to Proceed Before Magistrate Judge*. (nkl, ) (Entered: 08/20/2018) |
|---|---|---|
| 08/21/2018 | 3 | SUMMONS Issued as to Wells Fargo Bank, N.A.. (ch, ) (Entered: 08/21/2018) |
| 08/29/2018 | 4 | SUMMONS Returned Executed by United Services Automobile Association. Wells Fargo Bank, N.A. served on 8/24/2018, answer due 9/14/2018. (Bunt, Robert) (Entered: 08/29/2018) |
| 09/05/2018 | 5 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re Wells Fargo Bank, N.A..( Bittner, Michael) (Entered: 09/05/2018) |
| 09/05/2018 | 6 | NOTICE of Attorney Appearance by Thomas M Melsheimer on behalf of Wells Fargo Bank, N.A. (Melsheimer, Thomas) (Entered: 09/05/2018) |
| 09/05/2018 | 7 | NOTICE of Attorney Appearance by Michael Andrew Bittner on behalf of Wells Fargo Bank, N.A. (Bittner, Michael) (Entered: 09/05/2018) |
| 09/05/2018 | 8 | NOTICE of Attorney Appearance by Elizabeth Danielle Thompson Williams on behalf of Wells Fargo Bank, N.A. (Williams, Elizabeth Danielle) (Entered: 09/05/2018) |
| 09/05/2018 | 9 | NOTICE of Attorney Appearance by Matthew R McCullough on behalf of Wells Fargo Bank, N.A. (McCullough, Matthew) (Entered: 09/05/2018) |
| 09/05/2018 | 10 | NOTICE of Attorney Appearance by James Travis Underwood on behalf of Wells Fargo Bank, N.A. (Underwood, James) (Entered: 09/05/2018) |
| 09/05/2018 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint is granted pursuant to Local Rule CV-12 for Wells Fargo Bank, N.A. to 10/15/2018. 30 Days Granted for Deadline Extension.( nkl, ) (Entered: 09/05/2018) |
| 10/15/2018 | 11 | *Defendant Wells Fargo Bank, N.A.'s Answer, Affirmative Defenses, and Counterclaims to Plaintiff's Complaint* ANSWER to 1 Complaint, , COUNTERCLAIM against United Services Automobile Association by Wells Fargo Bank, N.A.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19) (Melsheimer, Thomas) (Entered: 10/15/2018) |
| 10/15/2018 | 12 | CORPORATE DISCLOSURE STATEMENT filed by Wells Fargo |

| | | Bank, N.A. (Melsheimer, Thomas) (Entered: 10/15/2018) |
|---|---|---|
| 10/16/2018 | 13 | NOTICE of Attorney Appearance - Pro Hac Vice by Jason G Sheasby on behalf of United Services Automobile Association. Filing fee $ 100, receipt number 0540-6985180. (Sheasby, Jason) (Entered: 10/16/2018) |
| 10/16/2018 | 14 | NOTICE of Attorney Appearance - Pro Hac Vice by Anthony Q Rowles on behalf of United Services Automobile Association. Filing fee $ 100, receipt number 0540-6985195. (Rowles, Anthony) (Entered: 10/16/2018) |
| 10/16/2018 | 15 | NOTICE of Attorney Appearance - Pro Hac Vice by Benjamin W Hattenbach on behalf of United Services Automobile Association. Filing fee $ 100, receipt number 0540-6985200. (Hattenbach, Benjamin) (Entered: 10/16/2018) |
| 10/16/2018 | 16 | CORPORATE DISCLOSURE STATEMENT filed by United Services Automobile Association (Bunt, Robert) (Entered: 10/16/2018) |
| 10/23/2018 | 17 | NOTICE of Readiness for Scheduling Conference by United Services Automobile Association (Bunt, Robert) (Entered: 10/23/2018) |
| 10/23/2018 | 18 | ORDER - Scheduling Conference set for 11/19/2018 01:30 PM before District Judge Rodney Gilstrap. Signed by District Judge Rodney Gilstrap on 10/23/2018. (nkl, ) (Entered: 10/23/2018) |
| 11/01/2018 | 19 | Joint MOTION for Extension of Time to File *Infringement Contentions, Answer to Counterclaims and Invalidity Contentions* by United Services Automobile Association. (Attachments: # 1 Text of Proposed Order)(Bunt, Robert) (Entered: 11/01/2018) |
| 11/05/2018 | 20 | ORDER granting 19 Motion for Extension of Time to File Infringement Contentions, Answer to Counterclaims and Invalidity Contentions. Signed by District Judge Rodney Gilstrap on 11/3/2018. (nkl, ) (Entered: 11/05/2018) |
| 11/13/2018 | 21 | ANSWER to 11 Answer to Complaint,,, Counterclaim,, by United Services Automobile Association.(Bunt, Robert) (Entered: 11/13/2018) |
| 11/13/2018 | 22 | NOTICE of Discovery Disclosure by United Services Automobile Association *as to P.R. 3-1 and 3-2* (Bunt, Robert) (Entered: 11/13/2018) |
| 11/15/2018 | 23 | NOTICE of Attorney Appearance by William Greg Fox, Jr on behalf of Wells Fargo Bank, N.A. (Fox, William) (Entered: 11/15/2018) |
| 11/19/2018 | 24 | NOTICE of Designation of Mediator, Honorable David Folsom, filed by United Services Automobile Association. (Bunt, Robert) (Entered: 11/19/2018) |
| 11/19/2018 | | Minute Entry for proceedings held before Judge Rodney Gilstrap: Scheduling Conference held on 11/19/2018. Counsel for the parties appeared and were asked if they consented to a trial before the United States Magistrate Judge. The Court then gave Markman and Jury |

| | | |
|---|---|---|
| | | Selection dates; deadlines for submitting Mediator names (3 days); and deadlines for submitting Agreed Scheduling and Discovery Orders (14 days). (Court Reporter Shelly Holmes, CSR-TCRR.)(jml) (Entered: 11/19/2018) |
| 11/21/2018 | 25 | ORDER REFERRING CASE to Mediator. David Folsom is hereby appointed as mediator in the above referenced case. Signed by District Judge Rodney Gilstrap on 11/20/2018. (nkl, ) (Entered: 11/21/2018) |
| 11/29/2018 | 26 | Agreed MOTION for Extension of Time to File *Proposed Docket Control Order and Discovery Order* by United Services Automobile Association. (Attachments: # 1 Text of Proposed Order)(Bunt, Robert) (Entered: 11/29/2018) |
| 12/03/2018 | 27 | Joint MOTION for Entry of Docket Control Order and Discovery Order by United Services Automobile Association. (Attachments: # 1 Exhibit 1 - Agreed Docket Control Order, # 2 Exhibit 2 - Agreed Discovery Order)(Bunt, Robert) (Entered: 12/03/2018) |
| 12/04/2018 | 28 | ORDER granting 26 Motion for Extension of Time to File Proposed Docket Control Order and Discovery Order. Signed by District Judge Rodney Gilstrap on 12/3/2018. (nkl, ) (Entered: 12/04/2018) |
| 12/05/2018 | 29 | DOCKET CONTROL ORDER granting 27 Joint MOTION for Entry of Docket Control Order and Discovery Order. Pretrial Conference set for 12/16/2019 09:00 AM before District Judge Rodney Gilstrap., Amended Pleadings due by 4/12/2019., Jury Selection set for 1/6/2020 09:00AM before District Judge Rodney Gilstrap., Mediation Completion due by 7/26/2019., Markman Hearing set for 6/28/2019 01:30 PM before District Judge Rodney Gilstrap., Motions due by 11/22/2019., Proposed Pretrial Order due by 12/2/2019. Signed by District Judge Rodney Gilstrap on 12/5/2018. (ch, ) (Entered: 12/05/2018) |
| 12/05/2018 | 30 | DISCOVERY ORDER granting 27 Joint Motion for Discovery Order. Signed by District Judge Rodney Gilstrap on 12/5/2018. (ch, ) (Entered: 12/05/2018) |
| 12/10/2018 | 31 | Agreed MOTION for Entry of Protective Order by United Services Automobile Association. (Attachments: # 1 Text of Proposed Order) (Bunt, Robert) (Entered: 12/10/2018) |
| 12/10/2018 | 32 | MOTION re 18 Order, Set Deadlines/Hearings *Joint Agreed Motion for Entry of E-Discovery Order* by Wells Fargo Bank, N.A.. (Attachments: # 1 Exhibit 1)(Bittner, Michael) (Entered: 12/10/2018) |
| 12/12/2018 | 33 | E-DISCOVERY AND ESI ORDER granting 32 Motion for Entry of E-Discovery Order. Signed by District Judge Rodney Gilstrap on 12/12/2018. (nkl, ) (Entered: 12/12/2018) |
| 12/14/2018 | 34 | PROTECTIVE ORDER. Signed by District Judge Rodney Gilstrap on |

| | | |
|---|---|---|
| | | 12/13/2018. (nkl, ) (Entered: 12/14/2018) |
| 04/05/2019 | 35 | Claim Construction and Prehearing Statement by United Services Automobile Association. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Bunt, Robert) (Entered: 04/05/2019) |
| 04/12/2019 | 36 | *Defendant Wells Fargo Bank, N.A.'s Amended Answer, Affirmative Defenses, and Counterclaims to Plaintiff's Complaint* ANSWER to 1 Complaint, , COUNTERCLAIM against United Services Automobile Association by Wells Fargo Bank, N.A.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19) (Melsheimer, Thomas) (Entered: 04/12/2019) |
| 04/12/2019 | | In accordance with the provisions of 28 USC Section 636(c), you are hereby notified that a U.S. Magistrate Judge of this district court is available to conduct any or all proceedings in this case including a jury or non-jury trial and to order the entry of a final judgment. The form Consent to Proceed Before Magistrate Judge is available on our website. All signed consent forms, excluding pro se parties, should be filed electronically using the event *Notice Regarding Consent to Proceed Before Magistrate Judge*. (nkl, ) (Entered: 04/12/2019) |
| 04/24/2019 | 37 | ORDER - The Court hereby appoints Mr. Donald Tiller as the Courts technical advisor in this case. Signed by District Judge Rodney Gilstrap on 4/24/2019. (nkl, ) (Entered: 04/24/2019) |
| 04/26/2019 | 38 | ANSWER to 36 Answer to Complaint,,, Counterclaim,, by United Services Automobile Association.(Bunt, Robert) (Entered: 04/26/2019) |
| 05/03/2019 | 39 | ORDER OF LIMITED REFERRAL. Signed by District Judge Rodney Gilstrap on 5/3/2019. (nkl, ) (Entered: 05/03/2019) |
| 05/07/2019 | | NOTICE of Hearing:Markman Hearing set for 6/28/2019 09:00 AM before Magistrate Judge Roy S. Payne. (bga, ) (Entered: 05/07/2019) |
| 05/16/2019 | 40 | NOTICE of Attorney Appearance by Jack Wesley Hill on behalf of Wells Fargo Bank, N.A. (Hill, Jack) (Entered: 05/16/2019) |
| 05/17/2019 | 41 | CLAIM CONSTRUCTION BRIEF filed by United Services Automobile Association. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16) (Bunt, Robert) (Entered: 05/17/2019) |
| 05/17/2019 | 42 | Unopposed MOTION for Extension of Time to File *Submit Technical Tutorial* by United Services Automobile Association. (Attachments: # 1 Text of Proposed Order)(Bunt, Robert) (Entered: 05/17/2019) |
| | | |

| 05/22/2019 | 43 | Joint MOTION Joint Motion for Extension of Time to Complete Mediation by Wells Fargo Bank, N.A.. (Attachments: # 1 Text of Proposed Order)(Melsheimer, Thomas) (Entered: 05/22/2019) |
| 05/23/2019 | 44 | ORDER granting 43 Joint Motion for Extension of Time to Complete Mediation. The deadline to complete mediation is extended up to and including July 30, 2019. Signed by District Judge Rodney Gilstrap on 5/23/19. (ljw, ) (Entered: 05/23/2019) |
| 05/24/2019 | 45 | Unopposed MOTION for Leave to Amend Infringement Contentions by United Services Automobile Association. (Attachments: # 1 Text of Proposed Order)(Bunt, Robert) (Entered: 05/24/2019) |
| 05/28/2019 | | NOTICE of Hearing:Markman Hearing RESET for 6/27/2019 01:00 PM before Magistrate Judge Roy S. Payne. (bga, ) (Entered: 05/28/2019) |
| 05/29/2019 | 46 | ORDER granting 45 Motion for Leave to Amend Infringement Contentions. Signed by District Judge Rodney Gilstrap on 5/29/2019. (nkl, ) (Entered: 05/29/2019) |
| 05/31/2019 | 47 | CLAIM CONSTRUCTION BRIEF filed by Wells Fargo Bank, N.A.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Melsheimer, Thomas) (Entered: 05/31/2019) |
| 06/07/2019 | 48 | REPLY to 41 Claim Construction Brief, *filed by United Services Automobile Association*. (Attachments: # 1 Exhibit 1)(Bunt, Robert) (Entered: 06/07/2019) |
| 06/18/2019 | 49 | Unopposed MOTION for Leave to File *to File PR 4-5(d) Joint Claim Construction Chart* by United Services Automobile Association. (Attachments: # 1 Text of Proposed Order)(Bunt, Robert) (Entered: 06/18/2019) |
| 06/18/2019 | 50 | Joint Claim Construction Chart by United Services Automobile Association. (Attachments: # 1 Exhibit A)(Bunt, Robert) (Entered: 06/18/2019) |
| 06/20/2019 | 51 | Unopposed MOTION to Amend/Correct *UNOPPOSED MOTION TO FILE CORRECTED CLAIM CONSTRUCTION BRIEF* by Wells Fargo Bank, N.A.. (Attachments: # 1 Exhibit A, # 2 Text of Proposed Order) (Melsheimer, Thomas) (Entered: 06/20/2019) |
| 06/22/2019 | 52 | CLAIM CONSTRUCTION MOTIONS granting 42 Motion for Extension of Time to File; granting 49 Motion for Leave to File; granting 51 Motion to Amend/Correct. Signed by Magistrate Judge Roy S. Payne on 6/22/2019. (ch, ) (Entered: 06/24/2019) |
| 06/24/2019 | 53 | CLAIM CONSTRUCTION BRIEF filed by Wells Fargo Bank, N.A.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit |

| | | D, # 5 Exhibit E, # 6 Exhibit F)(Melsheimer, Thomas) (Entered: 06/24/2019) |
|---|---|---|
| 06/27/2019 | 54 | Minute Entry for proceedings held before Magistrate Judge Roy S. Payne: Markman Hearing held on 6/27/2019. (Court Reporter Shelly Holmes.) (bga, ) (Entered: 06/27/2019) |
| 07/08/2019 | 55 | ORDER to Pay Technical Advisor. Signed by Magistrate Judge Roy S. Payne on 7/8/2019. (nkl, ) (Entered: 07/08/2019) |
| 07/22/2019 | 56 | Unopposed MOTION to Withdraw as Attorney *as to Benjamin Hattenbach* by United Services Automobile Association. (Attachments: # 1 Text of Proposed Order)(Bunt, Robert) (Entered: 07/22/2019) |
| 07/29/2019 | 57 | CLAIM CONSTRUCTION MEMORANDUM OPINION AND ORDER. Signed by Magistrate Judge Roy S. Payne on 7/28/2019. (nkl, ) (Entered: 07/29/2019) |
| 07/29/2019 | 58 | ORDER granting 56 Motion to Withdraw as Attorney. Attorney Benjamin W Hattenbach terminated. Signed by District Judge Rodney Gilstrap on 7/26/2019. (nkl, ) (Entered: 07/29/2019) |
| 07/30/2019 | 59 | REPORT of Mediation by David Folsom. Mediation result: suspended(Folsom, David) (Entered: 07/30/2019) |
| 08/12/2019 | 60 | RESPONSE to 57 Memorandum & Opinion *Wells Fargo's Objections to Magistrate Judge Payne's Claim Construction Memorandum Opinion and Order filed by Wells Fargo Bank, N.A..* (Melsheimer, Thomas) (Entered: 08/12/2019) |
| 08/12/2019 | 61 | OBJECTION TO CLAIM CONSTRUCTION [Dkt. No. 57] filed by United Services Automobile Association. (Bunt, Robert) (Entered: 08/12/2019) |
| 08/16/2019 | 62 | Joint MOTION to Amend/Correct 29 Order,,, Terminate Motions,,, Scheduling Order,, *Docket Control Order* by United Services Automobile Association. (Attachments: # 1 Text of Proposed Order) (Bunt, Robert) (Entered: 08/16/2019) |
| 08/20/2019 | 63 | FIRST AMENDED DOCKET CONTROL ORDER granting 62 Motion to Amend/Correct. Signed by District Judge Rodney Gilstrap on 8/19/2019. (nkl, ) (Entered: 08/20/2019) |
| 08/23/2019 | 64 | Joint MOTION to Amend/Correct 63 Order on Motion to Amend/Correct by United Services Automobile Association. (Attachments: # 1 Text of Proposed Order)(Bunt, Robert) (Entered: 08/23/2019) |
| 08/30/2019 | 65 | ORDER - The Court therefore OVERRULES the Parties objections and ADOPTS the Magistrate Judges Claim Construction Memorandum and Order.. Signed by District Judge Rodney Gilstrap on 8/30/2019. (nkl, ) (Entered: 08/30/2019) |

| 09/25/2019 | 66 | Opposed SEALED MOTION *For Leave to Amended Infringement Contentions* by United Services Automobile Association. (Attachments: # 1 Affidavit Anthony Rowles, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Text of Proposed Order)(Bunt, Robert) (Entered: 09/25/2019) |
| --- | --- | --- |
| 10/03/2019 | 67 | NOTICE by United Services Automobile Association *OF ACTIVITY IN RELATED COVERED BUSINESS METHOD PATENT REVIEW PROCEEDINGS* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Bunt, Robert) (Entered: 10/03/2019) |
| 10/03/2019 | 68 | NOTICE of Attorney Appearance - Pro Hac Vice by Andrew J. Strabone on behalf of United Services Automobile Association. Filing fee $ 100, receipt number 0540-7463424. (Strabone, Andrew) (Entered: 10/03/2019) |
| 10/10/2019 | 69 | SEALED RESPONSE to Motion re 66 Opposed SEALED MOTION *For Leave to Amended Infringement Contentions* filed by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Text of Proposed Order)(Melsheimer, Thomas) (Entered: 10/10/2019) |
| 10/15/2019 | 70 | NOTICE of Attorney Appearance by Michael Brett Johnson on behalf of Wells Fargo Bank, N.A. (Johnson, Michael) (Entered: 10/15/2019) |
| 10/17/2019 | 71 | SEALED REPLY to Response to Motion re 66 Opposed SEALED MOTION *For Leave to Amended Infringement Contentions* filed by United Services Automobile Association. (Attachments: # 1 Affidavit Anthony Q. Rowles, # 2 Exhibit 1, # 3 Exhibit 2)(Bunt, Robert) (Entered: 10/17/2019) |
| 10/21/2019 | 72 | SECOND AMENDED DOCKET CONTROL ORDER re 64 Motion to Amend the Docket Control Order. Signed by District Judge Rodney Gilstrap on 10/21/2019. (nkl, ) (Entered: 10/21/2019) |
| 10/25/2019 | 73 | SUR-REPLY to Reply to Response to Motion re 66 Opposed SEALED MOTION *For Leave to Amended Infringement Contentions DEFENDANT WELLS FARGO BANK, N.A.S SUR-REPLY IN SUPPORT OF ITS OPPOSITION TO USAAS MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS* filed by Wells Fargo Bank, N.A.. (Melsheimer, Thomas) (Entered: 10/25/2019) |
| 10/25/2019 | 74 | SEALED MOTION *DEFENDANT WELLS FARGO BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT UNDER 35 U.S.C. § 101* by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit Declaration of Michael Bittner, # 2 Exhibit A, # 3 Exhibit A-1, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Exhibit G, # |

| | | |
|---|---|---|
| | | 10 Exhibit H, # 11 Text of Proposed Order)(Melsheimer, Thomas) (Entered: 10/25/2019) |
| 10/25/2019 | 75 | **DEFICIENT DOCUMENT**<br><br>SEALED MOTION *DEFENDANT WELLS FARGO BANK, N.A.S MOTION TO EXCLUDE AND/OR STRIKE EXPERT TESTIMONY PROVIDED BY MR. CALMAN* by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit Declaration of Michael Bittner, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Text of Proposed Order) (Melsheimer, Thomas) Modified on 10/28/2019 (nkl, ). (Entered: 10/25/2019) |
| 10/25/2019 | 76 | **DEFICIENT DOCUMENT**<br><br>SEALED MOTION *DEFENDANT WELLS FARGO BANK, N.A.S MOTION TO STRIKE PORTIONS OF THE CONTE REPORT* by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit Declaration of Michael Bittner, # 2 Exhibit A, # 3 Exhibit B, # 4 Text of Proposed Order) (Melsheimer, Thomas) Modified on 10/28/2019 (nkl, ). (Entered: 10/25/2019) |
| 10/25/2019 | 77 | SEALED MOTION *for Summary Judgment of No Invalidity* by United Services Automobile Association. (Attachments: # 1 Affidavit Anthony Rowles, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Text of Proposed Order)(Bunt, Robert) (Entered: 10/25/2019) |
| 10/25/2019 | 78 | **DEFICIENT DOCUMENT**<br><br>SEALED MOTION *DEFENDANT WELLS FARGO BANK, N.A.S MOTION TO STRIKE AND/OR EXCLUDE THE EXPERT TESTIMONY OF ROY WEINSTEIN* by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit Declaration of Michael Bittner, # 2 Exhibit A, # 3 Exhibit A-1, # 4 Exhibit B, # 5 Text of Proposed Order) (Melsheimer, Thomas) Modified on 10/28/2019 (nkl, ). (Entered: 10/25/2019) |
| 10/25/2019 | 79 | SEALED MOTION *to Strike Portions of the Expert Report of Christopher Gerardi* by United Services Automobile Association. (Attachments: # 1 Exhibit A, # 2 Affidavit Anthony Rowles, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Exhibit 11, # 14 Text of Proposed Order)(Bunt, Robert) (Entered: 10/25/2019) |
| 10/25/2019 | 80 | SEALED MOTION *to Strike Portions of the Expert Report of William Saffici* by United Services Automobile Association. (Attachments: # 1 Exhibit A, # 2 Affidavit Anthony Rowles, # 3 Exhibit 1, # 4 Exhibit 2, |

| | | |
|---|---|---|
| | | # <u>5</u> Exhibit 3, # <u>6</u> Exhibit 4, # <u>7</u> Text of Proposed Order)(Bunt, Robert) (Entered: 10/25/2019) |
| 10/25/2019 | <u>81</u> | MOTION to Strike *Exclude the Trial Testimony of Proferred Patent Law Expert Charles E. Van Horn* by United Services Automobile Association. (Attachments: # <u>1</u> Affidavit Anthony Rowles, # <u>2</u> Exhibit 1, # <u>3</u> Exhibit 2, # <u>4</u> Exhibit 3, # <u>5</u> Text of Proposed Order)(Bunt, Robert) (Entered: 10/25/2019) |
| 10/25/2019 | <u>82</u> | SEALED MOTION *to Strike Portions of the Expert Report of John Villasenor* by United Services Automobile Association. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Affidavit Anthony Rowles, # <u>3</u> Exhibit 1, # <u>4</u> Exhibit 2, # <u>5</u> Exhibit 3, # <u>6</u> Text of Proposed Order)(Bunt, Robert) (Entered: 10/25/2019) |
| 10/28/2019 | | NOTICE of Deficiency regarding the SEALED MOTION DEFENDANT WELLS FARGO BANK, N.A.S MOTION TO EXCLUDE AND/OR STRIKE EXPERT TESTIMONY PROVIDED BY MR. CALMAN, SEALED MOTION DEFENDANT WELLS FARGO BANK, N.A.S MOTION TO STRIKE PORTIONS OF THE CONTE REPORT, and SEALED MOTION DEFENDANT WELLS FARGO BANK, N.A.S MOTION TO STRIKE AND/OR EXCLUDE THE EXPERT TESTIMONY OF ROY WEINSTEIN submitted document <u>75</u> <u>76</u> and <u>78</u> does not contain a Certificate of Conference. Correction should be made by one business day. (nkl, ) (Entered: 10/28/2019) |
| 10/28/2019 | <u>83</u> | SEALED MOTION *Refile Motion to Exclude And/Or Strike Expert Testimony Provided by Mr. Calman* by Wells Fargo Bank, N.A.. (Attachments: # <u>1</u> Affidavit, # <u>2</u> Exhibit A, # <u>3</u> Exhibit B, # <u>4</u> Exhibit C, # <u>5</u> Exhibit D, # <u>6</u> Exhibit E, # <u>7</u> Exhibit F, # <u>8</u> Exhibit G, # <u>9</u> Exhibit H, # <u>10</u> Text of Proposed Order)(Melsheimer, Thomas) (Entered: 10/28/2019) |
| 10/28/2019 | <u>84</u> | SEALED MOTION *Refile Motion to Strike Portions of the Conte Report* by Wells Fargo Bank, N.A.. (Attachments: # <u>1</u> Affidavit, # <u>2</u> Exhibit A, # <u>3</u> Exhibit B, # <u>4</u> Text of Proposed Order)(Melsheimer, Thomas) (Entered: 10/28/2019) |
| 10/28/2019 | <u>85</u> | SEALED MOTION *Refile Motion to Strike And/Or Exclude The Expert Testimony of Roy Weinstein* by Wells Fargo Bank, N.A.. (Attachments: # <u>1</u> Affidavit, # <u>2</u> Exhibit A, # <u>3</u> Exhibit B, # <u>4</u> Text of Proposed Order) (Melsheimer, Thomas) (Entered: 10/28/2019) |
| 10/29/2019 | | NOTICE of Hearing: Pretrial Conference RESET for 12/17/2019 09:00 AM in Ctrm 106 (Marshall) before District Judge Rodney Gilstrap. ***Please note that the DATE and TIME for the hearing have changed.***(jml) (Entered: 10/29/2019) |
| 11/03/2019 | <u>86</u> | Joint MOTION to Amend/Correct <u>72</u> Order on Motion to Amend/Correct by United Services Automobile Association. |

| | | |
|---|---|---|
| | | (Attachments: # <u>1</u> Text of Proposed Order)(Bunt, Robert) (Entered: 11/03/2019) |
| 11/08/2019 | <u>87</u> | THIRD AMENDED DOCKET CONTROL ORDER granting <u>86</u> Motion to Amend/Correct. Signed by District Judge Rodney Gilstrap on 11/7/2019. (nkl, ) (Entered: 11/08/2019) |
| 11/12/2019 | <u>88</u> | SEALED RESPONSE to Motion re <u>82</u> SEALED MOTION *to Strike Portions of the Expert Report of John Villasenor* filed by Wells Fargo Bank, N.A.. (Attachments: # <u>1</u> Affidavit, # <u>2</u> Exhibit A, # <u>3</u> Exhibit B, # <u>4</u> Exhibit C, # <u>5</u> Text of Proposed Order)(Melsheimer, Thomas) (Entered: 11/12/2019) |
| 11/12/2019 | <u>89</u> | SEALED RESPONSE to Motion re <u>81</u> MOTION to Strike */Exclude the Trial Testimony of Proferred Patent Law Expert Charles E. Van Horn* filed by Wells Fargo Bank, N.A.. (Attachments: # <u>1</u> Affidavit, # <u>2</u> Exhibit A, # <u>3</u> Exhibit B, # <u>4</u> Exhibit C, # <u>5</u> Text of Proposed Order) (Melsheimer, Thomas) (Entered: 11/12/2019) |
| 11/12/2019 | <u>90</u> | SEALED RESPONSE to Motion re <u>80</u> SEALED MOTION *to Strike Portions of the Expert Report of William Saffici* filed by Wells Fargo Bank, N.A.. (Attachments: # <u>1</u> Affidavit, # <u>2</u> Exhibit A, # <u>3</u> Exhibit B, # <u>4</u> Text of Proposed Order)(Melsheimer, Thomas) (Entered: 11/12/2019) |
| 11/12/2019 | <u>91</u> | SEALED RESPONSE to Motion re <u>79</u> SEALED MOTION *to Strike Portions of the Expert Report of Christopher Gerardi* filed by Wells Fargo Bank, N.A.. (Attachments: # <u>1</u> Affidavit, # <u>2</u> Exhibit A, # <u>3</u> Exhibit B, # <u>4</u> Exhibit C, # <u>5</u> Exhibit D, # <u>6</u> Exhibit E, # <u>7</u> Exhibit F, # <u>8</u> Exhibit G, # <u>9</u> Exhibit H, # <u>10</u> Exhibit I, # <u>11</u> Exhibit J, # <u>12</u> Exhibit K, # <u>13</u> Exhibit L)(Melsheimer, Thomas) (Entered: 11/12/2019) |
| 11/12/2019 | <u>92</u> | SEALED RESPONSE to <u>74</u> SEALED MOTION *DEFENDANT WELLS FARGO BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT UNDER 35 U.S.C. § 101* filed by United Services Automobile Association. (Attachments: # <u>1</u> Affidavit Declaration of Anthony Rowles, # <u>2</u> Exhibit 1, # <u>3</u> Exhibit 2, # <u>4</u> Exhibit 3, # <u>5</u> Exhibit 4, # <u>6</u> Exhibit 5, # <u>7</u> Exhibit 6, # <u>8</u> Exhibit 7, # <u>9</u> Exhibit 8, # <u>10</u> Exhibit 9, # <u>11</u> Exhibit 10, # <u>12</u> Exhibit 11, # <u>13</u> Exhibit 12, # <u>14</u> Exhibit 13, # <u>15</u> Exhibit 14, # <u>16</u> Exhibit 15, # <u>17</u> Exhibit 16, # <u>18</u> Exhibit 17, # <u>19</u> Exhibit 18, # <u>20</u> Exhibit 19, # <u>21</u> Exhibit 20, # <u>22</u> Exhibit 21, # <u>23</u> Exhibit 22, # <u>24</u> Exhibit 23, # <u>25</u> Exhibit 24, # <u>26</u> Exhibit 25, # <u>27</u> Exhibit 26, # <u>28</u> Exhibit 27, # <u>29</u> Exhibit 28, # <u>30</u> Exhibit 29, # <u>31</u> Exhibit 30, # <u>32</u> Exhibit 31, # <u>33</u> Exhibit 32, # <u>34</u> Text of Proposed Order)(Bunt, Robert) (Entered: 11/12/2019) |
| 11/12/2019 | <u>93</u> | SEALED RESPONSE to <u>83</u> SEALED MOTION *Refile Motion to Exclude And/Or Strike Expert Testimony Provided by Mr. Calman* filed by United Services Automobile Association. (Attachments: # <u>1</u> Affidavit Anthony Q. Rowles, # <u>2</u> Exhibit 1, # <u>3</u> Exhibit 2, # <u>4</u> Exhibit |

| | | |
|---|---|---|
| | | 3, # <u>5</u> Exhibit 4, # <u>6</u> Exhibit 5, # <u>7</u> Exhibit 6, # <u>8</u> Text of Proposed Order)(Bunt, Robert) (Entered: 11/12/2019) |
| 11/12/2019 | <u>94</u> | SEALED RESPONSE to Motion re <u>77</u> SEALED MOTION *for Summary Judgment of No Invalidity* filed by Wells Fargo Bank, N.A.. (Attachments: # <u>1</u> Affidavit, # <u>2</u> Exhibit A, # <u>3</u> Exhibit B, # <u>4</u> Exhibit C, # <u>5</u> Exhibit D, # <u>6</u> Exhibit E, # <u>7</u> Exhibit F, # <u>8</u> Exhibit G, # <u>9</u> Exhibit H, # <u>10</u> Text of Proposed Order)(Melsheimer, Thomas) (Entered: 11/12/2019) |
| 11/12/2019 | <u>95</u> | SEALED RESPONSE to <u>84</u> SEALED MOTION *Refile Motion to Strike Portions of the Conte Report* filed by United Services Automobile Association. (Attachments: # <u>1</u> Affidavit Anthony Q. Rowles, # <u>2</u> Exhibit 1, # <u>3</u> Exhibit 2, # <u>4</u> Exhibit 3, # <u>5</u> Exhibit 4, # <u>6</u> Exhibit 5, # <u>7</u> Exhibit 6, # <u>8</u> Exhibit 7, # <u>9</u> Exhibit 8, # <u>10</u> Exhibit 9, # <u>11</u> Exhibit 10, # <u>12</u> Exhibit 11, # <u>13</u> Exhibit 12, # <u>14</u> Text of Proposed Order)(Bunt, Robert) (Entered: 11/12/2019) |
| 11/12/2019 | <u>96</u> | SEALED RESPONSE <u>85</u> SEALED MOTION *Refile Motion to Strike And/Or Exclude The Expert Testimony of Roy Weinstein* filed by United Services Automobile Association. (Attachments: # <u>1</u> Affidavit Anthony Q. Rowles, # <u>2</u> Exhibit 1, # <u>3</u> Exhibit 2, # <u>4</u> Exhibit 3, # <u>5</u> Exhibit 4, # <u>6</u> Exhibit 5, # <u>7</u> Text of Proposed Order)(Bunt, Robert) (Entered: 11/12/2019) |
| 11/13/2019 | <u>97</u> | ORDER REFERRING CASE to Magistrate Judge Roy S. Payne. Signed by District Judge Rodney Gilstrap on 11/13/2019. (ch, ) (Entered: 11/13/2019) |
| 11/13/2019 | <u>98</u> | NOTICE of Attorney Appearance - Pro Hac Vice by Lisa Sharrock Glasser on behalf of United Services Automobile Association. Filing fee $ 100, receipt number 0540-7522150. (Glasser, Lisa) (Entered: 11/13/2019) |
| 11/13/2019 | <u>99</u> | Joint MOTION to Amend/Correct <u>87</u> Order on Motion to Amend/Correct by United Services Automobile Association. (Attachments: # <u>1</u> Text of Proposed Order)(Bunt, Robert) (Entered: 11/13/2019) |
| 11/13/2019 | <u>100</u> | SEALED MOTION *for Leave to Serve Appendix of William L. Saffici* by Wells Fargo Bank, N.A.. (Attachments: # <u>1</u> Affidavit, # <u>2</u> Exhibit A, # <u>3</u> Exhibit B, # <u>4</u> Text of Proposed Order)(Melsheimer, Thomas) (Entered: 11/13/2019) |
| 11/15/2019 | <u>101</u> | FOURTH AMENDED DOCKET CONTROL ORDER granting <u>99</u> Motion to Amend/Correct. Signed by District Judge Rodney Gilstrap on 11/15/2019. (nkl, ) (Entered: 11/15/2019) |
| 11/18/2019 | | NOTICE of Hearing: Pretrial Conference RESET for 12/16/2019 09:00 AM before Magistrate Judge Roy S. Payne. (bga, ) (Entered: 11/18/2019) |

| 11/19/2019 | 102 | SEALED REPLY to Response to Motion re 74 : DEFENDANT WELLS FARGO BANK, N.A.S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT UNDER 35 U.S.C. § 101 (Melsheimer, Thomas) (Entered: 11/19/2019) |
|---|---|---|
| 11/19/2019 | 103 | DEFENDANT WELLS FARGO BANK, N.A.'S REPLY IN SUPPORT OF MOTION TO EXCLUDE AND/OR STRIKE EXPERT TESTIMONY PROVIDED BY MR. CALMAN - SEALED REPLY to Response to Motion re 83 SEALED MOTION *Refile Motion to Exclude And/Or Strike Expert Testimony Provided by Mr. Calman* filed by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit Declaration of Michael Bittner, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G)(Melsheimer, Thomas) (Entered: 11/19/2019) |
| 11/19/2019 | 104 | REPLY IN SUPPORT OF DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO STRIKE PORTIONS OF THE CONTE REPORT - SEALED REPLY to Response to Motion re 84 SEALED MOTION *Refile Motion to Strike Portions of the Conte Report* filed by Wells Fargo Bank, N.A.. (Melsheimer, Thomas) (Entered: 11/19/2019) |
| 11/19/2019 | 105 | DEFENDANT WELLS FARGO BANK, N.A.'S REPLY IN SUPPORT OF MOTION TO STRIKE AND/OR EXCLUDE THE EXPERT TESTIMONY OF ROY WEINSTEIN - SEALED REPLY to Response to Motion re 85 SEALED MOTION *Refile Motion to Strike And/Or Exclude The Expert Testimony of Roy Weinstein* filed by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit Declaration of Michael Bittner, # 2 Exhibit A)(Melsheimer, Thomas) (Entered: 11/19/2019) |
| 11/19/2019 | 106 | SEALED REPLY to Response to Motion re 79 SEALED MOTION *to Strike Portions of the Expert Report of Christopher Gerardi* filed by United Services Automobile Association. (Attachments: # 1 Affidavit Anthony Rowles, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5)(Bunt, Robert) (Entered: 11/19/2019) |
| 11/19/2019 | 107 | SEALED REPLY to Response to Motion re 82 SEALED MOTION *to Strike Portions of the Expert Report of John Villasenor* filed by United Services Automobile Association. (Bunt, Robert) (Entered: 11/19/2019) |
| 11/19/2019 | 108 | SEALED REPLY to Response to Motion re 77 SEALED MOTION *for Summary Judgment of No Invalidity* filed by United Services Automobile Association. (Attachments: # 1 Affidavit of Anthony Rowles, # 2 Exhibit 1)(Bunt, Robert) (Entered: 11/19/2019) |
| 11/19/2019 | 109 | SEALED REPLY to Response to Motion re 80 SEALED MOTION *to Strike Portions of the Expert Report of William Saffici* filed by United Services Automobile Association. (Attachments: # 1 Affidavit Anthony Rowles, # 2 Exhibit 1, # 3 Exhibit 2)(Bunt, Robert) (Entered: 11/19/2019) |

| 11/19/2019 | 110 | REPLY to Response to Motion re 81 MOTION to Strike *Exclude the Trial Testimony of Proferred Patent Law Expert Charles E. Van Horn filed by United Services Automobile Association*. (Attachments: # 1 Affidavit Anthony Rowles, # 2 Exhibit 1, # 3 Exhibit 2)(Bunt, Robert) (Entered: 11/19/2019) |
|---|---|---|
| 11/20/2019 | 111 | NOTICE of Attorney Appearance - Pro Hac Vice by Benjamin Monnin on behalf of United Services Automobile Association. Filing fee $ 100, receipt number 0540-7536619. (Monnin, Benjamin) (Additional attachment(s) added on 11/22/2019: # 1 Sealed Attachment) (jmv, ). (Entered: 11/20/2019) |
| 11/21/2019 | 112 | REDACTION to 92 Sealed Response to Motion,,, *to Wells Fargo's Motion for Summary Judgment Pursuant to Section 101* by United Services Automobile Association. (Attachments: # 1 Affidavit Anthony Rowles, # 2 Exhibit 1 - Public, # 3 Exhibit 2 - Public, # 4 Exhibit 3 - Public, # 5 Exhibit 4 - Highly Confidential, # 6 Exhibit 5 - Highly Confidential, # 7 Exhibit 6 - Public, # 8 Exhibit 7 - Public, # 9 Exhibit 8 - Public, # 10 Exhibit 9 - Public, # 11 Exhibit 10 - Public, # 12 Exhibit 11 - Public, # 13 Exhibit 12 - Public, # 14 Exhibit 13 - Highly Confidential, # 15 Exhibit 14 - Highly Confidential, # 16 Exhibit 15 - Highly Confidential, # 17 Exhibit 16 - Highly Confidential, # 18 Exhibit 17 - Highly Confidential, # 19 Exhibit 18 - Highly Confidential, # 20 Exhibit 19 - Public, # 21 Exhibit 20 - Public, # 22 Exhibit 21 - Public, # 23 Exhibit 22 - Public, # 24 Exhibit 23 - Highly Confidential, # 25 Exhibit 24 - Highly Confidential, # 26 Exhibit 25 - Highly Confidential, # 27 Exhibit 26 - Highly Confidential, # 28 Exhibit 27 - Public, # 29 Exhibit 28 - Public, # 30 Exhibit 29 - Public, # 31 Exhibit 30 - Public, # 32 Exhibit 31 - Highly Confidential, # 33 Exhibit 32 - Highly Confidential, # 34 Text of Proposed Order)(Bunt, Robert) (Entered: 11/21/2019) |
| 11/21/2019 | 113 | **FILED IN ERROR PER ATTORNEY**<br><br>REDACTION to 93 Sealed Response to Motion, *to Exclude and/or Strike Expert Testimony Provided by Mr. Calman* by United Services Automobile Association. (Attachments: # 1 Affidavit Anthony Rowles, # 2 Exhibit 1 - Highly Confidential, # 3 Exhibit 2 - Highly Confidential, # 4 Exhibit 3 - Highly Confidential, # 5 Exhibit 4 - Highly Confidential, # 6 Exhibit 5 - Highly Confidential, # 7 Exhibit 6 - Highly Confidential, # 8 Text of Proposed Order)(Ainsworth, Charles) Modified on 11/21/2019 (nkl, ). (Entered: 11/21/2019) |
| 11/21/2019 | 114 | REDACTION to 93 Sealed Response to Motion, *to Exclude And/Or Strike Expert Testimony Provided by Mr. Calman* by United Services Automobile Association. (Attachments: # 1 Affidavit of Anthony Rowles, # 2 Exhibit 1 - Highly Confidential, # 3 Exhibit 2 - Highly Confidential, # 4 Exhibit 3 - Highly Confidential, # 5 Exhibit 4 - Highly Confidential, # 6 Exhibit 5 - Highly Confidential, # 7 Exhibit 6 |

| | | |
|---|---|---|
| | | - Highly Confidential, # 8 Text of Proposed Order)(Bunt, Robert) (Entered: 11/21/2019) |
| 11/21/2019 | | ***FILED IN ERROR PER ATTORNEY. Document # 113, Redaction. PLEASE IGNORE.*** <br><br> (nkl, ) (Entered: 11/21/2019) |
| 11/22/2019 | 115 | NOTICE by United Services Automobile Association *REQUEST FOR DAILY TRANSCRIPTS AND REAL TIME REPORTING* (Bunt, Robert) (Entered: 11/22/2019) |
| 11/22/2019 | 116 | SEALED MOTION *DEFENDANT WELLS FARGO BANK, N.A.'S MOTIONS IN LIMINE NOS. 1-17* by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit Declaration of Michael A. Bittner, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H)(Melsheimer, Thomas) (Additional attachment(s) added on 11/25/2019: # 10 Text of Proposed Order) (nkl, ). (Entered: 11/22/2019) |
| 11/22/2019 | 117 | SEALED MOTION *IN LIMINE NOS. 1- 13* by United Services Automobile Association. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Text of Proposed Order)(Bunt, Robert) (Entered: 11/22/2019) |
| 11/23/2019 | 118 | Additional Attachments to Main Document: 117 SEALED MOTION *IN LIMINE NOS. 1- 13*.. (Attachments: # 1 Affidavit Anthony Q. Rowles)(Bunt, Robert) (Entered: 11/23/2019) |
| 11/25/2019 | 119 | NOTICE by Wells Fargo Bank, N.A. *DEFENDANT'S NOTICE OF REQUEST FOR DAILY TRANSCRIPTS AND REAL-TIME REPORTING OF COURT PROCEEDINGS* (Melsheimer, Thomas) (Entered: 11/25/2019) |
| 11/26/2019 | 120 | REDACTION to 95 Sealed Response to Motion, *Refiled Motion to Strike Portions of the Conte Report* by United Services Automobile Association. (Attachments: # 1 Affidavit Anthony Q. Rowles, # 2 Exhibit 1 - Highly Confidential, # 3 Exhibit 2 - Highly Confidential, # 4 Exhibit 3 - Highly Confidential, # 5 Exhibit 4 - Highly Confidential, # 6 Exhibit 5 - Highly Confidential, # 7 Exhibit 6 - Highly Confidential, # 8 Exhibit 7 - Highly Confidential, # 9 Exhibit 8 - Highly Confidential, # 10 Exhibit 9 - Highly Confidential, # 11 Exhibit 10 - Highly Confidential, # 12 Exhibit 11 - Highly Confidential, # 13 Exhibit 12 - Highly Confidential, # 14 Text of Proposed Order)(Bunt, Robert) (Entered: 11/26/2019) |
| 11/26/2019 | 121 | REDACTION to 96 Sealed Response to Motion, *Refiled Motion to* |

| | | |
|---|---|---|
| | | *Strike And/Or Exclude The Expert Testimony of Roy Weinstein* by United Services Automobile Association. (Attachments: # 1 Affidavit Anthony Q. Rowles, # 2 Exhibit 1 - Highly Confidential, # 3 Exhibit 2 - Highly Confidential, # 4 Exhibit 3 - Highly Confidential, # 5 Exhibit 4 - Highly Confidential, # 6 Exhibit 5 - Highly Confidential, # 7 Text of Proposed Order)(Bunt, Robert) (Entered: 11/26/2019) |
| 11/26/2019 | 122 | SEALED SUR-REPLY to Reply to Response to Motion re 77 : DEFENDANT WELLS FARGO BANK, N.A.S SUR-REPLY TO USAAS MOTION FOR SUMMARY JUDGMENT THATCLAIMS 6, 12, AND 18 OF THE 136 PATENT ARE NOT INVALID filed by Wells Fargo Bank, N.A.. (Melsheimer, Thomas) (Entered: 11/26/2019) |
| 11/26/2019 | 123 | SEALED SUR-REPLY to Reply to Response to Motion re 79 : DEFENDANT WELLS FARGO BANK, N.A.S SUR-REPLY TO PLAINTIFF USAAS DAUBERT MOTION TO STRIKE PORTIONS OF THE EXPERT REPORT OF CHRISTOPHER GERARDI filed by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit Declaration of Michael A. Bittner, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C) (Melsheimer, Thomas) (Entered: 11/26/2019) |
| 11/26/2019 | 124 | SEALED SUR-REPLY to Reply to Response to Motion re 80 : DEFENDANT WELLS FARGO BANK, N.A.S SUR-REPLY TO USAAS DAUBERT MOTION TO STRIKE PORTIONS OF THE EXPERT REPORT OF WILLIAM SAFFICI filed by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit Declaration of Michael A. Bittner, # 2 Exhibit A, # 3 Exhibit B)(Melsheimer, Thomas) (Entered: 11/26/2019) |
| 11/26/2019 | 125 | SEALED SUR-REPLY to Reply to Response to Motion re 81 : DEFENDANT WELLS FARGO BANK, N.A.S SUR-REPLY TO PLAINTIFF USAAS MOTION TO EXCLUDE THE TRIAL TESTIMONY OF CHARLES E. VAN HORN filed by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit Declaration of Michael Bittner, # 2 Exhibit D)(Melsheimer, Thomas) (Entered: 11/26/2019) |
| 11/26/2019 | 126 | SEALED SUR-REPLY to Reply to Response to Motion re 82 : DEFENDANT WELLS FARGO BANK, N.A.S SUR-REPLY TO PLAINTIFF USAAS DAUBERT MOTION TO STRIKE PORTIONS OF THE EXPERT REPORT OF JOHN VILLASENOR filed by Wells Fargo Bank, N.A.. (Melsheimer, Thomas) (Entered: 11/26/2019) |
| 11/26/2019 | 127 | SEALED SUR-REPLY to Reply to Response to Motion re 74 SEALED MOTION *DEFENDANT WELLS FARGO BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT UNDER 35 U.S.C. § 101* filed by United Services Automobile Association. (Attachments: # 1 Affidavit Anthony Q. Rowles, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6)(Bunt, Robert) (Entered: 11/26/2019) |
| 11/26/2019 | 128 | SEALED SUR-REPLY to Reply to Response to Motion re 83 SEALED |

| | | |
|---|---|---|
| | | MOTION *Refile Motion to Exclude And/Or Strike Expert Testimony Provided by Mr. Calman* filed by United Services Automobile Association. (Attachments: # <u>1</u> Affidavit Anthony Q. Rowles, # <u>2</u> Exhibit 1, # <u>3</u> Exhibit 2, # <u>4</u> Exhibit 3, # <u>5</u> Exhibit 4)(Bunt, Robert) (Entered: 11/26/2019) |
| 11/26/2019 | <u>129</u> | SEALED SUR-REPLY to Reply to Response to Motion re <u>84</u> SEALED MOTION *Refile Motion to Strike Portions of the Conte Report* filed by United Services Automobile Association. (Attachments: # <u>1</u> Affidavit Anthony Q. Rowles, # <u>2</u> Exhibit 1)(Bunt, Robert) (Entered: 11/26/2019) |
| 11/26/2019 | <u>130</u> | SEALED SUR-REPLY to Reply to Response to Motion re <u>85</u> SEALED MOTION *Refile Motion to Strike And/Or Exclude The Expert Testimony of Roy Weinstein* filed by United Services Automobile Association. (Attachments: # <u>1</u> Affidavit Anthony Q. Rowles, # <u>2</u> Exhibit 1, # <u>3</u> Exhibit 2, # <u>4</u> Exhibit 3, # <u>5</u> Supplement 4)(Bunt, Robert) (Entered: 11/26/2019) |
| 11/27/2019 | <u>131</u> | SEALED RESPONSE to Motion re <u>100</u> SEALED MOTION *for Leave to Serve Appendix of William L. Saffici* filed by United Services Automobile Association. (Attachments: # <u>1</u> Affidavit Anthony Q. Rowles, # <u>2</u> Exhibit 1, # <u>3</u> Exhibit 2, # <u>4</u> Exhibit 3, # <u>5</u> Exhibit 4, # <u>6</u> Exhibit 5, # <u>7</u> Text of Proposed Order)(Bunt, Robert) (Entered: 11/27/2019) |
| 12/02/2019 | <u>132</u> | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 6/27/19 (Claim Construction) before Judge Roy S. Payne. Court Reporter/Transcriber: Shelly Holmes CSR, TCRR,Telephone number: (903) 923-7464 (Shelly_Holmes@txed.uscourts.gov). <P>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov<P>** Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Motion to Redact due 12/23/2019. Release of Transcript Restriction set for 3/2/2020. (sholmes, ) (Entered: 12/02/2019) |
| 12/02/2019 | <u>133</u> | SEALED RESPONSE to Motion re <u>116</u> SEALED MOTION *DEFENDANT WELLS FARGO BANK, N.A.'S MOTIONS IN LIMINE NOS. 1-17* filed by United Services Automobile Association. (Attachments: # <u>1</u> Affidavit Anthony Q. Rowles, # <u>2</u> Exhibit 1, # <u>3</u> Exhibit 2, # <u>4</u> Exhibit 3, # <u>5</u> Exhibit 4, # <u>6</u> Exhibit 5, # <u>7</u> Exhibit 6, # <u>8</u> Exhibit 7, # <u>9</u> Exhibit 8, # <u>10</u> Exhibit 9, # <u>11</u> Exhibit 10, # <u>12</u> Exhibit 11, # <u>13</u> Exhibit 12, # <u>14</u> Exhibit 13, # <u>15</u> Exhibit 14, # <u>16</u> Exhibit 15, # |

| | | |
|---|---|---|
| | | 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21, # 23 Exhibit 22, # 24 Exhibit 23, # 25 Exhibit 24, # 26 Exhibit 25, # 27 Exhibit 26, # 28 Exhibit 27, # 29 Exhibit 28, # 30 Exhibit 29, # 31 Exhibit 30, # 32 Exhibit 31, # 33 Exhibit 32, # 34 Exhibit 33, # 35 Exhibit 34, # 36 Exhibit 35, # 37 Exhibit 36, # 38 Exhibit 37, # 39 Exhibit 38, # 40 Text of Proposed Order)(Bunt, Robert) (Entered: 12/02/2019) |
| 12/02/2019 | 134 | SEALED RESPONSE to Motion re 117 SEALED MOTION *IN LIMINE NOS. 1- 13* filed by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit Declaration of Michael A. Bittner, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P, # 18 Text of Proposed Order)(Melsheimer, Thomas) (Entered: 12/02/2019) |
| 12/02/2019 | 135 | **FILED IN ERROR PER ATTORNEY** <br><br> Proposed Pretrial Order *[JOINT FINAL PRETRIAL ORDER]* by United Services Automobile Association. (Attachments: # 1 Exhibit A - USAA's Witness List, # 2 Exhibit B - USAA's Deposition Designations, # 3 Exhibit C - USAA's Second Amended Exhibit List, # 4 Exhibit D - WFB's Witness List, # 5 Exhibit E - WFB's Deposition Designations, # 6 Exhibit F - WFB's Exhibit LIst, # 7 Exhibit G - Proposed Jury Instructions, # 8 Exhibit H - Proposed Verdict Form) (Bunt, Robert) Modified on 12/5/2019 (nkl, ). (Entered: 12/02/2019) |
| 12/04/2019 | 136 | ORDER REGARDING EXHIBITS. Signed by District Judge Rodney Gilstrap on 12/4/2019. (nkl, ) (Entered: 12/04/2019) |
| 12/04/2019 | 137 | NOTICE of Attorney Appearance by Katherine Anne Marcom on behalf of Wells Fargo Bank, N.A. (Marcom, Katherine) (Entered: 12/04/2019) |
| 12/04/2019 | 138 | NOTICE of Attorney Appearance by Katherine K. Vidal on behalf of Wells Fargo Bank, N.A. (Vidal, Katherine) (Entered: 12/04/2019) |
| 12/05/2019 | 139 | NOTICE of Attorney Appearance by Rex Andrew Mann on behalf of Wells Fargo Bank, N.A. (Mann, Rex) (Entered: 12/05/2019) |
| 12/05/2019 | | ***FILED IN ERROR PER ATTORNEY. Document # 135, Proposed Pretrial Order [JOINT FINAL PRETRIAL ORDER]. PLEASE IGNORE.*** <br><br> (nkl, ) (Entered: 12/05/2019) |
| 12/05/2019 | 140 | SEALED REPLY to Response to Motion re 100 SEALED MOTION *for Leave to Serve Appendix of William L. Saffici* filed by Wells Fargo Bank, N.A.. (Melsheimer, Thomas) (Entered: 12/05/2019) |
| | | |

| 12/06/2019 | 141 | Proposed Pretrial Order by United Services Automobile Association. (Attachments: # 1 Exhibit A -USAA's Witness List, # 2 Exhibit B - USAA's Deposition Designations, # 3 Exhibit C - USAA's Exhibit List, # 4 Exhibit D - WFB's Witness List, # 5 Exhibit E - WFB's Deposition Designations, # 6 Exhibit F - WFB's Exhibit List, # 7 Exhibit G - Proposed Jury Instructions, # 8 Exhibit H - Proposed Verdict Form) (Bunt, Robert) (Entered: 12/06/2019) |
|---|---|---|
| 12/09/2019 | 142 | NOTICE by United Services Automobile Association *DISCLOSURE NARROWING CLAIMS FOR PURPOSES OF TRIAL* (Bunt, Robert) (Entered: 12/09/2019) |
| 12/10/2019 | 143 | REDACTION to 100 SEALED MOTION *for Leave to Serve Appendix of William L. Saffici* by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 Exhibit B, # 4 Text of Proposed Order) (Melsheimer, Thomas) (Entered: 12/10/2019) |
| 12/10/2019 | 144 | REDACTION to 140 Sealed Reply to Response to Motion by Wells Fargo Bank, N.A.. (Melsheimer, Thomas) (Entered: 12/10/2019) |
| 12/10/2019 | 145 | REDACTION to 91 Sealed Response to Motion, by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Text of Proposed Order)(Melsheimer, Thomas) (Entered: 12/10/2019) |
| 12/10/2019 | 146 | REDACTION to 123 Sealed Sur-Reply to Reply to Response to Motion, by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C)(Melsheimer, Thomas) (Entered: 12/10/2019) |
| 12/10/2019 | 147 | REDACTION to 90 Sealed Response to Motion, by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 Exhibit B, # 4 Text of Proposed Order)(Melsheimer, Thomas) (Entered: 12/10/2019) |
| 12/10/2019 | 148 | REDACTION to 124 Sealed Sur-Reply to Reply to Response to Motion, by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 Exhibit B)(Melsheimer, Thomas) (Entered: 12/10/2019) |
| 12/10/2019 | 149 | REDACTION to 89 Sealed Response to Motion, by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Text of Proposed Order)(Melsheimer, Thomas) (Entered: 12/10/2019) |
| 12/10/2019 | 150 | REDACTION to 125 Sealed Sur-Reply to Reply to Response to Motion, by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit D)(Melsheimer, Thomas) (Entered: 12/10/2019) |
| 12/10/2019 | 151 | REDACTION to 88 Sealed Response to Motion, by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 Exhibit B, # 4 |

| | | |
|---|---|---|
| | | Exhibit C, # 5 Text of Proposed Order)(Melsheimer, Thomas) (Entered: 12/10/2019) |
| 12/10/2019 | 152 | REDACTION to 126 Sealed Sur-Reply to Reply to Response to Motion by Wells Fargo Bank, N.A.. (Melsheimer, Thomas) (Entered: 12/10/2019) |
| 12/10/2019 | 153 | REDACTION to 94 Sealed Response to Motion, by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Text of Proposed Order)(Melsheimer, Thomas) (Entered: 12/10/2019) |
| 12/10/2019 | 154 | REDACTION to 122 Sealed Sur-Reply to Reply to Response to Motion, by Wells Fargo Bank, N.A.. (Melsheimer, Thomas) (Entered: 12/10/2019) |
| 12/10/2019 | 155 | REDACTION to 103 Sealed Reply to Response to Motion,, by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G)(Melsheimer, Thomas) (Entered: 12/10/2019) |
| 12/10/2019 | 156 | REDACTION to 75 SEALED MOTION *DEFENDANT WELLS FARGO BANK, N.A.S MOTION TO EXCLUDE AND/OR STRIKE EXPERT TESTIMONY PROVIDED BY MR. CALMAN* by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Text of Proposed Order)(Melsheimer, Thomas) (Entered: 12/10/2019) |
| 12/10/2019 | 157 | REDACTION to 84 SEALED MOTION *Refile Motion to Strike Portions of the Conte Report* by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 Exhibit B, # 4 Text of Proposed Order)(Melsheimer, Thomas) (Entered: 12/10/2019) |
| 12/10/2019 | 158 | REDACTION to 78 SEALED MOTION *DEFENDANT WELLS FARGO BANK, N.A.S MOTION TO STRIKE AND/OR EXCLUDE THE EXPERT TESTIMONY OF ROY WEINSTEIN* by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 Exhibit B, # 4 Text of Proposed Order)(Melsheimer, Thomas) (Entered: 12/10/2019) |
| 12/10/2019 | 159 | REDACTION to 105 Sealed Reply to Response to Motion, by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit A) (Melsheimer, Thomas) (Entered: 12/10/2019) |
| 12/10/2019 | 160 | REDACTION to 134 Sealed Response to Motion,, by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit |

| | | |
|---|---|---|
| | | P, # <u>18</u> Text of Proposed Order)(Melsheimer, Thomas) (Entered: 12/10/2019) |
| 12/10/2019 | <u>161</u> | REDACTION to <u>116</u> SEALED MOTION *DEFENDANT WELLS FARGO BANK, N.A.'S MOTIONS IN LIMINE NOS. 1-17* by Wells Fargo Bank, N.A.. (Attachments: # <u>1</u> Affidavit, # <u>2</u> Exhibit A, # <u>3</u> Exhibit B, # <u>4</u> Exhibit C, # <u>5</u> Exhibit D, # <u>6</u> Exhibit E, # <u>7</u> Exhibit F, # <u>8</u> Exhibit G, # <u>9</u> Exhibit H, # <u>10</u> Text of Proposed Order)(Melsheimer, Thomas) (Entered: 12/10/2019) |
| 12/10/2019 | <u>162</u> | REDACTION to <u>74</u> SEALED MOTION *DEFENDANT WELLS FARGO BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT UNDER 35 U.S.C. § 101* by Wells Fargo Bank, N.A.. (Attachments: # <u>1</u> Affidavit, # <u>2</u> Exhibit A, # <u>3</u> Exhibit B, # <u>4</u> Exhibit C, # <u>5</u> Exhibit D, # <u>6</u> Exhibit E, # <u>7</u> Exhibit F, # <u>8</u> Exhibit G, # <u>9</u> Exhibit H, # <u>10</u> Text of Proposed Order)(Melsheimer, Thomas) (Entered: 12/10/2019) |
| 12/10/2019 | <u>163</u> | REDACTION to <u>102</u> Sealed Reply to Response to Motion by Wells Fargo Bank, N.A.. (Melsheimer, Thomas) (Entered: 12/10/2019) |
| 12/11/2019 | <u>164</u> | **FILED IN ERROR**<br><br>SEALED Amended Exhibit H ADDITIONAL ATTACHMENTS to Main Document: <u>116</u> SEALED MOTION *DEFENDANT WELLS FARGO BANK, N.A.'S MOTIONS IN LIMINE NOS. 1-17*. (Melsheimer, Thomas) Modified on 12/11/2019 (nkl, ). (Entered: 12/11/2019) |
| 12/11/2019 | <u>165</u> | NOTICE by United Services Automobile Association re <u>116</u> SEALED MOTION *DEFENDANT WELLS FARGO BANK, N.A.'S MOTIONS IN LIMINE NOS. 1-17*, <u>117</u> SEALED MOTION *IN LIMINE NOS. 1- 13 [JOINT NOTICE REGARDING MOTIONS IN LIMINE]* (Bunt, Robert) (Entered: 12/11/2019) |
| 12/11/2019 | | **\*\*\*FILED IN ERROR - It is passed the timeframe to file additional attachment to docket entry 116. Please refile as a Sealed Document.. Document # 164, SEALED Amended Exhibit H ADDITIONAL ATTACHMENTS to Main Document. PLEASE IGNORE.\*\*\***<br><br>(nkl, ) (Entered: 12/11/2019) |
| 12/11/2019 | <u>166</u> | SEALED - DEFENDANT WELLS FARGO BANK, N.A.SAMENDED EXHIBIT H TO MOTIONS IN LIMINE NOS. 1-17ORIGINALLY FILED ON NOVEMBER 22, 2019 AND NOTED AS D116 (Melsheimer, Thomas) (Entered: 12/11/2019) |
| 12/13/2019 | <u>167</u> | SEALED SUR-REPLY to Reply to Response to Motion re <u>100</u> SEALED MOTION *for Leave to Serve Appendix of William L. Saffici* filed by United Services Automobile Association. (Bunt, Robert) (Entered: 12/13/2019) |
| | | |

| 12/15/2019 | 168 | SEALED MOTION *WELLS FARGO BANK'S OPPOSED MOTION TO QUASH SUBPOENA TO WILLIAM SAFFICI TO APPEAR AND TESTIFY AND REQUEST FOR FEES AND EXPENSES* by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit Declaration of Michael Bittner, # 2 Affidavit Declaration of William L. Saffici, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Text of Proposed Order)(Melsheimer, Thomas) (Entered: 12/15/2019) |
|---|---|---|
| 12/15/2019 | 169 | SEALED MOTION *WELLS FARGO BANK'S MOTION TO QUASH SUBPOENA TO ARMIN AJAMI TO APPEAR AND TESTIFY AND REQUEST FOR FEES AND EXPENSES* by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit Declaration of Michael Bittner, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Text of Proposed Order)(Melsheimer, Thomas) (Entered: 12/15/2019) |
| 12/15/2019 | 170 | **DEFICIENT DOCUMENT** <br><br> SEALED ADDITIONAL ATTACHMENTS to Main Document 169 : SIGNED DECLARATION OF ARMIN AJAMI, FILED TO SUPPLEMENT UNSIGNED EXHIBIT D TO WELLS FARGO BANK'S MOTION TO QUASH SUBPOENA TO ARMIN AJAMI TO APPEAR AND TESTIFY AND REQUEST FOR FEES AND EXPENSES. (Melsheimer, Thomas) Modified on 12/16/2019 (nkl, ). (Entered: 12/15/2019) |
| 12/16/2019 |  | NOTICE of Deficiency regarding the SEALED ADDITIONAL ATTACHMENTS to Main Document submitted document 170 does not contain a Certificate of Authorization to File Under Seal per Local Rule CV-5(a)(7)(A). Correction should be made by one business day (nkl, ) (Entered: 12/16/2019) |
| 12/16/2019 | 171 | Sealed Document. SEALED SIGNED DECLARATION OF ARMIN AJAMI RELATING TO UNSIGNED EXHIBIT D TO DOCKET D169 (Melsheimer, Thomas) (Entered: 12/16/2019) |
| 12/16/2019 |  | NOTICE of Hearing: Final Pretrial Conference set for 12/17/2019 09:00 AM before Magistrate Judge Roy S. Payne. (bga, ) (Entered: 12/16/2019) |
| 12/16/2019 | 173 | Minute Entry for proceedings held before Magistrate Judge Roy S. Payne: Initial Pretrial Conference held on 12/16/2019. (Court Reporter Gayle Wear.) (Attachments: # 1 Attorney Sign-In Sheet) (bga, ) (Entered: 12/17/2019) |
| 12/17/2019 | 172 | MEMORANDUM ORDER. Signed by Magistrate Judge Roy S. Payne on 12/17/2019. (nkl, ) (Entered: 12/17/2019) |
| 12/17/2019 | 174 | Minute Entry for proceedings held before Magistrate Judge Roy S. Payne: Final Pretrial Conference held on 12/17/2019. (Court Reporter Gayle Wear.) (bga, ) (Entered: 12/17/2019) |

| 12/17/2019 | | NOTICE of Hearing: Final Pretrial Conference set for 12/23/2019 09:30 AM before Magistrate Judge Roy S. Payne. (bga, ) (Entered: 12/17/2019) |
|---|---|---|
| 12/18/2019 | [175](#) | MEMORANDUM ORDER re 82 SEALED MOTION *to Strike Portions of the Expert Report of John Villasenor* filed by United Services Automobile Association. Signed by Magistrate Judge Roy S. Payne on 12/17/2019. (nkl, ) (Entered: 12/18/2019) |
| 12/18/2019 | [176](#) | MEMORANDUM OPINION AND ORDER re 83 SEALED MOTION *Refile Motion to Exclude And/Or Strike Expert Testimony Provided by Mr. Calman* filed by Wells Fargo Bank, N.A., 84 Wells Fargos Motion to Strike Conte.. Signed by Magistrate Judge Roy S. Payne on 12/17/2019. (nkl, ) (Entered: 12/18/2019) |
| 12/18/2019 | [177](#) | MEMORANDUM ORDER re 80 SEALED MOTION *to Strike Portions of the Expert Report of William Saffici* filed by United Services Automobile Association.. Signed by Magistrate Judge Roy S. Payne on 12/17/2019. (nkl, ) (Entered: 12/18/2019) |
| 12/18/2019 | [178](#) | MEMORANDUM ORDER re 85 SEALED MOTION *Refile Motion to Strike And/Or Exclude The Expert Testimony of Roy Weinstein* filed by Wells Fargo Bank, N.A... Signed by Magistrate Judge Roy S. Payne on 12/17/2019. (nkl, ) (Entered: 12/18/2019) |
| 12/19/2019 | [179](#) | MEMORANDUM ORDER re 100 SEALED MOTION *for Leave to Serve Appendix of William L. Saffici* filed by Wells Fargo Bank, N.A... Signed by Magistrate Judge Roy S. Payne on 12/19/2019. (nkl, ) (Entered: 12/19/2019) |
| 12/19/2019 | [180](#) | REPORT AND RECOMMENDATIONS re 77 SEALED MOTION *for Summary Judgment of No Invalidity* filed by United Services Automobile Association.. Signed by Magistrate Judge Roy S. Payne on 12/19/2019. (ch, ) (Entered: 12/19/2019) |
| 12/20/2019 | [181](#) | MEMORANDUM ORDER re 79 SEALED MOTION *to Strike Portions of the Expert Report of Christopher Gerardi* filed by United Services Automobile Association.. Signed by Magistrate Judge Roy S. Payne on 12/19/2019. (nkl, ) (Entered: 12/20/2019) |
| 12/20/2019 | [182](#) | REPORT AND RECOMMENDATIONS re 74 SEALED MOTION *DEFENDANT WELLS FARGO BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT UNDER 35 U.S.C. § 101* filed by Wells Fargo Bank, N.A... Signed by Magistrate Judge Roy S. Payne on 12/20/2019. (nkl, ) (Entered: 12/20/2019) |
| 12/23/2019 | [183](#) | ORDER re Exhibits. Signed by Magistrate Judge Roy S. Payne on 12/23/2019. (nkl, ) (Entered: 12/23/2019) |
| 12/24/2019 | [184](#) | SEALED MOTION *MOTION TO RECONSIDER RULING ON USAAS MOTION IN LIMINE NO. 12* by Wells Fargo Bank, N.A.. |

|  |  |  |
|---|---|---|
|  |  | (Attachments: # <u>1</u> Affidavit, # <u>2</u> Exhibit A, # <u>3</u> Exhibit B, # <u>4</u> Exhibit C, # <u>5</u> Exhibit D, # <u>6</u> Exhibit E, # <u>7</u> Exhibit F, # <u>8</u> Exhibit G, # <u>9</u> Exhibit H, # <u>10</u> Text of Proposed Order)(Melsheimer, Thomas) (Entered: 12/24/2019) |
| 12/25/2019 | 185 | ORDER deferring ruling on <u>184</u> Sealed Motion pending expedited response brief from Plaintiff, which shall be filed no later than December 30, 2019. Signed by Magistrate Judge Roy S. Payne on 12/25/2019. (no document attached) (Payne, Roy) (Entered: 12/25/2019) |
| 12/27/2019 | <u>186</u> | NOTICE OF FILING OF OFFICIAL TRANSCRIPT, Volume 1 of 2, Proceedings held on December 16, 2019, before Magistrate Judge Roy S. Payne.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Motion to Redact due 1/17/2020. Release of Transcript Restriction set for 3/26/2020. (gwear, ) (Entered: 12/27/2019) |
| 12/27/2019 | <u>187</u> | NOTICE OF FILING OF OFFICIAL TRANSCRIPT, Volume 2 of 2, of Proceedings held on December 17, 2019, before Magistrate Judge Roy S. Payne. Court Reporter: Gayle Wear, Telephone number: 214-872-4867.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Motion to Redact due 1/17/2020. Release of Transcript Restriction set for 3/26/2020. (gwear, ) (Entered: 12/27/2019) |
| 12/27/2019 | <u>188</u> | ORDER ON MOTIONS TO QUASH AND MOTIONS IN LIMINE. Signed by Magistrate Judge Roy S. Payne on 12/27/2019. (ch, ) (Entered: 12/27/2019) |

| 12/27/2019 | 189 | Exhibit List *Defendant's Trial Exhibit List* by Wells Fargo Bank, N.A... (Melsheimer, Thomas) (Entered: 12/27/2019) |
| 12/27/2019 | 190 | Exhibit List *Plaintiff's Fifth Amended Exhibit List [Dkt. # 141]* by United Services Automobile Association.. (Attachments: # 1 Exhibit A) (Bunt, Robert) (Entered: 12/27/2019) |
| 12/30/2019 | 191 | NOTICE by United Services Automobile Association *1st Amended Disclosure Narrowing Claims for Purposes of Trial* (Bunt, Robert) (Entered: 12/30/2019) |
| 12/30/2019 | 192 | Trial Brief - United Services Automobile Association's Request for a Jury Instruction that Wells Fargo Had Pre-Suit Knowledge of the Parent Patents to the Asserted Patents Sealed Document. (Attachments: # 1 Affidavit Anthony Q. Rowles, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4)(Bunt, Robert) (Entered: 12/30/2019) |
| 12/30/2019 | 193 | Sealed Document OBJECTION to Dkt. 182 Report and Recommendation re Wells Fargo's Motion for Summary Judgment of Invalidity Under 35 U.S.C. Section 101 as to the '332 Patent. (Bunt, Robert) (Entered: 12/30/2019) |
| 12/30/2019 | 194 | Sealed Document OBJECTIONS TO REPORT AND RECOMMENDATION [DKT. 180] DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT THAT CLAIMS 6, 12 AND 18 OF THE '136 PATENT ARE NOT INVALID [DKT. 77]. (Bunt, Robert) (Entered: 12/30/2019) |
| 12/30/2019 | 195 | Sealed Document OBJECTIONS to the Memorandum Opinion and Order [Dkt. 181] Denying-in-Part USAA's Motion to Strike Portions of the Expert Report of Christopher Gerardi [Dkt. 79]. (Bunt, Robert) (Entered: 12/30/2019) |
| 12/30/2019 | 196 | Sealed Document United Services Automobile Association's OBJECTIONS to the Memorandum Opinion and Order [Dkt. 176] Granting-in-Part Wells Fargo's Motion to Strike [Dkt. 83]. (Bunt, Robert) (Entered: 12/30/2019) |
| 12/30/2019 | 197 | Sealed Document United Services Automobile Association's OBJECTIONS to Order [Dkt. 179] Granting Defendant's Motion for Leave to Serve Appendix of William L. Saffici [Dkt. 100]. (Bunt, Robert) (Entered: 12/30/2019) |
| 12/30/2019 | 198 | Sealed Document United Services Automobile Association's OBJECTIONS to the Memorandum Opinion and Order [Dkt. 177] Denying Defendant's Motion to Strike Portions of the Expert Report of William Saffici [Dkt. 80]. (Bunt, Robert) (Entered: 12/30/2019) |
| 12/30/2019 | 199 | Sealed Document United Services Automobile Association's OBJECTIONS to Order [Dkt. 175] Denying Plaintiff's Motion to Strike |

| | | |
|---|---|---|
| | | Portions of the Expert Report of John Villasenor [Dkt. 82]. (Bunt, Robert) (Entered: 12/30/2019) |
| 12/30/2019 | 200 | Sealed Document United Services Automobile Association's Written Offer of Proof in Support of Evidence of Copying. (Attachments: # 1 Affidavit Anthony Q. Rowles, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18)(Bunt, Robert) (Entered: 12/30/2019) |
| 12/30/2019 | 201 | SEALED RESPONSE by Wells Fargo Bank, N.A. to 182 Report and Recommendations, filed by Wells Fargo Bank, N.A.. (Melsheimer, Thomas) (Entered: 12/30/2019) |
| 12/30/2019 | 202 | SEALED RESPONSE re 184 SEALED MOTION TO RECONSIDER RULING ON USAA'S MOTION IN LIMINE NO. 12 filed by United Services Automobile Association. (Attachments: # 1 Affidavit Anthony Q. Rowles, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Text of Proposed Order)(Bunt, Robert) (Entered: 12/30/2019) |
| 12/30/2019 | 203 | RESPONSE to 188 Order on Sealed Motion,,, *OBJECTIONS TO MAGISTRATE JUDGE PAYNES filed by Wells Fargo Bank, N.A..* (Melsheimer, Thomas) (Entered: 12/30/2019) |
| 12/30/2019 | 204 | RESPONSE to 188 Order on Sealed Motion,,, *OBJECTIONS TO MAGISTRATE JUDGE PAYNES filed by Wells Fargo Bank, N.A..* (Melsheimer, Thomas) (Entered: 12/30/2019) |
| 12/30/2019 | 205 | SEALED RESPONSE by Wells Fargo Bank, N.A. to 188 OBJECTIONS TO MAGISTRATE JUDGE PAYNES RULING ON WELLS FARGOS MOTION IN LIMINE NO. 15 (Attachments: # 1 Affidavit, # 2 Exhibit A)(Melsheimer, Thomas) (Entered: 12/30/2019) |
| 12/30/2019 | 206 | RESPONSE to 188 Order on Sealed Motion,,, *OBJECTIONS TO MAGISTRATE JUDGE PAYNES filed by Wells Fargo Bank, N.A..* (Melsheimer, Thomas) (Entered: 12/30/2019) |
| 12/30/2019 | 207 | RESPONSE to 188 Order on Sealed Motion,,, *OBJECTIONS TO MAGISTRATE JUDGE PAYNES Ruling on USAA's MIL No. 5 filed by Wells Fargo Bank, N.A..* (Melsheimer, Thomas) (Entered: 12/30/2019) |
| 12/30/2019 | 208 | RESPONSE to 188 Order on Sealed Motion,,, *OBJECTIONS TO MAGISTRATE JUDGE PAYNES Order on USAA MIL No. 7 filed by Wells Fargo Bank, N.A..* (Attachments: # 1 Affidavit, # 2 Exhibit A) (Melsheimer, Thomas) (Entered: 12/30/2019) |
| 12/30/2019 | 209 | RESPONSE to 188 Order on Sealed Motion,,, *OBJECTIONS TO MAGISTRATE JUDGE PAYNES Ruling on USAA MIL No. 8 filed by Wells Fargo Bank, N.A..* (Melsheimer, Thomas) (Entered: 12/30/2019) |

| 12/30/2019 | 210 | RESPONSE to 188 Order on Sealed Motion,,, *OBJECTIONS TO MAGISTRATE JUDGE PAYNES Ruling on USAA MIL No. 10 filed by Wells Fargo Bank, N.A.*. (Melsheimer, Thomas) (Entered: 12/30/2019) |
| 12/30/2019 | 211 | RESPONSE to 188 Order on Sealed Motion,,, *OBJECTIONS TO MAGISTRATE JUDGE PAYNES Ruling on USAA MIL No. 12 filed by Wells Fargo Bank, N.A.*. (Melsheimer, Thomas) (Entered: 12/30/2019) |
| 12/31/2019 | 212 | RESPONSE to *Objections to Magistrate Judge Payne's Decisions Regarding Exhibits filed by Wells Fargo Bank, N.A.*. (Melsheimer, Thomas) (Entered: 12/31/2019) |
| 12/31/2019 | 213 | SEALED REPLY to Response to Motion re 184 SEALED MOTION *MOTION TO RECONSIDER RULING ON USAAS MOTION IN LIMINE NO. 12 filed by Wells Fargo Bank, N.A.*. (Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 Exhibit B)(Melsheimer, Thomas) (Entered: 12/31/2019) |
| 12/31/2019 | 214 | RESPONSE to 172 Memorandum & Opinion *OBJECTIONS TO MAGISTRATE JUDGE PAYNES ORDER GRANTING USAAS MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS AND DENYING PART II(B) OF WELLS FARGOS MOTION TO STRIKE PORTIONS OF THE CONTE REPORT filed by Wells Fargo Bank, N.A.*. (Melsheimer, Thomas) (Entered: 12/31/2019) |
| 01/02/2020 | 215 | ORDER finding as moot 81 Motion to Strike/Exclude the Trial Testimony of Proferred Patent Law Expert Charles E. Van Horn. Signed by District Judge Rodney Gilstrap on 12/31/2019. (nkl, ) (Entered: 01/02/2020) |
| 01/02/2020 | 216 | Sealed Document United Services Automobile Association's Sur-Reply to Wells Fargo's Motion to Reconsider Ruling on USAA's Motion in Limine No.12 [Dkt 184] (Attachments: # 1 Affidavit Anthony Rowles Declaration, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3)(Bunt, Robert) (Entered: 01/02/2020) |
| 01/02/2020 | 217 | ORDER denying 184 Sealed Motion to Reconsider Ruling on USAAs Motion in Limine No. 12. Signed by Magistrate Judge Roy S. Payne on 1/2/2020. (nkl, ) (Entered: 01/02/2020) |
| 01/02/2020 | 218 | RESPONSE to 181 Memorandum & Opinion, Terminate Motions *Objections to Magistrate Judge Payne's Ruling on USAA's Motion to Strike Portions of the Expert Report of Christopher Gerardi filed by Wells Fargo Bank, N.A.*. (Melsheimer, Thomas) (Entered: 01/02/2020) |
| 01/02/2020 | 219 | SEALED RESPONSE OBJECTIONS TO MAGISTRATE JUDGE PAYNES MEMORANDUM OPINION AND ORDER GRANTING-IN-PART WELLS FARGOS MOTION TO EXCLUDE AND/OR STRIKE THE EXPERT TESTIMONY PROVIDED BY MR. CALMAN by Wells Fargo Bank, N.A. to 176 Memorandum & |

| | | Opinion,, Terminate Motions, filed by Wells Fargo Bank, N.A.. (Melsheimer, Thomas) (Entered: 01/02/2020) |
|---|---|---|
| 01/02/2020 | 220 | SEALED RESPONSE OBJECTIONS TO MAGISTRATE JUDGE PAYNES RULING ON WELLS FARGOS MOTION TO STRIKE THE EXPERT REPORT OF ROY WEINSTEINby Wells Fargo Bank, N.A. to 178 Memorandum & Opinion, Terminate Motions filed by Wells Fargo Bank, N.A.. (Melsheimer, Thomas) (Entered: 01/02/2020) |
| 01/03/2020 | 221 | SEALED RESPONSE TO USAAS written offer of proof in support of evidence of copying by Wells Fargo Bank, N.A. to 200 Sealed Document,, filed by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Errata A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P, # 18 Text of Proposed Order) (Melsheimer, Thomas) (Entered: 01/03/2020) |
| 01/03/2020 | 222 | SEALED RESPONSE TO USAAS REQUEST FOR a jury INSTRUCTION that WELLS FARGO had PRE-SUIT KNOWLEDGE OF THE parent patents to the asserted PATENTS by Wells Fargo Bank, N.A. to 192 Sealed Document, filed by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit A)(Melsheimer, Thomas) (Entered: 01/03/2020) |
| 01/04/2020 | 223 | WELLS FARGOS TRIAL BRIEF REGARDING PRE-SUIT DAMAGES, MARKING AND NOTICE OF THE ASSERTED PATENTS (Attachments: # 1 Affidavit Declaration of Michael Bittner, # 2 Exhibit A, # 3 Exhibit B)(Melsheimer, Thomas) (Entered: 01/04/2020) |
| 01/05/2020 | 224 | Sealed Document United Services Automobile Association's Reply In Support Of Written Offer Of Proof Of Copying [Dkt. 200] (Attachments: # 1 Affidavit Anthony Rowles Declaration, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8)(Bunt, Robert) (Entered: 01/05/2020) |
| 01/05/2020 | 225 | Sealed Document United Services Automobile Association's Reply In Support Of Request For Jury Instruction RE: Pre-Suit Knowledge [Dkt. 192]. (Attachments: # 1 Affidavit Anthony Rowles Declaration, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5) (Bunt, Robert) (Entered: 01/05/2020) |
| 01/05/2020 | 226 | NOTICE by United Services Automobile Association *Plaintiff's Second Amended Disclosure Narrowing Claims For Purposes Of Trial* (Bunt, Robert) (Entered: 01/05/2020) |
| 01/05/2020 | 227 | Sealed Document UNITED SERVICES AUTOMOBILE ASSOCIATION'S OPPOSITION TO WELLS FARGOS TRIAL BRIEF REGARDING PRE-SUIT DAMAGES, MARKING AND NOTICE OF THE ASSERTED PATENTS [DKT. 192]. (Attachments: |

| | | |
|---|---|---|
| | | # 1 Affidavit Anthony Rowles Declaration, # 2 Exhibit A, # 3 Text of Proposed Order)(Bunt, Robert) (Entered: 01/05/2020) |
| 01/05/2020 | 228 | Exhibit List *[Plaintiff's Sixth Amended Exhibit List]* by United Services Automobile Association.. (Attachments: # 1 Exhibit A)(Bunt, Robert) (Entered: 01/05/2020) |
| 01/05/2020 | 229 | Sealed Document. WELLS FARGOS TRIAL BRIEF ON TESTIMONY REGARDING BENEFITS FROM THE ACCUSED SYSTEM (Attachments: # 1 Affidavit, # 2 Exhibit A)(Melsheimer, Thomas) (Entered: 01/05/2020) |
| 01/05/2020 | 230 | Sealed Document. WELLS FARGOS BENCH MEMORANDUM REGARDING THE RELEVANCEOF WELLS FARGOS DEKSTOP DEPOSIT SYSTEM AND MR. BYRON CHUNS FACTUAL TESTIMONY ABOUT DESKTOP DEPOSIT PRODUCT (Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H)(Melsheimer, Thomas) (Entered: 01/05/2020) |
| 01/06/2020 | 231 | Sealed Document PLAINTIFF'S RESPONSE TO WELLS FARGOS TRIAL BRIEF ON TESTIMONY REGARDING BENEFITS FROM THE ACCUSED SYSTEM 229 . (Attachments: # 1 Affidavit Anthony Q. Rowles, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Text of Proposed Order)(Bunt, Robert) (Entered: 01/06/2020) |
| 01/06/2020 | 232 | Sealed Document UNITED SERVICES AUTOMOBILE ASSOCIATIONS OPPOSITION TO WELLS FARGOS BENCH MEMORANDUM REGARDING THE RELEVANCE OF WELLS FARGOS DEKSTOP DEPOSIT SYSTEM AND MR. BYRON CHUNS FACTUAL TESTIMONY ABOUT DESKTOP DEPOSIT PRODUCT [Dkt. 230]. (Attachments: # 1 Affidavit Anthony Q. Rowles, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Text of Proposed Order)(Bunt, Robert) (Entered: 01/06/2020) |
| 01/06/2020 | 233 | ORDER re 211 Response to Non-Motion filed by Wells Fargo Bank, N.A., 209 Response to Non-Motion filed by Wells Fargo Bank, N.A., 206 Response to Non-Motion filed by Wells Fargo Bank, N.A., 203 Response to Non-Motion filed by Wells Fargo Bank, N.A., 204 Response to Non-Motion filed by Wells Fargo Bank, N.A., 207 Response to Non-Motion filed by Wells Fargo Bank, N.A., 210 Response to Non-Motion filed by Wells Fargo Bank, N.A., 205 Response to Non-Motion filed by Wells Fargo Bank, N.A., 208 Response to Non-Motion filed by Wells Fargo Bank, N.A. Signed by District Judge Rodney Gilstrap on 01/06/2020. (jrg3, ) (Entered: 01/06/2020) |
| 01/06/2020 | 234 | **FILED IN ERROR - DUPLICATE FILING** |

| | | |
|---|---|---|
| | | ORDER re 211 Response to Non-Motion filed by Wells Fargo Bank, N.A., 209 Response to Non-Motion filed by Wells Fargo Bank, N.A., 206 Response to Non-Motion filed by Wells Fargo Bank, N.A., 203 Response to Non-Motion filed by Wells Fargo Bank, N.A., 204 Response to Non-Motion filed by Wells Fargo Bank, N.A., 207 Response to Non-Motion filed by Wells Fargo Bank, N.A., 210 Response to Non-Motion filed by Wells Fargo Bank, N.A., 205 Response to Non-Motion filed by Wells Fargo Bank, N.A., 208 Response to Non-Motion filed by Wells Fargo Bank, N.A.. Signed by District Judge Rodney Gilstrap on 1/6/2020. (nkl, ) Modified on 1/6/2020 (nkl, ). (Entered: 01/06/2020) |
| 01/06/2020 | | **\*\*\*FILED IN ERROR - DUPLICATE FILING. Document # 234, ORDER. PLEASE IGNORE.\*\*\*** <br><br> (nkl, ) (Entered: 01/06/2020) |
| 01/06/2020 | 235 | ORDER denying 193 Sealed Document, 214 Response to Non-Motion, filed by Wells Fargo Bank, N.A., 182 Report and Recommendations,. Signed by District Judge Rodney Gilstrap on 1/6/2020. (ch, ) (Entered: 01/06/2020) |
| 01/06/2020 | 236 | ORDER denying 194 Sealed Document, 180 Report and Recommendations. Signed by District Judge Rodney Gilstrap on 1/6/2020. (ch, ) (Entered: 01/06/2020) |
| 01/06/2020 | 237 | ORDER denying 195 Sealed Document 181 Memorandum & Opinion, Terminate Motions,. Signed by District Judge Rodney Gilstrap on 1/6/2019. (ch, ) (Entered: 01/06/2020) |
| 01/06/2020 | 238 | ORDER denying 196 Sealed Document 176 Memorandum & Opinion,. Signed by District Judge Rodney Gilstrap on 1/6/2020. (ch, ) (Entered: 01/06/2020) |
| 01/06/2020 | 239 | ORDER denying 201 Response to Non-Motion filed by Wells Fargo Bank, N.A., 182 Report and Recommendations,. Signed by District Judge Rodney Gilstrap on 1/6/2019. (ch, ) (Entered: 01/06/2020) |
| 01/06/2020 | 240 | ORDER denying 212 Response to Non-Motion filed by Wells Fargo Bank, N.A. 183 Order. Signed by District Judge Rodney Gilstrap on 1/6/2020. (ch, ) (Entered: 01/06/2020) |
| 01/06/2020 | 241 | ORDER denying 198 Sealed Document 177 Memorandum & Opinion. Signed by District Judge Rodney Gilstrap on 1/6/2019. (ch, ) (Entered: 01/06/2020) |
| 01/06/2020 | 242 | ORDER denying 197 Sealed Document, 179 Memorandum & Opinion, Terminate Motions. Signed by District Judge Rodney Gilstrap on 1/6/2020. (ch, ) (Entered: 01/06/2020) |
| 01/06/2020 | 243 | ORDER denying 199 Sealed Document, 175 Memorandum & Opinion. |

| | | Signed by District Judge Rodney Gilstrap on 1/6/2020. (ch, ) (Entered: 01/06/2020) |
|---|---|---|
| 01/06/2020 | [244](#) | ORDER TO PURCHASE JURY MEALS. Signed by District Judge Rodney Gilstrap on 1/6/2019. (ch, ) (Entered: 01/06/2020) |
| 01/06/2020 | [245](#) | ORDER re 218 Response to Non-Motion, filed by Wells Fargo Bank, N.A., 220 Response to Non-Motion, filed by Wells Fargo Bank, N.A., 219 Response to Non-Motion, filed by Wells Fargo Bank, N.A.. Signed by District Judge Rodney Gilstrap on 1/6/2020. (nkl, ) (Entered: 01/06/2020) |
| 01/06/2020 | [252](#) | Minute Entry for proceedings held before District Judge Rodney Gilstrap: Jury Selection and Jury Trial Day One held on 1/6/2020. (Court Reporter Shelly Holmes, CSR-TCRR.) (Attachments: # 1 Attorney Attendance Sheet) (jml) (Entered: 01/08/2020) |
| 01/07/2020 | [246](#) | Sealed Document. WELLS FARGOS TRIAL BRIEF ON WRITTEN DESCRIPTION(Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D)(Melsheimer, Thomas) (Entered: 01/07/2020) |
| 01/07/2020 | [247](#) | TRIAL BRIEF *WELLS FARGO BANK N.A.'S TRIAL BRIEF REGARDING APPORTIONMENT* by Wells Fargo Bank, N.A.. (Melsheimer, Thomas) (Entered: 01/07/2020) |
| 01/07/2020 | [248](#) | TRIAL BRIEF *UNITED SERVICES AUTOMOBILE ASSOCIATION'S BENCH MEMORANDUM REGARDING APPORTIONMENT OF DAMAGES IN LIGHT OF PRIOR ART* by United Services Automobile Association. (Bunt, Robert) (Entered: 01/07/2020) |
| 01/07/2020 | [253](#) | Minute Entry for proceedings held before District Judge Rodney Gilstrap: Jury Trial Day Two held on 1/7/2020. (Court Reporter Shelly Holmes, CSR-TCRR.) (Attachments: # 1 Attorney Attendance Sheet) (jml) (Entered: 01/08/2020) |
| 01/08/2020 | [249](#) | TRIAL BRIEF *Regarding Question to Dr. Conte* by Wells Fargo Bank, N.A.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C) (Melsheimer, Thomas) (Entered: 01/08/2020) |
| 01/08/2020 | [250](#) | TRIAL BRIEF *UNITED SERVICES AUTOMOBILE ASSOCIATIONS TRIAL BRIEF REGARDING WELLS FARGOS UNTIMELY INTRODUCTION OF AN INVALIDITY THEORY BASED ON ITS ACCUSED WELLS FARGO MOBILE DEPOSIT SYSTEM* by United Services Automobile Association. (Attachments: # 1 Affidavit Anthony Q. Rowles, # 2 Exhibit 1, # 3 Exhibit 2)(Bunt, Robert) (Entered: 01/08/2020) |
| 01/08/2020 | [251](#) | Sealed Document UNITED SERVICES AUTOMOBILE ASSOCIATIONS RESPONSE TO WELLS FARGOS TRIAL BRIEF ON WRITTEN DESCRIPTION. (Bunt, Robert) (Entered: 01/08/2020) |

| 01/08/2020 | 254 | Proposed Jury Instructions by United Services Automobile Association. (Bunt, Robert) (Entered: 01/08/2020) |
| 01/08/2020 | 255 | NOTICE by United Services Automobile Association re 141 Proposed Pretrial Order, *Proposed Verdict Form* (Attachments: # 1 Exhibit A - Proposed Verdict Form)(Bunt, Robert) (Entered: 01/08/2020) |
| 01/08/2020 | 260 | Minute Entry for proceedings held before District Judge Rodney Gilstrap: Jury Trial Day Three held on 1/8/2020. (Court Reporter Shelly Holmes, CSR-TCRR.) (Attachments: # 1 Attorney Attendance Sheet) (jml) (Entered: 01/09/2020) |
| 01/09/2020 | 256 | Sealed Document. DEFENDANT WELLS FARGO BANK, N.A.S TRIAL BRIEF REQUESTING CURATIVE RELIEF (Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 Exhibit B)(Bittner, Michael) (Entered: 01/09/2020) |
| 01/09/2020 | 257 | Sealed Document United Services Automobile Association's Response to Wells Bank's Request for Curative Relief. (Attachments: # 1 Affidavit Anthony Q. Rowles, # 2 Exhibit 1, # 3 Exhibit 2)(Bunt, Robert) (Entered: 01/09/2020) |
| 01/09/2020 | 258 | DEFENDANT WELLS FARGO BANK, N.A.'S OFFER OF PROOF Sealed Document. (Attachments: # 1 Affidavit Declaration of Michael Bittner, # 2 Exhibit A, # 3 Exhibit B)(Melsheimer, Thomas) (Entered: 01/09/2020) |
| 01/09/2020 | 259 | Sealed Document. DEFENDANT WELLS FARGO BANK, N.A.S OFFER OF PROOF REGARDING CERTAIN EXCLUDED EXHIBITS (Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P, # 18 Exhibit Q, # 19 Exhibit R, # 20 Exhibit S, # 21 Exhibit T, # 22 Exhibit U, # 23 Exhibit V, # 24 Exhibit W, # 25 Exhibit X, # 26 Exhibit Y, # 27 Exhibit Z, # 28 Exhibit AA, # 29 Exhibit BB, # 30 Exhibit CC, # 31 Exhibit DD, # 32 Exhibit EE, # 33 Exhibit FF, # 34 Exhibit GG, # 35 Exhibit HH)(Melsheimer, Thomas) (Entered: 01/09/2020) |
| 01/09/2020 | 261 | Minute Entry for proceedings held before District Judge Rodney Gilstrap: Jury Trial Day Four held on 1/9/2020. (Court Reporter Shelly Holmes, CSR-TCRR.) (Attachments: # 1 Attorney Attendance Sheet) (jml) (Entered: 01/10/2020) |
| 01/10/2020 | 262 | Plaintiff's Final Trial Exhibit List. (jml) (Entered: 01/10/2020) |
| 01/10/2020 | 263 | JURY VERDICT. (jml) (Main Document 263 replaced on 1/14/2020) (klc, ). (Entered: 01/10/2020) |
| 01/10/2020 | 264 | Sealed Document UNREDACTED JURY VERDICT. (jml) (Main Document 264 replaced on 1/14/2020) (klc, ). (Entered: 01/10/2020) |

| 01/10/2020 | 265 | Defendant's Final Trial Exhibit List. (jml) (Entered: 01/10/2020) |
| --- | --- | --- |
| 01/10/2020 | 266 | Minute Entry for proceedings held before District Judge Rodney Gilstrap: Jury Trial completed on 1/10/2020. (Court Reporter Shelly Holmes, CSR-TCRR.) (Attachments: # 1 Attorney Attendance Sheet) (jml) (Entered: 01/10/2020) |
| 01/10/2020 | 267 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 1/6/20 (Trial Transcript - Morning Session) before Judge Rodney Gilstrap. Court Reporter/Transcriber: Shelly Holmes CSR, TCRR,Telephone number: (903) 923-7464 (Shelly_Holmes@txed.uscourts.gov). <P>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov<P>** Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Motion to Redact due 1/31/2020. Release of Transcript Restriction set for 4/9/2020. (sholmes, ) (Entered: 01/10/2020) |
| 01/10/2020 | 268 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 1/6/20 (Trial Transcript - Afternoon Session) before Judge Rodney Gilstrap. Court Reporter/Transcriber: Shelly Holmes CSR, TCRR,Telephone number: (903) 923-7464 (Shelly_Holmes@txed.uscourts.gov). <P>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov<P>** Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Motion to Redact due 1/31/2020. Release of Transcript Restriction set for 4/9/2020. (sholmes, ) (Entered: 01/10/2020) |
| 01/10/2020 | 269 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 1/7/20 (Trial Transcript - Morning Session) before Judge Rodney Gilstrap. Court Reporter/Transcriber: Shelly Holmes CSR, TCRR,Telephone number: (903) 923-7464 (Shelly_Holmes@txed.uscourts.gov). <P>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be** |

| | | |
|---|---|---|
| | | made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov<P> Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Motion to Redact due 1/31/2020. Release of Transcript Restriction set for 4/9/2020. (sholmes, ) (Entered: 01/10/2020) |
| 01/10/2020 | 270 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 1/7/20 (Trial Transcript Afternoon Session) before Judge Rodney Gilstrap. Court Reporter/Transcriber: Shelly Holmes CSR, TCRR,Telephone number: (903) 923-7464 (Shelly_Holmes@txed.uscourts.gov). <P>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<P> Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Motion to Redact due 1/31/2020. Release of Transcript Restriction set for 4/9/2020. (sholmes, ) (Entered: 01/10/2020) |
| 01/10/2020 | 271 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 1/8/20 (Trial Transcript - Morning Session) before Judge Rodney Gilstrap. Court Reporter/Transcriber: Shelly Holmes CSR, TCRR,Telephone number: (903) 923-7464 (Shelly_Holmes@txed.uscourts.gov). <P>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<P> Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Motion to Redact due 1/31/2020. Release of Transcript Restriction set for 4/9/2020. (sholmes, ) (Entered: 01/10/2020) |
| 01/10/2020 | 272 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 1/8/20 (Trial Transcript - Afternoon Session) before Judge Rodney Gilstrap. Court Reporter/Transcriber: Shelly Holmes CSR, TCRR,Telephone number: (903) 923-7464 (Shelly_Holmes@txed.uscourts.gov). <P>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7)** |

| | | |
|---|---|---|
| | | days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov<P> Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Motion to Redact due 1/31/2020. Release of Transcript Restriction set for 4/9/2020. (sholmes, ) (Entered: 01/10/2020) |
| 01/10/2020 | 273 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 1/9/20 (Trial Transcript - Morning Session) before Judge Rodney Gilstrap. Court Reporter/Transcriber: Shelly Holmes CSR, TCRR,Telephone number: (903) 923-7464 (Shelly_Holmes@txed.uscourts.gov). <P>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov<P>** Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Motion to Redact due 1/31/2020. Release of Transcript Restriction set for 4/9/2020. (sholmes, ) (Entered: 01/10/2020) |
| 01/10/2020 | 274 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 1/9/20 (Trial Transcript - Afternoon Session) before Judge Rodney Gilstrap. Court Reporter/Transcriber: Shelly Holmes CSR, TCRR,Telephone number: (903) 923-7464 (Shelly_Holmes@txed.uscourts.gov). <P>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov<P>** Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Motion to Redact due 1/31/2020. Release of Transcript Restriction set for 4/9/2020. (sholmes, ) (Entered: 01/10/2020) |
| 01/10/2020 | 275 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 1/10/20 (Trial Transcript - Morning Session) before Judge Rodney Gilstrap. Court Reporter/Transcriber: Shelly Holmes CSR, TCRR,Telephone number: (903) 923-7464 |

| | | |
|---|---|---|
| | | (Shelly_Holmes@txed.uscourts.gov). <P>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov<P>** Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Motion to Redact due 1/31/2020. Release of Transcript Restriction set for 4/9/2020. (sholmes, ) (Entered: 01/10/2020) |
| 01/13/2020 | 276 | FINAL JUDGMENT. Signed by District Judge Rodney Gilstrap on 1/13/2020. (nkl, ) (Entered: 01/13/2020) |
| 01/13/2020 | 277 | Notice of Filing of Patent/Trademark Form (AO 120) at termination of case. AO 120 mailed to the Director of the U.S. Patent and Trademark Office. (nkl, ) (Entered: 01/13/2020) |
| 01/13/2020 | 278 | SEALED Jury Note. (jml) (Entered: 01/13/2020) |
| 02/04/2020 | 279 | Unopposed MOTION to Stay *Execution of Judgment During the Pendancy of Post-Judgment Motions* by Wells Fargo Bank, N.A.. (Attachments: # 1 Text of Proposed Order)(Hill, Jack) (Entered: 02/04/2020) |
| 02/05/2020 | 280 | Unopposed MOTION for Leave to File Excess Pages *for Motion for Judgment as a Matter of Law and related briefing* by Wells Fargo Bank, N.A. (Attachments: # 1 Text of Proposed Order)(Hill, Jack) (Entered: 02/05/2020) |
| 02/05/2020 | 281 | ORDER granting 279 Unopposed MOTION to Stay Execution of Judgment During the Pendancy of Post-Judgment Motions. Signed by District Judge Rodney Gilstrap on 2/5/2020. (ch, ) (Entered: 02/06/2020) |
| 02/10/2020 | 282 | ORDER denying 280 Motion for Leave to File Excess Pages for Motion for Judgment as a Matter of Law and related briefing. Signed by District Judge Rodney Gilstrap on 2/8/2020. (nkl, ) Modified on 2/10/2020 (nkl, ). (Entered: 02/10/2020) |
| 02/10/2020 | 283 | PROPOSED BILL OF COSTS filed by United Services Automobile Association. (Attachments: # 1 Exhibit A)(Bunt, Robert) (Entered: 02/10/2020) |
| 02/10/2020 | 284 | MOTION for Judgment as a Matter of Law *On NonInfringement* by Wells Fargo Bank, N.A.. (Attachments: # 1 Text of Proposed Order) (Melsheimer, Thomas) (Entered: 02/10/2020) |
| 02/10/2020 | 285 | SEALED MOTION *FOR JUDGMENT AS A MATTER OF LAW ON* |

| | | |
|---|---|---|
| | | *DAMAGES* by Wells Fargo Bank, N.A.. (Attachments: # <u>1</u> Affidavit, # <u>2</u> Exhibit A, # <u>3</u> Exhibit B, # <u>4</u> Exhibit C, # <u>5</u> Exhibit D, # <u>6</u> Exhibit E, # <u>7</u> Exhibit F, # <u>8</u> Text of Proposed Order)(Melsheimer, Thomas) (Entered: 02/10/2020) |
| 02/10/2020 | <u>286</u> | SEALED MOTION *For Judgment As A Matter Of Law Of No Willful Infringement* by Wells Fargo Bank, N.A.. (Attachments: # <u>1</u> Affidavit, # <u>2</u> Exhibit A, # <u>3</u> Exhibit B, # <u>4</u> Exhibit C, # <u>5</u> Exhibit D, # <u>6</u> Exhibit E, # <u>7</u> Exhibit F, # <u>8</u> Text of Proposed Order)(Melsheimer, Thomas) (Entered: 02/10/2020) |
| 02/10/2020 | <u>287</u> | MOTION for Judgment as a Matter of Law *ON WRITTEN DESCRIPTION AND ANTICIPATION* by Wells Fargo Bank, N.A.. (Attachments: # <u>1</u> Text of Proposed Order)(Melsheimer, Thomas) (Entered: 02/10/2020) |
| 02/10/2020 | <u>288</u> | MOTION for Judgment as a Matter of Law *UNDER 35 U.S.C. § 101* by Wells Fargo Bank, N.A.. (Attachments: # <u>1</u> Text of Proposed Order) (Melsheimer, Thomas) (Entered: 02/10/2020) |
| 02/10/2020 | <u>289</u> | SEALED MOTION *For New Trial* by Wells Fargo Bank, N.A.. (Attachments: # <u>1</u> Affidavit, # <u>2</u> Exhibit A, # <u>3</u> Exhibit B, # <u>4</u> Exhibit C, # <u>5</u> Exhibit D, # <u>6</u> Exhibit E, # <u>7</u> Exhibit F, # <u>8</u> Exhibit G, # <u>9</u> Text of Proposed Order)(Melsheimer, Thomas) (Entered: 02/10/2020) |
| 02/10/2020 | <u>290</u> | SEALED MOTION *for Award of Interest* by United Services Automobile Association. (Attachments: # <u>1</u> Affidavit Declaration of Anthony Q. Rowles, # <u>2</u> Exhibit 1, # <u>3</u> Exhibit 2, # <u>4</u> Exhibit 3, # <u>5</u> Text of Proposed Order)(Bunt, Robert) (Entered: 02/10/2020) |
| 02/10/2020 | <u>291</u> | SEALED MOTION *MOTION FOR ENHANCEMENT OF DAMAGES DUE TO WILLFUL INFRINGEMENT* by United Services Automobile Association. (Attachments: # <u>1</u> Affidavit Anthony Q. Rowles, # <u>2</u> Exhibit 1, # <u>3</u> Exhibit 2, # <u>4</u> Exhibit 3, # <u>5</u> Exhibit 4, # <u>6</u> Exhibit 5, # <u>7</u> Exhibit 6, # <u>8</u> Exhibit 7, # <u>9</u> Exhibit 8, # <u>10</u> Exhibit 9, # <u>11</u> Text of Proposed Order)(Bunt, Robert) (Entered: 02/10/2020) |
| 02/10/2020 | <u>292</u> | SEALED MOTION *FOR ONGOING ROYALTY* by United Services Automobile Association. (Attachments: # <u>1</u> Affidavit Anthony Q. Rowles, # <u>2</u> Exhibit 1, # <u>3</u> Exhibit 2, # <u>4</u> Exhibit 3, # <u>5</u> Exhibit 4, # <u>6</u> Exhibit 5, # <u>7</u> Exhibit 6, # <u>8</u> Exhibit 7, # <u>9</u> Exhibit 8, # <u>10</u> Text of Proposed Order)(Bunt, Robert) (Entered: 02/10/2020) |
| 02/19/2020 | <u>293</u> | Joint MOTION for Extension of Time to File Response/Reply as to <u>292</u> SEALED MOTION *FOR ONGOING ROYALTY*, <u>288</u> MOTION for Judgment as a Matter of Law *UNDER 35 U.S.C. § 101*, <u>286</u> SEALED MOTION *For Judgment As A Matter Of Law Of No Willful Infringement*, <u>291</u> SEALED MOTION *MOTION FOR ENHANCEMENT OF DAMAGES DUE TO WILLFUL INFRINGEMENT*, <u>287</u> MOTION for Judgment as a Matter of Law *ON WRITTEN DESCRIPTION AND ANTICIPATION*, <u>289</u> SEALED |

| | | |
|---|---|---|
| | | MOTION *For New Trial*, 284 MOTION for Judgment as a Matter of Law *On NonInfringement*, 285 SEALED MOTION *FOR JUDGMENT AS A MATTER OF LAW ON DAMAGES*, 290 SEALED MOTION *for Award of Interest* by Wells Fargo Bank, N.A.. (Attachments: # 1 Text of Proposed Order)(Hill, Jack) (Entered: 02/19/2020) |
| 02/24/2020 | 294 | ORDER granting 293 Motion for Extension of Time Regarding Post Judgment Briefing. Signed by District Judge Rodney Gilstrap on 2/21/2020. (nkl, ) (Entered: 02/24/2020) |
| 03/06/2020 | 295 | Joint MOTION for Extension of Time to File *regarding Post-Judgment Briefing* by United Services Automobile Association. (Attachments: # 1 Text of Proposed Order)(Bunt, Robert) (Entered: 03/06/2020) |
| 03/11/2020 | 296 | RESPONSE in Opposition re 284 MOTION for Judgment as a Matter of Law *On NonInfringement filed by United Services Automobile Association*. (Attachments: # 1 Text of Proposed Order)(Bunt, Robert) (Entered: 03/11/2020) |
| 03/11/2020 | 297 | RESPONSE in Opposition re 286 SEALED MOTION *For Judgment As A Matter Of Law Of No Willful Infringement filed by United Services Automobile Association*. (Attachments: # 1 Text of Proposed Order)(Bunt, Robert) (Entered: 03/11/2020) |
| 03/11/2020 | 298 | SEALED Opposition to Motion for Award of Interest to Motion re 290 SEALED MOTION *for Award of Interest* filed by Wells Fargo Bank, N.A.. (Attachments: # 1 Appendix A, # 2 Appendix B, # 3 Affidavit, # 4 Exhibit A, # 5 Text of Proposed Order)(Melsheimer, Thomas) (Entered: 03/11/2020) |
| 03/11/2020 | 299 | SEALED Opposition to Plaintiff's Motion for Enhanced Damages to Motion re 291 SEALED MOTION *MOTION FOR ENHANCEMENT OF DAMAGES DUE TO WILLFUL INFRINGEMENT* filed by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 Exhibit B, # 4 Text of Proposed Order)(Melsheimer, Thomas) (Entered: 03/11/2020) |
| 03/11/2020 | 300 | SEALED Opposition to USAA Motion for Ongoing Royalty to Motion re 292 SEALED MOTION *FOR ONGOING ROYALTY* filed by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Text of Proposed Order)(Melsheimer, Thomas) (Additional attachment(s) added on 3/12/2020: # 9 Revised Proposed Order) (nkl, ). (Entered: 03/11/2020) |
| 03/11/2020 | 301 | RESPONSE in Opposition re 288 MOTION for Judgment as a Matter of Law *UNDER 35 U.S.C. § 101 filed by United Services Automobile Association*. (Attachments: # 1 Text of Proposed Order)(Bunt, Robert) (Entered: 03/11/2020) |
| 03/11/2020 | 302 | RESPONSE in Opposition re 287 MOTION for Judgment as a Matter |

| | | |
|---|---|---|
| | | of Law *ON WRITTEN DESCRIPTION AND ANTICIPATION filed by United Services Automobile Association*. (Attachments: # 1 Text of Proposed Order)(Bunt, Robert) (Entered: 03/11/2020) |
| 03/11/2020 | 303 | SEALED RESPONSE to Motion re 285 SEALED MOTION *FOR JUDGMENT AS A MATTER OF LAW ON DAMAGES filed by United Services Automobile Association*. (Attachments: # 1 Affidavit Anthony Q. Rowles, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Text of Proposed Order)(Bunt, Robert) (Entered: 03/11/2020) |
| 03/11/2020 | 304 | SEALED RESPONSE to Motion re 289 SEALED MOTION *For New Trial filed by United Services Automobile Association*. (Attachments: # 1 Affidavit Anthony Q. Rowles, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Text of Proposed Order)(Bunt, Robert) (Entered: 03/11/2020) |
| 03/23/2020 | 305 | Joint MOTION for Extension of Time to File *regarding Post-Judgment Briefing* by United Services Automobile Association. (Attachments: # 1 Text of Proposed Order)(Bunt, Robert) (Entered: 03/23/2020) |
| 03/24/2020 | 306 | MOTION to Stay *WELLS FARGO BANK N.A.'S MOTION TO STAY EXECUTION OF THE JUDGMENT UNDER 12 U.S.C. § 91* by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit Declaration of Katherine A. Marcom, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Text of Proposed Order)(Melsheimer, Thomas) (Entered: 03/24/2020) |
| 04/02/2020 | 307 | REPLY to Response to Motion re 292 SEALED MOTION *FOR ONGOING ROYALTY filed by United Services Automobile Association*. (Attachments: # 1 Affidavit Anthony Q. Rowles, # 2 Exhibit 9)(Bunt, Robert) (Entered: 04/02/2020) |
| 04/02/2020 | 308 | SEALED REPLY to Response to Motion re 291 SEALED MOTION *MOTION FOR ENHANCEMENT OF DAMAGES DUE TO WILLFUL INFRINGEMENT filed by United Services Automobile Association*. (Attachments: # 1 Affidavit Anthony Q. Rowles, # 2 Exhibit 10)(Bunt, Robert) (Entered: 04/02/2020) |
| 04/02/2020 | 309 | REPLY to Response to Motion re 290 SEALED MOTION *for Award of Interest filed by United Services Automobile Association*. (Attachments: # 1 Affidavit Anthony Q. Rowles, # 2 Exhibit 6)(Bunt, Robert) (Entered: 04/02/2020) |
| 04/02/2020 | 310 | REPLY to Response to Motion re 288 MOTION for Judgment as a Matter of Law *UNDER 35 U.S.C. § 101 filed by Wells Fargo Bank, N.A.*. (Melsheimer, Thomas) (Entered: 04/02/2020) |
| 04/02/2020 | 311 | SEALED REPLY to Response to Motion re 285 SEALED MOTION *FOR JUDGMENT AS A MATTER OF LAW ON DAMAGES filed by Wells Fargo Bank, N.A.*. (Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 Exhibit B)(Melsheimer, Thomas) (Entered: 04/02/2020) |
| | | |

| 04/02/2020 | 312 | REPLY to Response to Motion re 286 SEALED MOTION *For Judgment As A Matter Of Law Of No Willful Infringement filed by Wells Fargo Bank, N.A..* (Melsheimer, Thomas) (Entered: 04/02/2020) |
| --- | --- | --- |
| 04/02/2020 | 313 | REPLY to Response to Motion re 284 MOTION for Judgment as a Matter of Law *On NonInfringement filed by Wells Fargo Bank, N.A..* (Melsheimer, Thomas) (Entered: 04/02/2020) |
| 04/02/2020 | 314 | REPLY to Response to Motion re 287 MOTION for Judgment as a Matter of Law *ON WRITTEN DESCRIPTION AND ANTICIPATION filed by Wells Fargo Bank, N.A..* (Melsheimer, Thomas) (Entered: 04/02/2020) |
| 04/02/2020 | 315 | REPLY to Response to Motion re 289 SEALED MOTION *For New Trial filed by Wells Fargo Bank, N.A..* (Melsheimer, Thomas) (Entered: 04/02/2020) |
| 04/07/2020 | 316 | RESPONSE in Opposition re 306 MOTION to Stay *WELLS FARGO BANK N.A.'S MOTION TO STAY EXECUTION OF THE JUDGMENT UNDER 12 U.S.C. § 91 filed by United Services Automobile Association.* (Attachments: # 1 Text of Proposed Order)(Bunt, Robert) (Entered: 04/07/2020) |
| 04/13/2020 | 317 | Joint MOTION for Extension of Time to File *Sur-Replies regarding Post-Judgment Briefing* by United Services Automobile Association. (Attachments: # 1 Text of Proposed Order)(Bunt, Robert) (Entered: 04/13/2020) |
| 04/14/2020 | 318 | ORDER granting 317 Joint MOTION for Extension of Time to File Sur-Replies regarding Post-Judgment Briefing. Signed by District Judge Rodney Gilstrap on 4/14/2020. (ch, ) (Entered: 04/14/2020) |
| 04/15/2020 | 319 | REPLY to Response to Motion re 306 MOTION to Stay *WELLS FARGO BANK N.A.'S MOTION TO STAY EXECUTION OF THE JUDGMENT UNDER 12 U.S.C. § 91 [WELLS FARGO BANK N.A.S REPLY IN SUPPORT OF ITS MOTION TO STAY EXECUTION OF THE JUDGMENT UNDER 12 U.S.C. § 91] filed by Wells Fargo Bank, N.A..* (Melsheimer, Thomas) (Entered: 04/15/2020) |
| 04/16/2020 | 320 | SUR-REPLY to Reply to Response to Motion re 290 SEALED MOTION *for Award of Interest filed by Wells Fargo Bank, N.A..* (Melsheimer, Thomas) (Entered: 04/16/2020) |
| 04/16/2020 | 321 | SUR-REPLY to Reply to Response to Motion re 291 SEALED MOTION *MOTION FOR ENHANCEMENT OF DAMAGES DUE TO WILLFUL INFRINGEMENT filed by Wells Fargo Bank, N.A..* (Melsheimer, Thomas) (Entered: 04/16/2020) |
| 04/16/2020 | 322 | SUR-REPLY to Reply to Response to Motion re 292 SEALED MOTION *FOR ONGOING ROYALTY filed by Wells Fargo Bank, N.A..* (Melsheimer, Thomas) (Entered: 04/16/2020) |

| 04/16/2020 | 323 | SEALED SUR-REPLY to Reply to Response to Motion re 285 SEALED MOTION *FOR JUDGMENT AS A MATTER OF LAW ON DAMAGES* filed by United Services Automobile Association. (Attachments: # 1 Affidavit Anthony Q. Rowles, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3)(Bunt, Robert) (Entered: 04/16/2020) |
| 04/16/2020 | 324 | SUR-REPLY to Reply to Response to Motion re 288 MOTION for Judgment as a Matter of Law *UNDER 35 U.S.C. § 101 filed by United Services Automobile Association.* (Bunt, Robert) (Entered: 04/16/2020) |
| 04/16/2020 | 325 | SUR-REPLY to Reply to Response to Motion re 284 MOTION for Judgment as a Matter of Law *On NonInfringement filed by United Services Automobile Association.* (Bunt, Robert) (Entered: 04/16/2020) |
| 04/16/2020 | 326 | SUR-REPLY to Reply to Response to Motion re 286 SEALED MOTION *For Judgment As A Matter Of Law Of No Willful Infringement filed by United Services Automobile Association.* (Bunt, Robert) (Entered: 04/16/2020) |
| 04/16/2020 | 327 | SUR-REPLY to Reply to Response to Motion re 287 MOTION for Judgment as a Matter of Law *ON WRITTEN DESCRIPTION AND ANTICIPATION filed by United Services Automobile Association.* (Bunt, Robert) (Entered: 04/16/2020) |
| 04/16/2020 | 328 | SEALED SUR-REPLY to Reply to Response to Motion re 289 SEALED MOTION *For New Trial* filed by United Services Automobile Association. (Attachments: # 1 Affidavit Anthony Q. Rowles, # 2 Exhibit 1)(Bunt, Robert) (Entered: 04/16/2020) |
| 04/20/2020 | 329 | NOTICE by Wells Fargo Bank, N.A. *OF SUPPLEMENTAL AUTHORITY* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Melsheimer, Thomas) (Entered: 04/20/2020) |
| 04/22/2020 | 330 | SUR-REPLY to Reply to Response to Motion re 306 MOTION to Stay *WELLS FARGO BANK N.A.'S MOTION TO STAY EXECUTION OF THE JUDGMENT UNDER 12 U.S.C. § 91 filed by United Services Automobile Association.* (Bunt, Robert) (Entered: 04/22/2020) |

| PACER Service Center | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 09/23/2020 11:07:45 | | |
| **PACER Login:** | Lstlaw2014:2591071:0 | **Client Code:** |
| **Description:** | Docket Report | **Search Criteria:** | 2:18-cv-00366-JRG |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |

CLOSED,JRG3,JURY,MARKMANREF,PATENT/TRADEMARK,PROTECTIVE-
ORDER,STAYED

# U.S. District Court
# Eastern District of TEXAS [LIVE] (Marshall)
# CIVIL DOCKET FOR CASE #: 2:18-cv-00245-JRG

United Services Automobile Association v. Wells Fargo
Bank, N.A.
Assigned to: District Judge Rodney Gilstrap
Cause: 35:271 Patent Infringement

Date Filed: 06/07/2018
Date Terminated: 11/12/2019
Jury Demand: Both
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

## Mediator

**David Folsom**
Jackson Walker, LLP
6002-B Summerfield Drive
Texarkana, TX 75503
*dfolsom@jw.com*

## Technical Advisor

**Donald E Tiller**
D. Tiller Law PLLC
1525 Merrimac Circle
Suite 210
Fort Worth, TX 76107
*don.tiller@dtillerlawpllc.com*

## Plaintiff

**United Services Automobile
Association**
*a Texas reciprocal inter-insurance
exchange*

represented by **Jason G Sheasby**
Irell & Manella - Los Angeles
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276
310.203.7096
Fax: 310.203.7199
Email: jsheasby@irell.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew J. Strabone**
Irell & Manella LLP - Los Angeles
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276

310-277-1010
Fax: 310-203-7199
Email: astrabone@irell.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anthony Q Rowles**
Irell & Manella LLP - Los Angeles
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276
310-203-7635
Fax: 310-203-7199
Email: trowles@irell.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Benjamin W Hattenbach**
Irell & Manella LLP - Los Angeles
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276
310.203.7937
Fax: 310.203.7199
Email: bhattenbach@irell.com
*TERMINATED: 07/26/2019*
*PRO HAC VICE*

**Benjamin Monnin**
Irell & Manella LLP - Los Angeles
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276
310-277-1010
Fax: 310-203-7199
Email: bmonnin@irell.com
*ATTORNEY TO BE NOTICED*

**Charles Ainsworth**
Parker Bunt & Ainsworth
100 E Ferguson
Suite 418
Tyler, TX 75702
903/531-3535
Email: charley@pbatyler.com
*ATTORNEY TO BE NOTICED*

**Craig I. Varnen**

Irell & Manella LLP - Los Angeles
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276
310-203-7550
Fax: 310-203-7199
Email: cvarnen@irell.com
*ATTORNEY TO BE NOTICED*

**Lisa Sharrock Glasser**
Irell & Manella LLP - Los Angeles
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276
310-203-7565
Fax: 310-203-7199
Email: lglasser@irell.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert Christopher Bunt**
Parker Bunt & Ainsworth
100 E Ferguson
Suite 418
Tyler, TX 75702
903/531-3535
Email: rcbunt@pbatyler.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Wells Fargo Bank, N.A.**
*a national banking association*

represented by **Thomas M Melsheimer**
Winston & Strawn LLP - Dallas
2121 N Pearl Street
Suite 900
Dallas, TX 75201
214/453-6500
Fax: 214/453-6400
Email: tmelsheimer@winston.com
*LEAD ATTORNEY*

**Elizabeth Danielle Thompson Williams**
Winston & Strawn LLP - Charlotte
100 N Tryon Street
Suite 2900

Charlotte, NC 28202
704-350-7790
Fax: 704-350-7800
Email: dwilliams@winston.com
*ATTORNEY TO BE NOTICED*

**Jack Wesley Hill**
Ward, Smith & Hill, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
903-757-6400
Fax: 903-757-2323
Email: wh@wsfirm.com
*ATTORNEY TO BE NOTICED*

**James Travis Underwood**
Winston & Strawn LLP - Dallas
2121 N Pearl Street
Suite 900
Dallas, TX 75201
214-453-6542
Fax: 214-453-6400
Email: tunderwood@winston.com
*ATTORNEY TO BE NOTICED*

**Katherine Anne Marcom**
Winston & Strawn LLP - Dallas
2121 N Pearl Street
Suite 900
Dallas, TX 75201
214-453-6565
Fax: 214-453-6500
Email: kmarcom@winston.com
*ATTORNEY TO BE NOTICED*

**Katherine K. Vidal**
Winston & Strawn LLP - Menlo
Park
275 Middlefield Road
Suite 205
Menlo Park, CA 94025
650/858-6425
Fax: 650/858-6550
Email: kvidal@winston.com
*ATTORNEY TO BE NOTICED*

**Matthew R McCullough**
Winston & Strawn LLP - Menlo

Park
275 Middlefield Road
Suite 205
Menlo Park, CA 94025
650.858.6453
Fax: 650.858.6550
Email: mrmccullough@winston.com
*ATTORNEY TO BE NOTICED*

**Michael Andrew Bittner**
Winston & Strawn LLP - Dallas
2501 N Harwood Street, 17th Floor
Dallas, TX 75201
214-453-6500
Fax: 214-453-6400
Email: mbittner@winston.com
*ATTORNEY TO BE NOTICED*

**Michael Brett Johnson**
Winston & Strawn LLP - Dallas
2121 N Pearl Street
Suite 900
Dallas, TX 75201
214-453-6500
Fax: 214-453-6400
Email: mbjohnson@winston.com
*ATTORNEY TO BE NOTICED*

**Prachi Viral Mehta**
Winston & Strawn LLP - Chicago
35 W. Wacker Dr
Chicago, IL 60601
312-558-8314
Fax: 312-558-5700
Email: pmehta@winston.com
*TERMINATED: 02/21/2019*

**Counter Claimant**

**Wells Fargo Bank, N.A.**                    represented by  **Thomas M Melsheimer**
                                               (See above for address)
                                               *LEAD ATTORNEY*

                                               **Elizabeth Danielle Thompson
                                               Williams**
                                               (See above for address)
                                               *ATTORNEY TO BE NOTICED*

**James Travis Underwood**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew R McCullough**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Andrew Bittner**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Wells Fargo Bank, N.A.**                     represented by   **Thomas M Melsheimer**
(See above for address)
*LEAD ATTORNEY*

**Elizabeth Danielle Thompson
Williams**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James Travis Underwood**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew R McCullough**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Andrew Bittner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Wells Fargo Bank, N.A.**                     represented by   **Thomas M Melsheimer**
*a national banking association*                                (See above for address)
*LEAD ATTORNEY*

**Elizabeth Danielle Thompson
Williams**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James Travis Underwood**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew R McCullough**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Andrew Bittner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Prachi Viral Mehta**
(See above for address)
*TERMINATED: 02/21/2019*

V.

**<u>Counter Defendant</u>**

**United Services Automobile Association**
*a Texas reciprocal inter-insurance exchange*

represented by **Jason G Sheasby**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Anthony Q Rowles**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Benjamin W Hattenbach**
(See above for address)
*TERMINATED: 07/26/2019*

**Charles Ainsworth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert Christopher Bunt**
(See above for address)
*ATTORNEY TO BE NOTICED*

**<u>Counter Claimant</u>**

**Wells Fargo Bank, N.A.**
*a national banking association*

represented by **Thomas M Melsheimer**
(See above for address)
*LEAD ATTORNEY*

**Elizabeth Danielle Thompson Williams**
(See above for address)

*ATTORNEY TO BE NOTICED*

**James Travis Underwood**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew R McCullough**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Andrew Bittner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Prachi Viral Mehta**
(See above for address)
*TERMINATED: 02/21/2019*

V.

<u>**Counter Defendant**</u>

**United Services Automobile Association**　　represented by　**Jason G Sheasby**
*a Texas reciprocal inter-insurance*　　　　　　　　　(See above for address)
*exchange*　　　　　　　　　　　　　　　　　　　　*LEAD ATTORNEY*
　　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

**Anthony Q Rowles**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Benjamin W Hattenbach**
(See above for address)
*TERMINATED: 07/26/2019*

**Charles Ainsworth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert Christopher Bunt**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Counter Claimant**</u>

**Wells Fargo Bank, N.A.**　　　　represented by　**Thomas M Melsheimer**
*a national banking association*　　　　　　　　　(See above for address)
　　　　　　　　　　　　　　　　　　　　　　　*LEAD ATTORNEY*

**Elizabeth Danielle Thompson
Williams**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jack Wesley Hill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James Travis Underwood**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew R McCullough**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Andrew Bittner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Prachi Viral Mehta**
(See above for address)
*TERMINATED: 02/21/2019*

V.

**<u>Counter Defendant</u>**

**United Services Automobile
Association**
*a Texas reciprocal inter-insurance
exchange*

represented by **Jason G Sheasby**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Anthony Q Rowles**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Benjamin W Hattenbach**
(See above for address)
*TERMINATED: 07/26/2019*

**Charles Ainsworth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lisa Sharrock Glasser**
(See above for address)

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert Christopher Bunt**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/07/2018 | 1 | COMPLAINT against Wells Fargo Bank, N.A. ( Filing fee $ 400 receipt number 0540-6807332.), filed by United Services Automobile Association. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7)(Bunt, Robert) (Entered: 06/07/2018) |
| 06/07/2018 | 2 | Notice of Filing of Patent/Trademark Form (AO 120). AO 120 mailed to the Director of the U.S. Patent and Trademark Office. (Bunt, Robert) (Entered: 06/07/2018) |
| 06/08/2018 | | Case Assigned to District Judge Rodney Gilstrap. (nkl, ) (Entered: 06/08/2018) |
| 06/08/2018 | | In accordance with the provisions of 28 USC Section 636(c), you are hereby notified that a U.S. Magistrate Judge of this district court is available to conduct any or all proceedings in this case including a jury or non-jury trial and to order the entry of a final judgment. The form Consent to Proceed Before Magistrate Judge is available on our website. All signed consent forms, excluding pro se parties, should be filed electronically using the event *Notice Regarding Consent to Proceed Before Magistrate Judge*. (nkl, ) (Entered: 06/08/2018) |
| 06/08/2018 | 3 | SUMMONS Issued as to Wells Fargo Bank, N.A. by and through their registered agent Corporation Service Company. (nkl, ) (Main Document 3 replaced with flattened image on 5/30/2019) (ch, ). Modified on 5/30/2019 (ch, ). (Entered: 06/08/2018) |
| 06/22/2018 | 4 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re Wells Fargo Bank, N.A..( Bittner, Michael) (Main Document 4 replaced with flattened image on 5/30/2019) (ch, ). Modified on 5/30/2019 (ch, ). (Entered: 06/22/2018) |
| 06/22/2018 | | Defendant's Unopposed FIRST Application for Extension of Time to Answer Complaint is granted pursuant to Local Rule CV-12 for Wells Fargo Bank, N.A. to 7/30/2018. 30 Days Granted for Deadline Extension.( ch, ) (Entered: 06/22/2018) |
| 06/22/2018 | 5 | NOTICE of Attorney Appearance by Thomas M Melsheimer on behalf of Wells Fargo Bank, N.A. (Melsheimer, Thomas) (Entered: 06/22/2018) |

| 06/22/2018 | 6 | NOTICE of Attorney Appearance by Michael Andrew Bittner on behalf of Wells Fargo Bank, N.A. (Bittner, Michael) (Entered: 06/22/2018) |
|---|---|---|
| 06/22/2018 | 7 | NOTICE of Attorney Appearance by Matthew R McCullough on behalf of Wells Fargo Bank, N.A. (McCullough, Matthew) (Entered: 06/22/2018) |
| 06/22/2018 | 8 | NOTICE of Attorney Appearance by Elizabeth Danielle Thompson Williams on behalf of Wells Fargo Bank, N.A. (Williams, Elizabeth Danielle) (Entered: 06/22/2018) |
| 06/22/2018 | 9 | NOTICE of Attorney Appearance by James Travis Underwood on behalf of Wells Fargo Bank, N.A. (Underwood, James) (Entered: 06/22/2018) |
| 06/25/2018 | 10 | NOTICE of Attorney Appearance - Pro Hac Vice by Jason G Sheasby on behalf of United Services Automobile Association. Filing fee $ 100, receipt number 0540-6830034. (Sheasby, Jason) (Entered: 06/25/2018) |
| 06/25/2018 | 11 | NOTICE of Attorney Appearance - Pro Hac Vice by Benjamin W Hattenbach on behalf of United Services Automobile Association. Filing fee $ 100, receipt number 0540-6830078. (Hattenbach, Benjamin) (Entered: 06/25/2018) |
| 06/25/2018 | 12 | NOTICE of Attorney Appearance - Pro Hac Vice by Anthony Q Rowles on behalf of United Services Automobile Association. Filing fee $ 100, receipt number 0540-6830166. (Rowles, Anthony) (Entered: 06/25/2018) |
| 06/29/2018 | 13 | SUMMONS Returned Executed by United Services Automobile Association. Wells Fargo Bank, N.A. served on 6/8/2018, answer due 7/30/2018. (Bunt, Robert) (Entered: 06/29/2018) |
| 07/19/2018 | 14 | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint re Wells Fargo Bank, N.A..( Bittner, Michael) (Main Document 14 replaced with flattened image on 5/30/2019) (ch, ). Modified on 5/30/2019 (ch, ). (Entered: 07/19/2018) |
| 07/19/2018 |  | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint is granted pursuant to Local Rule CV-12 for Wells Fargo Bank, N.A. to 8/14/2018. 15 Days Granted for Deadline Extension.( nkl, ) (Entered: 07/19/2018) |
| 08/09/2018 | 15 | ORDER - Scheduling Conference set for 9/11/2018 01:30 PM before District Judge Rodney Gilstrap. Signed by District Judge Rodney Gilstrap on 8/9/2018. (ch, ) (Entered: 08/10/2018) |
| 08/14/2018 | 16 | *Wells Fargo Bank, N.A.'s* ANSWER to 1 Complaint, , First COUNTERCLAIM against Wells Fargo Bank, N.A. by Wells Fargo Bank, N.A.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # |

| | | |
|---|---|---|
| | | 9 Exhibit 9, # 10 Exhibit 10)(Melsheimer, Thomas) (Entered: 08/14/2018) |
| 08/14/2018 | 17 | Additional Attachments to Main Document: 16 Answer to Complaint,, Counterclaim,.. (Attachments: # 1 Exhibit 11, # 2 Exhibit 12, # 3 Exhibit 13, # 4 Exhibit 14, # 5 Exhibit 15, # 6 Exhibit 16, # 7 Exhibit 17, # 8 Exhibit 18, # 9 Exhibit 19, # 10 Exhibit 20)(Melsheimer, Thomas) (Entered: 08/14/2018) |
| 08/14/2018 | 18 | Additional Attachments to Main Document: 16 Answer to Complaint,, Counterclaim,.. (Attachments: # 1 Exhibit 21, # 2 Exhibit 22, # 3 Exhibit 23, # 4 Exhibit 24, # 5 Exhibit 25, # 6 Exhibit 26, # 7 Exhibit 27, # 8 Exhibit 28, # 9 Exhibit 29, # 10 Exhibit 30, # 11 Exhibit 31, # 12 Exhibit 32, # 13 Exhibit 33, # 14 Exhibit 34, # 15 Exhibit 35) (Melsheimer, Thomas) (Entered: 08/14/2018) |
| 08/14/2018 | 19 | CORPORATE DISCLOSURE STATEMENT filed by Wells Fargo Bank, N.A. (Melsheimer, Thomas) (Entered: 08/14/2018) |
| 08/14/2018 | | In accordance with the provisions of 28 USC Section 636(c), you are hereby notified that a U.S. Magistrate Judge of this district court is available to conduct any or all proceedings in this case including a jury or non-jury trial and to order the entry of a final judgment. The form Consent to Proceed Before Magistrate Judge is available on our website. All signed consent forms, excluding pro se parties, should be filed electronically using the event Notice Regarding Consent to Proceed Before Magistrate Judge. (nkl, ) (Entered: 08/14/2018) |
| 08/15/2018 | 20 | NOTICE of Readiness for Scheduling Conference by United Services Automobile Association (Bunt, Robert) (Entered: 08/15/2018) |
| 08/15/2018 | 21 | CORPORATE DISCLOSURE STATEMENT filed by United Services Automobile Association (Bunt, Robert) (Entered: 08/15/2018) |
| 08/20/2018 | 22 | NOTICE of Attorney Appearance by Prachi Viral Mehta on behalf of Wells Fargo Bank, N.A. (Mehta, Prachi) (Entered: 08/20/2018) |
| 08/28/2018 | 23 | NOTICE of Discovery Disclosure by United Services Automobile Association (Notice of Compliance as to P.R. 3-1 and 3-2) (Bunt, Robert) (Entered: 08/28/2018) |
| 09/04/2018 | 24 | ANSWER to 16 Answer to Complaint,, Counterclaim, by United Services Automobile Association.(Bunt, Robert) (Entered: 09/04/2018) |
| 09/06/2018 | | NOTICE of Hearing: Scheduling Conference RESET for 9/11/2018 01:00 PM in Ctrm 106 (Marshall) before District Judge Rodney Gilstrap. ***Please note that the TIME for the hearing has changed.*** (jml) (Entered: 09/06/2018) |
| 09/06/2018 | 25 | NOTICE of Attorney Appearance by Charles Ainsworth on behalf of United Services Automobile Association (Ainsworth, Charles) (Entered: 09/06/2018) |

| 09/11/2018 | | Minute Entry for proceedings held before Judge Rodney Gilstrap: Scheduling Conference held on 9/11/2018. Counsel for the parties appeared and were asked if they consented to a trial before the United States Magistrate Judge. The Court then gave Markman and Jury Selection dates; deadlines for submitting Mediator names (3 days); and deadlines for submitting Agreed Scheduling and Discovery Orders (14 days). (Court Reporter Shelly Holmes, CSR-TCRR.)(jml) (Entered: 09/12/2018) |
|---|---|---|
| 09/13/2018 | 26 | NOTICE of Designation of Mediator, Honorable David Folsom, filed by United Services Automobile Association. (Bunt, Robert) (Entered: 09/13/2018) |
| 09/14/2018 | 27 | ***FILED IN ERROR PER CLERK WRONG CASE***<br><br>ORDER REFERRING CASE to Mediator David Folsom, Jackson Walker, L.L.P., 6002-B Summerfield Drive, Texarkana, Texas 75503, telephone number 903-255-3251, fax number 903-255-3266, and email dfolsom@jw.com, is hereby appointed as mediator. Signed by District Judge Rodney Gilstrap on 9/14/18. (ch, ) Modified on 9/19/2018 (ch, ). (Entered: 09/14/2018) |
| 09/14/2018 | 29 | ORDER REFERRING CASE to Mediator David Folsom, Jackson Walker, L.L.P., 6002-B Summerfield Drive, Texarkana, Texas 75503, telephone number 903-255-3251, fax number 903-255-3266, and email dfolsom@jw.com, is hereby appointed as mediator. Signed by District Judge Rodney Gilstrap on 9/14/2018. (ch, ) (Entered: 09/19/2018) |
| 09/18/2018 | 28 | MOTION for Judgment on the Pleadings by Wells Fargo Bank, N.A.. (Attachments: # 1 Exhibit A, # 2 Text of Proposed Order)(Melsheimer, Thomas) (Entered: 09/18/2018) |
| 09/19/2018 | | ***FILED IN ERROR. FILED IN THE WRONG CASE Document # 27, Order Appointing Mediator. PLEASE IGNORE.***<br><br>(ch, ) (Entered: 09/19/2018) |
| 09/22/2018 | 30 | MOTION Expedited Motion to Coordinate Plaintiff's Deadline to Respond to Defendant's Motion Dkt. No. 28 re 28 MOTION for Judgment on the Pleadings by United Services Automobile Association. (Attachments: # 1 Text of Proposed Order)(Bunt, Robert) (Entered: 09/22/2018) |
| 09/24/2018 | 31 | ORDER re 30 MOTION Expedited Motion to Coordinate Plaintiff's Deadline to Respond to Defendant's Motion Dkt. No. 28 re 28 MOTION for Judgment on the Pleadings. ORDERED that Plaintiffs Response to Defendants Motion for Judgment on the Pleadings (Dkt. No. 28) is SUSPENDED until seventy-two (72) hours after the Courts order disposing of Plaintiffs Expedited Motion to Coordinate Plaintiffs |

| | | |
|---|---|---|
| | | Deadline to Respond to Defendants 101 Motion (Dkt. No. 30), or until such other time as the Court may hereafter order. Barring entry of a subsequent order of the Court, the 72 hour deadline imposed above shall apply. Signed by District Judge Rodney Gilstrap on 9/24/2018. (ch, ) (Entered: 09/24/2018) |
| 09/25/2018 | 32 | Joint MOTION *For Entry of Docket Control Order and Discovery Order* by Wells Fargo Bank, N.A.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Bittner, Michael) (Entered: 09/25/2018) |
| 09/26/2018 | 33 | DOCKET CONTROL ORDER granting 32 Joint MOTION *For Entry of Docket Control Order and Discovery Order. Pretrial Conference set for 10/7/2019 09:00 AM before District Judge Rodney Gilstrap., Amended Pleadings due by 3/7/2019., Jury Selection set for 11/4/2019 09:00AM before District Judge Rodney Gilstrap., Mediation Completion due by 6/20/2019., Markman Hearing set for 5/23/2019 01:30 PM before District Judge Rodney Gilstrap., Motions due by 9/19/2019., Proposed Pretrial Order due by 9/30/2019. Signed by District Judge Rodney Gilstrap on 9/26/2018. (ch, ) (Entered: 09/27/2018)* |
| 09/26/2018 | 34 | DISCOVERY ORDER granting 32 Joint MOTION *For Entry of Docket Control Order and Discovery Order. Signed by Magistrate Judge Roy S. Payne on 9/26/2018. (ch, ) (Entered: 09/27/2018)* |
| 09/28/2018 | 35 | NOTICE by United Services Automobile Association re 28 MOTION for Judgment on the Pleadings *(Joint Notice Pertaining to Standing Order Regarding Motions Under 35 U.S.C. § 101)* (Attachments: # 1 Exhibit A - letter brief re 101 Motions)(Bunt, Robert) (Entered: 09/28/2018) |
| 10/01/2018 | 36 | RESPONSE to Motion re 30 MOTION Expedited Motion to Coordinate Plaintiff's Deadline to Respond to Defendant's Motion Dkt. No. 28 re 28 MOTION for Judgment on the Pleadings *filed by Wells Fargo Bank, N.A..* (Melsheimer, Thomas) (Entered: 10/01/2018) |
| 10/02/2018 | 37 | Joint MOTION *For Entry of Protective Order and E-Discovery Order* by Wells Fargo Bank, N.A.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2) (Bittner, Michael) (Entered: 10/02/2018) |
| 10/02/2018 | 38 | NOTICE of Discovery Disclosure by United Services Automobile Association *as to Initial Disclosures, Additional Disclosures and Document Production pursuant to Paragraphs 1 and 3 of the Discovery Order* (Bunt, Robert) (Entered: 10/02/2018) |
| 10/03/2018 | 39 | E-DISCOVERY AND ESI ORDER granting 37 Joint MOTION For Entry of Protective Order and E-Discovery Order. Signed by District Judge Rodney Gilstrap on 10/3/2018. (ch, ) (Entered: 10/04/2018) |
| 10/03/2018 | 40 | PROTECTIVE ORDER. Signed by District Judge Rodney Gilstrap on 10/3/2018. (ch, ) (Entered: 10/04/2018) |

| 10/04/2018 | [41](#) | REPLY to Response to Motion re 30 MOTION Expedited Motion to Coordinate Plaintiff's Deadline to Respond to Defendant's Motion Dkt. No. 28 re 28 MOTION for Judgment on the Pleadings *filed by United Services Automobile Association.* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Bunt, Robert) (Entered: 10/04/2018) |
|---|---|---|
| 10/09/2018 | [42](#) | SUR-REPLY to Reply to Response to Motion re 30 MOTION Expedited Motion to Coordinate Plaintiff's Deadline to Respond to Defendant's Motion Dkt. No. 28 re 28 MOTION for Judgment on the Pleadings *filed by Wells Fargo Bank, N.A..* (Melsheimer, Thomas) (Entered: 10/09/2018) |
| 10/16/2018 | [43](#) | ORDER denying 30 MOTION Expedited Motion to Coordinate Plaintiff's Deadline to Respond to Defendant's Motion Dkt. No. 28 re 28 MOTION for Judgment on the Pleadings. Signed by District Judge Rodney Gilstrap on 10/16/2018. (ch, ) (Entered: 10/16/2018) |
| 10/26/2018 | [44](#) | SEALED RESPONSE to Motion re 28 MOTION for Judgment on the Pleadings filed by United Services Automobile Association. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Text of Proposed Order)(Bunt, Robert) (Entered: 10/26/2018) |
| 10/29/2018 | [45](#) | Unopposed MOTION for Extension of Time to File Response/Reply as to 28 MOTION for Judgment on the Pleadings *to Extend Reply and Sur-Reply Deadlines* by Wells Fargo Bank, N.A.. (Attachments: # 1 Text of Proposed Order)(Bittner, Michael) (Entered: 10/29/2018) |
| 10/29/2018 | [46](#) | SEALED RESPONSE to Motion re 28 MOTION for Judgment on the Pleadings (CORRECTED)filed by United Services Automobile Association. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Text of Proposed Order)(Bunt, Robert) (Entered: 10/29/2018) |
| 10/30/2018 | [47](#) | ORDER granting 45 Motion for Extension of Time to File Response/Reply re 28 MOTION for Judgment on the Pleadings Responses due by 11/26/2018. Signed by District Judge Rodney Gilstrap on 10/30/2018. (ch, ) (Entered: 10/30/2018) |
| 10/31/2018 | | NOTICE of Hearing: Pretrial Conference RESET for 10/2/2019 09:00 AM in Ctrm 106 (Marshall) before District Judge Rodney Gilstrap. (jml) (Entered: 10/31/2018) |

| 10/31/2018 | 48 | REDACTION to 46 Sealed Response to Motion,, by United Services Automobile Association. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22 [redacted in its entirety], # 23 Text of Proposed Order)(Bunt, Robert) (Entered: 10/31/2018) |
| 11/09/2018 | 49 | REPLY to Response to Motion re 28 MOTION for Judgment on the Pleadings *filed by Wells Fargo Bank, N.A.*. (Melsheimer, Thomas) (Entered: 11/09/2018) |
| 11/26/2018 | 50 | SEALED SUR-REPLY to Reply to Response to Motion re 28 MOTION for Judgment on the Pleadings filed by United Services Automobile Association. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Appendix)(Bunt, Robert) (Entered: 11/26/2018) |
| 11/26/2018 | 51 | SEALED PATENT DOCUMENT FIRST AMENDED COMPLAINT AGAINST WELLS FARGO BANK, N.A. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30)(Bunt, Robert) (Entered: 11/26/2018) |
| 11/27/2018 | 52 | Opposed SEALED PATENT MOTION *to Compel Deposition of Peter Alexander* by United Services Automobile Association. (Attachments: # 1 Appendix A, # 2 Text of Proposed Order)(Bunt, Robert) (Entered: 11/27/2018) |
| 11/28/2018 | 53 | REDACTION to 50 Sealed Sur-Reply to Reply to Response to Motion, by United Services Automobile Association. (Attachments: # 1 Exhibit 1 - Public, # 2 Exhibit 2 - Redacted, # 3 Exhibit 3 - Redacted, # 4 Exhibit 4 - Public, # 5 Appendix Redacted)(Bunt, Robert) (Entered: 11/28/2018) |
| 11/28/2018 | 54 | REDACTION to 51 Sealed Patent Document,, *First Amended Complaint* by United Services Automobile Association. (Attachments: # 1 Exhibit 1 - Public, # 2 Exhibit 2 - Public, # 3 Exhibit 3 - Public, # 4 Exhibit 4 - Public, # 5 Exhibit 5 - Public, # 6 Exhibit 6 - Public, # 7 Exhibit 7 - Public, # 8 Exhibit 8 - Public, # 9 Exhibit 9 - Public, # 10 Exhibit 10 - Public, # 11 Exhibit 11 - Public, # 12 Exhibit 12 - Public, # 13 Exhibit 13 - Public, # 14 Exhibit 14 - Public, # 15 Exhibit 15 - Public, # 16 Exhibit 16 - Public, # 17 Exhibit 17 - Public, # 18 Exhibit 18 - Public, # 19 Exhibit 19 - Public, # 20 Exhibit 20 - Public, # 21 |

| | | |
|---|---|---|
| | | Exhibit 21 - Redacted, # 22 Exhibit 22 - Public, # 23 Exhibit 23 - Public, # 24 Exhibit 24 - Public, # 25 Exhibit 25 - Public, # 26 Exhibit 26 - Public, # 27 Exhibit 27 - Public, # 28 Exhibit 28 - Public, # 29 Exhibit 29 - Redacted, # 30 Exhibit 30 - Public)(Bunt, Robert) (Entered: 11/28/2018) |
| 12/05/2018 | 55 | Unopposed MOTION to Unseal re 52 Opposed SEALED PATENT MOTION *to Compel Deposition of Peter Alexander* by United Services Automobile Association. (Attachments: # 1 Text of Proposed Order) (Bunt, Robert) (Entered: 12/05/2018) |
| 12/07/2018 | 56 | ORDER granting 55 Motion to Unseal Plaintiffs Motion to Compel the Deposition of Peter Alexander. Signed by District Judge Rodney Gilstrap on 12/6/2018. (nkl, ) (Entered: 12/07/2018) |
| 12/10/2018 | 57 | Agreed MOTION to Expedite Briefing re 52 Opposed SEALED PATENT MOTION *to Compel Deposition of Peter Alexander* by United Services Automobile Association. (Attachments: # 1 Text of Proposed Order)(Bunt, Robert) (Entered: 12/10/2018) |
| 12/10/2018 | 58 | *Defendant Wells Fargo Bank, N.A.'s Answer, Affirmative Defenses, and Counterclaims to Plaintiff's Amended Complaint* ANSWER to Complaint , COUNTERCLAIM against United Services Automobile Association by Wells Fargo Bank, N.A.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35) (Melsheimer, Thomas) (Entered: 12/10/2018) |
| 12/11/2018 | 59 | RESPONSE to Motion re 52 Opposed SEALED PATENT MOTION *to Compel Deposition of Peter Alexander filed by Wells Fargo Bank, N.A.*. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J)(Melsheimer, Thomas) (Entered: 12/11/2018) |
| 12/12/2018 | 60 | ORDER denying 57 Agreed MOTION to Expedite Briefing re 52 Opposed SEALED PATENT MOTION to Compel Deposition of Peter Alexander. Signed by District Judge Rodney Gilstrap on 12/12/2018. (ch, ) (Entered: 12/12/2018) |
| 12/12/2018 | 61 | ORDER denying as moot 28 MOTION for Judgment on the Pleadings Signed by District Judge Rodney Gilstrap on 12/12/2018 (ch) (Entered: 12/12/2018) |
| 12/13/2018 | 62 | Joint MOTION for Leave to File *Reply and Sur-Reply [Dkt. No. 52]* by United Services Automobile Association. (Attachments: # 1 Text of |

| | | Proposed Order)(Bunt, Robert) (Entered: 12/13/2018) |
|---|---|---|
| 12/14/2018 | 63 | ORDER granting 62 Motion for Leave to File Reply and Sur-Reply regarding theMotion to Compel Deposition of Peter Alexander. Signed by District Judge Rodney Gilstrap on 12/14/2018. (nkl, ) (Entered: 12/14/2018) |
| 12/17/2018 | 64 | REPLY to Response to Motion re 52 Opposed SEALED PATENT MOTION *to Compel Deposition of Peter Alexander filed by United Services Automobile Association*. (Bunt, Robert) (Entered: 12/17/2018) |
| 12/21/2018 | 65 | SUR-REPLY to Reply to Response to Motion re 52 Opposed SEALED PATENT MOTION *to Compel Deposition of Peter Alexander Defendant's Sur-Reply In Opposition to Plaintiff's Motion to Compel Deposition of Peter Alexander filed by Wells Fargo Bank, N.A.*. (Attachments: # 1 Exhibit K)(Melsheimer, Thomas) (Entered: 12/21/2018) |
| 12/24/2018 | 66 | ANSWER to 58 Answer to Complaint,,,, Counterclaim,,, by United Services Automobile Association.(Bunt, Robert) (Entered: 12/24/2018) |
| 01/03/2019 | | NOTICE of Hearing on Motion 52 Opposed SEALED PATENT MOTION *to Compel Deposition of Peter Alexander* : Motion Hearing set for 1/10/2019 10:00 AM in Ctrm 106 (Marshall) before District Judge Rodney Gilstrap. (jml) (Entered: 01/03/2019) |
| 01/04/2019 | 67 | NOTICE by United Services Automobile Association re 52 Opposed SEALED PATENT MOTION *to Compel Deposition of Peter Alexander [JOINT REPORT OF PARTIES REGARDING MOTION TO COMPEL DEPOSITION OF PETER ALEXANDER]* (Bunt, Robert) (Entered: 01/04/2019) |
| 01/10/2019 | 68 | Minute Entry for proceedings held before District Judge Rodney Gilstrap: Motion Hearing held on 1/10/2019 re 52 Opposed SEALED PATENT MOTION *to Compel Deposition of Peter Alexander* filed by United Services Automobile Association. (Court Reporter Shelly Holmes, CSR-TCRR.) (Attachments: # 1 Attorney Attendance Sheet) (jml) (Entered: 01/10/2019) |
| 01/10/2019 | 69 | PAPER TRANSCRIPT REQUEST by United Services Automobile Association for proceedings held on 01/10/2019 motion hrg re Dkt. No. 52 before Judge Gilstrap. (Bunt, Robert) (FORWARDED TO OFFICIAL COURT REPORTER, SHELLY HOLMES ON 1/10/2019) (Entered: 01/10/2019) |
| 01/10/2019 | 302 | AMENDED Minute Entry for proceedings held before District Judge Rodney Gilstrap: Motion Hearing held on 1/10/2019 re 52 Opposed SEALED PATENT MOTION to Compel Deposition of Peter Alexander filed by United Services Automobile Association. (Court Reporter Shelly Holmes, CSR-TCRR.) (Attachments: # 1 Attorney Attendance Sheet) (jml) (Entered: 10/31/2019) |

| | | |
|---|---|---|
| 01/14/2019 | 70 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 1/10/19 (Motion Hearing) before Judge Rodney Gilstrap. Court Reporter/Transcriber: Shelly Holmes, CSR, TCRR,Telephone number: (903) 923-7464 (Shelly_Holmes@txed.uscourts.gov). <P>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov<P>** Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Motion to Redact due 2/4/2019. Release of Transcript Restriction set for 4/15/2019. (sholmes, ) (Entered: 01/14/2019) |
| 01/14/2019 | 71 | ORDER denying 52 Opposed SEALED PATENT MOTION to Compel Deposition of Peter Alexander. Signed by District Judge Rodney Gilstrap on 1/14/2019. (ch, ) (Entered: 01/14/2019) |
| 01/24/2019 | 72 | Unopposed MOTION for Leave to Amend Infringement Contentions by United Services Automobile Association. (Attachments: # 1 Text of Proposed Order)(Bunt, Robert) (Entered: 01/24/2019) |
| 01/25/2019 | 73 | ORDER granting 72 Unopposed MOTION for Leave to Amend Infringement Contentions. Signed by District Judge Rodney Gilstrap on 1/25/2019. (ch, ) (Entered: 01/28/2019) |
| 02/20/2019 | 74 | Unopposed MOTION to Withdraw as Attorney by Wells Fargo Bank, N.A.. (Attachments: # 1 Text of Proposed Order)(Melsheimer, Thomas) (Entered: 02/20/2019) |
| 02/21/2019 | 75 | ORDER granting 74 Motion to Withdraw as Attorney. Attorney Prachi Viral Mehta terminated. Signed by District Judge Rodney Gilstrap on 2/21/2019. (ch, ) (Entered: 02/21/2019) |
| 02/28/2019 | 76 | Claim Construction and Prehearing Statement by United Services Automobile Associatio. (Attachments: # 1 Exhibit A (Agreed Constructions), # 2 Exhibit B (Parties' Proposed Constructions), # 3 Exhibit C (USAA's Proposed Constructions and Identification of Evidence), # 4 Exhibit D (Wells Fargo's Proposed Constructions and Identification of Evidence))(Bunt, Robert) (Entered: 02/28/2019) |
| 03/07/2019 | 77 | *Defendant Wells Fargo Bank, N.A.'s Amended Answer, Affirmative Defenses and Counterclaims to Plaintiff's Amended Complaint* ANSWER to 16 Answer to Complaint,, Counterclaim, , COUNTERCLAIM against United Services Automobile Association by Wells Fargo Bank, N.A.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 |

| | | |
|---|---|---|
| | | Exhibit 12, # <u>13</u> Exhibit 13, # <u>14</u> Exhibit 14, # <u>15</u> Exhibit 15, # <u>16</u> Exhibit 16, # <u>17</u> Exhibit 17, # <u>18</u> Exhibit 18, # <u>19</u> Exhibit 19, # <u>20</u> Exhibit 20, # <u>21</u> Exhibit 21, # <u>22</u> Exhibit 22, # <u>23</u> Exhibit 23, # <u>24</u> Exhibit 24, # <u>25</u> Exhibit 25, # <u>26</u> Exhibit 26, # <u>27</u> Exhibit 27, # <u>28</u> Exhibit 28, # <u>29</u> Exhibit 29, # <u>30</u> Exhibit 30, # <u>31</u> Exhibit 31, # <u>32</u> Exhibit 32, # <u>33</u> Exhibit 33, # <u>34</u> Exhibit 34, # <u>35</u> Exhibit 35) (Melsheimer, Thomas) (Entered: 03/07/2019) |
| 03/21/2019 | <u>78</u> | *Amended* ANSWER to <u>77</u> Answer to Counterclaim,,,,,,, by United Services Automobile Association(a Texas reciprocal inter-insurance exchange).(Bunt, Robert) (Entered: 03/21/2019) |
| 04/09/2019 | <u>79</u> | Order Referring Case for Claim Construction Purposes Only. Signed by District Judge Rodney Gilstrap on 4/9/2019. (ch, ) (Entered: 04/10/2019) |
| 04/10/2019 | | NOTICE of Hearing:Markman Hearing RESET for 5/23/2019 09:00 AM before Magistrate Judge Roy S. Payne. (bga, ) (Entered: 04/10/2019) |
| 04/11/2019 | <u>80</u> | Unopposed MOTION for Extension of Time to File *Technical Tutorial* by Wells Fargo Bank, N.A.. (Attachments: # <u>1</u> Text of Proposed Order) (Williams, Elizabeth Danielle) (Entered: 04/11/2019) |
| 04/11/2019 | <u>81</u> | OPENING CLAIM CONSTRUCTION BRIEF filed by United Services Automobile Association. (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2, # <u>3</u> Exhibit 3, # <u>4</u> Exhibit 4, # <u>5</u> Exhibit 5, # <u>6</u> Exhibit 6, # <u>7</u> Exhibit 7, # <u>8</u> Exhibit 8, # <u>9</u> Exhibit 9, # <u>10</u> Exhibit 10, # <u>11</u> Exhibit 11, # <u>12</u> Exhibit 12, # <u>13</u> Exhibit 13, # <u>14</u> Exhibit 14, # <u>15</u> Exhibit 15, # <u>16</u> Exhibit 16, # <u>17</u> Exhibit 17, # <u>18</u> Exhibit 18)(Bunt, Robert) (Entered: 04/11/2019) |
| 04/15/2019 | <u>82</u> | ORDER granting <u>80</u> Unopposed MOTION for Extension of Time to File Technical Tutorial. Signed by Magistrate Judge Roy S. Payne on 4/15/2019. (ch, ) (Entered: 04/15/2019) |
| 04/15/2019 | <u>83</u> | ORDER Appointing Technical Advisor. Signed by Magistrate Judge Roy S. Payne on 4/15/2019. (nkl, ) (Entered: 04/15/2019) |
| 04/25/2019 | <u>84</u> | CLAIM CONSTRUCTION BRIEF filed by Wells Fargo Bank, N.A.. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C, # <u>4</u> Exhibit D, # <u>5</u> Exhibit E, # <u>6</u> Exhibit F, # <u>7</u> Exhibit G, # <u>8</u> Exhibit H, # <u>9</u> Exhibit I, # <u>10</u> Exhibit J, # <u>11</u> Exhibit K, # <u>12</u> Exhibit L, # <u>13</u> Exhibit M)(Melsheimer, Thomas) (Entered: 04/25/2019) |
| 05/02/2019 | <u>85</u> | REPLY to <u>81</u> Claim Construction Brief, <u>84</u> Claim Construction Brief, *filed by United Services Automobile Association*. (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2, # <u>3</u> Exhibit 3, # <u>4</u> Exhibit 4, # <u>5</u> Exhibit 5, # <u>6</u> Exhibit 6)(Bunt, Robert) (Entered: 05/02/2019) |
| 05/02/2019 | <u>86</u> | SEALED ADDITIONAL ATTACHMENTS to Main Document: <u>85</u> |

| | | Reply to Claim Construction Brief. (Attachments: # <u>1</u> Exhibit 7)(Bunt, Robert) (Entered: 05/02/2019) |
|---|---|---|
| 05/06/2019 | <u>87</u> | REDACTION to <u>86</u> Sealed Additional Attachments to Main Document by United Services Automobile Association. (Attachments: # <u>1</u> Exhibit 7 - redacted)(Bunt, Robert) (Entered: 05/06/2019) |
| 05/09/2019 | <u>88</u> | Joint Claim Construction Chart by United Services Automobile Association. (Attachments: # <u>1</u> Exhibit A)(Bunt, Robert) (Entered: 05/09/2019) |
| 05/15/2019 | <u>89</u> | NOTICE by United Services Automobile Association *of Decision Denying Institution of Covered Business Method Patent Review* (Attachments: # <u>1</u> Exhibit A)(Bunt, Robert) (Entered: 05/15/2019) |
| 05/16/2019 | <u>90</u> | NOTICE of Attorney Appearance by Jack Wesley Hill on behalf of Wells Fargo Bank, N.A. (Hill, Jack) (Entered: 05/16/2019) |
| 05/22/2019 | <u>91</u> | Joint MOTION Joint Motion for Extension of Time to Complete Mediation by Wells Fargo Bank, N.A.. (Attachments: # <u>1</u> Text of Proposed Order)(Melsheimer, Thomas) (Entered: 05/22/2019) |
| 05/23/2019 | <u>92</u> | NOTICE by United Services Automobile Association *of Filing Claim Construction Presentation* (Attachments: # <u>1</u> Exhibit A)(Bunt, Robert) (Entered: 05/23/2019) |
| 05/23/2019 | <u>93</u> | ORDER granting <u>91</u> Joint Motion for Extension of Time to Complete Mediation. The deadline to complete mediation is extended up to and including July 30, 2019. Signed by District Judge Rodney Gilstrap on 5/23/19. (ljw, ) (Entered: 05/23/2019) |
| 05/23/2019 | <u>94</u> | Minute Entry for proceedings held before Magistrate Judge Roy S. Payne: Markman Hearing held on 5/23/2019. (Court Reporter Shelly Holmes.) (Attachments: # <u>1</u> Attorney Sign-In Sheet) (bga, ) (Entered: 05/23/2019) |
| 05/29/2019 | <u>95</u> | PAPER TRANSCRIPT REQUEST by United Services Automobile Association for proceedings held on 05/23/2019 Claim Construction Hearing before Judge Payne. (Bunt, Robert) (FORWARD TO SHELLY HOLMES) Modified on 5/29/2019 (ch, ). (Main Document 95 replaced with flattened image on 5/30/2019) (ch, ). Modified on 5/30/2019 (ch, ). (Entered: 05/29/2019) |
| 05/31/2019 | <u>96</u> | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 5/23/19 (Claim Construction Hearing) before Judge Roy Payne. Court Reporter/Transcriber: Shelly Holmes, CSR, TCRR,Telephone number: (903) 923-7464 (Shelly_Holmes@txed.uscourts.gov). <P>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available** |

| | | to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov<P> Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Motion to Redact due 6/21/2019. Release of Transcript Restriction set for 8/29/2019. (sholmes, ) (Entered: 05/31/2019) |
|---|---|---|
| 06/03/2019 | 97 | NOTICE by United Services Automobile Association *NOTICE OF DECISIONS DENYING INSTITUTION OF COVERED BUSINESS METHOD PATENT REVIEW* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Bunt, Robert) (Entered: 06/03/2019) |
| 06/03/2019 | 98 | ORDER to Pay Technical Advisor. Signed by Magistrate Judge Roy S. Payne on 6/3/2019. (nkl, ) (Entered: 06/03/2019) |
| 06/11/2019 | 99 | NOTICE of Attorney Appearance - Pro Hac Vice by Lisa Sharrock Glasser on behalf of United Services Automobile Association. Filing fee $ 100, receipt number 0540-7306042. (Glasser, Lisa) (Entered: 06/11/2019) |
| 06/13/2019 | 100 | CLAIM CONSTRUCTION MEMORANDUM OPINION AND ORDER. Signed by Magistrate Judge Roy S. Payne on 6/13/2019. (ch, ) (Entered: 06/13/2019) |
| 06/13/2019 | 101 | Joint MOTION to Amend/Correct 33 Order,,, Terminate Motions,,, Scheduling Order,, *The Docket Control Order* by Wells Fargo Bank, N.A.. (Attachments: # 1 Text of Proposed Order)(Melsheimer, Thomas) (Entered: 06/13/2019) |
| 06/13/2019 | 102 | Joint MOTION for Extension of Time to File *For Extension of the Deadline to File Dispositive Motions and Motions to Strike Expert Testimony* by Wells Fargo Bank, N.A.. (Attachments: # 1 Text of Proposed Order)(Melsheimer, Thomas) (Entered: 06/13/2019) |
| 06/14/2019 | 103 | **\*\*\*FILED IN ERROR PER ATTORNEY. PLEASE IGNORE\*\*\*** PARTIES P.R. 4-5(D) JOINT CLAIM CONSTRUCTION CHART by United Services Automobile Association. (Attachments: # 1 Exhibit A. Joint Claim Construction Chart)(Bunt, Robert) Modified on 6/17/2019 (nkl, ). Modified on 6/18/2019 (klc, ). (Entered: 06/14/2019) |
| 06/18/2019 | | **\*\*\*FILED IN ERROR. Document # 103,. PLEASE IGNORE.\*\*\* Document is to be filed in correct case.**<br><br>(klc, ) (Entered: 06/18/2019) |
| 06/20/2019 | 104 | Joint MOTION to Amend/Correct 33 Order,,, Terminate Motions,,, Scheduling Order,, *Docket Control Order* by Wells Fargo Bank, N.A.. (Attachments: # 1 Text of Proposed Order)(Melsheimer, Thomas) (Entered: 06/20/2019) |
| | | |

| 06/21/2019 | 105 | ORDER granting 104 Motion to Amend the Docket Control Order. Signed by District Judge Rodney Gilstrap on 6/21/2019. (nkl, ) (Entered: 06/21/2019) |
| 06/25/2019 | 106 | ORDER finding as moot 101 Motion to Amend/Correct; finding as moot 102 Motion for Extension of Time to File. Signed by District Judge Rodney Gilstrap on 6/25/2019. (nkl, ) (Entered: 06/25/2019) |
| 06/27/2019 | 107 | Unopposed MOTION to Seal Document by Wells Fargo Bank, N.A.. (Attachments: # 1 Text of Proposed Order)(Melsheimer, Thomas) (Entered: 06/27/2019) |
| 06/27/2019 | 108 | Joint SEALED MOTION *to Amend the Docket Control Order* by Wells Fargo Bank, N.A.. (Attachments: # 1 Text of Proposed Order) (Melsheimer, Thomas) (Entered: 06/27/2019) |
| 06/27/2019 | 109 | Wells Fargo's Objections to Magistrate Judge Payne's Claim Construction Memorandum Opinion and Order (Melsheimer, Thomas) (Entered: 06/27/2019) |
| 06/27/2019 | 110 | OBJECTION TO CLAIM CONSTRUCTION filed by United Services Automobile Association. (Bunt, Robert) (Entered: 06/27/2019) |
| 07/01/2019 | 111 | ORDER granting 107 Motion to Seal Document. Signed by District Judge Rodney Gilstrap on 7/1/19. (ch, ) (Entered: 07/02/2019) |
| 07/01/2019 | 112 | ORDER granting 108 Joint SEALED MOTION *to Amend the Docket Control Pretrial Conference set for 10/7/2019 09:00 AM before District Judge Rodney Gilstrap., Jury Selection set for 11/4/2019 09:00AM before District Judge Rodney Gilstrap., Mediation Completion due by 7/30/2019., Motions due by 9/19/2019., Proposed Pretrial Order due by 9/30/2019. Signed by District Judge Rodney Gilstrap on 7/1/19. (ch, ) (Entered: 07/02/2019)* |
| 07/09/2019 | 113 | ORDER - Plaintiffs Objections (Dkt. No. 110) and Defendants Objections (Dkt. No. 109) are OVERRULED. The Claim Construction Memorandum and Order (Dkt. No. 100) is hereby adopted. Signed by District Judge Rodney Gilstrap on 7/9/2019. (ch, ) (Entered: 07/10/2019) |
| 07/15/2019 | 114 | Unopposed MOTION For Leave to Excuse Lead Counsel from Attending Meet and Confer by Wells Fargo Bank, N.A.. (Attachments: # 1 Text of Proposed Order)(Williams, Elizabeth Danielle) (Entered: 07/15/2019) |
| 07/16/2019 | 115 | ORDER granting 114 Unopposed MOTION For Leave to Excuse Lead Counsel from Attending Meet and Confer. Signed by District Judge Rodney Gilstrap on 7/16/19. (ch, ) (Entered: 07/16/2019) |
| 07/17/2019 | 116 | NOTICE by Wells Fargo Bank, N.A. re 115 Order on Motion for Miscellaneous Relief *Notice of Substitute Point of Contact* (Williams, Elizabeth Danielle) (Entered: 07/17/2019) |

| 07/17/2019 | 117 | THIRD AMENDED DOCKET CONTROL ORDER - Pretrial Conference set for 10/4/2019 09:00 AM before District Judge Rodney Gilstrap. Signed by District Judge Rodney Gilstrap on 7/17/19. (ch, ) (Entered: 07/17/2019) |
| 07/19/2019 | 118 | Joint MOTION for Leave to File *to Take Depositions After the Deadline to Complete Fact Discovery* by Wells Fargo Bank, N.A.(a national banking association). (Attachments: # 1 Text of Proposed Order)(Melsheimer, Thomas) (Entered: 07/19/2019) |
| 07/22/2019 | 119 | Unopposed MOTION to Withdraw as Attorney *as to Benjamin Hattenbach* by United Services Automobile Association. (Attachments: # 1 Text of Proposed Order)(Bunt, Robert) (Entered: 07/22/2019) |
| 07/22/2019 | 120 | ORDER granting as modified 118 Joint MOTION for Leave to File to Take Depositions After the Deadline to Complete Fact Discovery. Signed by District Judge Rodney Gilstrap on 7/22/19. (ch, ) (Entered: 07/23/2019) |
| 07/26/2019 | 121 | ORDER granting 119 Motion to Withdraw as Attorney. Attorney Benjamin W Hattenbach terminated. Signed by District Judge Rodney Gilstrap on 7/26/2019. (ch, ) (Entered: 07/29/2019) |
| 07/30/2019 | 122 | REPORT of Mediation by David Folsom. Mediation result: suspended(Folsom, David) (Entered: 07/30/2019) |
| 07/30/2019 | 123 | Joint MOTION to Amend/Correct 117 Order, Terminate Motions, Scheduling Order by Wells Fargo Bank, N.A.. (Attachments: # 1 Text of Proposed Order)(Melsheimer, Thomas) (Entered: 07/30/2019) |
| 08/01/2019 | 124 | Opposed MOTION for Leave to File *Amended Answer* by Wells Fargo Bank, N.A.. (Attachments: # 1 Text of Proposed Order)(Melsheimer, Thomas) (Entered: 08/01/2019) |
| 08/01/2019 | 125 | AMENDED ANSWER to *Defendant Wells Farago Bank, N.A.'s Seccond Amended Answer, Affirmative Defenses, and Counterclaims to Plaintiff's Amended Complaint* 1 Complaint, , COUNTERCLAIM against United Services Automobile Association by Wells Fargo Bank, N.A.. (Melsheimer, Thomas) (Entered: 08/01/2019) |
| 08/01/2019 | 126 | FOURTH AMENDED DOCKET CONTROL ORDER granting 123 Motion to Amend/Correct. Signed by District Judge Rodney Gilstrap on 8/1/19. (ch, ) (Entered: 08/01/2019) |
| 08/15/2019 | 127 | SEALED RESPONSE to Motion re 124 Opposed MOTION for Leave to File *Amended Answer* filed by United Services Automobile Association. (Attachments: # 1 Text of Proposed Order)(Bunt, Robert) (Entered: 08/15/2019) |
| 08/16/2019 | 128 | Joint MOTION to Amend/Correct 126 Order on Motion to Amend/Correct *Docket Control Order* by United Services Automobile |

| | | |
|---|---|---|
| | | Association. (Attachments: # 1 Text of Proposed Order)(Bunt, Robert) (Entered: 08/16/2019) |
| 08/19/2019 | 129 | FIFTH AMENDED DOCKET CONTROL ORDER granting 128 Joint MOTION to Amend/Correct 126 Order on Motion to Amend/Correct Docket Control Order. Signed by District Judge Rodney Gilstrap on 8/19/2019. (ch, ) (Entered: 08/19/2019) |
| 08/19/2019 | 130 | MOTION for Summary Judgment *of No Indirect Infringement* by Wells Fargo Bank, N.A.. (Attachments: # 1 Text of Proposed Order) (Melsheimer, Thomas) (Entered: 08/19/2019) |
| 08/19/2019 | 131 | MOTION for Summary Judgment *Under 35 U.S.C. § 101* by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Text of Proposed Order) (Melsheimer, Thomas) (Entered: 08/19/2019) |
| 08/19/2019 | 132 | SEALED MOTION *To Strike or Alternatively, For Summary Judgment Regarding The Doctrine Of Equivalents* by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Text of Proposed Order)(Melsheimer, Thomas) (Entered: 08/19/2019) |
| 08/19/2019 | 133 | SEALED MOTION *For Partial Summary Judgment Under 35 U.S.C.§ 287(a)* by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Text of Proposed Order)(Melsheimer, Thomas) (Entered: 08/19/2019) |
| 08/19/2019 | 134 | SEALED MOTION *For Summary Judgment Of No Willful Infringement* by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P, # 18 Exhibit Q, # 19 Exhibit R, # 20 Exhibit S, # 21 Text of Proposed Order)(Melsheimer, Thomas) (Entered: 08/19/2019) |
| 08/19/2019 | 135 | SEALED MOTION *FOR PARTIAL SUMMARY JUDGMENT* by United Services Automobile Association. (Attachments: # 1 Appendix Appendix A, # 2 Appendix Appendix B, # 3 Text of Proposed Order Proposed Order)(Bunt, Robert) (Entered: 08/19/2019) |
| 08/19/2019 | 136 | Sealed Document. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Exhibit Exhibit F, # 7 Exhibit Exhibit G, # 8 Exhibit Exhibit H, # 9 Exhibit Exhibit I, # 10 Exhibit Exhibit J, # 11 Exhibit |

|  |  | Exhibit K, # <u>12</u> Exhibit Exhibit L, # <u>13</u> Exhibit Exhibit M, # <u>14</u> Exhibit Exhibit N, # <u>15</u> Exhibit Exhibit O, # <u>16</u> Exhibit Exhibit P, # <u>17</u> Exhibit Exhibit Q)(Bunt, Robert) (Entered: 08/19/2019) |
|---|---|---|
| 08/20/2019 | <u>137</u> | SEALED ADDITIONAL ATTACHMENTS to Main Document: <u>135</u> SEALED MOTION *FOR PARTIAL SUMMARY JUDGMENT*. (Attachments: # <u>1</u> Affidavit Dec. Anthony Rowles, # <u>2</u> Exhibit A, # <u>3</u> Exhibit B, # <u>4</u> Exhibit C, # <u>5</u> Exhibit D, # <u>6</u> Exhibit E, # <u>7</u> Exhibit F, # <u>8</u> Exhibit G, # <u>9</u> Exhibit H, # <u>10</u> Exhibit I, # <u>11</u> Exhibit J, # <u>12</u> Exhibit K, # <u>13</u> Exhibit L, # <u>14</u> Exhibit M, # <u>15</u> Exhibit N, # <u>16</u> Exhibit O, # <u>17</u> Exhibit P, # <u>18</u> Exhibit Q)(Bunt, Robert) (Entered: 08/20/2019) |
| 08/20/2019 | <u>138</u> | AFFIDAVIT in Support re <u>132</u> SEALED MOTION *To Strike or Alternatively, For Summary Judgment Regarding The Doctrine Of Equivalents CERTIFICATE OF CONFERENCE TO DEFENDANT WELLS FARGO BANK, N.A.S MOTION TO STRIKE, OR ALTERNATIVELY, FOR SUMMARY JUDGMENT REGARDING THE DOCTRINE OF EQUIVALENTS FILED UNDER SEAL AS DOCKET 132* by Wells Fargo Bank, N.A.. (Melsheimer, Thomas) (Entered: 08/20/2019) |
| 08/22/2019 | <u>139</u> | REPLY to Response to Motion re <u>124</u> Opposed MOTION for Leave to File *Amended Answer filed by Wells Fargo Bank, N.A.*. (Melsheimer, Thomas) (Entered: 08/22/2019) |
| 08/22/2019 | <u>140</u> | REDACTION to <u>135</u> SEALED MOTION *FOR PARTIAL SUMMARY JUDGMENT* by United Services Automobile Association. (Attachments: # <u>1</u> Appendix A - redacted, # <u>2</u> Appendix B, # <u>3</u> Text of Proposed Order)(Bunt, Robert) (Entered: 08/22/2019) |
| 08/22/2019 | <u>141</u> | REDACTION to <u>137</u> Sealed Additional Attachments to Main Document, by United Services Automobile Association. (Attachments: # <u>1</u> Affidavit, # <u>2</u> Exhibit A, # <u>3</u> Exhibit B, # <u>4</u> Exhibit C, # <u>5</u> Exhibit D [Redacted], # <u>6</u> Exhibit E [Redacted], # <u>7</u> Exhibit F [Redacted], # <u>8</u> Exhibit G [Redacted], # <u>9</u> Exhibit H, # <u>10</u> Exhibit I, # <u>11</u> Exhibit J, # <u>12</u> Exhibit K, # <u>13</u> Exhibit L, # <u>14</u> Exhibit M, # <u>15</u> Exhibit N, # <u>16</u> Exhibit O [Redacted], # <u>17</u> Exhibit P [Redacted], # <u>18</u> Exhibit Q)(Bunt, Robert) (Entered: 08/22/2019) |
| 08/23/2019 | <u>142</u> | SEALED MOTION *To Exclude And/Or Strike Expert Testimony Provided by Mr. Calman In His Opening And Supplemental Reports* by Wells Fargo Bank, N.A.. (Attachments: # <u>1</u> Affidavit, # <u>2</u> Exhibit A, # <u>3</u> Exhibit B, # <u>4</u> Exhibit C, # <u>5</u> Exhibit D, # <u>6</u> Exhibit E, # <u>7</u> Exhibit F, # <u>8</u> Exhibit G, # <u>9</u> Exhibit H, # <u>10</u> Exhibit I, # <u>11</u> Exhibit J, # <u>12</u> Exhibit K, # <u>13</u> Text of Proposed Order)(Melsheimer, Thomas) (Entered: 08/23/2019) |
| 08/23/2019 | <u>143</u> | SEALED MOTION *To Exclude And/Or Strike Relating To The Calman Rebuttal Report* by Wells Fargo Bank, N.A.. (Attachments: # <u>1</u> Affidavit, # <u>2</u> Exhibit A, # <u>3</u> Exhibit B, # <u>4</u> Exhibit C, # <u>5</u> Exhibit D, # |

| | | |
|---|---|---|
| | | 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Text of Proposed Order)(Melsheimer, Thomas) (Entered: 08/23/2019) |
| 08/23/2019 | 144 | SEALED MOTION *To Strike Portions Of the Conte Report* by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit A) (Melsheimer, Thomas) (Additional attachment(s) added on 8/26/2019: # 3 Text of Proposed Order) (ch, ). (Entered: 08/23/2019) |
| 08/23/2019 | 145 | SEALED MOTION *To Exclude And/Or Strike Expert Testimony Of Mr. Roy Weinstein* by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Text of Proposed Order)(Melsheimer, Thomas) (Entered: 08/23/2019) |
| 08/23/2019 | 146 | MOTION to Exclude Testimony Trial Testimony of Proffered Patent Law Expert Charles E. Van Horn by United Services Automobile Association. (Attachments: # 1 Affidavit Anthony Rowles, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Text of Proposed Order)(Bunt, Robert) (Entered: 08/23/2019) |
| 08/23/2019 | 147 | **FILED IN ERROR PER ATTORNEY. PLEASE IGNORE**SEALED PATENT MOTION *to Strike Portions of Expert Repor of John Villasenor* by United Services Automobile Association. (Attachments: # 1 Exhibit A, # 2 Affidavit Anthony Rowles, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Text of Proposed Order)(Bunt, Robert) Modified on 8/26/2019 (klc, ). (Entered: 08/23/2019) |
| 08/23/2019 | 148 | **FILED IN ERROR PER ATTORNEY. PLEASE IGNORE**SEALED PATENT MOTION *to Strike Portions of Expert Repor of William Saffici* by United Services Automobile Association. (Attachments: # 1 Exhibit A, # 2 Affidavit Anthony Rowles, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Exhibit 11a, # 14 Exhibit 11b, # 15 Exhibit 11c, # 16 Exhibit 11d, # 17 Exhibit 11e, # 18 Exhibit 11f, # 19 Exhibit 11g, # 20 Exhibit 11h, # 21 Exhibit 11i, # 22 Exhibit 11j, # 23 Exhibit 11k, # 24 Exhibit 11l, # 25 Exhibit 11m, # 26 Exhibit 11n, # 27 Exhibit 11o, # 28 Exhibit 11p, # 29 Text of Proposed Order)(Bunt, Robert) Modified on 8/26/2019 (klc, ). (Entered: 08/23/2019) |
| 08/23/2019 | 149 | **FILED IN ERROR PER ATTORNEY. PLEASE IGNORE.**SEALED PATENT MOTION *Exclude Portions of Expert Report of Christopher Gerardi* by United Services Automobile Association. (Attachments: # 1 Exhibit A, # 2 Affidavit Anthony Rowles, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Exhibit 11, # 14 Exhibit 12, # 15 Exhibit 13, # 16 |

| | | |
|---|---|---|
| | | Exhibit 14, # <u>17</u> Text of Proposed Order)(Bunt, Robert) Modified on 8/26/2019 (klc, ). (Entered: 08/23/2019) |
| 08/23/2019 | <u>150</u> | SEALED MOTION by United Services Automobile Association. (Attachments: # <u>1</u> Appendix Attachment A, # <u>2</u> Text of Proposed Order Proposed Order, # <u>3</u> Affidavit Rowles Declaration, # <u>4</u> Exhibit 1, # <u>5</u> Exhibit 2, # <u>6</u> Exhibit 3, # <u>7</u> Exhibit 4, # <u>8</u> Exhibit 5, # <u>9</u> Exhibit 6, # <u>10</u> Exhibit 7, # <u>11</u> Exhibit 8, # <u>12</u> Exhibit 9, # <u>13</u> Exhibit 10, # <u>14</u> Exhibit 11a, # <u>15</u> Exhibit 11b, # <u>16</u> Exhibit 11c, # <u>17</u> Exhibit 11d, # <u>18</u> Exhibit 11e, # <u>19</u> Exhibit 11f, # <u>20</u> Exhibit 11g, # <u>21</u> Exhibit 11h, # <u>22</u> Exhibit 11i, # <u>23</u> Exhibit 11j, # <u>24</u> Exhibit 11k, # <u>25</u> Exhibit 11l, # <u>26</u> Exhibit 11m, # <u>27</u> Exhibit 11n, # <u>28</u> Exhibit 11o, # <u>29</u> Exhibit 11p)(Bunt, Robert) (Entered: 08/23/2019) |
| 08/23/2019 | <u>151</u> | SEALED MOTION by United Services Automobile Association. (Attachments: # <u>1</u> Appendix Attachment A, # <u>2</u> Text of Proposed Order Proposed Order, # <u>3</u> Affidavit Rowles Declaration, # <u>4</u> Exhibit 1, # <u>5</u> Exhibit 2, # <u>6</u> Exhibit 3, # <u>7</u> Exhibit 4, # <u>8</u> Exhibit 5, # <u>9</u> Exhibit 6, # <u>10</u> Exhibit 7, # <u>11</u> Exhibit 8, # <u>12</u> Exhibit 9, # <u>13</u> Exhibit 10, # <u>14</u> Exhibit 11, # <u>15</u> Exhibit 12, # <u>16</u> Exhibit 13, # <u>17</u> Exhibit 14)(Bunt, Robert) (Entered: 08/23/2019) |
| 08/23/2019 | <u>152</u> | SEALED PATENT MOTION by United Services Automobile Association. (Attachments: # <u>1</u> Appendix Attachment A, # <u>2</u> Text of Proposed Order Proposed Order, # <u>3</u> Affidavit Rowles Declaration, # <u>4</u> Exhibit 1, # <u>5</u> Exhibit 2, # <u>6</u> Exhibit 3, # <u>7</u> Exhibit 4, # <u>8</u> Exhibit 5, # <u>9</u> Exhibit 6, # <u>10</u> Exhibit 7, # <u>11</u> Exhibit 8, # <u>12</u> Exhibit 9)(Bunt, Robert) (Entered: 08/23/2019) |
| 08/26/2019 | | ***FILED IN ERROR. Document # 147, 148, 149,. PLEASE IGNORE.***<br><br>(klc, ) (Entered: 08/26/2019) |
| 08/28/2019 | <u>153</u> | SUR-REPLY to Reply to Response to Motion re <u>124</u> Opposed MOTION for Leave to File *Amended Answer filed by United Services Automobile Association.* (Bunt, Robert) (Entered: 08/28/2019) |
| 09/02/2019 | <u>154</u> | SEALED RESPONSE to Motion re <u>134</u> SEALED MOTION *For Summary Judgment Of No Willful Infringement* filed by United Services Automobile Association. (Attachments: # <u>1</u> Affidavit Anthony Rowles, # <u>2</u> Exhibit 1, # <u>3</u> Exhibit 2, # <u>4</u> Exhibit 3, # <u>5</u> Exhibit 4, # <u>6</u> Exhibit 5, # <u>7</u> Exhibit 6, # <u>8</u> Exhibit 7, # <u>9</u> Exhibit 8, # <u>10</u> Exhibit 9, # <u>11</u> Exhibit 10, # <u>12</u> Exhibit 11, # <u>13</u> Exhibit 12, # <u>14</u> Exhibit 13, # <u>15</u> Exhibit 14, # <u>16</u> Exhibit 15, # <u>17</u> Exhibit 16, # <u>18</u> Exhibit 17, # <u>19</u> Exhibit 18, # <u>20</u> Text of Proposed Order)(Bunt, Robert) (Entered: 09/02/2019) |
| 09/02/2019 | <u>155</u> | SEALED RESPONSE to Motion re <u>130</u> MOTION for Summary Judgment *of No Indirect Infringement* filed by United Services |

| | | |
|---|---|---|
| | | Automobile Association. (Attachments: # <u>1</u> Affidavit Anthony Rowles, # <u>2</u> Exhibit 1, # <u>3</u> Exhibit 2, # <u>4</u> Exhibit 3, # <u>5</u> Exhibit 4, # <u>6</u> Exhibit 5, # <u>7</u> Exhibit 6, # <u>8</u> Exhibit 7, # <u>9</u> Exhibit 8, # <u>10</u> Exhibit 9, # <u>11</u> Exhibit 10, # <u>12</u> Exhibit 11, # <u>13</u> Exhibit 12, # <u>14</u> Text of Proposed Order) (Bunt, Robert) (Entered: 09/02/2019) |
| 09/02/2019 | <u>156</u> | SEALED RESPONSE to Motion re <u>133</u> SEALED MOTION *For Partial Summary Judgment Under 35 U.S.C.§ 287(a)* filed by United Services Automobile Association. (Attachments: # <u>1</u> Affidavit Anthony Rowles, # <u>2</u> Exhibit 1, # <u>3</u> Exhibit 2, # <u>4</u> Exhibit 3 # <u>5</u> Exhibit 4, # <u>6</u> Exhibit 5, # <u>7</u> Exhibit 6, # <u>8</u> Exhibit 7, # <u>9</u> Exhibit 8, # <u>10</u> Text of Proposed Order)(Bunt, Robert) (Entered: 09/02/2019) |
| 09/02/2019 | <u>157</u> | SEALED RESPONSE to Motion re <u>132</u> SEALED MOTION *To Strike or Alternatively, For Summary Judgment Regarding The Doctrine Of Equivalents* filed by United Services Automobile Association. (Attachments: # <u>1</u> Affidavit Anthony Rowles, # <u>2</u> Exhibit 1, # <u>3</u> Exhibit 2, # <u>4</u> Exhibit 3, # <u>5</u> Exhibit 4, # <u>6</u> Exhibit 5, # <u>7</u> Exhibit 6, # <u>8</u> Exhibit 7, # <u>9</u> Exhibit 8, # <u>10</u> Exhibit 9, # <u>11</u> Exhibit 10, # <u>12</u> Exhibit 11, # <u>13</u> Exhibit 12, # <u>14</u> Exhibit 13, # <u>15</u> Exhibit 14, # <u>16</u> Exhibit 15, # <u>17</u> Exhibit 16, # <u>18</u> Exhibit 17, # <u>19</u> Exhibit 18, # <u>20</u> Exhibit 19, # <u>21</u> Text of Proposed Order)(Bunt, Robert) (Entered: 09/02/2019) |
| 09/02/2019 | <u>158</u> | SEALED RESPONSE to Motion re <u>131</u> MOTION for Summary Judgment *Under 35 U.S.C. § 101* filed by United Services Automobile Association. (Attachments: # <u>1</u> Affidavit Anthony Rowles, # <u>2</u> Exhibit 1, # <u>3</u> Exhibit 2, # <u>4</u> Exhibit 3, # <u>5</u> Exhibit 4, # <u>6</u> Exhibit 5, # <u>7</u> Exhibit 6, # <u>8</u> Exhibit 7, # <u>9</u> Exhibit 8, # <u>10</u> Exhibit 9, # <u>11</u> Exhibit 10, # <u>12</u> Exhibit 11, # <u>13</u> Exhibit 12, # <u>14</u> Exhibit 13, # <u>15</u> Exhibit 14, # <u>16</u> Exhibit 15, # <u>17</u> Exhibit 16, # <u>18</u> Exhibit 17, # <u>19</u> Exhibit 18, # <u>20</u> Exhibit 19, # <u>21</u> Exhibit 20, # <u>22</u> Exhibit 21, # <u>23</u> Exhibit 22, # <u>24</u> Exhibit 23, # <u>25</u> Exhibit 24, # <u>26</u> Exhibit 25, # <u>27</u> Exhibit 26, # <u>28</u> Exhibit 27, # <u>29</u> Exhibit 28, # <u>30</u> Exhibit 29, # <u>31</u> Exhibit 30, # <u>32</u> Exhibit 31, # <u>33</u> Text of Proposed Order)(Bunt, Robert) (Entered: 09/02/2019) |
| 09/06/2019 | <u>159</u> | REDACTION to <u>156</u> Sealed Response to Motion, by United Services Automobile Association. (Attachments: # <u>1</u> Affidavit A Choung - Public, # <u>2</u> Exhibit 1 - highly confidential, # <u>3</u> Exhibit 2 - highly confidential, # <u>4</u> Exhibit 3 - highly confidential, # <u>5</u> Exhibit 4 - highly confidential, # <u>6</u> Exhibit 5 - highly confidential, # <u>7</u> Exhibit 6 - highly confidential, # <u>8</u> Exhibit 7 - highly confidential, # <u>9</u> Exhibit 8 - highly confidential, # <u>10</u> Text of Proposed Order public)(Bunt, Robert) (Entered: 09/06/2019) |
| 09/06/2019 | <u>160</u> | REDACTION to <u>155</u> Sealed Response to Motion, by United Services Automobile Association. (Attachments: # <u>1</u> Affidavit A Choung - Public, # <u>2</u> Exhibit 1 - highly confidential, # <u>3</u> Exhibit 2 - highly confidential, # <u>4</u> Exhibit 3 - highly confidential, # <u>5</u> Exhibit 4 - highly |

| | | |
|---|---|---|
| | | confidential, # 6 Exhibit 5 - highly confidential, # 7 Exhibit 6 - highly confidential, # 8 Exhibit 7 - higlhy confidential, # 9 Exhibit 8 - highly confidential, # 10 Exhibit 9 - highly confidential, # 11 Exhibit 10 - highly confidential, # 12 Exhibit 11 - highly confidential, # 13 Exhibit 12 - highly confidential, # 14 Text of Proposed Order Public)(Bunt, Robert) (Entered: 09/06/2019) |
| 09/06/2019 | | NOTICE of Hearing: Pretrial Conference RESET for 10/17/2019 09:00 AM in Ctrm 106 (Marshall) before District Judge Rodney Gilstrap. (jml) (Entered: 09/06/2019) |
| 09/06/2019 | 161 | REDACTION to 154 Sealed Response to Motion,, by United Services Automobile Association. (Attachments: # 1 Affidavit Anthony Rowles - Public, # 2 Exhibit 1 - highly confidential, # 3 Exhibit 2 - Public, # 4 Exhibit 3 - highly confidential, # 5 Exhibit 4 - highly confidential, # 6 Exhibit 5 - highly confidential, # 7 Exhibit 6 - highly confidential, # 8 Exhibit 7 - higlhy confidential, # 9 Exhibit 8 - highly confidential, # 10 Exhibit 9 - highly confidential, # 11 Exhibit 10 - highly confidential, # 12 Exhibit 11 - highly confidential, # 13 Exhibit 12 - highly confidential, # 14 Exhibit 13 - highly confidential, # 15 Exhibit 14 - highly confidential, # 16 Exhibit 15 - highly confidential, # 17 Exhibit 16 - highly confidential, # 18 Exhibit 17 - highly confidential, # 19 Exhibit 18 - Public, # 20 Text of Proposed Order Public)(Bunt, Robert) (Entered: 09/06/2019) |
| 09/06/2019 | 162 | REDACTION to 158 Sealed Response to Motion,,, by United Services Automobile Association. (Attachments: # 1 Affidavit Anthony Rowles - Public, # 2 Exhibit 1 - highly confidential, # 3 Exhibit 2 - highly confidential, # 4 Exhibit 3 - Public, # 5 Exhibit 4 - Public, # 6 Exhibit 5 - highly confidential, # 7 Exhibit 6 - highly confidential, # 8 Exhibit 7 - Public, # 9 Exhibit 8 - Public, # 10 Exhibit 9 - Public, # 11 Exhibit 10 - Public, # 12 Exhibit 11 - Public, # 13 Exhibit 12 - Public, # 14 Exhibit 13 - Public, # 15 Exhibit 14 - highly confidential, # 16 Exhibit 15 - highly confidential, # 17 Exhibit 16 - highly confidential, # 18 Exhibit 17 - highly confidential, # 19 Exhibit 18 - Public, # 20 Exhibit 19 - Public, # 21 Exhibit 20 - Public, # 22 Exhibit 21 - Public, # 23 Exhibit 22 - highly confidential, # 24 Exhibit 23 - Public, # 25 Exhibit 24 - Public, # 26 Exhibit 25 - Public, # 27 Exhibit 26 - Public, # 28 Exhibit 27 - highly confidential, # 29 Exhibit 28 - highly confidential, # 30 Exhibit 29 - highly confidential, # 31 Exhibit 30 - highly confidential, # 32 Exhibit 31 - highly confidential, # 33 Text of Proposed Order Public)(Bunt, Robert) (Entered: 09/06/2019) |
| 09/06/2019 | 163 | REDACTION to 157 Sealed Response to Motion,, by United Services Automobile Association. (Attachments: # 1 Affidavit Anthony Rowles - Public, # 2 Exhibit 1 - highly confidential, # 3 Exhibit 2 - highly confidential, # 4 Exhibit 3 - highly confidential, # 5 Exhibit 4 - highly confidential, # 6 Exhibit 5 - highly confidential, # 7 Exhibit 6 - highly confidential, # 8 Exhibit 7 - higlhy confidential, # 9 Exhibit 8 - highly |

| | | confidential, # 10 Exhibit 9 - highly confidential, # 11 Exhibit 10 - highly confidential, # 12 Exhibit 11 - highly confidential, # 13 Exhibit 12 - highly confidential, # 14 Exhibit 13 - highly confidential, # 15 Exhibit 14 - Public, # 16 Exhibit 15 - Public, # 17 Exhibit 16 - Public, # 18 Exhibit 17 - Public, # 19 Exhibit 18 - highly confidential, # 20 Exhibit 19 - Public, # 21 Text of Proposed Order Public)(Bunt, Robert) (Entered: 09/06/2019) |
|---|---|---|
| 09/06/2019 | 164 | SEALED RESPONSE to Motion re 142 SEALED MOTION *To Exclude And/Or Strike Expert Testimony Provided by Mr. Calman In His Opening And Supplemental Reports* filed by United Services Automobile Association. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8a, # 9 Exhibit 8b, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Text of Proposed Order)(Bunt, Robert) (Entered: 09/06/2019) |
| 09/06/2019 | 165 | RESPONSE to Motion re 146 MOTION to Exclude Testimony Trial Testimony of Proffered Patent Law Expert Charles E. Van Horn *filed by Wells Fargo Bank, N.A.*. (Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 Exhibit B, # 4 Text of Proposed Order)(Melsheimer, Thomas) (Entered: 09/06/2019) |
| 09/06/2019 | 166 | SEALED RESPONSE to Motion re 143 SEALED MOTION *To Exclude And/Or Strike Relating To The Calman Rebuttal Report* filed by United Services Automobile Association. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10a, # 11 Exhibit 10b, # 12 Exhibit 10c, # 13 Exhibit 10d, # 14 Exhibit 11, # 15 Exhibit 12, # 16 Exhibit 13, # 17 Exhibit 14, # 18 Exhibit 15, # 19 Exhibit 16, # 20 Text of Proposed Order)(Bunt, Robert) (Entered: 09/06/2019) |
| 09/06/2019 | 167 | SEALED RESPONSE to Motion re 152 SEALED PATENT MOTION filed by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Text of Proposed Order) (Melsheimer, Thomas) (Entered: 09/06/2019) |
| 09/06/2019 | 168 | SEALED RESPONSE to Motion re 151 SEALED MOTION filed by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Text of Proposed Order)(Melsheimer, Thomas) (Entered: 09/06/2019) |
| 09/06/2019 | 169 | SEALED RESPONSE to Motion re 144 SEALED MOTION *To Strike Portions Of the Conte Report* filed by United Services Automobile Association. (Attachments: # 1 Exhibit 1, # 2 Text of Proposed Order) (Bunt, Robert) (Entered: 09/06/2019) |
| 09/06/2019 | 170 | SEALED RESPONSE to Motion re 145 SEALED MOTION *To |

| | | |
|---|---|---|
| | | *Exclude And/Or Strike Expert Testimony Of Mr. Roy Weinstein* filed by United Services Automobile Association. (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2, # <u>3</u> Exhibit 3, # <u>4</u> Exhibit 4, # <u>5</u> Exhibit 5, # <u>6</u> Exhibit 6, # <u>7</u> Exhibit 7, # <u>8</u> Exhibit 8, # <u>9</u> Exhibit 9, # <u>10</u> Exhibit 10, # <u>11</u> Exhibit 11, # <u>12</u> Exhibit 12, # <u>13</u> Exhibit 13, # <u>14</u> Exhibit 14, # <u>15</u> Exhibit 15, # <u>16</u> Exhibit 16, # <u>17</u> Exhibit 17, # <u>18</u> Exhibit 18, # <u>19</u> Exhibit 19, # <u>20</u> Exhibit 20, # <u>21</u> Exhibit 21, # <u>22</u> Exhibit 22, # <u>23</u> Exhibit 23, # <u>24</u> Text of Proposed Order)(Bunt, Robert) (Entered: 09/06/2019) |
| 09/06/2019 | <u>171</u> | SEALED RESPONSE to Motion re <u>135</u> SEALED MOTION *FOR PARTIAL SUMMARY JUDGMENT* filed by Wells Fargo Bank, N.A.. (Attachments: # <u>1</u> Affidavit, # <u>2</u> Exhibit A, # <u>3</u> Errata B, # <u>4</u> Text of Proposed Order)(Melsheimer, Thomas) (Entered: 09/06/2019) |
| 09/06/2019 | <u>172</u> | SEALED RESPONSE to Motion re <u>150</u> SEALED MOTION filed by Wells Fargo Bank, N.A.. (Attachments: # <u>1</u> Affidavit, # <u>2</u> Exhibit A, # <u>3</u> Exhibit B, # <u>4</u> Exhibit C, # <u>5</u> Exhibit D, # <u>6</u> Exhibit E, # <u>7</u> Exhibit F, # <u>8</u> Exhibit G, # <u>9</u> Exhibit H, # <u>10</u> Exhibit I, # <u>11</u> Exhibit J, # <u>12</u> Exhibit K, # <u>13</u> Exhibit L, # <u>14</u> Exhibit M, # <u>15</u> Exhibit N, # <u>16</u> Text of Proposed Order)(Melsheimer, Thomas) (Entered: 09/06/2019) |
| 09/10/2019 | <u>173</u> | REDACTION to <u>164</u> Sealed Response to Motion,, *to Strike Portions of Expert Report of Matthew Calman* by United Services Automobile Association. (Attachments: # <u>1</u> Exhibit 1 - highly confidential, # <u>2</u> Exhibit 2 - highly confidential, # <u>3</u> Exhibit 3 - highly confidential, # <u>4</u> Exhibit 4 - highly confidential, # <u>5</u> Exhibit 5 - highly confidential, # <u>6</u> Exhibit 6 - highly confidential, # <u>7</u> Exhibit 7 - highly confidential, # <u>8</u> Exhibit 8a - Public, # <u>9</u> Exhibit 8b - Public, # <u>10</u> Exhibit 9 - highly confidential, # <u>11</u> Exhibit 10 - highly confidential, # <u>12</u> Exhibit 11 - Public, # <u>13</u> Exhibit 12 - highly confidential, # <u>14</u> Exhibit 13 - highly confidential, # <u>15</u> Exhibit 14 - highly confidential, # <u>16</u> Exhibit 15 - highly confidential, # <u>17</u> Exhibit 16 - highly confidential, # <u>18</u> Text of Proposed Order Public)(Bunt, Robert) (Entered: 09/10/2019) |
| 09/10/2019 | <u>174</u> | REDACTION to <u>166</u> Sealed Response to Motion,, *To Exclude And/Or Strike Relating To The Calman Rebuttal Report* by United Services Automobile Association. (Attachments: # <u>1</u> Exhibit 1 - highly confidential, # <u>2</u> Exhibit 2 - highly confidential, # <u>3</u> Exhibit 3 - highly confidential, # <u>4</u> Exhibit 4 - highly confidential, # <u>5</u> Exhibit 5 - highly confidential, # <u>6</u> Exhibit 6 - highly confidential, # <u>7</u> Exhibit 7 - highly confidential, # <u>8</u> Exhibit 8 - highly confidential, # <u>9</u> Exhibit 9 - highly confidential, # <u>10</u> Exhibit 10a - highly confidential, # <u>11</u> Exhibit 10b - highly confidential, # <u>12</u> Exhibit 10c - highly confidential, # <u>13</u> Exhibit 10d - highly confidential, # <u>14</u> Exhibit 11 - highly confidential, # <u>15</u> Exhibit 12 - highly confidential, # <u>16</u> Exhibit 13 - highly confidential, # <u>17</u> Exhibit 14 - highly confidential, # <u>18</u> Exhibit 15 - highly confidential, # <u>19</u> Exhibit 16 - highly confidential, # <u>20</u> Text of Proposed Order Public)(Bunt, Robert) (Entered: 09/10/2019) |
| | | |

| | | |
|---|---|---|
| 09/10/2019 | 175 | REDACTION to 169 Sealed Response to Motion *to Strike Portions Of the Conte Report* by United Services Automobile Association. (Attachments: # 1 Exhibit 1 - highly confidential, # 2 Text of Proposed Order Public)(Bunt, Robert) (Entered: 09/10/2019) |
| 09/10/2019 | 176 | REDACTION to 170 Sealed Response to Motion,, *To Exclude And/Or Strike Expert Testimony Of Mr. Roy Weinstein* by United Services Automobile Association. (Attachments: # 1 Exhibit 1 - highly confidential, # 2 Exhibit 2 - highly confidential, # 3 Exhibit 3 - highly confidential, # 4 Exhibit 4 - highly confidential, # 5 Exhibit 5 - highly confidential, # 6 Exhibit 6 - highly confidential, # 7 Exhibit 7 - highly confidential, # 8 Exhibit 8 - highly confidential, # 9 Exhibit 9 - highly confidential, # 10 Exhibit 10 - highly confidential, # 11 Exhibit 11 - highly confidential, # 12 Exhibit 12 - highly confidential, # 13 Exhibit 13 - highly confidential, # 14 Exhibit 14 - highly confidential, # 15 Exhibit 15 - highly confidential, # 16 Exhibit 16 - highly confidential, # 17 Exhibit 17 - highly confidential, # 18 Exhibit 18 - highly confidential, # 19 Exhibit 19 - highly confidential, # 20 Exhibit 20 - highly confidential, # 21 Exhibit 21 - highly confidential, # 22 Exhibit 22 - highly confidential, # 23 Exhibit 23 - highly confidential, # 24 Text of Proposed Order Public)(Bunt, Robert) (Entered: 09/10/2019) |
| 09/11/2019 | 177 | REPLY to Response to Motion re 131 MOTION for Summary Judgment *Under 35 U.S.C. § 101 filed by Wells Fargo Bank, N.A..* (Melsheimer, Thomas) (Entered: 09/11/2019) |
| 09/11/2019 | 178 | SEALED REPLY to Response to Motion re 132 SEALED MOTION *To Strike or Alternatively, For Summary Judgment Regarding The Doctrine Of Equivalents* filed by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit A)(Melsheimer, Thomas) (Entered: 09/11/2019) |
| 09/11/2019 | 179 | SEALED REPLY to Response to Motion re 130 MOTION for Summary Judgment *of No Indirect Infringement* filed by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit A)(Melsheimer, Thomas) (Entered: 09/11/2019) |
| 09/11/2019 | 180 | SEALED REPLY to Response to Motion re 133 SEALED MOTION *For Partial Summary Judgment Under 35 U.S.C.§ 287(a)* filed by Wells Fargo Bank, N.A.. (Melsheimer, Thomas) (Entered: 09/11/2019) |
| 09/11/2019 | 181 | SEALED REPLY to Response to Motion re 142 SEALED MOTION *To Exclude And/Or Strike Expert Testimony Provided by Mr. Calman In His Opening And Supplemental Reports* filed by Wells Fargo Bank, N.A.. (Melsheimer, Thomas) (Entered: 09/11/2019) |
| 09/11/2019 | 182 | SEALED REPLY to Response to Motion re 143 SEALED MOTION *To Exclude And/Or Strike Relating To The Calman Rebuttal Report* filed by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit A) (Melsheimer, Thomas) (Entered: 09/11/2019) |

| 09/11/2019 | 183 | SEALED REPLY to Response to Motion re 145 SEALED MOTION *To Exclude And/Or Strike Expert Testimony Of Mr. Roy Weinstein* filed by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit I) (Melsheimer, Thomas) (Entered: 09/11/2019) |
|---|---|---|
| 09/11/2019 | 184 | SEALED REPLY to Response to Motion re 134 SEALED MOTION *For Summary Judgment Of No Willful Infringement* filed by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit T, # 3 Exhibit U)(Melsheimer, Thomas) (Entered: 09/11/2019) |
| 09/11/2019 | 185 | SEALED REPLY to Response to Motion re 150 SEALED MOTION TO STRIKE PORTIONS OF THE EXPERT REPORT OF CHRISTOPHER GERARDI filed by United Services Automobile Association. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Bunt, Robert) (Entered: 09/11/2019) |
| 09/11/2019 | 186 | SEALED REPLY to Response to Motion re 151 SEALED MOTION TO STRIKE PORTIONS OFTHE EXPERT REPORT OF WILLIAM SAFFICI filed by United Services Automobile Association. (Bunt, Robert) (Entered: 09/11/2019) |
| 09/11/2019 | 187 | SEALED REPLY to Response to Motion re 152 SEALED PATENT MOTION TO STRIKE PORTIONS OF THE EXPERT REPORT OF JOHN VILLASENOR filed by United Services Automobile Association. (Bunt, Robert) (Entered: 09/11/2019) |
| 09/11/2019 | 188 | SEALED REPLY to Response to Motion re 146 MOTION to Exclude Testimony Trial Testimony of Proffered Patent Law Expert Charles E. Van Horn filed by United Services Automobile Association. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Bunt, Robert) (Entered: 09/11/2019) |
| 09/11/2019 | 189 | SEALED REPLY to Response to Motion re 135 SEALED MOTION *FOR PARTIAL SUMMARY JUDGMENT* filed by United Services Automobile Association. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18)(Bunt, Robert) (Entered: 09/11/2019) |
| 09/12/2019 | 190 | NOTICE of Attorney Appearance - Pro Hac Vice by Andrew J. Strabone on behalf of United Services Automobile Association. Filing fee $ 100, receipt number 0540-7433296. (Strabone, Andrew) (Entered: 09/12/2019) |
| 09/12/2019 | 191 | NOTICE by United Services Automobile Association *Of Activity In Related Inter Partes Review Proceedings* (Attachments: # 1 Exhibit 1) (Bunt, Robert) (Entered: 09/12/2019) |
| 09/16/2019 | 192 | REDACTION to 186 Sealed Reply to Response to Motion *to Strike Portions of The Expert Report of William Saffici* by United Services |

9/23/2020

| | | |
|---|---|---|
| | | Automobile Association. (Bunt, Robert) (Entered: 09/16/2019) |
| 09/16/2019 | 193 | REDACTION to 187 Sealed Reply to Response to Motion *TO STRIKE PORTIONS OF THE EXPERT REPORT OF JOHN VILLASANOR* by United Services Automobile Association. (Bunt, Robert) (Entered: 09/16/2019) |
| 09/16/2019 | 194 | REDACTION to 185 Sealed Reply to Response to Motion *TO STRIKE PORTIONS OF THE EXPERT REPORT OF CHRISTOPHER GERARDI* by United Services Automobile Association. (Attachments: # 1 Exhibit 1 - highly confidential, # 2 Exhibit 2 - highly confidential) (Bunt, Robert) (Entered: 09/16/2019) |
| 09/16/2019 | 195 | REDACTION to 189 Sealed Reply to Response to Motion, *SEALED MOTION FOR PARTIAL SUMMARY JUDGMENT* by United Services Automobile Association. (Attachments: # 1 Exhibit 1 - highly confidential, # 2 Exhibit 2 - highly confidential, # 3 Exhibit 3 - highly confidential, # 4 Exhibit 4 - highly confidential, # 5 Exhibit 5 - highly confidential, # 6 Exhibit 6 - highly confidential, # 7 Exhibit 7 - highly confidential, # 8 Exhibit 8 - highly confidential, # 9 Exhibit 9 - highly confidential, # 10 Exhibit 10 - Public, # 11 Exhibit 11 - highly confidential, # 12 Exhibit 12 - highly confidential, # 13 Exhibit 13 - highly confidential, # 14 Exhibit 14 - highly confidential, # 15 Exhibit 15 - highly confidential, # 16 Exhibit 16 - highly confidential, # 17 Exhibit 17 - highly confidential, # 18 Exhibit 18 - highly confidential) (Bunt, Robert) (Entered: 09/16/2019) |
| 09/16/2019 | 196 | REDACTION to 188 Sealed Reply to Response to Motion, *to Exclude Testimony Trial Testimony of Proffered Patent Law Expert Charles E. Van Horn* by United Services Automobile Association. (Attachments: # 1 Exhibit 1 - Public, # 2 Exhibit 2 - Public, # 3 Exhibit 3 - highly confidential, # 4 Exhibit 4 - highly confidential, # 5 Exhibit 5 - highly confidential)(Bunt, Robert) (Entered: 09/16/2019) |
| 09/16/2019 | 197 | SUR-REPLY to Reply to Response to Motion re 146 MOTION to Exclude Testimony Trial Testimony of Proffered Patent Law Expert Charles E. Van Horn *filed by Wells Fargo Bank, N.A.*. (Melsheimer, Thomas) (Entered: 09/16/2019) |
| 09/16/2019 | 198 | Defendant Well's SEALED SUR-REPLY to Reply to Response to Motion re 152 SEALED PATENT MOTION filed by Wells Fargo Bank, N.A.. (Melsheimer, Thomas) (Entered: 09/16/2019) |
| 09/16/2019 | 199 | Defendant Wells SEALED SUR-REPLY to Reply to Response to Motion re 151 SEALED MOTION filed by Wells Fargo Bank, N.A.. (Melsheimer, Thomas) (Entered: 09/16/2019) |
| 09/16/2019 | 200 | Defendant Wells' SEALED SUR-REPLY to Reply to Response to Motion re 150 SEALED MOTION filed by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 Exhibit B)(Melsheimer, Thomas) (Entered: 09/16/2019) |

| | | |
|---|---|---|
| 09/16/2019 | 201 | SEALED SUR-REPLY to Reply to Response to Motion re 135 SEALED MOTION *FOR PARTIAL SUMMARY JUDGMENT* filed by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit D) (Melsheimer, Thomas) (Entered: 09/16/2019) |
| 09/16/2019 | 202 | SEALED SUR-REPLY to Reply to Response to Motion re 142 SEALED MOTION *To Exclude And/Or Strike Expert Testimony Provided by Mr. Calman In His Opening And Supplemental Reports* filed by United Services Automobile Association. (Attachments: # 1 Affidavit Anthony Rowles, # 2 Exhibit 1, # 3 Exhibit 2)(Bunt, Robert) (Entered: 09/16/2019) |
| 09/16/2019 | 203 | SEALED SUR-REPLY to Reply to Response to Motion re 143 SEALED MOTION *To Exclude And/Or Strike Relating To The Calman Rebuttal Report* filed by United Services Automobile Association. (Attachments: # 1 Affidavit Anthony Rowles, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8)(Bunt, Robert) (Entered: 09/16/2019) |
| 09/16/2019 | 204 | SEALED SUR-REPLY to Reply to Response to Motion re 145 SEALED MOTION *To Exclude And/Or Strike Expert Testimony Of Mr. Roy Weinstein* filed by United Services Automobile Association. (Attachments: # 1 Affidavit Anthony Rowles, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5)(Bunt, Robert) (Entered: 09/16/2019) |
| 09/16/2019 | 205 | SEALED SUR-REPLY to Reply to Response to Motion re 131 MOTION for Summary Judgment *Under 35 U.S.C. § 101* filed by United Services Automobile Association. (Bunt, Robert) (Entered: 09/16/2019) |
| 09/16/2019 | 206 | ***DEFICIENT DOCUMETN*** <br><br> SEALED SUR-REPLY to Reply to Response to Motion re 133 SEALED MOTION *For Partial Summary Judgment Under 35 U.S.C.§ 287(a)* filed by United Services Automobile Association. (Attachments: # 1 Affidavit of Michael Bueche)(Bunt, Robert) Modified on 9/17/2019 (ch, ). (Entered: 09/16/2019) |
| 09/16/2019 | 207 | SEALED SUR-REPLY to Reply to Response to Motion re 134 SEALED MOTION *For Summary Judgment Of No Willful Infringement* filed by United Services Automobile Association. (Attachments: # 1 Affidavit Anthony Rowles, # 2 Exhibit 1)(Bunt, Robert) (Entered: 09/16/2019) |
| 09/16/2019 | 208 | SEALED SUR-REPLY to Reply to Response to Motion re 132 SEALED MOTION *To Strike or Alternatively, For Summary Judgment Regarding The Doctrine Of Equivalents* filed by United Services Automobile Association. (Attachments: # 1 Affidavit Anthony Rowles, # 2 Exhibit 1)(Bunt, Robert) (Entered: 09/16/2019) |

| | | |
|---|---|---|
| 09/16/2019 | 209 | ***DEFICIENT DOCUMENT***<br><br>SEALED SUR-REPLY to Reply to Response to Motion re 130 MOTION for Summary Judgment *of No Indirect Infringement* filed by United Services Automobile Association. (Attachments: # 1 Affidavit Anthony Rowles, # 2 Exhibit 1, # 3 Exhibit 2)(Bunt, Robert) Modified on 9/17/2019 (ch, ). (Entered: 09/16/2019) |
| 09/17/2019 | | NOTICE of Deficiency regarding the 206 submitted NO CERTIFICATE OF AUTHORIZTION TO FILE UNDER SEAL AND WRONG EVENT. Correction should be made by one business day (ch, ) (Entered: 09/17/2019) |
| 09/17/2019 | 210 | SEALED SUR-REPLY to Reply to Response to Motion re 133 SEALED MOTION *For Partial Summary Judgment Under 35 U.S.C.§ 287(a)* filed by United Services Automobile Association. (Attachments: # 1 Affidavit Michael Bueche)(Bunt, Robert) (Entered: 09/17/2019) |
| 09/17/2019 | | NOTICE of Deficiency regarding the 209 submitted NO CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL. Correction should be made by one business day (ch, ) (Entered: 09/17/2019) |
| 09/17/2019 | 211 | SEALED SUR-REPLY to Reply to Response to Motion re 130 MOTION for Summary Judgment *of No Indirect Infringement* [replaces Dkt. 209] filed by United Services Automobile Association. (Attachments: # 1 Affidavit Anthony Rowles, # 2 Exhibit 1, # 3 Exhibit 2)(Bunt, Robert) (Entered: 09/17/2019) |
| 09/19/2019 | 212 | SEALED MOTION *WELLS FARGO BANK, N.A.S MOTIONS IN LIMINE NOS. 116* by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D) (Melsheimer, Thomas) (Entered: 09/19/2019) |
| 09/19/2019 | 213 | Opposed SEALED MOTION *in Limine Nos. 1-16* by United Services Automobile Association. (Attachments: # 1 Affidavit Anthony Rowles, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21, # 23 Exhibit 22, # 24 Exhibit 23, # 25 Text of Proposed Order)(Bunt, Robert) (Entered: 09/19/2019) |
| 09/23/2019 | 214 | NOTICE of Attorney Appearance - Pro Hac Vice by Benjamin Monnin on behalf of United Services Automobile Association. Filing fee $ 100, receipt number 0540-7446742. (Monnin, Benjamin) (Additional attachment(s) added on 9/23/2019: # 1 Sealed Attachment) (jmv, ). (Entered: 09/23/2019) |
| | | |

| 09/23/2019 | 215 | NOTICE by United Services Automobile Association *OF REQUEST FOR DAILY TRANSCRIPTS AND REAL TIME REPORTING* (Bunt, Robert) (Entered: 09/23/2019) |
| 09/23/2019 | 216 | NOTICE by Wells Fargo Bank, N.A. *of Request for Daily Transcripts and Real-Time Reporting of Court Proceedings* (Melsheimer, Thomas) (Entered: 09/23/2019) |
| 09/24/2019 | 217 | REDACTION to 202 Sealed Sur-Reply to Reply to Response to Motion, *to Exclude and/or Strike Expert Testimony Provided by Mr. Calman in His Opening and Supplemental Reports* by United Services Automobile Association. (Attachments: # 1 Affidavit Anthony Rowles, # 2 Exhibit 1 - Highly Confidential, # 3 Exhibit 2 - Highly Confidential)(Bunt, Robert) (Entered: 09/24/2019) |
| 09/24/2019 | 218 | REDACTION to 203 Sealed Sur-Reply to Reply to Response to Motion, *to Exclude and/or Strike Relating to the Calman Rebuttal Report* by United Services Automobile Association. (Attachments: # 1 Affidavit Anthony Rowles, # 2 Exhibit 1 - Highly Confidential, # 3 Exhibit 2 - Public, # 4 Exhibit 3 - Highly Confidential, # 5 Exhibit 4 - Highly Confidential, # 6 Exhibit 5 - Highly Confidential, # 7 Exhibit 6 - Highly Confidential, # 8 Exhibit 7 - Highly Confidential, # 9 Exhibit 8 - Highly Confidential)(Bunt, Robert) (Entered: 09/24/2019) |
| 09/24/2019 | 219 | REDACTION to 204 Sealed Sur-Reply to Reply to Response to Motion, *to Strike Portions of the Expert Report of Roy Weinstein* by United Services Automobile Association. (Attachments: # 1 Affidavit Anthony Rowles, # 2 Exhibit 1 - Highly Confidential, # 3 Exhibit 2 - Public, # 4 Exhibit 3 - Highly Confidential, # 5 Exhibit 4 - Highly Confidential, # 6 Exhibit 5 - Highly Confidential)(Bunt, Robert) (Entered: 09/24/2019) |
| 09/24/2019 | 220 | REDACTION to 210 Sealed Sur-Reply to Reply to Response to Motion *for Partial Summary Judgment Under 35 U.S.C. Section 287(a)* by United Services Automobile Association. (Attachments: # 1 Exhibit 1 - Highly Confidential)(Bunt, Robert) (Entered: 09/24/2019) |
| 09/24/2019 | 221 | REDACTION to 207 Sealed Sur-Reply to Reply to Response to Motion, *for Summary Judgment of No Willful Infringement* by United Services Automobile Association. (Attachments: # 1 Affidavit Anthony Rowles, # 2 Exhibit 1 - Highly Confidential)(Bunt, Robert) (Entered: 09/24/2019) |
| 09/24/2019 | 222 | REDACTION to 208 Sealed Sur-Reply to Reply to Response to Motion, *To Strike or Alternatively, For Summary Judgment Regarding The Doctrine Of Equivalents* by United Services Automobile Association. (Attachments: # 1 Affidavit Anthony Rowles, # 2 Exhibit 1 - Highly Confidential)(Bunt, Robert) (Entered: 09/24/2019) |
| 09/24/2019 | 223 | REDACTION to 211 Sealed Sur-Reply to Reply to Response to Motion, *for Summary Judgment of No Indirect Infringement* by United |

| | | |
|---|---|---|
| | | Services Automobile Association. (Attachments: # 1 Affidavit Anthony Rowles, # 2 Exhibit 1 - Highly Confidential, # 3 Exhibit 2 - Highly Confidential)(Bunt, Robert) (Entered: 09/24/2019) |
| 09/25/2019 | 224 | REDACTION to 213 Opposed SEALED MOTION *in Limine Nos. 1-16* by United Services Automobile Association. (Attachments: # 1 Affidavit Anthony Rowles, # 2 Exhibit 1 - Highly Confidential, # 3 Exhibit 2 - Highly Confidential, # 4 Exhibit 3 - Highly Confidential, # 5 Exhibit 4 - Highly Confidential, # 6 Exhibit 5 - Highly Confidential, # 7 Exhibit 6 - Highly Confidential, # 8 Exhibit 7 - Highly Confidential, # 9 Exhibit 8 - Highly Confidential, # 10 Exhibit 9 - Highly Confidential, # 11 Exhibit 10 - Highly Confidential, # 12 Exhibit 11 - Highly Confidential, # 13 Exhibit 12 - Highly Confidential, # 14 Exhibit 13 - Highly Confidential, # 15 Exhibit 14 - Highly Confidential, # 16 Exhibit 15 - Highly Confidential, # 17 Exhibit 16 - Highly Confidential, # 18 Exhibit 17 - Highly Confidential, # 19 Exhibit 18 - Highly Confidential, # 20 Exhibit 19 - Highly Confidential, # 21 Exhibit 20 - Public, # 22 Exhibit 21 - Highly Confidential, # 23 Exhibit 22 - Highly Confidential, # 24 Exhibit 23 - Highly Confidential, # 25 Text of Proposed Order Public)(Bunt, Robert) (Entered: 09/25/2019) |
| 09/26/2019 | | NOTICE of Hearing: Jury Selection RESET for 10/31/2019 09:00 AM in Ctrm 106 (Marshall) before District Judge Rodney Gilstrap. (jml) (Entered: 09/26/2019) |
| 09/30/2019 | 225 | SEALED RESPONSE to Motion re 212 SEALED MOTION *WELLS FARGO BANK, N.A.S MOTIONS IN LIMINE NOS. 116* filed by United Services Automobile Association. (Attachments: # 1 Affidavit Anthony Rowles, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21, # 23 Exhibit 22, # 24 Exhibit 23, # 25 Exhibit 24, # 26 Exhibit 25, # 27 Exhibit 26, # 28 Exhibit 27, # 29 Exhibit 28, # 30 Exhibit 29, # 31 Text of Proposed Order)(Bunt, Robert) (Entered: 09/30/2019) |
| 09/30/2019 | 226 | NOTICE by United Services Automobile Association *Proposed Verdict Form* (Attachments: # 1 Exhibit A)(Bunt, Robert) (Entered: 09/30/2019) |
| 09/30/2019 | 227 | Proposed Jury Instructions by United Services Automobile Association. (Bunt, Robert) (Entered: 09/30/2019) |
| 09/30/2019 | 228 | ***FILED IN ERROR***<br><br>SEALED MOTION *DEFENDANT WELLS FARGO BANK, N.A.S RESPONSE TO USAAS MOTIONS IN LIMINE NOS. 1 - 16* by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 |

| | | |
|---|---|---|
| | | Exhibit B, # <u>4</u> Exhibit C, # <u>5</u> Exhibit D, # <u>6</u> Exhibit E, # <u>7</u> Exhibit F) (Melsheimer, Thomas) Modified on 10/1/2019 (ch, ). (Entered: 09/30/2019) |
| 09/30/2019 | <u>229</u> | Proposed Pretrial Order by United Services Automobile Association. (Attachments: # <u>1</u> Exhibit A - Plaintiff's Witness List, # <u>2</u> Exhibit B - Plaintiff's Deposition Designations, # <u>3</u> Exhibit C - Plaintiff's Trial Exhibit List, # <u>4</u> Exhibit D - Defendant's Witness List, # <u>5</u> Exhibit E - Defendant's Deposition Designations, # <u>6</u> Exhibit F - Defendant's Trial Exhibit List)(Bunt, Robert) (Entered: 09/30/2019) |
| 10/01/2019 | | ***FILED IN ERROR. FILED UNDER WRONG EVENT Document # 228, SEALED MOTION. PLEASE IGNORE.*** <br><br> (ch, ) (Entered: 10/01/2019) |
| 10/01/2019 | <u>230</u> | SEALED RESPONSE to Motion re <u>213</u> Opposed SEALED MOTION *in Limine Nos. 1-16* filed by Wells Fargo Bank, N.A.. (Attachments: # <u>1</u> Affidavit, # <u>2</u> Exhibit A, # <u>3</u> Exhibit B, # <u>4</u> Exhibit C, # <u>5</u> Exhibit D, # <u>6</u> Exhibit E, # <u>7</u> Exhibit F)(Melsheimer, Thomas) (Entered: 10/01/2019) |
| 10/03/2019 | <u>231</u> | NOTICE by United Services Automobile Association *DISCLOSURE NARROWING CLAIMS FOR PURPOSES OF TRIAL* (Bunt, Robert) (Entered: 10/03/2019) |
| 10/07/2019 | <u>232</u> | NOTICE by United Services Automobile Association re <u>229</u> Proposed Pretrial Order, *PLAINTIFF'S SECOND AMENDED TRIAL EXHIBIT LIST* (Attachments: # <u>1</u> Exhibit A)(Bunt, Robert) (Entered: 10/07/2019) |
| 10/09/2019 | <u>233</u> | Opposed MOTION to Quash *Subpoena to William Saffici to Appear and Testify* by Wells Fargo Bank, N.A.. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Affidavit of William L. Saffici, # <u>3</u> Text of Proposed Order) (Melsheimer, Thomas) (Entered: 10/09/2019) |
| 10/09/2019 | | NOTICE of Hearing: Jury Selection and Jury Trial RESET for 10/30/2019 09:00 AM in Ctrm 106 (Marshall) before District Judge Rodney Gilstrap. (jml) (Entered: 10/09/2019) |
| 10/10/2019 | <u>234</u> | NOTICE by United Services Automobile Association re <u>229</u> Proposed Pretrial Order, *PLAINTIFF'S THIRD AMENDED TRIAL EXHIBIT LIST* (Attachments: # <u>1</u> Exhibit A)(Bunt, Robert) (Entered: 10/10/2019) |
| 10/14/2019 | <u>235</u> | NOTICE by United Services Automobile Association re <u>212</u> SEALED MOTION *WELLS FARGO BANK, N.A.S MOTIONS IN LIMINE NOS. 116*, <u>213</u> Opposed SEALED MOTION *in Limine Nos. 1-16 [JOINT NOTICE REGARDING MOTIONS IN LIMINE]* (Bunt, Robert) (Entered: 10/14/2019) |
| 10/15/2019 | <u>236</u> | REDACTION to <u>172</u> Sealed Response to Motion, *Response to Plaintiff USAA's Motion to Strike Portions of the Expert Report of Christopher* |

|  |  | *Gerardi* by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N) (Melsheimer, Thomas) (Entered: 10/15/2019) |
|---|---|---|
| 10/15/2019 | 237 | REDACTION to 200 Sealed Sur-Reply to Reply to Response to Motion *Sur-Reply to Plaintiff USAA's Daubert Motion to Strike Portions of the Expert Report of Christopher Gerardi* by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 Exhibit B)(Melsheimer, Thomas) (Entered: 10/15/2019) |
| 10/15/2019 | 238 | REDACTION to 168 Sealed Response to Motion *Response to Plaintiff USAA's Daubert Motion to Strike Portions of the Expert Report of William Saffici* by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 Errata B, # 4 Exhibit C, # 5 Text of Proposed Order)(Melsheimer, Thomas) (Entered: 10/15/2019) |
| 10/15/2019 | 239 | REDACTION to 198 Sealed Sur-Reply to Reply to Response to Motion *Sur-Reply to Plaintiff USAA's Daubert Motion to Strike Portions of the Expert Report of William Saffici* by Wells Fargo Bank, N.A.. (Melsheimer, Thomas) (Entered: 10/15/2019) |
| 10/15/2019 | 240 | REDACTION to 167 Sealed Response to Motion *Response to Plaintiff USAA's Daubert Motion to Strike Portions of the Expert Report of John Villasenor* by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Text of Proposed Order) (Melsheimer, Thomas) (Entered: 10/15/2019) |
| 10/15/2019 | 241 | REDACTION to 198 Sealed Sur-Reply to Reply to Response to Motion *Sur-Reply to Plaintiff USAA's Daubert Motion to Strike Portions of the Expert Report of John Villasenor* by Wells Fargo Bank, N.A.. (Melsheimer, Thomas) (Entered: 10/15/2019) |
| 10/15/2019 | 242 | REDACTION to 230 Sealed Response to Motion, *Response to USAA's Motions in Limine Nos. 1-16* by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F)(Melsheimer, Thomas) (Entered: 10/15/2019) |
| 10/15/2019 | 243 | REDACTION to 171 Sealed Response to Motion *Opposition to Plaintiff's Motion for Summary Judgment that Deposit@Mobile Practices the '571 and '090 Patents* by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 Errata B, # 4 Text of Proposed Order)(Melsheimer, Thomas) (Entered: 10/15/2019) |
| 10/15/2019 | 244 | REDACTION to 201 Sealed Sur-Reply to Reply to Response to Motion *Sur-Reply in Support of its Opposition to Plaintiff's Motion for Summary Judgment That Deposit@mobile Practices the '571 and '090 Patents* by Wells Fargo Bank, N.A.. (Melsheimer, Thomas) (Entered: 10/15/2019) |

| 10/15/2019 | 245 | Additional Attachments to Main Document: 244 Redacted Document,.. (Attachments: # 1 Affidavit, # 2 Exhibit D)(Melsheimer, Thomas) (Entered: 10/15/2019) |
|---|---|---|
| 10/15/2019 | 246 | REDACTION to 142 SEALED MOTION *To Exclude And/Or Strike Expert Testimony Provided by Mr. Calman In His Opening And Supplemental Reports* by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Text of Proposed Order) (Melsheimer, Thomas) (Entered: 10/15/2019) |
| 10/15/2019 | 247 | REDACTION to 181 Sealed Reply to Response to Motion *to Exclude and/or Strike Expert Testimony Provided by mr. Calman in his Opening and Supplemental Reports* by Wells Fargo Bank, N.A.. (Melsheimer, Thomas) (Entered: 10/15/2019) |
| 10/15/2019 | 248 | NOTICE of Attorney Appearance by Michael Brett Johnson on behalf of Wells Fargo Bank, N.A. (Johnson, Michael) (Entered: 10/15/2019) |
| 10/15/2019 | 249 | REDACTION to 144 SEALED MOTION *To Strike Portions Of the Conte Report* by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit A)(Melsheimer, Thomas) (Entered: 10/15/2019) |
| 10/15/2019 | 250 | REDACTION to 143 SEALED MOTION *To Exclude And/Or Strike Relating To The Calman Rebuttal Report* by Wells Fargo Bank, N.A.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Text of Proposed Order)(Melsheimer, Thomas) (Entered: 10/15/2019) |
| 10/15/2019 | 251 | REDACTION to 145 SEALED MOTION *To Exclude And/Or Strike Expert Testimony Of Mr. Roy Weinstein* by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Text of Proposed Order)(Melsheimer, Thomas) (Entered: 10/15/2019) |
| 10/15/2019 | 252 | REDACTION to 183 Sealed Reply to Response to Motion *to Exclude and/or Strike Expert Testimony of Mr. Roy Weinstein* by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit I)(Melsheimer, Thomas) (Entered: 10/15/2019) |
| 10/15/2019 | 253 | REDACTION to 212 SEALED MOTION *WELLS FARGO BANK, N.A.S MOTIONS IN LIMINE NOS. 116* by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D)(Melsheimer, Thomas) (Entered: 10/15/2019) |
| 10/15/2019 | 254 | REDACTION to 132 SEALED MOTION *To Strike or Alternatively, For Summary Judgment Regarding The Doctrine Of Equivalents* by |

| | | |
|---|---|---|
| | | Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Text of Proposed Order)(Melsheimer, Thomas) (Entered: 10/15/2019) |
| 10/15/2019 | 255 | REDACTION to 178 Sealed Reply to Response to Motion, *in Support of its Motion to Strike, or Alternatively, for Summary Judgment Regarding The Doctrine of Equivalents* by Wells Fargo Bank, N.A.. (Melsheimer, Thomas) (Entered: 10/15/2019) |
| 10/15/2019 | 256 | REDACTION to 133 SEALED MOTION *For Partial Summary Judgment Under 35 U.S.C.§ 287(a)* by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Text of Proposed Order)(Melsheimer, Thomas) (Entered: 10/15/2019) |
| 10/15/2019 | 257 | REDACTION to 180 Sealed Reply to Response to Motion *in Support of its Motion for Partial Summary Judgment Under 35 U.S.C. 287(a)* by Wells Fargo Bank, N.A.. (Melsheimer, Thomas) (Entered: 10/15/2019) |
| 10/15/2019 | 258 | REDACTION to 179 Sealed Reply to Response to Motion *in Support of its Motion for Summary Judgment of No Indirect Infringement* by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit A) (Melsheimer, Thomas) (Entered: 10/15/2019) |
| 10/15/2019 | 259 | REDACTION to 134 SEALED MOTION *For Summary Judgment Of No Willful Infringement* by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P, # 18 Exhibit Q, # 19 Exhibit R, # 20 Exhibit S)(Melsheimer, Thomas) (Entered: 10/15/2019) |
| 10/15/2019 | 260 | REDACTION to 184 Sealed Reply to Response to Motion *in Support of its Motion for Summary Judgment of No Willful Infringement* by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit T, # 3 Exhibit U)(Melsheimer, Thomas) (Entered: 10/15/2019) |
| 10/16/2019 | 261 | SEALED RESPONSE to Motion re 233 Opposed MOTION to Quash Subpoena to *William Saffici to Appear and Testify* filed by United Services Automobile Association. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Text of Proposed Order)(Bunt, Robert) (Entered: 10/16/2019) |
| 10/16/2019 | | NOTICE of Hearing: Pretrial Conference RESET for 10/17/2019 10:00 AM in Ctrm 106 (Marshall) before District Judge Rodney Gilstrap. |

| | | |
|---|---|---|
| | | ***Please note that the TIME for the hearing has changed.***(jml) (Entered: 10/16/2019) |
| 10/17/2019 | | NOTICE of Hearing: Final Pretrial Conference set for 10/18/2019 09:00 AM in Ctrm 106 (Marshall) before District Judge Rodney Gilstrap. (jml) (Entered: 10/17/2019) |
| 10/17/2019 | 275 | Minute Entry for proceedings held before District Judge Rodney Gilstrap: Initial Pretrial Conference held on 10/17/2019. (Court Reporter Shelly Holmes, CSR-TCRR.) (Attachments: # 1 Attorney Attendance Sheet) (jml) (Entered: 10/25/2019) |
| 10/17/2019 | 297 | AMENDED Minute Entry for proceedings held before District Judge Rodney Gilstrap: Initial Pretrial Conference held on 10/17/2019. (Court Reporter Shelly Holmes, CSR-TCRR.) (Attachments: # 1 Attorney Attendance Sheet)(jml) (Entered: 10/31/2019) |
| 10/18/2019 | 262 | NOTICE of Attorney Appearance - Pro Hac Vice by Craig I. Varnen on behalf of United Services Automobile Association. Filing fee $ 100, receipt number 0540-7485395. (Varnen, Craig) (Entered: 10/18/2019) |
| 10/18/2019 | | NOTICE of Hearing: Pretrial Conference set for 10/21/2019 09:00 AM in Ctrm 106 (Marshall) before District Judge Rodney Gilstrap. (jml) (Entered: 10/18/2019) |
| 10/18/2019 | 276 | Minute Entry for proceedings held before District Judge Rodney Gilstrap: Interim Pretrial Conference held on 10/18/2019. (Court Reporter Shelly Holmes, CSR-TCRR.) (Attachments: # 1 Attorney Attendance Sheet) (jml) (Entered: 10/25/2019) |
| 10/18/2019 | 298 | AMENDED Minute Entry for proceedings held before District Judge Rodney Gilstrap: Interim Pretrial Conference held on 10/18/2019. (Court Reporter Shelly Holmes, CSR-TCRR.) (Attachments: # 1 Attorney Attendance Sheet) (jml) (Entered: 10/31/2019) |
| 10/20/2019 | 263 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 10/17/19 (Pretrial Hearing) before Judge Rodney Gilstrap. Court Reporter/Transcriber: Shelly Holmes, CSR, TCRR,Telephone number: (903) 923-7464 (Shelly_Holmes@txed.uscourts.gov). <P>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<P> Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Motion to Redact due 11/11/2019. Release of Transcript Restriction set for 1/20/2020. (sholmes, ) (Entered: 10/20/2019) |
| | | |

| 10/21/2019 | 264 | ***FILED IN ERROR***<br><br>TRIAL BRIEF *[Plaintiff's Written Offer of Proof in Support of Evidence of Copying]* by United Services Automobile Association. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Text of Proposed Order)(Bunt, Robert) Modified on 10/21/2019 (ch, ). (Entered: 10/21/2019) |
| 10/21/2019 | 265 | ***FILED IN ERROR***<br><br>Sealed Document Plaintiff's Written Proof In Support of Evidence of Copying. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Text of Proposed Order)(Bunt, Robert) Modified on 10/21/2019 (ch, ). (Entered: 10/21/2019) |
| 10/21/2019 | 266 | NOTICE of Attorney Appearance - Pro Hac Vice by Katherine Marcom on behalf of Wells Fargo Bank, N.A.. Filing fee $ 100, receipt number 0540-7485922. (Marcom, Katherine) (Entered: 10/21/2019) |
| 10/21/2019 | | ***FILED IN ERROR. PER ATTORNEY Document # 264, Trial Brief. PLEASE IGNORE.***<br><br>(ch, ) (Entered: 10/21/2019) |
| 10/21/2019 | 267 | Sealed Document United Services Automobile Association's Written Offer of Proof in Support of Evidence of Copying. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Text of Proposed Order)(Bunt, Robert) (Entered: 10/21/2019) |
| 10/21/2019 | | ***FILED IN ERROR. PER ATTORNEY Document # 265, Sealed Document. PLEASE IGNORE.***<br><br>(ch, ) (Entered: 10/21/2019) |
| 10/21/2019 | 268 | NOTICE by United Services Automobile Association re 231 Notice (Other) *[Plaintiff's Amended Disclosure Narrowing Claims for Purposes of Trial]* (Bunt, Robert) (Entered: 10/21/2019) |
| 10/21/2019 | 277 | Minute Entry for proceedings held before District Judge Rodney Gilstrap: Pretrial Conference held on 10/21/2019. (Court Reporter Shelly Holmes, CSR-TCRR.) (Attachments: # 1 Attorney Attendance Sheet) (jml) (Entered: 10/25/2019) |
| 10/21/2019 | 299 | AMENDED Minute Entry for proceedings held before District Judge Rodney Gilstrap: Pretrial Conference held on 10/21/2019. (Court |

| | | |
|---|---|---|
| | | Reporter Shelly Holmes, CSR-TCRR.) (Attachments: # 1 Attorney Attendance Sheet) (jml) (Entered: 10/31/2019) |
| 10/23/2019 | 269 | REDACTION to 261 Sealed Response to Motion, *[Opposition to Motion to Quash Subpoena to William Saffici to Appear and Testify* by United Services Automobile Association. (Attachments: # 1 Exhibit A - Public, # 2 Exhibit B - Highly Confidential, # 3 Exhibit C - Highly Confidential, # 4 Exhibit D - Highly Confidential, # 5 Exhibit E - Highly Confidential, # 6 Exhibit F - Highly Confidential, # 7 Exhibit G - Public, # 8 Exhibit H - Public, # 9 Exhibit I - Public, # 10 Exhibit J - Public, # 11 Text of Proposed Order Public)(Bunt, Robert) (Entered: 10/23/2019) |
| 10/23/2019 | 270 | REDACTION to 267 Sealed Document, *Written Offer of Proof in Support of Evidence of Copying* by United Services Automobile Association. (Attachments: # 1 Exhibit 1 - Highly Confidential, # 2 Exhibit 2 - Highly Confidential, # 3 Exhibit 3 - Highly Confidential, # 4 Exhibit 4 - Highly Confidential, # 5 Exhibit 5 - Highly Confidential, # 6 Exhibit 6 - Highly Confidential, # 7 Exhibit 7 - Highly Confidential, # 8 Exhibit 8 - Highly Confidential, # 9 Exhibit 9 - Highly Confidential, # 10 Exhibit 10 - Highly Confidential, # 11 Exhibit 11 - Highly Confidential, # 12 Text of Proposed Order Public) (Bunt, Robert) (Entered: 10/23/2019) |
| 10/23/2019 | 271 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 10/18/19 (Pretrial Hearing) before Judge Rodney Gilstrap. Court Reporter/Transcriber: Shelly Holmes, CSR, TCRR,Telephone number: (903) 923-7464 (Shelly_Holmes@txed.uscourts.gov). <P>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov<P>** Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Motion to Redact due 11/13/2019. Release of Transcript Restriction set for 1/21/2020. (sholmes, ) (Entered: 10/23/2019) |
| 10/23/2019 | 272 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 10/21/19 (Pretrial Hearing) before Judge Rodney Gilstrap. Court Reporter/Transcriber: Shelly Holmes, CSR, TCRR,Telephone number: (903) 923-7464 (Shelly_Holmes@txed.uscourts.gov). <P>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is** |

| | | located on our website at www.txed.uscourts.gov<P> Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Motion to Redact due 11/13/2019. Release of Transcript Restriction set for 1/21/2020. (sholmes, ) (Entered: 10/23/2019) |
|---|---|---|
| 10/24/2019 | 273 | SEALED RESPONSE by Wells Fargo Bank, N.A. to USAA's Written Offer of Proof In Support of Evidence of Copying [D267] Sealed Document, filed by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Text of Proposed Order)(Melsheimer, Thomas) (Entered: 10/24/2019) |
| 10/24/2019 | 274 | NOTICE by Wells Fargo Bank, N.A. *Joint Notice of Parties' Agreement Regarding Outstanding Exhibit Objections* (Melsheimer, Thomas) (Entered: 10/24/2019) |
| 10/25/2019 | | NOTICE of Hearing: Pretrial Conference set for 10/28/2019 03:30 PM in Ctrm 106 (Marshall) before District Judge Rodney Gilstrap. (jml) (Entered: 10/25/2019) |
| 10/25/2019 | 278 | NOTICE by Wells Fargo Bank, N.A. re 273 Response to Non-Motion, *NOTICE OF CORRECTION REGARDING WELLS FARGOS RESPONSE TO USAAS OFFER OF PROOF REGARDING COPYING (ECF No. 273)* (Melsheimer, Thomas) (Entered: 10/25/2019) |
| 10/27/2019 | 279 | TRIAL BRIEF *Defendant Wells Fargo Bank, N.A.'s Notice of Position That The Jury Should Not Be Instructed On Clear And Convincing Evidence* by Wells Fargo Bank, N.A.. (Attachments: # 1 Exhibit A) (Melsheimer, Thomas) (Entered: 10/27/2019) |
| 10/27/2019 | 280 | Sealed Document PLAINTIFF'S REQUEST FOR INSTRUCTION REGARDING DEFENDANT WELLS FARGO BANK N.A.S ACTUAL PRE-SUIT KNOWLEDGE OF THE PATENTS-IN-SUIT. (Attachments: # 1 Affidavit Anthony Rowles, # 2 Exhibit 1, # 3 Exhibit 2)(Bunt, Robert) (Entered: 10/27/2019) |
| 10/27/2019 | 281 | NOTICE by United Services Automobile Association re 268 Notice (Other) *SECOND AMENDED DISCLOSURE NARROWING CLAIMS FOR PURPOSES OF TRIAL* (Bunt, Robert) (Entered: 10/27/2019) |
| 10/28/2019 | 282 | RESPONSE to 279 Trial Brief *PLAINTIFF'S RESPONSE TO WELLS FARGOS NOTICE OF POSITION THAT THE JURY SHOULD NOT BE INSTRUCTED ON CLEAR AND CONVINCING EVIDENCE filed by United Services Automobile Association.* (Bunt, Robert) (Entered: 10/28/2019) |
| 10/28/2019 | 283 | MEMORANDUM OPINION AND ORDER. Signed by District Judge Rodney Gilstrap on 10/28/2019. (ch, ) (Entered: 10/28/2019) |
| | | |

| 10/28/2019 | 284 | Minute Entry for proceedings held before District Judge Rodney Gilstrap: Final Pretrial Conference held on 10/28/2019. (Court Reporter Shelly Holmes, CSR-TCRR.) (Attachments: # 1 Attorney Attendance Sheet) (jml) (Entered: 10/28/2019) |
|---|---|---|
| 10/28/2019 | 300 | AMENDED Minute Entry for proceedings held before District Judge Rodney Gilstrap: Final Pretrial Conference held on 10/28/2019. (Court Reporter Shelly Holmes, CSR-TCRR.) (Attachments: # 1 Attorney Attendance Sheet) (jml) (Entered: 10/31/2019) |
| 10/29/2019 | 285 | Second Amended 229 Witness List by United Services Automobile Association. (Bunt, Robert) (Entered: 10/29/2019) |
| 10/29/2019 | 286 | Admitted Exhibits List by United Services Automobile Association.. (Bunt, Robert) (Entered: 10/29/2019) |
| 10/29/2019 | 287 | AMENDED TRIAL WITNESS LIST Witness List by Wells Fargo Bank, N.A.. (Melsheimer, Thomas) (Entered: 10/29/2019) |
| 10/29/2019 | 288 | Exhibit List *DEFENDANT'S TRIAL EXHIBIT LIST* by Wells Fargo Bank, N.A... (Melsheimer, Thomas) (Entered: 10/29/2019) |
| 10/29/2019 | 289 | SEALED RESPONSE by Wells Fargo Bank, N.A. to 280 Sealed Document filed by Wells Fargo Bank, N.A.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Melsheimer, Thomas) (Entered: 10/29/2019) |
| 10/29/2019 | 290 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 10/28/19 (Pretrial Hearing) before Judge Rodney Gilstrap. Court Reporter/Transcriber: Shelly Holmes, CSR, TCRR,Telephone number: (903) 923-7464 (Shelly_Holmes@txed.uscourts.gov). **<P>NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov<P>** Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Motion to Redact due 11/19/2019. Release of Transcript Restriction set for 1/27/2020. (sholmes, ) (Entered: 10/29/2019) |
| 10/29/2019 | 291 | NOTICE by United Services Automobile Association re 281 Notice (Other), 231 Notice (Other), 268 Notice (Other) *[PLAINTIFF'S THIRD AMENDED DISCLOSURE NARROWING CLAIMS FOR PURPOSES OF TRIAL]* (Bunt, Robert) (Entered: 10/29/2019) |
| 10/30/2019 | 292 | ORDER REGARDING EXHIBITS. Signed by District Judge Rodney Gilstrap on 10/30/2019. (ch, ) (Entered: 10/30/2019) |
| | | |

| 10/30/2019 | 293 | ORDER TO PURCHASE JURY MEALS. Signed by District Judge Rodney Gilstrap on 10/30/2019. (ch, ) (Entered: 10/30/2019) |
| 10/30/2019 | 294 | ORDER ON PRETRIAL MOTIONS AND MOTIONS IN LIMINE. Signed by District Judge Rodney Gilstrap on 10/30/2019. (ch, ) (Entered: 10/30/2019) |
| 10/30/2019 | 296 | Minute Entry for proceedings held before District Judge Rodney Gilstrap: Jury Selection and Jury Trial held on 10/30/2019. (Court Reporter Shelly Holmes, CSR-TCRR.) (Attachments: # 1 Attorney Attendance Sheet) (jml) (Entered: 10/31/2019) |
| 10/30/2019 | 301 | AMENDED Minute Entry for proceedings held before District Judge Rodney Gilstrap: Jury Selection and Jury Trial held on 10/30/2019. (Court Reporter Shelly Holmes, CSR-TCRR.) (Attachments: # 1 Attorney Attendance Sheet) (jml) (Entered: 10/31/2019) |
| 10/31/2019 | 295 | Sealed Document BENCH MEMORANDUM CONCERNING MITEK WITNESS ANDREW WOOD. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Bunt, Robert) (Entered: 10/31/2019) |
| 10/31/2019 | 303 | Minute Entry for proceedings held before District Judge Rodney Gilstrap: Jury Trial Day 2 held on 10/31/2019. (Court Reporter Shelly Holmes, CSR-TCRR.) (Attachments: # 1 Attorney Attendance Sheet) (jml) (Entered: 11/01/2019) |
| 11/01/2019 | 304 | Minute Entry for proceedings held before District Judge Rodney Gilstrap: Jury Trial Day 3 held on 11/1/2019. (Court Reporter Shelly Holmes, CSR-TCRR.) (Attachments: # 1 Attorney Attendance Sheet) (jml) Modified on 11/4/2019 (jml, ). (Entered: 11/01/2019) |
| 11/01/2019 | 305 | Proposed Jury Instructions by United Services Automobile Association. (Bunt, Robert) (Entered: 11/01/2019) |
| 11/01/2019 | 306 | NOTICE by United Services Automobile Association re 229 Proposed Pretrial Order, 226 Notice (Other) *Proposed Verdict Form [First Amended]* (Attachments: # 1 Exhibit A - First Amended Proposed Verdict Form)(Bunt, Robert) (Entered: 11/01/2019) |
| 11/02/2019 | 307 | SEALED MOTION *WELLS FARGO BANK'S MOTION TO QUASH SUBPOENA TO ARMIN AJAMI TO APPEAR AND TESTIFY* by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit Declaration of Michael Bittner, # 2 Text of Proposed Order, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Exhibit G, # 10 Exhibit H, # 11 Exhibit I)(Melsheimer, Thomas) (Entered: 11/02/2019) |
| 11/03/2019 | 308 | SEALED RESPONSE to Motion re 307 SEALED MOTION *WELLS FARGO BANK'S MOTION TO QUASH SUBPOENA TO ARMIN AJAMI TO APPEAR AND TESTIFY* filed by United Services |

| | | |
|---|---|---|
| | | Automobile Association. (Attachments: # 1 Affidavit of Robert C. Bunt, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Text of Proposed Order)(Bunt, Robert) (Entered: 11/03/2019) |
| 11/03/2019 | 309 | Supplemental SEALED MOTION *to Quash Subpoena* by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit F, # 3 Exhibit G) (Melsheimer, Thomas) (Entered: 11/03/2019) |
| 11/03/2019 | 310 | Sealed Document - Plaintiff's Notice of Filing Trial Demonstratives. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Bunt, Robert) (Entered: 11/03/2019) |
| 11/03/2019 | 311 | ORDER granting 307 MOTION TO QUASH SUBPOENA TO ARMIN AJAMI TO APPEAR AND TESTIFY. Signed by District Judge Rodney Gilstrap on 11/03/2019. (jrg3, ) (Entered: 11/03/2019) |
| 11/03/2019 | 312 | SEALED MOTION *Trial Brief Regarding USAA's Opening the Door to Evidence Relating to Other Banks* by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Text of Proposed Order) (Melsheimer, Thomas) (Entered: 11/03/2019) |
| 11/04/2019 | 313 | SEALED RESPONSE to Motion re 312 SEALED MOTION *Trial Brief Regarding USAA's Opening the Door to Evidence Relating to Other Banks* filed by United Services Automobile Association. (Attachments: # 1 Affidavit Andrew J. Strabone, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Text of Proposed Order)(Bunt, Robert) (Entered: 11/04/2019) |
| 11/04/2019 | 317 | Minute Entry for proceedings held before District Judge Rodney Gilstrap: Jury Trial Day 4 held on 11/4/2019. (Court Reporter Shelly Holmes, CSR-TCRR.) (Attachments: # 1 Attorney Attendance Sheet) (jml) (Entered: 11/05/2019) |
| 11/05/2019 | 314 | TRIAL BRIEF *[BENCH MEMORANDUM REQUESTING CORRECTIVE JURY INSTRUCTION REGARDING TESTIMONY OF DR. VILLASENOR CONTRARY TO THE COURT'S CLAIM CONSTRUCTION]* by United Services Automobile Association. (Bunt, Robert) (Entered: 11/05/2019) |
| 11/05/2019 | 315 | Sealed Document. (Attachments: # 1 Affidavit, # 2 Exhibit DTX-005.1, # 3 Exhibit DTX-005.2, # 4 Exhibit DTX-006, # 5 Exhibit DTX-007, # 6 Exhibit DTX-008, # 7 Exhibit DTX-009, # 8 Exhibit DTX-010, # 9 Exhibit DTX-013, # 10 Exhibit DTX-014, # 11 Exhibit DTX-015, # 12 Exhibit DTX-016, # 13 Exhibit DTX-017, # 14 Exhibit DTX-020, # 15 Exhibit DTX-021, # 16 Exhibit DTX-022, # 17 Exhibit DTX-023, # 18 Exhibit DTX-024, # 19 Exhibit DTX-025, # 20 Exhibit DTX-026, # 21 Exhibit DTX-027, # 22 Exhibit DTX-032, # 23 Exhibit DTX-034, # 24 Exhibit DTX-035, # 25 Exhibit DTX-036, # 26 Exhibit DTX-037, # 27 |

| | | |
|---|---|---|
| | | Exhibit DTX-043, # <u>28</u> Exhibit DTX-045, # <u>29</u> Exhibit DTX-047, # <u>30</u> Exhibit DTX-052, # <u>31</u> Exhibit DTX-059, # <u>32</u> Exhibit DTX-060, # <u>33</u> Exhibit DTX-073, # <u>34</u> Exhibit DTX-086, # <u>35</u> Exhibit DTX-087, # <u>36</u> Exhibit DTX-088, # <u>37</u> Exhibit DTX-089, # <u>38</u> Exhibit DTX-090, # <u>39</u> Exhibit DTX-091, # <u>40</u> Exhibit DTX-131, # <u>41</u> Exhibit DTX-132, # <u>42</u> Exhibit DTX-133, # <u>43</u> Exhibit DTX-134, # <u>44</u> Exhibit DTX-162, # <u>45</u> Exhibit DTX-219, # <u>46</u> Exhibit DTX-221, # <u>47</u> Exhibit DTX-222, # <u>48</u> Exhibit DTX-223, # <u>49</u> Exhibit DTX-224, # <u>50</u> Exhibit DTX-270, # <u>51</u> Exhibit DTX-283, # <u>52</u> Exhibit DTX-284, # <u>53</u> Exhibit DTX-286, # <u>54</u> Exhibit DTX-287, # <u>55</u> Exhibit DTX-288, # <u>56</u> Exhibit DTX-330, # <u>57</u> Exhibit DTX-336, # <u>58</u> Exhibit DTX-385, # <u>59</u> Exhibit DTX-490, # <u>60</u> Exhibit DTX-523, # <u>61</u> Exhibit DTX-524, # <u>62</u> Exhibit DTX-525, # <u>63</u> Exhibit DTX-526, # <u>64</u> Exhibit DTX-529, # <u>65</u> Exhibit DTX-532, # <u>66</u> Exhibit DTX-535, # <u>67</u> Exhibit DTX-538, # <u>68</u> Exhibit DTX-543, # <u>69</u> Exhibit DTX-592, # <u>70</u> Exhibit DTX-593, # <u>71</u> Exhibit DTX-594, # <u>72</u> Exhibit DTX-597, # <u>73</u> Exhibit DTX-598, # <u>74</u> Exhibit DTX-599, # <u>75</u> Exhibit DTX-604)(Melsheimer, Thomas) (Entered: 11/05/2019) |
| 11/05/2019 | <u>316</u> | RESPONSE to *USAA's Requesting Corrective Jury Instruction Regarding Testimony of Dr. Villasenor filed by Wells Fargo Bank, N.A..* (Melsheimer, Thomas) (Entered: 11/05/2019) |
| 11/05/2019 | <u>318</u> | Minute Entry for proceedings held before District Judge Rodney Gilstrap: Jury Trial Day 5 held on 11/5/2019. (Court Reporter Shelly Holmes, CSR-TCRR.) (Attachments: # <u>1</u> Attorney Attendance Sheet) (jml) Modified on 11/6/2019 (jml, ). (Entered: 11/06/2019) |
| 11/06/2019 | <u>319</u> | Minute Entry for proceedings held before District Judge Rodney Gilstrap: Jury Trial Day 6 completed on 11/6/2019. (Court Reporter Shelly Holmes, CSR-TCRR.) (Attachments: # <u>1</u> Attorney Attendance Sheet) (jml) (Entered: 11/06/2019) |
| 11/06/2019 | <u>320</u> | Plaintiff's Final Trial Exhibit List. (jml) (Entered: 11/06/2019) |
| 11/06/2019 | <u>321</u> | Defendant's Final Trial Exhibit List. (jml) (Entered: 11/06/2019) |
| 11/06/2019 | <u>322</u> | JURY VERDICT. (jml) (Entered: 11/06/2019) |
| 11/06/2019 | <u>323</u> | Sealed Document - Unredacted Jury Verdict. (jml) (Entered: 11/06/2019) |
| 11/06/2019 | <u>324</u> | SEALED Jury Notes. (jml) (Entered: 11/06/2019) |
| 11/07/2019 | <u>325</u> | Sealed Document PLAINTIFF'S NOTICE OF FILING TRIAL DEMONSTRATIVES. (Attachments: # <u>1</u> Exhibit A)(Bunt, Robert) (Entered: 11/07/2019) |
| 11/07/2019 | <u>326</u> | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 10/30/19 (Trial Transcript - Morning Session) before Judge Rodney Gilstrap. Court Reporter/Transcriber: Shelly Holmes, CSR, TCRR,Telephone number: (903) 923-7464 |

| | | |
|---|---|---|
| | | (Shelly_Holmes@txed.uscourts.gov). <P>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov<P>** Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Motion to Redact due 11/28/2019. Release of Transcript Restriction set for 2/5/2020. (sholmes, ) (Entered: 11/07/2019) |
| 11/07/2019 | [327](#) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 10/30/19 (Trial Transcript - Afternoon Session) before Judge Rodney Gilstrap. Court Reporter/Transcriber: Shelly Holmes, CSR, TCRR,Telephone number: (903) 923-7464 (Shelly_Holmes@txed.uscourts.gov). <P>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov<P>** Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Motion to Redact due 11/28/2019. Release of Transcript Restriction set for 2/5/2020. (sholmes, ) (Entered: 11/07/2019) |
| 11/07/2019 | [328](#) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 10/31/19 (Trial Transcript - Morning Session) before Judge Rodney Gilstrap. Court Reporter/Transcriber: Shelly Holmes, CSR, TCRR,Telephone number: (903) 923-7464 (Shelly_Holmes@txed.uscourts.gov). <P>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov<P>** Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Motion to Redact due 11/28/2019. Release of Transcript Restriction set for 2/5/2020. (sholmes, ) (Entered: 11/07/2019) |
| 11/07/2019 | [329](#) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 10/31/19 (Trial Transcript - Afternoon Session) before Judge |

| | | Rodney Gilstrap. Court Reporter/Transcriber: Shelly Holmes, CSR, TCRR,Telephone number: (903) 923-7464 (Shelly_Holmes@txed.uscourts.gov). <P>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<P> Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Motion to Redact due 11/28/2019. Release of Transcript Restriction set for 2/5/2020. (sholmes, ) (Entered: 11/07/2019) |
|---|---|---|
| 11/07/2019 | 330 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 11/1/19 (Trial Transcript - Morning Session) before Judge Rodney Gilstrap. Court Reporter/Transcriber: Shelly Holmes, CSR, TCRR,Telephone number: (903) 923-7464 (Shelly_Holmes@txed.uscourts.gov). <P>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<P> Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Motion to Redact due 11/28/2019. Release of Transcript Restriction set for 2/5/2020. (sholmes, ) (Entered: 11/07/2019) |
| 11/07/2019 | 331 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 11/4/19 (Trial Transcript - Morning Session) before Judge Rodney Gilstrap. Court Reporter/Transcriber: Shelly Holmes, CSR, TCRR,Telephone number: (903) 923-7464 (Shelly_Holmes@txed.uscourts.gov). <P>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<P> Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Motion to Redact due 11/28/2019. Release of Transcript Restriction set for 2/5/2020. (sholmes, ) (Entered: 11/07/2019) |

| 11/07/2019 | 332 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 11/4/19 (Trial Transcript - Afternoon Session) before Judge Rodney Gilstrap. Court Reporter/Transcriber: Shelly Holmes, CSR, TCRR,Telephone number: (903) 923-7464 (Shelly_Holmes@txed.uscourts.gov). <P>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<P> Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Motion to Redact due 11/28/2019. Release of Transcript Restriction set for 2/5/2020. (sholmes, ) (Entered: 11/07/2019) |
| 11/07/2019 | 333 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 11/5/19 (Trial Transcript - Morning Session) before Judge Rodney Gilstrap. Court Reporter/Transcriber: Shelly Holmes, CSR, TCRR,Telephone number: (903) 923-7464 (Shelly_Holmes@txed.uscourts.gov). <P>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<P> Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Motion to Redact due 11/28/2019. Release of Transcript Restriction set for 2/5/2020. (sholmes, ) (Entered: 11/07/2019) |
| 11/07/2019 | 334 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 11/5/19 (Trial Transcript - Afternoon Session) before Judge Rodney Gilstrap. Court Reporter/Transcriber: Shelly Holmes, CSR, TCRR,Telephone number: (903) 923-7464 (Shelly_Holmes@txed.uscourts.gov). <P>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<P> Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Motion |

| | | to Redact due 11/28/2019. Release of Transcript Restriction set for 2/5/2020. (sholmes, ) (Entered: 11/07/2019) |
|---|---|---|
| 11/07/2019 | <u>335</u> | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 11/6/19 (Trial Transcript - Morning Session) before Judge Rodney Gilstrap. Court Reporter/Transcriber: Shelly Holmes, CSR, TCRR,Telephone number: (903) 923-7464 (Shelly_Holmes@txed.uscourts.gov). <P>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov<P>** Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Motion to Redact due 11/28/2019. Release of Transcript Restriction set for 2/5/2020. (sholmes, ) (Entered: 11/07/2019) |
| 11/12/2019 | <u>336</u> | FINAL JUDGMENT. Signed by District Judge Rodney Gilstrap on 11/12/2019. (ch, ) (Entered: 11/12/2019) |
| 11/12/2019 | <u>337</u> | Notice of Filing of Patent/Trademark Form (AO 120) at termination of case. AO 120 mailed to the Director of the U.S. Patent and Trademark Office. (ch, ) (Entered: 11/12/2019) |
| 11/12/2019 | <u>338</u> | FINAL JUDGMENT. Signed by District Judge Rodney Gilstrap on 11/12/20109. (ch, ) (Entered: 11/13/2019) |
| 11/26/2019 | <u>339</u> | PROPOSED BILL OF COSTS filed by United Services Automobile Association. (Attachments: # <u>1</u> Exhibit A)(Bunt, Robert) (Entered: 11/26/2019) |
| 12/03/2019 | <u>340</u> | Unopposed MOTION to Stay Execution of Judgment During Pendency of Post-Judgment Motions by Wells Fargo Bank, N.A.. (Attachments: # <u>1</u> Text of Proposed Order)(Hill, Jack) (Entered: 12/03/2019) |
| 12/04/2019 | <u>341</u> | ORDER granting <u>340</u> Unopposed MOTION to Stay Execution of Judgment During Pendency of Post-Judgment Motions. Signed by District Judge Rodney Gilstrap on 12/4/2019. (ch, ) (Entered: 12/04/2019) |
| 12/04/2019 | <u>342</u> | NOTICE of Attorney Appearance by Katherine K. Vidal on behalf of Wells Fargo Bank, N.A. (Vidal, Katherine) (Entered: 12/04/2019) |
| 12/10/2019 | <u>343</u> | Unopposed MOTION for Leave to File Excess Pages *for its combined Motion for Judgment as a Matter of Law and related briefing* by Wells Fargo Bank, N.A.. (Attachments: # <u>1</u> Text of Proposed Order)(Hill, Jack) (Entered: 12/10/2019) |
| | | |

| 12/10/2019 | 344 | Opposed SEALED MOTION *for Enhancement of Damages Due to Willful Infringement* by United Services Automobile Association. (Attachments: # 1 Affidavit Anthony Q. Rowles, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Text of Proposed Order)(Bunt, Robert) (Entered: 12/10/2019) |
|---|---|---|
| 12/10/2019 | 345 | Opposed SEALED MOTION *for Ongoing Royalty* by United Services Automobile Association. (Attachments: # 1 Affidavit Anthony Q. Rowles, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Text of Proposed Order)(Bunt, Robert) (Entered: 12/10/2019) |
| 12/10/2019 | 346 | Opposed MOTION for Award of Pre- and Post-Judgment Interest by United Services Automobile Association. (Attachments: # 1 Affidavit M. Chaparro, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Appendix 1, # 7 Text of Proposed Order)(Bunt, Robert) (Entered: 12/10/2019) |
| 12/10/2019 | 347 | SEALED MOTION *FOR JUDGMENT AS A MATTER OF LAW* by Wells Fargo Bank, N.A.. (Attachments: # 1 Declaration of Michael A. Bittner, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Text of Proposed Order Granting Wells Fargo Bank's Motion for Judgment as a Matter of Law)(Melsheimer, Thomas) (Entered: 12/10/2019) |
| 12/10/2019 | 348 | SEALED MOTION *FOR NEW TRIAL* by Wells Fargo Bank, N.A.. (Attachments: # 1 Text of Proposed Order)(Melsheimer, Thomas) (Entered: 12/10/2019) |
| 12/12/2019 | 349 | MOTION for Extension of Time to File *[JOINT MOTION FOR EXTENSION REGARDING POST-TRIAL BRIEFING]* by United Services Automobile Association. (Attachments: # 1 Text of Proposed Order)(Bunt, Robert) (Entered: 12/12/2019) |
| 12/12/2019 | 350 | ***FILED IN ERROR***<br><br>MOTION to Approve Consent Judgment , MOTION to Stay *Execution of the Judgment Under § 91* by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Text of Proposed Order)(Melsheimer, Thomas) Modified on 12/12/2019 (ch, ). (Entered: 12/12/2019) |
| 12/12/2019 | | ***FILED IN ERROR. PER ATTORNEY Document # 350, Motion to Approve Consent Judgment and Motion To Stay. PLEASE IGNORE.***<br><br>(ch, ) (Entered: 12/12/2019) |
| 12/12/2019 | 351 | MOTION to Stay *Execution of the Judgment Under 12 U.S.C. § 91* by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit A, # |

| | | |
|---|---|---|
| | | 3 Exhibit B, # 4 Exhibit C, # 5 Text of Proposed Order)(Melsheimer, Thomas) (Entered: 12/12/2019) |
| 12/21/2019 | 352 | Unopposed MOTION for Extension of Time to File Response/Reply *Regarding Briefing on Motion to Stay Execution of Judgment (Dkt. No. 351)* by United Services Automobile Association. (Attachments: # 1 Text of Proposed Order)(Bunt, Robert) (Entered: 12/21/2019) |
| 12/23/2019 | 353 | NOTICE by Wells Fargo Bank, N.A. *NOTICE OF ACTIVITY IN RELATED INTER PARTES REVIEW PROCEEDINGS* (Attachments: # 1 Affidavit Declaration of Michael Bittner, # 2 Exhibit A)(Melsheimer, Thomas) (Entered: 12/23/2019) |
| 01/15/2020 | 354 | ORDER granting 352 Motion for Extension of Time to File Response/Reply re 351 MOTION to Stay *Execution of the Judgment Under 12 U.S.C. § 91* Responses due by 1/21/2020 Replies due by 1/28/2020.. Signed by District Judge Rodney Gilstrap on 1/15/2020. (ch, ) (Entered: 01/16/2020) |
| 01/21/2020 | 355 | SEALED RESPONSE DEFENDANT WELLS FARGO BANK, N.A.SOPPOSITION TO PLAINTIFF UNITED SERVICES AUTOMOBILE ASSOCIATIONS MOTION FOR ENHANCED DAMAGES to Motion re 344 Opposed SEALED MOTION *for Enhancement of Damages Due to Willful Infringement* filed by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Text of Proposed Order) (Melsheimer, Thomas) (Entered: 01/21/2020) |
| 01/21/2020 | 356 | SEALED RESPONSE DEFENDANT WELLS FARGO BANK, N.A.S OPPOSITION TO MOTION FOR AWARD OF PRE- AND POST-JUDGMENT INTERESTto Motion re 346 Opposed MOTION for Award of Pre- and Post-Judgment Interest filed by Wells Fargo Bank, N.A.. (Attachments: # 1 Appendix A, # 2 Appendix B, # 3 Affidavit, # 4 Exhibit A, # 5 Text of Proposed Order)(Melsheimer, Thomas) (Entered: 01/21/2020) |
| 01/21/2020 | 357 | SEALED RESPONSE WELLS FARGOS BRIEF IN OPPOSITION TO UNITED SERVICES AUTOMOBILE ASSOCIATIONS MOTION FOR ONGOING ROYALTY to Motion re 345 Opposed SEALED MOTION *for Ongoing Royalty* filed by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Text of Proposed Order)(Melsheimer, Thomas) (Entered: 01/21/2020) |
| 01/21/2020 | 358 | SEALED RESPONSE to Motion re 347 SEALED MOTION *FOR JUDGMENT AS A MATTER OF LAW* filed by United Services Automobile Association. (Attachments: # 1 Affidavit Anthony Q. Rowles, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 |

| | | |
|---|---|---|
| | | Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Text of Proposed Order)(Bunt, Robert) (Entered: 01/21/2020) |
| 01/21/2020 | 359 | SEALED RESPONSE to Motion re 348 SEALED MOTION *FOR NEW TRIAL* filed by United Services Automobile Association. (Attachments: # 1 Affidavit Anthony Q. Rowles, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Text of Proposed Order)(Bunt, Robert) Modified on 1/22/2020 (ch, ). (Entered: 01/21/2020) |
| 01/21/2020 | 360 | RESPONSE in Opposition re 351 MOTION to Stay *Execution of the Judgment Under 12 U.S.C. § 91 filed by United Services Automobile Association.* (Attachments: # 1 Text of Proposed Order)(Bunt, Robert) (Entered: 01/21/2020) |
| 01/22/2020 | | **\*\*\*DISREGARD\*\*\*\*\*\*FILED IN ERROR. FILED IN THE WRONG CASE Document # 359, SEALED RESPONSE to Motion re 348 SEALED MOTION FOR NEW TRIAL. PLEASE IGNORE.\*\*\*** <br><br> (ch, ) Modified on 1/22/2020 (ch, ). (Entered: 01/22/2020) |
| 01/22/2020 | | NOTICE FROM CLERK - re 359 Sealed Response to Motion DISREGARD THE FILED IN ERROR (ch, ) (Entered: 01/22/2020) |
| 01/27/2020 | 361 | Agreed MOTION for Extension of Time to File Response/Reply as to 345 Opposed SEALED MOTION *for Ongoing Royalty*, 344 Opposed SEALED MOTION *for Enhancement of Damages Due to Willful Infringement*, 348 SEALED MOTION *FOR NEW TRIAL*, 351 MOTION to Stay *Execution of the Judgment Under 12 U.S.C. § 91*, 346 Opposed MOTION for Award of Pre- and Post-Judgment Interest , 347 SEALED MOTION *FOR JUDGMENT AS A MATTER OF LAW* by Wells Fargo Bank, N.A.. (Attachments: # 1 Text of Proposed Order) (Hill, Jack) (Entered: 01/27/2020) |
| 01/28/2020 | 362 | ORDER granting 361 Motion for Extension of Time to File Response/Reply re 345 Opposed SEALED MOTION *for Ongoing Royalty*, 348 SEALED MOTION *FOR NEW TRIAL*, 351 MOTION to Stay *Execution of the Judgment Under 12 U.S.C. § 91*, 344 Opposed SEALED MOTION *for Enhancement of Damages Due to Willful Infringement*, 347 SEALED MOTION *FOR JUDGMENT AS A MATTER OF LAW*, 346 Opposed MOTION for Award of Pre- and Post-Judgment Interest Replies due by 1/30/2020.. Signed by District Judge Rodney Gilstrap on 1/28/2020. (ch, ) (Entered: 01/28/2020) |
| 01/30/2020 | 363 | RESPONSE in Support re 351 MOTION to Stay *Execution of the Judgment Under 12 U.S.C. § 91 WELLS FARGO BANK N.A.'S REPLY IN SUPPORT OF ITS MOTION TO STAY EXECUTION OF THE* |

| | | |
|---|---|---|
| | | *JUDGMENT UNDER 12 U.S.C. § 91 filed by Wells Fargo Bank, N.A..* (Melsheimer, Thomas) (Entered: 01/30/2020) |
| 01/30/2020 | 364 | WELLS FARGO'S REPLY IN SUPPORT OF ITS MOTION FOR A NEW TRIAL (D348) filed by Wells Fargo Bank, N.A.. (Attachments: # 1 Affidavit Declaration of Michael Bittner, # 2 Exhibit A)(Melsheimer, Thomas) (Entered: 01/30/2020) |
| 01/30/2020 | 365 | SEALED REPLY to Response to Motion re 347 WELLS FARGO'S REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT AS A MATTER OF LAW filed by Wells Fargo Bank, N.A.. (Melsheimer, Thomas) (Entered: 01/30/2020) |
| 01/30/2020 | 366 | SEALED REPLY to Response to Motion re 344 Opposed SEALED MOTION *for Enhancement of Damages Due to Willful Infringement* filed by United Services Automobile Association. (Attachments: # 1 Affidavit Anthony Rowles Declaration, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5)(Bunt, Robert) (Entered: 01/30/2020) |
| 01/30/2020 | 367 | SEALED REPLY to Response to Motion re 345 Opposed SEALED MOTION *for Ongoing Royalty* filed by United Services Automobile Association. (Attachments: # 1 Affidavit Anthony Rowles Declaration, # 2 Exhibit 1, # 3 Exhibit 2)(Bunt, Robert) (Entered: 01/30/2020) |
| 01/30/2020 | 368 | REPLY to Response to Motion re 346 Opposed MOTION for Award of Pre- and Post-Judgment Interest *filed by United Services Automobile Association.* (Bunt, Robert) (Entered: 01/30/2020) |
| 02/04/2020 | 369 | ORDER granting 343 Motion for Leave to File Excess Pages; granting 349 Motion for Extension of Time to File. Signed by District Judge Rodney Gilstrap on 2/4/2020. (ch, ) (Entered: 02/04/2020) |
| 02/04/2020 | 370 | Agreed MOTION for Extension of Time to File Response/Reply as to 345 Opposed SEALED MOTION *for Ongoing Royalty,* 344 Opposed SEALED MOTION *for Enhancement of Damages Due to Willful Infringement,* 348 SEALED MOTION *FOR NEW TRIAL,* 351 MOTION to Stay *Execution of the Judgment Under 12 U.S.C. § 91,* 346 Opposed MOTION for Award of Pre- and Post-Judgment Interest , 347 SEALED MOTION *FOR JUDGMENT AS A MATTER OF LAW (regarding post-judgment motion sur-replies)* by Wells Fargo Bank, N.A.. (Attachments: # 1 Text of Proposed Order)(Hill, Jack) (Entered: 02/04/2020) |
| 02/20/2020 | 371 | SUR-REPLY to Reply to Response to Motion re 346 Opposed MOTION for Award of Pre- and Post-Judgment Interest *DEFENDANT WELLS FARGO BANK, N.A.S SUR-REPLY TO MOTION BY USAA FOR AWARD OF PRE- AND POST-JUDGMENT INTEREST filed by Wells Fargo Bank, N.A..* (Melsheimer, Thomas) (Entered: 02/20/2020) |
| 02/20/2020 | 372 | DEFENDANT WELLS FARGO BANK, N.A.S SUR-REPLY IN |

| | | |
|---|---|---|
| | | OPPOSITION TO PLAINTIFF UNITED SERVICES AUTOMOBILE ASSOCIATIONS MOTION FOR ENHANCED DAMAGES [re Docket 344] filed by Wells Fargo Bank, N.A.. (Melsheimer, Thomas) (Entered: 02/20/2020) |
| 02/20/2020 | 373 | WELLS FARGOS SURREPLY BRIEF IN OPPOSITION TO UNITED SERVICES AUTOMOBILE ASSOCIATIONS MOTION FOR ONGOING ROYALTY [re Docket 345] filed by Wells Fargo Bank, N.A.. (Melsheimer, Thomas) (Entered: 02/20/2020) |
| 02/20/2020 | 374 | SEALED SUR-REPLY to Reply to Response to Motion re 347 SEALED MOTION *FOR JUDGMENT AS A MATTER OF LAW* filed by United Services Automobile Association. (Attachments: # 1 Affidavit Anthony Q. Rowles, # 2 Exhibit 1)(Bunt, Robert) (Entered: 02/20/2020) |
| 02/20/2020 | 375 | SUR-REPLY to Reply to Response to Motion re 351 MOTION to Stay *Execution of the Judgment Under 12 U.S.C. § 91 filed by United Services Automobile Association*. (Bunt, Robert) (Entered: 02/20/2020) |
| 02/20/2020 | 376 | SEALED SUR-REPLY to Reply to Response to Motion re 348 SEALED MOTION *FOR NEW TRIAL* filed by United Services Automobile Association. (Attachments: # 1 Affidavit Anthony Q. Rowles, # 2 Exhibit 1)(Bunt, Robert) (Entered: 02/20/2020) |
| 04/20/2020 | 377 | NOTICE by Wells Fargo Bank, N.A. *OF SUPPLEMENTAL AUTHORITY* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Melsheimer, Thomas) (Entered: 04/20/2020) |
| 09/14/2020 | 378 | ORDER granting 370 Motion for Extension of Time to File Response/Reply. Signed by District Judge Rodney Gilstrap on 9/14/2020. (ch, ) (Entered: 09/15/2020) |
| 09/22/2020 | 379 | ORDER granting 351 MOTION to Stay Execution of the Judgment Under 12 U.S.C. § 91. Signed by District Judge Rodney Gilstrap on 9/22/2020. (ch, ) (Entered: 09/23/2020) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 09/23/2020 11:29:15 | | |
| **PACER Login:** | Lstlaw2014:2591071:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:18-cv-00245-JRG |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |

# EXHIBIT 7

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED SERVICES AUTOMOBILE ASSOCIATION a Texas reciprocal inter-insurance exchange, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 2:18-CV-366 |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| WELLS FARGO BANK, N.A., a national banking association, | ) ) | |
| | ) | |
| Defendant. | ) | |

---

## PROTECTIVE ORDER

Plaintiff United States Automobile Association ("Plaintiff") and Defendant Wells Fargo Bank, N.A. ("Defendant") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order").

1. **PURPOSES AND LIMITATIONS**

   (a) Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever.

(b)     The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a).  Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.  If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

## 2.     DEFINITIONS

(a)     "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

(b)     "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

(c)     "Patents-in-suit" means U.S. Patent Nos. 8,392,332, 8,708,227, 9,224,136, 10,013,605, and 10,013,681, and any other patent asserted in this action, as well as any related patents, patent applications, provisional patent applications, continuations, and/or divisionals.

(d)     "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs.

(e)     "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

(f)     "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," as provided for in this Order.  Protected Material shall not include:  (i) advertising materials that have been

actually published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.

(g)     "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(h)     "Source Code" means computer code, scripts, assembly, binaries, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, and Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip.

## 3.     **COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6 and any related Local Rules.

## 4.     **SCOPE**

(a)     The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b)     Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.

(c)     Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

(d)     This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

## 5.     DURATION

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

## 6.     ACCESS TO AND USE OF PROTECTED MATERIAL

(a)     Basic Principles.  All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function.  Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(b)     Patent Prosecution Bar.  Absent the written consent of the Producing Party, any person who receives one or more items designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" by the opposing party shall not be involved, directly or indirectly, in any of the following activities:  (i) advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions, or otherwise affecting the scope of claims in patents or patent applications relating to the functionality, operation, and design of any check processing methods or systems (generally or as described in any patent in suit), before any foreign or domestic agency, including the United States Patent and Trademark Office; and (ii) the acquisition of patents (including patent applications), or the rights to any such patents or patent applications with the right to sublicense, relating to check processing methods or systems.  These prohibitions are not intended to and shall not preclude counsel from participating in post-grant proceedings initiated by a Party, as long as the counsel does not participate in claim amendments.  These prohibitions shall begin when access to

- 4 -

"CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" materials are first received by the affected individual, and shall end two (2) years after the final resolution of this action, including all appeals.

(c)     Secure Storage, No Export. Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order.   To ensure compliance with applicable United States Export Administration Regulations, Protected Material may not be exported outside the United States or released to any foreign national (even if within the United States).

(d)     Legal Advice Based on Protected Material. Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

(e)     Limitations.  Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material.  Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court.

## 7.     **DESIGNATING PROTECTED MATERIAL**

(a)     Available Designations.  Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein:  "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE."

(b)    Written Discovery and Documents and Tangible Things.    Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Procedure 34 and this Court's related E-Discovery Order), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 7(a) may be so designated by placing the appropriate designation on every page of the written material prior to production.  For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.  In the event that original documents are produced for inspection, the original documents shall be presumed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the inspection and re-designated, as appropriate during the copying process.

(c)    Native Files.    Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to Paragraph 12 below, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.

(d)    Depositions and Testimony.    Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony is designated within thirty (30) days of receipt of the transcript of the testimony.  If no indication on the record is made, all information disclosed during a deposition

shall be deemed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed. If a party does not designate within thirty (30) days of receipt of the transcription, it shall be deemed non-confidential. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material. In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties." Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

8.  **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

(a)     A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

(b)     Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)     The Receiving Party's Outside Counsel, such counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)    Not more than one (1) corporate representative of the Receiving Party who is an officer or employee of the Receiving Party, who may be, but need not be, in-house counsel for the Receiving Party to whom disclosure is reasonably necessary for this case, provided that: (a) such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iii)    Not more than three (3) in-house counsel of the Receiving Party, as well as their immediate paralegals and staff to whom disclosure is reasonably necessary for this case, provided that: (a) each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iv)    Any outside expert or consultant retained by the Receiving Party to assist in this action, including their employees, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; (c) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(v)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

(vi)    The Court, jury, and court personnel;

(vii)    Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(viii)   Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(ix)   Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

(x)   In any CBM or other post-grant proceeding so long as the same protections set forth herein apply to said proceeding; and

(xi)   Any other person with the prior written consent of the Producing Party.

9.   **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – ATTORNEYS' EYES ONLY"**

(a)   A Producing Party may designate Discovery Material as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party.  The Parties agree that the following information, if non-public, shall be presumed to merit the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation:  trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

(b)   Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

(i)   The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party,

and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

       (ii)    Not more than three (3) in-house counsel of the Receiving Party, as well as their immediate paralegals and staff to whom disclosure is reasonably necessary for this case, provided that: (a) each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

       (iii)    Any outside expert or consultant retained by the Receiving Party to assist in this action, including their employees, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; (d) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction; and (e) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

       (iv)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

       (v)    The Court, jury, and court personnel;

       (vi)    Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vii)    Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(viii)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

(ix)    In any CBM or other post-grant proceeding so long as the same protections set forth herein apply to said proceeding; and

(x)    Any other person with the prior written consent of the Producing Party.

## 10.    DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE"

(a)    To the extent production of Source Code becomes necessary to the prosecution or defense of the case, a Producing Party may designate Source Code as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" if it comprises or includes confidential, proprietary, and/or trade secret Source Code.

(b)    Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any Party to produce any Source Code.

(c)    Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be subject to the provisions set forth in Paragraph 11 below, and may be disclosed, subject to Paragraph 11 below, solely to:

(i)    The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)     Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iii)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

(iv)     The Court, jury, and court personnel;

(v)      Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(vi)     Any other person with the prior written consent of the Producing Party.

## 11.   DISCLOSURE AND REVIEW OF SOURCE CODE

(a)      Any Source Code that is produced by a party shall be made available for inspection in electronic format at an office of its outside counsel, or any other location mutually agreed by the Parties. The Receiving Party shall make reasonable efforts to restrict its requests for such access to the Source Code to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m. However, upon reasonable notice from the Receiving Party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the Source Code outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the Producing Party's Source Code material at the offices of its

outside counsel shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action.

(b)     Prior to the first inspection of any requested Source Code, the Receiving Party shall provide seven (7) days notice of the first day on which it wishes to inspect the Source Code. The Receiving Party shall provide three (3) days notice prior to the first day of any additional inspection.

(c)     Source Code that is designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

(i)     All Source Code shall be made available by the Producing Party to the Receiving Party's outside counsel and/or experts in a secure room on secured computers without Internet access or network access to other computers and on which all access ports have been disabled (except for one printer port), as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer" in the "Source Code Review Room"). The Producing Party shall initially make Source Code available on two Source Code Computers. Upon seven (7) days notice the Producing Party shall provision the Source Code Computers with tools for reading the Source Code reasonably requested by the Reviewing Party. The Reviewing Party shall provide the license for the review tools, and either (a) a CD or DVD containing such licensed software tool(s), or (b) instructions to download or otherwise obtain such licenses software tool(s) pursuant to the Reviewing Party's license.

(ii)     The Producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code material on the Source Code Computers;

(iii)   The Producing Party will produce Source Code material in computer searchable format (or in the format in which the Source Code material is kept in the ordianrly course of business) on the Source Code Computers as described above;

(iv)   Access to material designated CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE shall be limited to outside counsel and outside consultants or experts[1] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such materials pursuant to Section 12 below. A receiving Party may include excerpts of Source Code material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the Source Code documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(v)   To the extent portions of Source Code material are quoted in a Source Code document, either (1) the entire Source Code document will be stamped and treated as CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE or (2) those pages containing quoted Source Code material will be separately stamped and treated as CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE;

(vi)   Except as set forth in paragraph 11(c)(viii) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(vii)   The receiving Party shall be permitted to make a reasonable number of printouts and photocopies of Source Code material, all of which shall be designated and clearly

---

[1] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

labeled "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," and the receiving Party shall maintain a log of all such files that are printed or photocopied;

(viii)    Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" and shall continue to be treated as such;

(ix)    If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition);

(x)    A producing Party's Source Code material may only be transported by the receiving Party at the direction of a person authorized under paragraph 11(c)(iv) above to another person authorized under paragraph 11(c)(iv) above, on paper or removable electronic media that is encrypted or otherwise password protected (*e.g.*, a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier.  Source Code material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.  Source Code material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 11(c)(ix) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code materials may be loaded onto a stand-alone computer;

(xi)    The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that no unauthorized

electronic records of the Source Code and no information concerning the Source Code are being created or transmitted in any way;

(xii)    The Producing Party shall make available a laser printer with commercially reasonable printing speeds for on-site printing during inspection of the Source Code and with pre-Bates numbered paper that is pre-designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE".  The Receiving Party may print limited portions of the Source Code that the Receiving Party has determined to be directly relevant to its claims or defenses after reviewing such portions of code on-site in the first instance.  Any printed portion that consists of more than fifty (50) pages of a continuous block of Source Code shall be presumed to be excessive, and the burden shall be on the Receiving Party to demonstrate the need for such a printed copy.  The Receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere, and that printing is permitted only when necessary to facilitate the preparation of the Receiving Party's claims or defenses in this matter.  Upon printing any such portions of Source Code, the printed pages shall be collected by the Producing Party.  Within one (1) day, the Producing Party shall provide one copy set of such pages to the Receiving Party and inform the Receiving Party whether it objects that the printed portions are excessive and/or not done for a permitted purpose.  If the Producing Party objects to the scope of the printed Source Code, the Parties shall meet and confer within 2 business days following notification of an objection.  If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Receiving Party shall be entitled to seek a Court resolution of whether the printed Source Code in question is narrowly tailored and was printed for a permitted purpose.  Unless otherwise stated above with regard to consecutive pages, the burden shall be on the Producing Party to demonstrate that such printed portions are more than is

reasonably necessary for a permitted purpose. The printed pages shall constitute part of the Source Code produced by the Producing Party in this action.

(xiii)   All persons who will review a Producing Party's Source Code on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party at least five (5) days in advance of the first time that such person reviews such Source Code. Such identification shall be in addition to any other disclosure required under this Order. All persons viewing Source Code shall sign on each day they view Source Code a log that will include the names of persons who enter the locked room to view the Source Code and when they enter and depart. The Producing Party shall be entitled to a copy of the log upon one (1) day's advance notice to the Receiving Party.

(xiv)   Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room. The Producing Party shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect. Proper identification of all authorized persons shall be provided prior to any access to the secure room or the computer containing Source Code. Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the secure room or the Source Code Computer may be denied, at the discretion of the supplier, to any individual who fails to provide proper identification.

(xv)   Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or

recordable device. The Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities or the offices of its outside counsel of record.

## 12. NOTICE OF DISCLOSURE

(a)    Prior to disclosing any Protected Material to any person described in Paragraphs 8(b)(ii), 8(b)(iii)8(b)(ii),  8(b)(iv), 9(b)(ii), 9(b)(iii), or 10(c)(ii) (referenced below as "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes:

(i)    the name of the Person;

(ii)    an up-to-date curriculum vitae of the Person;

(iii)    the present employer and title of the Person;

(iv)    an identification of all of the Person's past and current employment and consulting relationships, including direct relationships and relationships through entities owned or controlled by the Person, including but not limited to an identification of any individual or entity with or for whom the person is employed or to whom the person provides consulting services relating to the design, development, operation, or patenting of computer and mobile operating systems, or relating to the acquisition of intellectual property assets relating to computer and mobile operating systems;

(v)    an identification of all pending patent applications on which the Person is named as an inventor, in which the Person has any ownership interest, or as to which the Person has had or anticipates in the future any involvement in advising on, consulting on, preparing, prosecuting, drafting, editing, amending, or otherwise affecting the scope of the claims; and

(vi)    a list of the cases in which the Person has testified at deposition or trial within the last five (5) years.

(vii)    within ten (10) days of disclosure the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection.  If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15)

days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order

(b)     Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and serve it on all Parties.

## 13.     CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL

(a)     A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)     Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)     The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute. The Producing Party shall have the burden of justifying the disputed designation;

(ii)     Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation. The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)  Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

## 14.  SUBPOENAS OR COURT ORDERS

If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Discovery Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

## 15.  FILING PROTECTED MATERIAL

(a)  Absent written permission from the Producing Party or a court Order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Material.

(b)  Any Party is authorized under Local Rule 79-5 and the section on "Sealed Documents" in the Court's Standing Order for Civil Cases to file under seal with the Court any brief, document or materials that are designated as Protected Material under this Order. However, nothing in this section shall in any way limit or detract from this Order's requirements as to Source Code.

## 16.  UNINTENTIONAL DISCLOSURE OF PRIVILEGED MATERIAL

(a)  The production (including the production of ESI in a litigation as part of a mass production) by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection will not waive the applicable privilege and/or protection if a request for return of such produced Discovery Material is made promptly after the Producing Party's discovery of the same.

(b)     If the Producing Party notifies the Receiving Party that privileged materials (hereinafter referred to as the "Identified Materials" have been produced, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party or destroy them, at the request of the producing party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.     (c)     The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents of them before the notice was made.

(c)     If any receiving party is in receipt of a document from a producing party which the receiving party has reason to believe is privileged, the receiving party shall in good faith take reasonable steps to promptly notify the producing party of the production of that document so that the producing party may make a determination of whether it wishes to have the documents returned or destroyed pursuant to this Stipulated Protective Order.

(d)     The party returning the Identified Materials may move the Court for an order compelling production of some or all of the material returned or destroyed, but the basis for such a motion may not be the fact or circumstances of the production

## 17.   <u>INADVERTENT FAILURE TO DESIGNATE PROPERLY</u>

(a)     The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties.  Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

(b)     A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order. Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material (subject to the exception in Paragraph 17(c) below) at the appropriately designated level pursuant to the terms of this Order.

(c)     Notwithstanding the above, a subsequent designation of "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" shall apply on a going forward basis and shall not disqualify anyone who reviewed "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" materials while the materials were not marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" from engaging in the activities set forth in Paragraph 6(b).

## 18.    **INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

(a)     In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made

(b)     Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

## 19.   **FINAL DISPOSITION**

(a)     Not later than ninety (90) days after the Final Disposition of this case, each Party shall return all Discovery Material of a Producing Party to the respective outside counsel of the Producing Party or destroy such Material, at the option of the Producing Party.  For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

(b)     All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective outside counsel of the Producing Party or destroyed.  Notwithstanding the provisions for return of Discovery Material, outside counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document productions) for archival purposes, but must return any pleadings, correspondence, and consultant work product that contain Source Code.

## 20.   **MISCELLANEOUS**

(a)     Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)     Termination of Matter and Retention of Jurisdiction.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter.  The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

(c)     Successors.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

     (d)    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

     (e)    <u>Burdens of Proof</u>. Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

     (f)    <u>Modification by Court</u>. This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice. The United States District Court for Eastern District of Texas is responsible for the interpretation and enforcement of this Order. All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Eastern District of Texas.

     (g)    <u>Discovery Rules Remain Unchanged</u>. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the Eastern District of Texas, or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the Eastern District of Texas, or the Court's own orders.

**So Ordered this**

Dec 13, 2018

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED SERVICES AUTOMOBILE ASSOCIATION a Texas reciprocal inter-insurance exchange, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) ) ) | Civil Action No. 2:16-CV-366 JURY TRIAL DEMANDED |
| WELLS FARGO BANK, N.A., a national banking association, | ) ) | |
| | ) | |
| Defendant. | ) | |

---

## EXHIBIT A
## UNDERTAKING OF EXPERTS, CONSULTANTS, DESIGNATED REPRESENTATIVES, AND/OR THIRD PARTIES REGARDING PROTECTIVE ORDER

I, _____, declare that:

1.  My address is _____.

    My current employer is _____.

    My current occupation is _____.

2.  I have received a copy of the Protective Order in this Litigation. I have carefully read and understand the provisions of the Protective Order.

3.  I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this Litigation any information designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" that is disclosed to me.

4.      Promptly upon termination of this Litigation, I will return all documents and things designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the Party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this Litigation.

6.      I declare under penalty of perjury that the foregoing is true and correct.


Signature  _____

Date  _____

# EXHIBIT 8

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED SERVICES AUTOMOBILE ASSOCIATION, a Texas reciprocal inter-insurance exchange, | § § § | |
| | § | |
| Plaintiff, | § § | CIVIL ACTION NO. 2:18-CV-366-JRG |
| v. | § § | **JURY TRIAL DEMANDED** |
| | § | |
| WELLS FARGO BANK, N.A., a national banking association, | § § | **FILED UNDER SEAL** |
| | § § | |
| Defendant. | § | |

## UNITED SERVICES AUTOMOBILE ASSOCIATION'S OPPOSITION TO DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO STRIKE PORTIONS OF THE WEINSTEIN REPORT

# TABLE OF CONTENTS

**Page**

I.   ARGUMENT ...................................................................................................................... 1

   A.   Mr. Weinstein's Discussion of Profits Attributable to Avoidance of
        Specialized Equipment is Proper ........................................................................... 1

   B.   Mr. Weinstein's Reliance on Mr. Calman's Apportionment Model is
        Proper ...................................................................................................................... 7

   C.   Mr. Weinstein's Discussion of Wells Fargo's CBM Petitions is Proper ................ 7

II.  CONCLUSION .................................................................................................................. 8

# TABLE OF AUTHORITIES

<div align="right">

**Page(s)**

</div>

**Cases**

*Carnegie Mellon University v. Marvell Technology Group,*
No. 09–290, 2012 WL 3679564 (W.D. Pa. Aug. 24, 2012) ................................................. 5

*Content Guard Holdings, Inc. v. Amazon.com, Inc.,*
No. 2:13-CV-1112-JRG, 2015 WL 11089749 (E.D. Tex. Aug. 6, 2015) .......................... 6

*Ergotron, Inc. v. Rubbermaid Commercial Prods., LLC,*
2012 WL 3733578 (D. Minn. Aug. 28, 2012) ................................................................ 5

*Ericsson Inc. v. D-Link Sys., Inc.,*
No. 6:10-CV-473, 2013 WL 4046225, at *15 (E.D. Tex. Aug. 6, 2013), *aff'd in*
*relevant part*, 773 F.3d 1201 (Fed. Cir. 2014) ....................................................... 4, 5

*Finjan, Inc. v. Blue Coat Sys., Inc.,*
No. 13-CV-03999-BLF, 2015 WL 4129193 (N.D. Cal. June 8, 2015) ............................. 5

*Georgia–Pacific Corp. v. U.S. Plywood Corp.,*
318 F. Supp. 1116 (S.D.N.Y.1970) ................................................................................. 1

*Hanson v. Alpine Valley Ski Area, Inc.,*
718 F.2d 1075 (Fed. Cir. 1983) ....................................................................................... 2

*LaserDynamics, Inc. v. Quanta Comput. Inc.,*
694 F.3d 51 (Fed. Cir. 2012) ........................................................................................... 6

*Lucent Techs.,*
580 F.3d at 1324 ................................................................................................................ 1

*PACT XPP Techs., AG v. Xilinx, Inc.,*
No. 2:07–CV–563–RSP, 2012 WL 1666390 (E.D. Tex. May 11, 2012) .......................... 5

*Personal Audio, LLC v. Apple, Inc.,*
No. 9:09CV111, 2011 WL 13135065 (E.D. Tex. Aug. 19, 2011) ................................ 6, 7

*Powell v. Home Depot U.S.A., Inc.,*
663 F.3d 1221 (Fed. Cir. 2011) ....................................................................................... 5

*Prism Techs. LLC v. Sprint Spectrum L.P.,*
849 F.3d 1360 (Fed. Cir. 2017) .................................................................................. 1, 2

*Zygo Corp. v. Wyko Corp.,*
79 F.3d 1563 (Fed. Cir. 1996) ......................................................................................... 6

# I.  ARGUMENT

## A.  Mr. Weinstein's Discussion of Profits Attributable to Avoidance of Specialized Equipment is Proper

As part of his damages analysis, Mr. Weinstein properly addresses Georgia-Pacific factors 9, 10, and 13, which consider "the utility and advantages of the patent property over the old modes or devices, if any, that had been used for working out similar results," (Factor 9) "the nature of the patented invention, the character of the commercial embodiment of it as owned and produced by the licensor; and the benefits to those who have used the invention," (Factor 10) and "the portion of the realizable profit that should be credited to the invention" (Factor 13). *Georgia–Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y.1970). In his analysis, Mr. Weinstein considers what would be the cost to Wells Fargo of implementing a non-infringing alternative, in this case the use of specialized scanners in lieu of general-purpose devices. Ex. 1 (Weinstein Report) ¶¶ 114-116.

It is blackletter law that the cost (including the commercial impact) of a non-infringing alternative is a proper measure of damages: "[t]he hypothetical-negotiation approach to calculating reasonable-royalty damages 'attempts to ascertain the royalty upon which the parties would have agreed had they successfully negotiated an agreement just before infringement began.'" *See Prism Techs. LLC v. Sprint Spectrum L.P.*, 849 F.3d 1360, 1375–76 (Fed. Cir. 2017) (quoting *Lucent Techs.*, 580 F.3d at 1324). "[T]hat requirement for valuing the patented technology can be met if the patentee adequately shows that the defendant's infringement allowed it to avoid taking **a different, more costly course of action**." *Id.* at 1376. (emphasis added). "A price for a hypothetical license may appropriately be based on consideration of the 'costs and availability of non-infringing alternatives' and the potential infringer's 'cost savings.'" *Id.*

For example, in *Prism,* the patentee's principal damages evidence was based on estimated costs that the infringer avoided by infringing. *Id.* at 1375. "A trial, [the patentee] presented evidence that a reasonable royalty would reflect [the infringer's] willingness, in a hypothetical negotiation, to

pay an amount calculated by reference to **the costs that [the infringer], in order to provide its customers the kind of service it wanted to offer them, would have incurred if it had chosen not to infringe.**" *Id.* The court determined that it was appropriate for the damages calculations to be based on these figures. *Id.*

Additionally, in *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1080 (Fed. Cir. 1983), the Federal Circuit concluded that the magistrate correctly based the reasonable royalty rate on the "estimated cost savings resulting **from the use of the [patentee's] method instead of the compressed air method of making snow**, calculated on the basis of savings of $75 per machine multiplied by the snowmaking capacity of the machine times the number of years used." *Id.* (emphasis added).

Wells Fargo raises three challenges to Mr. Weinstein's non-infringing alternative analysis. First, Wells Fargo asserts that the analysis violates the market value rule. This is incorrect on its face. Mr. Weinstein does not attribute 100% of the profits and benefits of MRDC to the patents in suit. Instead, he is analyzing what the cost would be to Wells Fargo of switching to the non-infringing alternative. In specific, he calculates that ██████████████████████████ ████████████████████████████████████████████████ ██████████████████████ Ex. 1 at ¶ 116. The fact that the use of the non-infringing alternative of specialized scanners would be catastrophic to Wells Fargo's profits from its MRDC customers may be a very bad fact, but it does not violate the entire market value rule.

Second, Wells Fargo argues that the analysis is improper because it 'assumes' that only three percent of MRDC customers would remain with Well Fargo if it had to only offer the non-infringing alternative. This is a challenge to the factual basis for Mr. Weinstein's report, which is a proper subject for cross-examination. Mr. Weinstein engages in a direct comparison between Deposit@Home, USAA's scanner-based check deposit system, and Deposit@Mobile, the

application for mobile phones. As Mr. Weinstein makes clear, ████████████████████ ████████████████████████████████████████.” Ex. 1, ¶ 116. This information is based on deposition testimony of Charles Oakes, internal USAA documents, news articles, and conversations with Matthew Calman. *Id.* Based on these data, he estimates that Wells Fargo would lose ████████████████████████████████████████ ████████████ The analysis is consistent with the fact that the non-infringing alternative would require the purchase of extremely expensive specialized check-scanning devices, which USAA's experts observe cost hundreds of dollars. Ex. 2 (Calman Report) at ¶ 405.The analysis also directly accords with Wells Fargo's own internal analysis. Wells Fargo concluded that because it its extraordinary cost, Wells Fargo's system which relied on specialized scanners was simply not viable:

Ex. 3 (Ajami Depo.), 34:2-9.

*Id.* at 34:13-35:2.

*Id.* at 35:19-36:2.

Third, Wells Fargo that the cost to Wells Fargo of using specialized scanners is somehow not relevant because Mr. Weinstein does not base his final damages calculation on this number. Not So. Wells Fargo's damages expert attempts to minimize the benefits of check deposit using a general-purpose device, arguing that ████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████." Ex. 4 (Gerardi Report) at ¶ 132. Mr. Weinstein's analysis of the profits Wells Fargo would lose by foregoing the patented invention and using the "old modes" (including Wells Fargo's Desktop Deposit) with a dedicated check scanning device directly responds to the notion that "using a phone versus a scanner" is an insubstantial difference.

The Weinstein Report does not use the entire market value of either Wells Fargo's checking account product or MRDC as the royalty base. Instead, the report uses as a royalty base the apportioned contribution of the patents-in-suit to the value of MRDC as a whole. Ex. 1, ¶ 186. Specifically, Mr. Weinstein calculates the value of MRDC to Wells Fargo based on the quantifiable benefits attributable to fraud prevention and MRDC as an alternative to ATM deposits. *Id.*, ¶ 185. The report then apportions this number based on the contribution of the patents-in-suit to the value of MDRC, a factor derived from a detailed technical analysis by the technologist who built Bank of America's MRDC system. *Id.*, Ex. 2 ¶¶ 342-427. The report then concludes that in a hypothetical negotiation Wells Fargo would claim ████████████████████████████████████████ ███████████ Ex 1, ¶ 186.

The law plainly allows an expert to use the total value of the infringing product as a starting point in an apportionment analysis. For example, in *Ericsson*, the Federal Circuit affirmed the district court's admission of expert testimony that started with the whole product price but properly

apportioned down to the "market value of the contribution of the asserted patents to the end products." *Ericsson Inc. v. D-Link Sys., Inc.*, No. 6:10-CV-473, 2013 WL 4046225, at *15 (E.D. Tex. Aug. 6, 2013), *aff'd in relevant part*, 773 F.3d 1201 (Fed. Cir. 2014). Similarly, in *Carnegie Mellon University v. Marvell Technology Group*, No. 09-CV-290 (Civil), 2012 WL 3679564, at *4 (W.D. Pa. Aug. 24, 2012), the Court found plaintiff's expert "has not applied the entire market value rule simply by referencing [defendant's] total operating profit on a per unit-basis. Instead she has used the average operating profit as a starting point for her apportionment analysis." *See also PACT XPP Techs., AG v. Xilinx, Inc.*, No. 2:07–CV–563–RSP, 2012 WL 1666390, at *2 (E.D. Tex. May 11, 2012) (finding that although the plaintiff's expert started with the whole product price, the expert "apportioned the average sales prices of the accused products to account for the contribution of the unpatented features to the accused products' value, and therefore did not invoke the entire market value rule"); *Finjan, Inc. v. Blue Coat Sys., Inc.*, No. 13-CV-03999-BLF, 2015 WL 4129193, at *4 (N.D. Cal. June 8, 2015) (noting that "total revenues for the accused products . . . is relevant and probative if properly apportioned" and permitting patentee to use such revenues "as a starting point for a properly apportioned royalty base."). As the court explained in Carnegie Mellon, "an apportionment analysis needs to start somewhere, and simply starting with the total operating profit does not inherently invoke the entire market value rule." *Carnegie Mellon*, 2012 WL 3679564, at *4.

*Powell v. Home Depot U.S.A., Inc.*, 663 F.3d 1221, 1240 (Fed. Cir. 2011) is on point. In that case the patent covered a saw guard. The expert was allowed to testify to the jury regarding the per unit cost of replacing the saw that was used with the infringing guard ("8,500 per unit"), and the per year amounts Home Depot paid for saw injuries. *Id.* at 1239, 1240. ("when considering the amount of a use-based reasonable royalty 'adequate to compensate for the infringement,' a jury may consider not only the benefit to the patentee in licensing the technology, but also the value of the benefit conferred to the infringer by use of the patented technology"). Simply put, the benefits of the saw

enabled with the guard were the starting point presented to the jury. *See also Ergotron, Inc. v. Rubbermaid Commercial Prods., LLC*, No. 10-2010 ADM/JJG, 2012 WL 3733578, at *13 (D. Minn. Aug. 28, 2012) ("It is not improper for an expert to consider profits of an infringer, rather, it is endorsed."); *Zygo Corp. v. Wyko Corp.*, 79 F.3d 1563, 1571-72 (Fed. Cir. 1996) (ruling that existence of non-infringing device is a factor to consider in determining royalty that would result from hypothetical negotiation). The fact that Mr. Weinstein ultimately did not include these profits as a part of his damages calculation goes to the testimony's weight, not its admissibility, and thus is properly addressed in cross-examination, rather than through a *Daubert* motion.

The cases cited by Wells Fargo in support of its motion are inapposite. In *LaserDynamics*, the Federal Circuit concluded that the plaintiff's expert "unquestionably advanced an entire market value rule theory" when he brought a 6% royalty rate on an entire laptop down to a 2% royalty rate for just the accused disk drive using a method that "appear[ed] to have been plucked out of thin air." *LaserDynamics, Inc. v. Quanta Comput. Inc.*, 694 F.3d 51, 68-69 (Fed. Cir. 2012). The court therefore did not have occasion to address an appropriate starting point for an apportionment analysis, given that the expert did not properly apportion the royalty base at all, but instead applied an entire market value rule theory.

In *Content Guard Holdings, Inc. v. Amazon.com, Inc.*, the expert was instructed not to testify to the total revenue or total profits of the defendants (Apple, Google, Huawei, HTC, Motorola, and Samsung). The court said nothing about the expert testifying about the profits specifically attributable to the accused infringing products. No. 2:13-CV-1112-JRG, 2015 WL 11089749, at *4 (E.D. Tex. Aug. 6, 2015).

In *Personal Audio*, the accused functionality was the ability to download playlists from iTunes onto an iPod. The court rejected the argument that an expert "improperly relied on the entire market value rule by 'testif[ying] as one of the checks in his analysis that his damages number would

be 3 percent of the total iPod profits.'" *Personal Audio, LLC v. Apple, Inc.*, No. 9:09CV111, 2011 WL 13135065, at *24 (E.D. Tex. Aug. 19, 2011) ("The court does not find that Mr. Nawrocki's statement that he apportioned approximately ninety-seven percent of Apple's per unit profit to Apple and three percent to the patented features 'skewed the damages horizon' for the jury or taints the jury's damages award.") That the court did not allow the expert to testify as to all profits from the iPod is not relevant here. Mr. Weinstein does not intend to testify as to all profits attributable to Wells Fargo checking accounts, or even to the Wells Fargo mobile app. Mr. Weinstein's calculations as to the value of MRDC are already apportioned to exclude general profits from checking accounts and the mobile app. His discussion of the profits attributable to consumer avoidance of specialized technology relates only to the value of MRDC, and thus are more akin to the profits related directly to iTunes in the *Personal Audio* case.

Because Mr. Weinstein's discussion of Wells Fargo's profits attributable to the avoidance of specialized devices is relevant, not an improper entire market value analysis, and supported by the independent sources properly considered by Mr. Weinstein, the motion to strike should be denied.

## B. Mr. Weinstein's Reliance on Mr. Calman's Apportionment Model is Proper

Wells Fargo asks the Court to strike paragraphs from Mr. Weinstein's report incorporating by reference portions of the opening expert report of Mr. Calman, a USAA banking industry expert who opined on certain issues relating to infringement and damages. Mot., at 5. Wells Fargo does not argue that Mr. Weinstein's reliance on Mr. Calman's opinions is improper in any way, but rather simply cross-references its arguments in its separate motion to strike portions of Mr. Calman's report (Dkt. 75). USAA incorporates by reference its opposition to Wells Fargo's motion to strike Mr. Calman's opening report, which is being filed at the same time as this brief.

### C.    Mr. Weinstein's Discussion of Wells Fargo's CBM Petitions is Proper

Wells Fargo objects to any discussion of the CBM denials involving the patents in suit. USAA only intends to introduce the CBM denials if Wells Fargo opens the door.  There are two areas of concern.  First, if Wells Fargo argues that art or arguments that were before the PTAB in the CBM proceedings were not before the PTO.  And, second, if Wells Fargo argues that others in the community questioned the validity of USAA's patents.

If Wells Fargo argues that others in the community questioned the patentability of the technology USAA offered, it will open the door to USAA presenting evidence of the CBM review. In particular, Mr. Gerardi notes in his report that ███████████████████████████

████████████████████████████████████████████████████████████

███████████████ Ex. 4 (Gerardi Report), ¶ 69.

In his report, Mr. Weinstein references the CBM petitions in order to place in context the USAA's efforts to license the patents-in-suit.  Specifically, USAA offered ████████████████

████████████████████████████████████████████████████████████

Weinstein Report at ¶ 55, n.101.  Mr. Weinstein explains that publicly available statistics show the PTAB institutes CBM reviews a majority of the time and that the vast majority of patents are completely invalidated in CBM trials.  *Id.*  He also cites the testimony of Nathan McKinley, who was personally involved in USAA's licensing program and testified that the ██████████████████

████████████████████████████████████████████████████████████

██████████████████ Ex. 5 (McKinley Depo.), 105:4-106:9.  Wells Fargo cannot have it both ways.  If it wants to rely on random hearsay comments from third parties that are not even specially directed to the patents in suit, USAA should have the right to put those discussions in context.

## II.    CONCLUSION

For the foregoing reasons, the Court should deny Defendant's motion to exclude the opinions and testimony of USAA's expert Roy Weinstein.

DATED:  November 12, 2019

Respectfully submitted,

By: /s/            Robert C. Bunt

Jason Sheasby - *Pro Hac Vice*
Lead Attorney
Lisa Glasser – *Pro Hac Vice*
Anthony Rowles - *Pro Hac Vice*
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
Telephone: (310) 277-1010
Facsimile:  (310) 203-7199

Robert C. Bunt
TX Bar No. 00787165
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Facsimile:  (903) 533-9687

***Attorneys for Plaintiff United Services
Automobile Association (USAA)***

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2019 I caused a copy of the foregoing document to

be served by electronic mail on Defendant's counsel of record.

/s/ Benjamin Manzin-Monnin
Benjamin Manzin-Monnin

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned hereby certifies that, under L.R. CV-5(a)(7)(B), the foregoing document is

filed under seal pursuant to the Court's Protective Order entered in this matter (Dkt. No. 34).

/s/ Robert C. Bunt

# EXHIBIT 9

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED SERVICES AUTOMOBILE ASSOCIATION, a Texas reciprocal inter-insurance exchange, | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 2:18-CV-366-JRG |
| v. | § § | **JURY TRIAL DEMANDED** |
| WELLS FARGO BANK, N.A., a national banking association, | § § § | **FILED UNDER SEAL** |
| Defendant. | § § | |

## UNITED SERVICES AUTOMOBILE ASSOCIATION'S OPPOSITION TO DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO EXCLUDE AND/OR STRIKE EXPERT TESTIMONY PROVIDED BY MR. CALMAN

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................................1

II. ARGUMENT ...............................................................................................................1

    A. Apportionment ...................................................................................................1

    B. Technology Background (Paragraphs 54-96) ...................................................6

    C. USAA Asserted Patents – USAA Background (Paragraphs 97-114)............6

    D. History of Remote Check Deposit at USAA (Paragraphs 115-127) .............7

    E. USAA's Interactions with Mitek (Paragraphs 128-131) ...............................7

    F. Mitek Litigation/Fiserv (Paragraphs 132-133) ............................................7

    G. Background of Asserted Patents (Paragraphs 134-156) ...............................8

    H. Wells Fargo's Conduct (Paragraphs 322-329) .............................................8

    I. Adaptation of Dr. Conte's Analysis (Paragraphs 170-321).........................9

    J. References to PTAB Proceedings, Unasserted Patents, and USAA/Mitek Litigation (Paragraphs 134 and 137; 330-341; 128-133)........................................................................................................... 10

    K. Comparison between Deposit@Mobile and Wells Fargo's Product (Paragraphs 129 and 348-355).................................................................... 11

III. CONCLUSION......................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Akamai Techs., Inc. v. Cable & Wireless Internet Servs., Inc.*,
 344 F.3d 1186 (Fed. Cir. 2003) ...................................................................11

*Apple Inc. v. Motorola, Inc.*,
 757 F.3d 1286, 1325 (Fed. Cir. 2014) ..........................................................2

*Grain Processing Corp. v. Am. Maize-Prods. Co.*,
 185 F.3d 1341 (Fed. Cir. 1999) .....................................................................1

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
 136 S. Ct. 1923 (2016).....................................................................................8

*Hunt v. McNeil Consumer Healthcare*,
 297 F.R.D. 268 (E.D. La. 2014) ...........................................................10, 11

*LaserDynamics*,
 No. 2:06-CV-348, 2011 WL 197869, at *3 (E.D. Tex. Jan 20, 2011) ...........1, 2

*Mentor Graphics Corp. v. EVE-USA, Inc.*,
 851 F.3d 1275 (Fed. Cir. 2017) .....................................................................3

*Motiva Patents, LLC v. Sony Corp.*,
 No. 918CV00179JRGKFG, 2019 WL 4737051 (E.D. Tex. Sept. 27,
 2019)..................................................................................................................8

*Read Corp. v. Portec, Inc.*,
 970 F.2d 816 (Fed. Cir. 1992) .....................................................................11

*VirnetX Inc. v. Apple Inc.*,
 324 F. Supp. 3d 836 (E.D. Tex. 2017)............................................................8

*Virnetx, Inc. v. Cisco Systems, Inc.*,
 767 F.3d 1308 (Fed. Cir. 2014) ...........................................................3, 4, 5

*Williamson v. Citrix Online, LLC*,
 792 F.3d 1339 (Fed. Cir. 2015) .....................................................................2

*Wyers v. Master Lock Co.*,
 616 F.3d 1231 (Fed. Cir. 2010) ...................................................................11

## I.    INTRODUCTION

Wells Fargo's *Daubert* motion asks the Court to weigh facts in lieu of a jury. Mr. Calman used Wells Fargo's own data regarding actual fraud losses prevented during the period of Wells Fargo's infringement and apportioned those fraud losses down to the specific contributions of the asserted patents. His apportionment is based on a detailed technical analysis of fraud prevention and the patented techniques as compared to numerous potential alternatives, as well as admissions from Wells Fargo's corporate representatives that Wells Fargo relies almost entirely on the patented techniques to prevent fraud losses from the Wells Fargo MRDC system. While Wells Fargo may not like the result of Mr. Calman's analyses, its criticisms go entirely to the weight of the testimony and do not justify keeping Mr. Calman's opinions from the jury.

## II.    ARGUMENT

### A.    Apportionment

Wells Fargo first argues that Mr. Calman fails to take into account ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Mot. at 3. Wells claims that "Mr. Newman identified viable non-infringing alternatives to fraud-reduction and fraud-prevention features discussed by Mr. Calman in his report." *Id.* Mr. Newman did no such thing. As discussed in more detail in USAA's Motion to Strike the Expert Report of John Villasenor, Dkt. No. 82, "[t]o be an acceptable non-infringing substitute, the substitute 'must be available or on the market at the time of infringement.'" *LaserDynamics*, No. 2:06-CV-348, 2011 WL 197869, at *3 (E.D. Tex. Jan 20, 2011) (quoting *Grain Processing Corp. v. Am. Maize-Prods. Co.*, 185 F.3d 1341, 1350 (Fed. Cir. 1999)). Mr. Newman provided testimony regarding ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Ex. 2 (Newman Depo.) at 147:11-14, 147:18-24 151:9-13, 152:17-25, 153:19-154:6, 157:21-23, 159:7-10, 164:13-14,

169:9-11. He provided no analysis whatsoever as to whether other systems such as the system designed by Wells Fargo could accept this modification. To the contrary, he identified the modification ███████████████████████████████████.″ *Id.* at 157:25-158:3. Nor has Wells Fargo's own expert opined that Wells Fargo ████████████████████████████ ████████████████████████████████████████ *See,* Ex. 5 (Villasenor Report) at ¶¶ 192-201; Ex. 4 (Gerardi Report) at ¶¶ 90-92.

Even assuming *arguendo* the option discussed by Mr. Newman is a non-infringing alternative, that would not provide a basis to strike this portion of Mr. Calman's report. There is no "requirement that a patentee value every potential non-infringing alternative in order for its damages testimony to be admissible." *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1325 (Fed. Cir. 2014), *overruled on other grounds by Williamson v. Citrix Online, LLC*, 792 F.3d 1339 (Fed. Cir. 2015). Mr. Calman's apportionment analysis is appropriate, as he devotes a section of his report to analyzing numerous potential non-infringing alternatives. The fact that he did not identify the specific alleged alternatives Wells Fargo identifies in its motion at most goes to the weight of Mr. Calman's testimony.

Wells argues that Mr. Calman ███████████████████████████ ████████████████████████████████████████████████ ████████████████████████████ and that if Mr. Calman had taken Mr. Newman's testimony into account, that opinion would be different. Mot. At 4. This is an argument that goes to weight. But it is also based on an incorrect premise. First, it is accurate that Wells Fargo's corporate representative could not identify any non-infringing alternatives. Second, the relevant analysis for non-infringing alternatives is whether ***Wells Fargo*** (the accused infringer) had a viable non-infringing alternative it could implement. There is no evidence that USAA's corporate representative Mr. Newman—an engineer working on

USAA's back-end servers—has any knowledge of Wells Fargo's systems, capabilities, or what would be a commercially acceptable alternative for Wells Fargo. *See Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275, 1288 (Fed. Cir. 2017) (jury properly found there were no available non-infringing alternatives where the only acceptable alternatives were either patentee's product or an infringing product).

Wells Fargo's second argument, that Mr. Calman ███████████████████████ ██████████████████████ and thus his opinions violate the entire market value rule, is also incorrect. Mot. at 4. First, Mr. Calman's apportionment analysis properly begins with Wells Fargo MRDC product and "estimate[s] what portion of the value of that product is attributable to the patented technology." *Virnetx, Inc. v. Cisco Systems, Inc.*, 767 F.3d 1308, 1327 (Fed. Cir. 2014). Mr. Calman never attributes 100% of the value of Wells Fargo's MRDC product to the asserted patents. To the contrary, Mr. Calman specifically identifies each of technological fraud prevention features covered by the patent claims, and only apportions for the incremental value of *those particular features* in Wells Fargo's accused product. Ex. 1, (Calman Report) ¶ 407 (describing patented features, *e.g.*, duplicate detection, amount verification, and endorsement checking); ¶¶ 421, 425. Thus, Mr. Calman did not calculate "a percentage of the entire value of [Wells Fargo's accused product]," but instead focused on the "patent practicing [feature]." *Virnetx*, 767 F.3d at 1329.

Wells Fargo's complaint appears to be that, once Mr. Calman apportioned down to the specific duplicate check-detection technique claimed by the asserted patents, he attributed all of the value of that feature to the asserted patents. *See* Mot. at 4 ████████████ ████████████████████████████████████████████████ ████████████████████ But this is precisely what an apportionment analysis is supposed to do: factor out the unpatented features and focus on the specific contributions of

the asserted patents. Once Mr. Calman apportioned down to the specific duplicate detection techniques implemented in the accused products, no further apportionment was required because, as Mr. Calman explained in his report, ██████████████████████████████████ ██████████████████████████████." Ex. 1, ¶ 425 (emphasis added).[1] This is proper apportionment analysis.

Wells Fargo's third argument, that Mr. Calman improperly applied a "rule of thumb" in his analysis, also mischaracterizes Mr. Calman's opinions. After apportioning fraud losses resulting from duplicate check deposits, Mr. Calman considers the "non-duplicate" losses attributable to the patented techniques. Ex. 1, ¶ 425. Mr. Calman ultimately concludes that at least ██████████████████████████████████████████ ██████████████████████████████████████████ ██████████████████████████████." *Id.* In support of his opinion, Mr. Calman cites data from Wells Fargo showing that ~10% of MRDC deposits over the period of 2017-2018 failed MICR or amount checks, both of which are expressly recited in the patents. *See, e.g.,* '681 cl. 1 ("confirming that a deposit can go forward after optical character recognition (OCR) is performed on the check, the optical character recognition (OCR) determining an amount of the check, comparing the determined amount to an amount indicated by the user, and reading a Magnetic Ink Character Recognition (MICR) line of the check"); cl. 10 ("The system of claim 1, wherein the confirming occurs after duplicate detection is performed on the check"); '605 cl. 1 ("confirming that the deposit can go forward after performing an optical character recognition on the check, the optical character

---

[1] Wells Fargo also repeats its prior argument that Mr. Calman did not take certain alleged non-infringing alternatives into account in his analysis. As discussed directly above, there is no evidence that those alternatives exists or were available at any time, and no evidence that Wells Fargo could implement those alternatives in its accused product.

recognition including determining an amount of the check, comparing the determined amount to an amount entered by the user into the portable device, and reading a MICR line of the check"); '227 cl. 1 ("determine whether there is an error in said deposit of said check, by validating a routing number associated with said check, determining whether said check was previously deposited, and comparing said amount of said check to an amount determined by performing OCR on said image"); '136 cl. 1 ("perform optical character recognition on the check image to determine a routing number for the check image; validate the routing number for the check image"). Mr. Calman also relies on the testimony from Wells Fargo's corporate representative, Mr. Darpally, that ███████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████ *Id.* Indeed, Mr. Calman noted that it was impossible to perform this type of fraud check without the patent. Ex. 1, ¶ 409. Simply put, the fraud protection in this category is all connected to the patents in suit. This would support claiming 100% of the other fraud loses to the patent. But Mr. Calman does not do this. He attributes value to the EWS services. Ex. 1, ¶ 410. His ultimate conclusion on apportionment of these non-duplicate losses is not "plucked from thin" air as Wells Fargo would suggest, but based on the data and analysis provided in Mr. Calman's report, as he states: ████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████ *Id.* at ¶ 425.

Mr. Calman never purports to apply any sort of "rule of thumb" or generally-applicable principle that 25% is a fair apportionment. As noted above, Mr. Calman clearly explains that the basis for his 25% conclusion is the facts of *this* case, including Wells Fargo's data and

30(b)(6) testimony.  If Wells Fargo believes the evidence does not adequately support Mr. Calman's ultimate opinion it can test that analysis on cross-examination.

### B. Technology Background (Paragraphs 54-96)[2]

Paragraphs 56-96 give an explanation on the technological environment in which the inventions occurred, and the unique challenges facing mobile remote deposit capture (MRDC).  This information explains why the invention is important and valuable, relevant to damages, and a technological solution, relevant to Section 101.  For example, Mr. Calman discusses the digitization of the check deposit process:



Ex. 1, ¶ 57.  This is directly relevant to Mr. Calman's damages discussion of alternatives in the market involving specialized capture devices. *E.g.*, Ex. 1, ¶¶ 403-407 ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮  Moreover, Wells Fargo's own witnesses give an identical type of background analysis. Ex. 6 (Saffici Report) at ¶¶ 38-54; Ex. 4 (Gerardi Report) at ¶¶ 46-64.

### C. USAA Asserted Patents – USAA Background (Paragraphs 97-114)

Paragraphs 97-114 give a background on USAA and the asserted patents at issue in this case. Wells Fargo does not identify anything prejudicial or irrelevant in these paragraphs.

---

[2] Wells Fargo asks this Court to indiscriminately strike paragraphs 54-156—103 paragraphs—of Mr. Calman's report wholesale, characterizing all of it as a "narrative rehashing." Mot. at 6.  Paragraphs 54 through 156 cannot simply be lumped together in that fashion, as those paragraphs cover very different topics and are directly relevant to Mr. Calman's opinion as a whole in different ways.

A jury is entitled to hear about USAA's background and Mr. Calman's organization of information, all of which is rigorously cited, will speed up this process.

### D. History of Remote Check Deposit at USAA (Paragraphs 115-127)

Paragraphs 115-127 are directly relevant to the development of MRDC in the banking industry. This analysis is relevant to establishing that USAA was a technology leader in MDRC, and was dramatically ahead of the industry, which goes to damages. Mr. Calman is uniquely qualified to render this type of opinion because he built Bank of America's first MRDC system.

### E. USAA's Interactions with Mitek (Paragraphs 128-131)

Paragraphs 128-131 provide foundation for when Mitek (Wells Fargo's software provider) first presented a working MRDC system—Mr. Calman places it in 2011 based on a comparison of deposition testimony and public statements by Mitek. Ex. 1, ¶ 130. It is a technical opinion, and it shows that the industry was far behind USAA, which is highly relevant to damages and directly responsive to Wells Fargo's repeated argument that it did not need USAA's technology because it had Mitek.

### F. Mitek Litigation/Fiserv (Paragraphs 132-133)

Paragraphs 132-133 are directly relevant to this case for multiple reasons. First, in the related -245 litigation, Wells Fargo repeatedly pointed the finger at Mitek throughout trial, including as early as in its opening statement, and through calling Mitek's corporate representative in its case-in-chief. Mr. Calman's discussion of Mitek is directly relevant to Mitek's role in this litigation. But unlike the -245 case, Wells Fargo has not dropped its equitable estoppel defense in this case yet. That defense is expressly premised on the 2012 USAA/Mitek litigation discussed at Paragraph 132. Further, Fiserv's request for

indemnification as to USAA's patents is circumstantial evidence that Wells Fargo was aware of USAA's patents.

### G.    Background of Asserted Patents (Paragraphs 134-156)

Paragraphs 134-156 provide a detailed technical explanation of the inventions, as well as the problems that inventions were designed to address. Mr. Calman is a technical expert, and this technical discussion is appropriate. His opinions go to damages (e.g., the value of the technology), the invention story, and Section 101 if Wells Fargo chooses to try the issue.[3]

### H.    Wells Fargo's Conduct (Paragraphs 322-329)

The question of whether a defendant had knowledge of the patents in suit is directly relevant to willfulness. *VirnetX Inc. v. Apple Inc.*, 324 F. Supp. 3d 836, 859 (E.D. Tex. 2017) ("culpability for willfulness is 'measured against the knowledge of the actor at the time of the challenged conduct'") (quoting *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1933 (2016)); *Motiva Patents, LLC v. Sony Corp.*, No. 918CV00179JRGKFG, 2019 WL 4737051 (E.D. Tex. Sept. 27, 2019) (patentee's allegations that competitor had knowledge of patent, in the form of willful blindness, were sufficient to state claim for willful infringement). The paragraphs challenged provide substantial evidence of willful blindness.

Paragraph 323: Mr. Calman notes that the 

---

[3] This Court recognized in Case 1 that much of the evidence in Paragraphs 56-156 is directly relevant to the question of patentability for Section 101 Step 2, and thus "if the Step 2 question from the Alice analysis gets to the jury, I'm going to allow this testimony to be presented." Ex. 3, (10-19-19 Pretrial Conference Transcript) 31:6-13. At a minimum, the Court should carry its decision on this section of Mr. Calman's report until it resolves the Section 101 issue.

Paragraphs 324-326: Wells Fargo is attempting a selective waiver by relying on a patent search that occurred in 2010, without disclosing any subsequent investigation. Mr. Calman assesses the quality of this investigation. If the selective waiver is admitted by the Court, USAA should have the right to respond.

Paragraphs 327-328. In the first case, Wells Fargo argued that it had no idea how it systems worked and therefore should not be held liable for willfulness because it relied on Mitek. These paragraphs go to the issue of whether it was reasonable to rely on Mitek.

## I. Adaptation of Dr. Conte's Analysis (Paragraphs 170-321)

Wells Fargo bizarrely includes this section, and the next two sections, of their motion under their heading ██████████████████████████████████████ ██████████████████████████████." But the Court never excluded that testimony in the -245 case:

██████████████████ ██████████████████
██████████████████████████████████████
██████████████████████████████████████
████████████████████████████

██████████████████████████████████████
██████████████████████████████████████
██████████

Ex. 3 (10-17-19 Pretrial Conference Transcript) at 64:6-16.

The same holds true here. Mr. Calman independently ███████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

███████. Ex. 1, ¶ 170. The technical analysis in paragraphs 171-321 is written by Mr. Calman and not copied verbatim from Dr. Conte's report. Similarly, with respect to infringement, Mr. Calman explains that he has ██████████████████████

█████████████████████████████████████████

███████████████████████████████ Ex. 1, ¶ 321.

*Hunt v. McNeil Consumer Healthcare*, 297 F.R.D. 268 (E.D. La. 2014) is inapposite here. In *Hunt*, the court noted that the "crucial issue is whether [the expert] independently evaluated or verified the opinions upon which he relies," and excluded the report because the expert admitted that "the majority of his report was copied verbatim from other reports" and he "did not read most of the material cited in the opinions nor verify the data referenced therein." *Id.*, at 275. None of these concerns exist with respect to Mr. Calman's report.

**J.      References to PTAB Proceedings, Unasserted Patents, and USAA/Mitek Litigation (Paragraphs 134 and 137; 330-341; 128-133)**

The sections of Mr. Calman's report discussing PTAB proceedings (in particular, CBM petitions), Wells Fargo and Mitek patents that are not employed in the accused system and prior USAA/Mitek litigation are similar to those in Mr. Calman's report in Case 1. In Case 1, this Court recognized that Wells Fargo's motion to strike "really has a limine flavor to it," and thus denied the motion to strike. Ex. 3 at 80:1-5 (denying the motion to strike discussion of CBM proceedings; *id.* at 81:2-10 (denying the motion to strike discussion of unasserted patents); *id.* at 81:11-14 (in light of parties' agreement at the pretrial conference, granting the motion to strike two paragraphs of Mr. Calman's discussion of USAA/Mitek litigation, but denying the motion to strike other related paragraphs).

As to the CBM proceedings and the Mitek litigation, if Wells Fargo opens the door to these topics, USAA will need to respond. For example, with respect to CBM proceedings, Wells Fargo's expert Mr. Gerardi notes in his report that certain third-party financial institutions "███████████████████████████████████████

██████████████████████████████. Ex. 4 (Gerardi Report), ¶ 69.

USAA should have the right to put those discussions in context, in particular by noting that those public comments were made before the PTAB in CBM rulings.

As to Mr. Calman's analysis of Wells Fargo's patent, this issue will of necessity be inserted into the case. Wells Fargo intends to present this patent family as prior art and thus a non-infringing alternative. As a result, Mr. Calman's analysis that Wells Fargo does not and cannot use this prior art is highly relevant to damages. Ex. 1 at ¶¶ 331-340.

For that reason, these portions of his report should not be struck.

## K.     Comparison between Deposit@Mobile and Wells Fargo's Product (Paragraphs 129 and 348-355)

In the -245 case, the Court denied Wells Fargo's motion to strike Mr. Calman's comparison of Deposit@Mobile and Wells Fargo's product. Ex. 3, 83:4-19. In doing so, the Court set a *limine* ruling that USAA would need to approach the bench before introducing this comparison, so that the Court could give a jury instruction that such a comparison could not be considered by the jury in determining infringement. *Id.* The Court should do the same here. *Akamai Techs., Inc. v. Cable & Wireless Internet Servs., Inc.*, 344 F.3d 1186, 1196 (Fed. Cir. 2003) (copying is objective evidence of non-obviousness); *Wyers v. Master Lock Co.*, 616 F.3d 1231, 1246 (Fed. Cir. 2010) (evidence of the similarity between the patentee's commercial embodiment of the patent and the accused product is evidence of copying); *Read Corp. v. Portec, Inc.*, 970 F.2d 816 (Fed. Cir. 1992) (copying of a commercial embodiment is also relevant to the willfulness inquiry).

## III.    CONCLUSION

For these reasons, the Court should deny Wells Fargo's motion to strike the testimony of Mr. Calman.

DATED:  November 12, 2019

Respectfully submitted,

By: /s/ Robert C. Bunt

Jason Sheasby - *Pro Hac Vice*
Lead Attorney
Lisa Glasser – *Pro Hac Vice*
Anthony Rowles - *Pro Hac Vice*
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
Telephone: (310) 277-1010
Facsimile:  (310) 203-7199

Robert C. Bunt
TX Bar No. 00787165
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Facsimile:  (903) 533-9687

***Attorneys for Plaintiff United Services
Automobile Association (USAA)***

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2019 I caused a copy of the foregoing document to be served by electronic mail on Defendant's counsel of record.

*/s/ Benjamin Manzin-Monnin*
Benjamin Manzin-Monnin

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned hereby certifies that, under L.R. CV-5(a)(7)(B), the foregoing document is filed under seal pursuant to the Court's Protective Order entered in this matter (Dkt. No. 34).

*/s/ Robert C. Bunt*

# EXHIBIT 10

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED SERVICES AUTOMOBILE ASSOCIATION, a Texas reciprocal inter-insurance exchange, | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 2:18-CV-366-JRG |
| v. | § § | **JURY TRIAL DEMANDED** |
| WELLS FARGO BANK, N.A., a national banking association, | § § § | **FILED UNDER SEAL** |
| Defendant. | § § | |

## UNITED SERVICES AUTOMOBILE ASSOCIATION'S OPPOSITION TO DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO STRIKE PORTIONS OF THE CONTE REPORT

# <u>TABLE OF CONTENTS</u>

<div align="right"><u>Page</u></div>

I.     ARGUMENT ........................................................................................................1

      A.    Dr. Conte's Incorporation of Portions of Mr. Calman's Report ...................1

      B.    Dr. Conte's Doctrine of Equivalents Opinions ............................................1

II.    CONCLUSION ..................................................................................................1

## I.     ARGUMENT

### A.     Dr. Conte's Incorporation of Portions of Mr. Calman's Report

Wells Fargo first asks the Court to strike paragraphs from Dr. Conte's report incorporating by reference portions of the opening expert report of Mr. Calman, a USAA banking industry expert who opined on certain issues relating to infringement and damages. Mot., at 2. Wells Fargo does not argue that Dr. Conte's reliance on Mr. Calman's opinions is improper in any way, but rather simply cross-references its arguments in its separate motion to strike portions of Mr. Calman's report (Dkt. 75). USAA incorporates by reference its opposition to Wells Fargo's motion to strike Mr. Calman's opening report, which is being filed at the same time as this brief.

### B.     Dr. Conte's Doctrine of Equivalents Opinions

Wells Fargo asserts that Dr. Conte's opinions on DOE with respect to claim elements 1[d], 8[f], and 15[d] of the '332 patent should be struck because although USAA's DOE theory was disclosed in USAA's Fourth Amended Infringement Contentions—which were served prior to the exchange of expert reports—Wells opposes USAA's motion to amend those contentions and asserts they are inoperative. Wells further argues that USAA's DOE theory was not disclosed in USAA's Third Amended Infringement Contentions. Neither argument holds water.

USAA served its Fourth Amended Infringement Contentions, which included revised DOE theories, on September 12, 2019. This amendment was necessary because **Wells Fargo produced the wrong version of source code** for the accused product. It was not until August 13, 2019 (almost one year after the filing of this case) that Wells Fargo produced the correct source code. When it did, it did not simply re-produce a corrected version of a single component of the source code: it produced an entirely new version of source code for iOS

3.7.1 (the version Wells Fargo purports it is currently using), which had never been produced to USAA. Ex. 2 (Aug. 13, 2019 email from Danielle Williams to USAA counsel stating that "Mitek has now produced the correct iOS 3.7.1 source code.").[1]

USAA sent its consultant to review the source code on August 21. Ex. 7 (Aug. 20, 2019 email from Benjamin Monnin to Wells Fargo counsel). USAA served Wells with its amended infringement contentions on September 12, 2019. Ex. 8. On that same day, Wells requested a redline showing the changes from the previous infringement contentions. Ex. 9. On September 15, USAA's counsel explained that USAA had added ███████████████████ ████████████████████████████████████████████████████████████ ██████████████████" and sent Wells Fargo track changes from the previous contentions. Exs. 10 and 11. In particular, USAA added further explanations of its pre-existing DOE contentions as to elements in the '332 patent. However, the pre-existing infringement contentions already included DOE analysis for the "log file" limitation at issue here. *See* Ex. 12, at 40 (highlighted paragraph).

Wells Fargo does not argue that Dr. Conte's DOE opinions are not disclosed in the Fourth Amended Infringement Contentions for which USAA has moved for leave to amend. Those contentions were indisputably disclosed to Wells Fargo before expert reports were served and were necessary as a result of Wells Fargo's deficient source code production, so there is no prejudice to Wells Fargo resulting from Dr. Conte's DOE analysis.

---

[1] This is the fourth time USAA has had to amend its infringement contentions, because Wells Fargo has repeatedly produced deficient source code throughout this litigation. *See, e.g.,* Ex. 3 (Jan. 22, 2019 letter from Tony Rowles to Wells Fargo counsel regarding deficiencies in source code production); Ex. 4 (Feb. 4, 2019 letter from Tony Rowles to Wells Fargo counsel regarding deficiencies in source code production); Ex. 5 (Aug. 20, 2019 letter from Benjamin Monnin to Wells Fargo counsel regarding deficiencies in source code production); Ex. 6 (Aug. 27, 2019 email from Benjamin Monnin to Wells Fargo counsel regarding deficiencies in source code production).

Rather, Wells only argues that USAA is attempting to "circumvent its disclosure requirements." Mot. at 3. This is not a fair or temperate allegation. The delay in the service of the contentions was a result of a mistake made by Wells Fargo. There is no prejudice to Wells Fargo. Wells Fargo took technical depositions after the service of the amended contentions.

Second, even setting aside USAA's Fourth Amended Infringement Contentions, USAA had already provided proper notice of its DOE theories in its Third Amended Infringement Contentions. USAA's contentions for the '332 patent and Dr. Conte's infringement analysis both point to the identical process of generating a log file that includes

███████████████████████████████████████████████████████████

█████████████████████████████████████████████" as infringing. Ex. 12 (USAA's Third Am. Claim Chart for the '332 patent), at 40, 55, 59 (emphasis added); Ex. 1 (Conte Report) at ¶ 799 █████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████

The Third Amended Infringement Contentions provide a full function, way, result analysis taking the position that the string of data providing the "make, model and operating system" is equivalent to providing information on the device used to capture:

███████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████
██████████████████████████████████████████████████
███████████████████████████████████████████████████████████



Dr. Conte presents the same equivalents opinion:

Ex. 1, ¶¶ 799, 860, 909 (emphasis added).

## II.    CONCLUSION

For these reasons, the Court should deny Wells Fargo's motion to strike the expert

report of Dr. Conte.


DATED:  November 12, 2019                         Respectfully submitted,

                                                  By: */s/ Robert C. Bunt*

                                                  Jason Sheasby - *Pro Hac Vice*
                                                  Lead Attorney
                                                  Lisa Glasser – *Pro Hac Vice*
                                                  Anthony Rowles - *Pro Hac Vice*
                                                  IRELL & MANELLA LLP
                                                  1800 Avenue of the Stars, Suite 900
                                                  Los Angeles, CA 90067-4276
                                                  Telephone: (310) 277-1010
                                                  Facsimile:  (310) 203-7199

                                                  Robert C. Bunt
                                                  TX Bar No. 00787165
                                                  PARKER, BUNT & AINSWORTH, P.C.
                                                  100 E. Ferguson, Suite 1114
                                                  Tyler, Texas 75702
                                                  Telephone: (903) 531-3535
                                                  Facsimile:  (903) 533-9687

                                                  ***Attorneys for Plaintiff United Services***
                                                  ***Automobile Association (USAA)***

Case 3:20-mc-01294-DAE   Document 1-8   Filed 09/29/20   Page 7 of 7 PageID #: 332

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2019 I caused a copy of the foregoing

document to be served by electronic mail on Defendant's counsel of record.

*/s/ Benjamin Manzin-Monnin*
Benjamin Manzin-Monnin

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned hereby certifies that, under L.R. CV-5(a)(7)(B), the foregoing

document is filed under seal pursuant to the Court's Protective Order entered in this matter

(Dkt. No. 34).

*/s/ Robert C. Bunt*

# EXHIBIT 11

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| **WAPP TECH LIMITED PARTNERSHIP** | § |
| **and WAPP TECH CORP.** | § |
| | § **W.D. Texas No.:** _____ |
| **v.** | § |
| | § **Original Number:  4:18-cv-00501-ALM** |
| **WELLS FARGO, N.A.** | § |

## USAA'S OBJECTIONS TO THE REQUESTS FOR PRODUCTION ATTACHED TO THE SUBPOENA OF SEPTEMBER 10, 2020

United Services Automobile Association ("USAA") files the following objections to the

Requests for Production attached to the Subpoena served on or about September 10, 2020.

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ TREAT LLP

By:   _Theodore Schultz_
      Theodore C. Schultz
      State Bar No. 00797393
      One Riverwalk Place
      700 N. St. Mary's Street, Suite 1700
      San Antonio, Texas 78205
      Telephone: (210) 227-2200
      Facsimile: (210) 227-4602
      tschultz@lstlaw.com

## **CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing was served on the following counsel by electronic mail on September 23, 2020.

Robert Harkins
1936 University Avenue, Suite 350,
Berkeley, CA 94704,
bobh@ruyakcherian.com

Travis Underwood
Associate Attorney
Winston & Strawn LLP
2121 North Pearl Street, Suite 900
Dallas, TX 75201
TUnderwood@winston.com

_____
THEODORE SCHULTZ

## OBJECTIONS TO SPECIFIC REQUESTS

### REQUEST FOR PRODUCTION NO. 1:

Any and all expert reports filed and/or served by and/or on behalf of Plaintiff and Defendant in the cases *United Services Automobile Association v.Wells Fargo Bank, N.A.*, 2:18-cv-00366-JRG and/or *United Services Automobile Association v. Wells Fargo Bank, N.A.*, 2:18-cv-00245-JRG filed in the Eastern District of Texas (Marshall).

### RESPONSE

USAA objects, as the Request overly broad and unduly burdensome, in that the discovery is unparticularized and fails to identify the information sought with reasonable specificity, but instead, it asks for all expert reports filed or served in the Prior Lawsuits.

USAA further objects, in that the information sought exceeds the bounds of discovery permitted under Federal Rule of Civil Procedure 26, as it has no relevance to the claims and defenses raised by WAPP. This is particularly true of the expert reports of USAA in the Prior Lawsuits, as they dealt with different patents than the ones at issue in this case.

USAA further objects that the Subpoena seeks expert reports from Wells Fargo, a party to WAPP's suit. The Subpoena unduly burdens USAA by requiring it to produce Wells Fargo's own documents when those documents are equally available from Wells Fargo.

USAA further objects that the Subpoena seeks expert reports "filed" in the Prior Lawsuits. Such expert reports, if filed, would be publically available if not placed under seal. It is unduly burdensome to make USAA produce documents that are publically available, or, if the documents are under seal, to request that USAA break the seal.

USAA further objects that the Request seeks information subject to a protective order issued by the Eastern District of Texas. USAA further objects that the Request seeks information subject to the work product and trade secrets privileges.

## REQUEST FOR PRODUCTION NO. 2:

Any and all documents relied upon and/or referenced in or otherwise related to expert reports filed and/or served by and/or on behalf of Plaintiff and Defendant in the cases *United Services Automobile Association v. Wells Fargo Bank, N.A.*, 2:18-cv-00366-JRG and/or *United Services Automobile Association v. Wells Fargo Bank*, N.A., 2:18-cv-00245-JRG.

## RESPONSE

USAA objects, as the Request does not define what is meant by "otherwise related" to expert reports. USAA further objects, as the Request overly broad and unduly burdensome, in that the discovery is unparticularized and fails to identify the information sought with reasonable specificity, but instead, it asks for documents relating to expert reports filed or served in the Prior Lawsuits.

USAA further objects, in that the information sought exceeds the bounds of discovery permitted under Federal Rule of Civil Procedure 26, as it has no relevance to the claims and defenses raised by WAPP in its lawsuit.

USAA further objects that the Subpoena seeks documents relating to expert reports from Wells Fargo, a party to WAPP's suit.  The Subpoena unduly burdens USAA by requiring it to produce Wells Fargo's own documents when those documents are equally available from Wells Fargo, a party to WAPP's litigation.

USAA further objects that the Request seeks information subject to a protective order issued by the Eastern District of Texas.  USAA further objects that the Request seeks information subject to the work product and trade secrets privileges.

**REQUEST FOR PRODUCTION NO. 3:**

All transcripts and documents, including demonstrative exhibits, used and/or referred to by any expert witness in any deposition and/or trial testimony or used during the cross-examination of any expert witness in the cases *United Services Automobile Association v. Wells Fargo Bank, N.A.*, 2:18-cv-00366-JRG and/or *United Services Automobile Association v. Wells Fargo Bank, N.A.*, 2:18-cv-00245-JRG.

**RESPONSE**

USAA objects, as the Request overly broad and unduly burdensome, in that the discovery is unparticularized and fails to identify the information sought with reasonable specificity, but instead, it asks for all expert deposition and trial testimony from the Prior Lawsuits.

USAA further objects, in that the information sought exceeds the bounds of discovery permitted under Federal Rule of Civil Procedure 26, as it has no relevance to the claims and defenses raised by WAPP in its lawsuit.

USAA further objects that the Subpoena seeks depositions from Wells Fargo, a party to WAPP's suit.  The Subpoena unduly burdens USAA by requiring it to produce Wells Fargo's own documents when those documents are equally available from Wells Fargo.

USAA further objects that the Subpoena seeks testimony from the Prior Lawsuits.  Such expert reports, if filed, would be publically available if not placed under seal.  It is unduly burdensome to make USAA produce documents that are publically available, or, if the documents are under seal, to request that USAA break the seal.

USAA further objects that the Request seeks information subject to a protective order issued by the Eastern District of Texas.  USAA further objects that the Request seeks information subject to the work product and trade secrets privileges.

## REQUEST FOR PRODUCTION NO. 4:

All transcripts of the court's jury instructions and the verdict forms filled out and returned by the jury in the cases *United Services Automobile Association v. Wells Fargo Bank, N.A.*, 2:18-cv-00366-JRG and/or *United Services Automobile Association v. Wells Fargo Bank, N.A.*, 2:18-cv-00245-JRG.

## RESPONSE

USAA objects that the Subpoena seeks transcripts and forms filed in the Prior Lawsuits.

Such transcripts or forms, if filed, would be publically available if not placed under seal. It is

unduly burdensome to make USAA produce documents that are publically available, or, if the

documents are under seal, to request that USAA break the seal.

## REQUEST FOR PRODUCTION NO. 5:

Any and all motions to exclude or limit any expert's testimony in whole or in part, including supporting briefs, documents, and opposition and responsive pleadings filed in the cases *United Services Automobile Association v. Wells Fargo Bank, N.A.*, 2:18-cv-00366-JRG and/or *United Services Automobile Association v. Wells Fargo Bank, N.A.*, 2:18-cv-00245-JRG.

## RESPONSE

USAA objects, as the Request overly broad and unduly burdensome, in that the discovery is unparticularized and fails to identify the information sought with reasonable specificity, but instead, it asks for all motions concerning experts filed or served in the Prior Lawsuits.

USAA further objects, in that the information sought exceeds the bounds of discovery permitted under Federal Rule of Civil Procedure 26, as it has no relevance to the claims and defenses raised by WAPP.

USAA further objects that the Subpoena seeks motions filed in the Prior Lawsuits. Such motions, if filed, would be publically available if not placed under seal.  It is unduly burdensome to make USAA produce documents that are publically available, or, if the documents are under seal, to request that USAA break the seal. USAA further objects that the Request seeks information subject to the trade secrets privileges.

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ TREAT LLP

By:     _Theodore Schultz_

Theodore C. Schultz
State Bar No. 00797393
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
Telephone: (210) 227-2200
Facsimile: (210) 227-4602
tschultz@lstlaw.com

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **WAPP TECH LIMITED PARTNERSHIP**<br>**and WAPP TECH CORP.** | §<br>§ |
| | § **W.D. Texas No.:**_____ |
| **v.** | § |
| | § **Original Number:  4:18-cv-00501-ALM** |
| **WELLS FARGO, N.A.** | § |

**ORDER ON USAA'S MOTION TO QUASH AND OBJECTIONS**

On this date came to be considered USAA's motion to quash. After careful consideration, the Court finds the motion is well-taken and QUASHES the subpoena issued to USAA on September 10, 2020.

SIGNED and ENTERED this ____ of _____, 2020.


_____
UNITED STATES DISTRICT JUDGE

1