**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| **WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP.,** | |
| **Plaintiffs,** | **Misc. Proceeding No. SA20-MC-1134-DAE** |
| **v.** | **PENDING IN THE EASTERN DISTRICT OF TEXAS, Case No. 4:18-CV-00501-ALM** |
| **WELLS FARGO BANK, N.A.,** | |
| **Defendant.** | |

## WELLS FARGO'S MOTION TO QUASH SUBPOENA

Movant Wells Fargo Bank, N.A. ("Wells Fargo") moves this Court for an order quashing Plaintiffs Wapp Tech Limited Partnership and Wapp Tech Corp.'s (collectively, "Plaintiffs") subpoena for documents to United Services Automobile Association ("USAA"). *See* Exhibit A ("Subpoena").

### I.    Background

This miscellaneous action and Motion to Quash ("Motion") arise out of a patent infringement action pending in the United States District Court for the Eastern District of Texas brought by Plaintiffs against Wells Fargo Bank, N.A. (the "Litigation"). In the Litigation, Plaintiffs allege they hold certain patents related to mobile application testing. *See* Case No. 4:18-cv-00501-ALM, Dkt. No. 1, ¶¶ 61, 76, 96. On September 11, 2020, Plaintiffs served notice of intent to serve the Subpoena on non-party USAA. *See* Exhibit B ("Subpoena Notice"), at 2. USAA has indicated it was served on September 10, 2020, the day before notice was served on Wells Fargo. Dkt. No. 2 at 2; *see also* Ex. A at 1.

The Subpoena seeks the following documents produced during the course of two patent cases between USAA and Wells Fargo in the Eastern District of Texas ("USAA/Wells Fargo

Litigation").[1]   *See* Ex. A.   Specifically, Plaintiffs have sought the following categories of documents from USAA: (1) expert reports from the USAA/Wells Fargo Litigation; (2) all documents relied on, referenced in, or related to expert reports from the USAA/Wells Fargo Litigation; (3) all transcripts, exhibits, and related documents used or referenced by experts witnesses in depositions and/or trial testimony from the USAA/Wells Fargo Litigation; (4) all transcripts of the court's jury instructions and the verdict forms from the USAA/Wells Fargo Litigation; and (5) motions to exclude or limit any expert's testimony, including supporting and related briefs and exhibits from the USAA/Wells Fargo Litigation.  Ex. A, at 8–9.  Despite being served on USAA—a company headquartered in the Western District of Texas—in the Western District of Texas, the Subpoena purports to demand production of such materials in Berkeley, California or at a "mutually agreed-upon location."  Ex. A, at 1.

With the exception of the trial transcripts, jury instructions and verdict form, and redacted motions to strike expert witnesses and related briefing—all of which are part of the public record available to Plaintiffs via the Pacer/ECF system—all of the documents sought by Plaintiffs are subject to the Protective Orders entered in the USAA/Wells Fargo Litigation.  *See* Exs. C, D ("Protective Orders").  The Protective Orders expressly order, in relevant part, that "[a]ll Protected Material shall be used solely for this case or any related appellate proceeding, ***and not for any purpose whatsoever, including without limitation any other litigation***…"  Ex. C at 4 (emphasis added); *see also* Ex. D, at 4 (same).

## II.   Legal Standards

Under Rule 45, a subpoena may command "production of documents, electronically stored

---

[1] The cases between USAA and Wells Fargo are *United Services Automobile Association v. Wells Fargo Bank N.A.*, Case No. 2:18-cv-245 (E.D. Tex. June 7, 2018), and *United Services Automobile Association v. Wells Fargo Bank N.A.*, Case No. 2:18-cv-366-JRG (E.D. Tex. Aug. 17, 2018).

information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A).

Under Rule 45(a)(4), notice of the subpoena must be served on each party "before it is served on the person to whom it is directed." Fed. R. Civ. P. 45(a)(4).

The Court must quash or modify a subpoena that "requires a person to comply beyond the geographical limits specified in Rule 45(c)." Fed. R. Civ. P. 45(d)(3)(A)(ii).  Additionally, the Court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii).  When the documents sought by the party issuing the subpoena are protected by a protective order in other litigation, the party seeking the documents "must file a motion to intervene [in the other litigation] to have a protective order vacated or modified" before it can properly compel production of such documents. *Tex. Grain Storage, Inc. v. Monsanto Co.*, 2008 WL 11411858, at *3 n.21 (W.D. Tex. Apr. 3, 2008).  If the party seeking the documents has not intervened in the other litigation to seek modification or to vacate the protective order, the Court should grant a motion to quash.  *Id.*

"To challenge a subpoena duces tecum issued to a non-party, a party must have a personal right or privilege with respect to the subpoenaed materials." *Zamora v. GC Servs., LP*, 2017 WL 1861843, at *4 (W.D. Tex. Feb. 17, 2017).  A non-party to a subpoena has standing to challenge the subpoena when it is a "part[y] to the case" and an "author[] of some of the documents requested in the subpoena[]." *Ferris Mfg. Corp. v. Thai Care Co. Ltd.*, 2019 WL 8223600, at *2 (N.D. Tex. Jan. 25, 2019).

### III.    Argument

The Court should quash the Subpoena for two reasons: (1) it is facially invalid, and (2) the only non-public documents sought are subject to the Protective Orders from the United States

District Court for the Eastern District of Texas prohibiting their production or use in the Litigation.

      a.  <u>The Subpoena is Facially Invalid.</u>

A subpoena cannot command "production of documents, electronically stored information, or tangible things" at a place more than 100 miles from "where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A); *see also Sandifer v. Hoyt Archery, Inc.*, 2014 WL 3540812, at *4 (M.D. La. July 17, 2014) ("A subpoena requiring a non-arty to produce documents at a place more than 100 miles away is invalid."). Here, the Subpoena demands that documents be produced by USAA in Berkeley, California. Ex. A. But USAA "resides" in the Western District of Texas, where it is headquartered in San Antonio. Dkt. No. 2 at 2–3; *see also Nestle Purina Petcare Co. v. Blue Buffalo Co. Ltd.*, 2016 WL 2609795, at *1 (E.D. Mo. May 6, 2016) (corporate respondent resided at its headquarters for purposes of determining whether Rule 45's geographic restrictions were met). Thus, the Subpoena is facially invalid and the Court must grant this Motion. *See* Fed. R. Civ. P. 45(d)(3)(A)(ii); *Webb v. U.S. Bank, N.A.*, 2014 WL 12461040, at *2 (N.D. Ga. Dec. 16, 2014) (quashing subpoena requiring production in Georgia but served on companies headquartered in New York and Virginia).[2]

Additionally, the Subpoena is invalid because it was served on USAA before notice was served on Wells Fargo. *See* Dkt. No. 2 at 2; Ex. A at 1; Ex. B at 2.

      b.  <u>The Subpoena Seeks Disclosure of Protected Matter.</u>

A subpoena must be quashed where it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii). Setting aside the

---

[2] The Subpoena's inclusion of the "mutually agreed-upon location" option does not satisfy Rule 45's requirements. Allowing such placeholder language to satisfy the Rule's requirements would entirely undermine the point of the Rule; everyone would simply use placeholder language instead of following the Rule.

publicly available documents accessible via Pacer[3], the documents sought in the Subpoena are protected from production by the Protective Orders issued by the United States District Court for the Eastern District of Texas.[4]  *See* Ex. C, at 4; Ex. D, at 4.  When the documents sought by a subpoena are subject to a protective order issued by another court, the subpoenaing party generally must seek relief from the court that issued the protective order before it can compel production of protected documents.  *See Tex. Grain Storage*, 2008 WL 11411858, at *3 n.21; *see also In re U.S. Motion to Modify Sealing Order*, 2004 WL 5584146, at *3 (E.D. Tex. 2004).  If the subpoenaing party has not sought to vacate or modify the protective order from the court that issued it, the subpoena should be quashed.  *Id.*

Here, Plaintiffs have not intervened in the USAA/WF Litigation to vacate or seek modification of the Protective Orders.  *See generally* Case No. 2:18-cv-245-JRG (E.D. Tex.); Case No. 2:18-cv-366-JRG (E.D. Tex.).  Thus, the Protective Orders remain in effect and continue to bar the production of the requested documents for use in the Litigation.  *See* Ex. C, at 4 ("All Protected Material shall be used solely for this case or any related appellate proceeding, ***and not for any purpose whatsoever, including without limitation any other litigation***…") (emphasis added); Ex. D, at 4 (same).  As a result, the Subpoena seeks production of "protected matter," and the Court "must" grant this Motion.  Fed. R. Civ. P. 45(d)(3)(A)(iii).

IV.   **Conclusion**

For the reasons explained herein, the Court should grant Wells Fargo's Motion and quash

---

[3] To the extent WAPP demands the production of such publicly available documents accessible via Pacer, the Subpoena imposes an undue burden.  *See Mendoza v. PGT Trucking Inc.*, 2019 WL 6048006, at *4 (W.D. Tex. 2019).
[4] Additionally, at least some of the requested documents are privileged.  Request number 2 seeks "all documents…related to expert reports filed and/or served on behalf of Plaintiff and Defendants in the cases *United Services Automobile Association v. Wells Fargo Bank, N.A.*, 2:18-cv-00366-JRG and/or *United Services Automobile Association v. Wells Fargo Bank, N.A.*, 2:18-cv-00245-JRG."  Ex. C at 5.  The scope of this request includes information, such as draft expert reports and communications with experts, that is plainly protected from production under Rule 26.  Fed. R. Civ. P. 26(b)(4)(B), (C).

the Subpoena.

Respectfully submitted on September 23, 2020.

By:   *Thomas M. Melsheimer*
        Thomas M. Melsheimer
        TX Bar No. 13922550
        tmelsheimer@winston.com
        J. Travis Underwood (motion for *pro hac vice* forthcoming)
        TX Bar No. 24102587
        tunderwood@winston.com
        **Winston & Strawn LLP**
        2121 North Pearl Street, Suite 900
        Dallas, TX 75201
        (214) 453-6500 – Telephone
        (214) 453-6400 – Facsimile

        E. Danielle T. Williams (motion for *pro hac vice* forthcoming)
        NC Bar No. 23283
        dwilliams@winston.com
        **Winston & Strawn LLP**
        300 South Tryon Street, 16th Floor
        Charlotte, NC 28202
        (704) 350-7700 – Telephone
        (704) 350-7800 – Facsimile

        *Counsel for Defendant*
        *Wells Fargo Bank, N.A.*

## CERTIFICATE OF CONFERENCE

Undersigned counsel contacted counsel of record for Plaintiffs, Mr. Robert Harkins, by telephone on September 23, 2020 at approximately 2:43 pm (Central Time).  He was not available, so undersigned counsel left a voicemail explaining Wells Fargo's position that the Subpoena was invalid and that Wells Fargo intended to file a Motion to Quash.  After undersigned counsel followed up with an email later in the evening, Mr. Harkins responded.  Wells Fargo understands Plaintiffs currently oppose the motion, but Wells Fargo intends to continue conferring with counsel for Plaintiffs in an effort to resolve this dispute.

        /s/ *J. Travis Underwood*
        J. Travis Underwood

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance and served on the following counsel by electronic mail.

Robert Harkins
1936 University Avenue, Suite 350,
Berkeley, CA 94704
bobh@ruyakcherian.com

Theodore Schultz
One Riverwalk Place
700 St. Mary's Street, Suite 1700
San Antonio, Texas 78205
tschultz@lstlaw.com

/s/ *J. Travis Underwood*
J. Travis Underwood